**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION** | ) | **MDL No. 16-2740** |
| | ) | **SECTION: "H" (5)** |
| **This document relates to:** Omatee Carrasco, 18-08588 | ) | |

**ORDER AND REASONS**

Before the Court is a Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and FRCP 4 filed by Defendant Accord Healthcare, Inc. (Doc. 14966). For the following reasons, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment cancer. Among these companies is Defendant Accord Healthcare, Inc. ("Accord"). Plaintiffs allege that the drug caused permanent alopecia. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

At the July 22, 2022, General Status Conference, this Court provided a final opportunity and a direct warning to all Plaintiffs in this MDL that they needed to ensure their complaints were properly served on all Defendants by August 31, 2022. Thereafter, this Court entered Case Management Order No. 35 ("CMO 35"). CMO 35 provides that "it is Plaintiffs' responsibility to ensure

[1] Docetaxel is the generic version of Taxotere, although the Court uses the term "generic" loosely.

that service is effected on or before August 31, 2022, after which Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[2]

Plaintiff Omatee Carrasco filed a Short Form Complaint on September 13, 2018, naming multiple defendants, including Accord. On October 6, 2022, Plaintiff attempted to serve Accord following her inclusion on Defendant Sandoz's Motion to Dismiss for Failure to Comply with CMO 35.[3] On October 21, 2022, Accord filed the instant Motion, seeking dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(5) because Plaintiff failed to comply with CMO 35 and Federal Rule of Civil Procedure 4.[4] Plaintiff opposes.[5]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."[6] When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[7] Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) permits the Court to dismiss a case *without* prejudice if the plaintiff fails to serve the defendant within 90 days of filing the complaint.[8]

---

[2] Doc. 14456.
[3] *See* Doc. 14763, filed September 29, 2022.
[4] Doc. 14966.
[5] Doc. 15073.
[6] Matherne v. La. through Dep't of Child. & Fam. Servs., No. 18-3396, 2020 WL 491225, at *1 (E.D. La. Jan. 30, 2020) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 1998)).
[7] Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981).
[8] *See* FED. R. CIV. PROC. 4(m).

"If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service."[9] The "good cause" standard has been described as requiring "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[10] "In addition, courts normally require 'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified . . . .'"[11]

"Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service."[12] "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"[13] Nevertheless, if the Court declines to extend the time for service and instead dismisses the suit *without* prejudice for failure to comply with Rule 4(m), the Fifth Circuit requires that the dismissal be treated as a dismissal *with* prejudice if the claims would be time-barred by the statute of limitations upon refiling.[14]

A dismissal with prejudice is only warranted if there is a "clear record of delay or contumacious conduct by the plaintiff," and "lesser sanctions would not serve the best interest of justice."[15] Additionally, where the Fifth Circuit "has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not

---

[9] Millan v. USAA Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008) (citing Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)).
[10] Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985).
[11] Gartin v. Par Pharm. Companies, Inc., 289 F. App'x 688, 692 (5th Cir. 2008) (citing Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995)).
[12] *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21).
[13] *Id.* (quoting FED. R. CIV. P. 4(m) advisory committee's note (1993)).
[14] *See Millan*, 546 F.3d at 325–26.
[15] Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006).

his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"[16]

## LAW AND ANALYSIS

Accord contends that Plaintiff Carrasco's claims against it should be dismissed because Plaintiff failed to serve Accord by the court-ordered deadline and cannot establish good cause for the delay. Conversely, Plaintiff urges that she has met the requisite showing of good cause for the delay in service. Alternatively, Plaintiff argues that because her case would be time-barred by the statute of limitations, the dismissal should be treated as a dismissal with prejudice. Applying that more stringent standard, Plaintiff maintains that Accord's Motion should be denied because the record demonstrates inadvertence, not clear delay or contumacious conduct.

This Court finds that Plaintiff has failed to establish good cause for failing to timely serve Accord. Despite acknowledging receipt of CMO 35, Plaintiff asserts that because the Order did not include an exhibit identifying her failure to serve Accord, Plaintiff reasonably though mistakenly believed that proper service had been effectuated and that CMO 35 did not apply to her case. The Fifth Circuit has stated, however, that the good cause standard requires "at least as much as would be required to show excusable neglect," and that "inadvertence, mistake or ignorance of counsel are not excusable neglect."[17] Moreover, at the July 22, 2022 General Status Conference, this Court reminded all plaintiffs that perfecting service "is an obligation of the plaintiff and the plaintiff only," and that plaintiffs "should not anticipate notice

---

[16] *Millan*, 546 F.3d at 326 (quoting *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986)).
[17] McGinnis v. Shalala, 2 F.3d 548, 551 (5th Cir. 1993) (quoting *Winters*, 776 F.2d at 1306 and Traina v. United States, 911 F.2d 1155, 1157 (5th Cir.1990)).

coming from a defendant."[18] As a result, Plaintiff's argument does not satisfy the standard for good cause; it provides no explanation for her failure to timely serve Accord.

The Court, therefore, turns to whether it should invoke its discretionary power under Rule 4(m) to extend the time for service even when good cause is lacking.[19] The Fifth Circuit has explained that such relief may be warranted "if the applicable statute of limitations would bar the refiled action."[20] But the Fifth Circuit has also clarified that the "inability to refile suit does not bar dismissal."[21] Where there is "a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice," dismissal with prejudice is warranted.[22] For the following reasons, the Court finds that there is a clear record of delay and contumacious conduct in this case and that lesser sanctions would not serve the best interests of justice.

First, Plaintiff's failure to serve Accord for more than four years demonstrates "a clear record of delay."[23] Next, Plaintiff's failure to comply with CMO 35 constitutes contumacious conduct. The Fifth Circuit has described contumacious conduct as "the stubborn resistance to authority which justifies

---

[18] Doc. 14967-2.

[19] *See* Newby v. Enron Corp., 284 F. App'x 146, 149 (5th Cir. 2008).

[20] *Id.* (citing FED. R. CIV. PROC. 4(m) advisory committee's note (1993)).

[21] *Id.* at 150 (citing *Traina*, 911 F.2d at 1157)).

[22] *Sealed Appellant*, 452 F.3d at 417 (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir. 1982)) (cleaned up).

[23] *See id.* at 419 (finding "a clear record of delay" where plaintiff-appellant failed to serve defendant for more than 21 months); *see also* Veazy v. Young's Yacht Sale & Serv., 644 F.2d 475, 478 (5th Cir. Unit A May 1981) (affirming dismissal where plaintiff had a 21-month delay in serving process and limitations expired during the delay); Fournier v. Textron, Inc., 776 F.2d 532, 534 (5th Cir. 1985) (affirming dismissal where plaintiff had a 32-month delay in serving process and limitations expired during the delay); Porter v. Beaumont Enters. & Journal, 743 F.2d 269, 271 (5th Cir. 1984) (affirming dismissal where plaintiff delayed two and one-half years in serving process and limitations expired during the delay).

a dismissal with prejudice."[24] In other words, it is a party's "willful disobedience of a court order."[25] The record reveals such conduct here. In issuing CMO 35, this Court unequivocally directed Plaintiffs to effect service of process on or before August 31, 2022 and cautioned that the failure to do so would subject Plaintiffs' claims "to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[26] Plaintiff's willful disregard of this court-ordered deadline warrants dismissal of her claims against Accord.

Finally, in cases where the statute of limitations expired during the delay between filing and service, the Fifth Circuit has found that "a lesser sanction would not better serve the interests of justice."[27] The court explained that "a delay between filing and service ordinarily is to be viewed more seriously than a delay of a like period of time occurring after service of process" and that "in this type of situation, 'a lesser sanction would not better serve the interests of justice.'"[28] In essence, dismissal—as opposed to some lesser sanction—is warranted due to the prejudice to the defendant resulting from the failure to serve process within the statute of limitations period.[29] Indeed, "if the statute has run, a potential defendant that has not been served is entitled to expect that it will no longer have to defend the claim,"[30] and "[i]f service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations

---

[24] *Millan*, 546 F.3d at 327 (quoting McNeal v. Papasan, 842 F.2d 787, 792 (5th Cir. 1988)).
[25] *In re* Deepwater Horizon, 805 F. App'x 262, 265 (5th Cir. 2020).
[26] Doc. 14456.
[27] *Sealed Appellant*, 452 F.3d at 419–20 (quoting *Veazy*, 644 F.2d at 478).
[28] *Id.* (quoting *Veazy*, 644 F.2d at 478).
[29] *See Veazey*, 644 F.2d at 478 ("We view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service"); *see also Sealed Appellant*, 452 F.3d at 418 ("In *Veazey*, we explained that failure to serve process within the statute of limitations period is extremely prejudicial because it affects all the defendant's preparations").
[30] *Sealed Appellant*, 452 F.3d at 418 (quoting *Veazey*, 644 F.2d at 478).

no longer protects defendants from stale claims."[31] This Court, therefore, finds that dismissal is warranted in this case as well and lesser sanctions would not better serve the interests of justice.

## CONCLUSION

For the foregoing reasons, Accord's Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and FRCP 4 (Doc. 14966) is **GRANTED**, and Plaintiff Omatee Carrasco's claims against Accord Healthcare, Inc. are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 12th day of July, 2023.

**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

[31] *Id.* (quoting *Veazey*, 644 F.2d at 478). This Court notes that it makes no determination whether Plaintiff's claims were initially filed before the statute of limitations expired, as that question is not presently before the Court. Instead, this Court assumes for the purposes of this Motion that Plaintiff's claims were timely filed. Additionally, regardless of whether the claims were timely filed, it is undisputed that at the time Accord filed the instant Motion the statute of limitations on Plaintiff Carrasco's claims had run.