UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO:<br><br>Willie Manuel v. Accord, et al.<br>Case No. 2:17-cv-04829 | HON. JUDGE JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |

### MEMORANDUM IN SUPPORT OF MOTION TO FILE AMENDED COMPLAINT

Plaintiff, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 15(a)(2) respectfully moves the Court for leave to amend the Complaint filed in this action. Plaintiff's original Complaint was filed in the Eastern District of Louisiana on May 10, 2017 and Plaintiff served Defendants pursuant to PTO 9.

Plaintiff filed her original complaint based on her understanding that she had received the chemotherapy drug Taxotere in the year 2013 and that it caused her to suffer permanent alopecia. Plaintiff named and served Sandoz, Inc., Accord Healthcare, Inc., McKesson Corporation d/b/a McKesson Packaging, Hospira Worldwide, Inc,. Hospira, Inc. ,Sun Pharma Global FZE, Sun Pharma Global, Inc., Pfizer, Inc., Actavis Pharma, Inc., Eagle Pharmaceuticals, Inc. and NorthStar RX LLCP.  Sanofi S.A., Aventis Pharma S.A. and Sanofi-Aventis U.S. LLC, separately and doing business as Winthrop U.S.

Upon further investigation, Counsel for Plaintiff has been informed that Sanofi US Services Inc., f/k/a Sanofi-Aventis U.S. Inc., and Sanofi-Aventis U. S. LLC.,  had been the manufacturers of her chemotherapy during her treatment in 2008 and 2009.  Based on this newly obtained information, Plaintiff seeks to amend her complaint to add Sanofi US Services Inc., f/k/a Sanofi-

Aventis U.S. Inc., and Sanofi-Aventis U. S. LLC. as Defendants. Defendants will not be prejudiced by Plaintiff's proposed amended complaint. Plaintiff does not seek to raise additional legal theories. Plaintiff seeks only to include the proper defendants as parties to her suit. Thus, Plaintiff's proposed amendment would reflect this change. Plaintiff's proposed amendment would reflect this change consistent with how numerous cases have remedied PID issues after successful use of the CMO 12/12A process.

     Notwithstanding these entities' lack of standing to oppose an amendment when they are not currently a named defendant in the instant case, no prejudice would result from allowing Plaintiff to her amend her short form complaint. This case is part of a multi-district litigation, in which Sanofi US Services Inc., f/k/a Sanofi-Aventis U.S. Inc., and Sanofi-Aventis U. S. LLC. are already Defendants. First, the information contained within Plaintiff's short form complaint is encompassed in the information available to Defendants on MDL Centrality, thus an Amended Complaint would not lead to any surprise. Next, instead of filing answers to each suit filed against them in this MDL, the Defendants were only required to file a Master Answer. PTO 15. Practically, Defendants have access to all documents Plaintiff was required to (and did) produce in this litigation via MDL Centrality, so there are no concerns with spoliation. Defendants also are and have always been able to utilize Centrality to run reports on the identified Defendants, and, Defendants are not precluded from bringing Rule 12/56 challenges at the appropriate time on remand.

     Moreover, and contrary to assertions of delay, Judge Engelhardt initially entered CMO 12 in response to Defendants' objections to so-called "scattershot" complaints that sought to add all Defendants in every case where PID was an issue. Thus, Defendants were well aware that amendments would happen later on in this MDL, for efficiency and docket control purposes. Indeed, CMO 12 also includes bilateral protections to both Plaintiffs and Defendants – that is, even where there is presumptive proof, Defendants maintain their ability to later challenge such evidence, and

even if a Defendant is dismissed, the Order contemplates Rule 60 motions if presumptive evidence is erroneous.

Defendants are not surprised by Plaintiff's claim, and amending the complaint realistically serves only as an administrative exercise. This is particularly true when the 505(b)(2) cases are effectively stayed during the pending interlocutory appeal of this Court's ruling denying summary judgment on preemption grounds and there is not active litigation (other than PFS/PID/DFS) of these individual matters, which were not selected for the bellwether process.

For the reasons stated herein, Plaintiff requests that this Court grant leave to file the attached Amended Complaint. Ordering otherwise would inconsistently punish Plaintiff, who has complied with the Court's other discovery Orders, when other similarly situated plaintiffs have been granted leave to amend their complaints for the same reasons.

Pursuant to Local Rule 7.6, Plaintiff's counsel conferred with Defense counsel, and they oppose this motion.

For the foregoing reasons, Plaintiff respectfully requests this Court grant leave to file Plaintiff's Amended Short Form Complaint.

DATED this 12th day of July, 2023.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above foregoing MOTION has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) and Local Rule 5.1 of the Eastern District of Louisiana.

Dated this 12th day of July, 2023.

/S/ Andrew Geiger

Respectfully submitted,
ALLAN BERGER & ASSOCIATES, P.L.C.
S/Andrew Geiger
ANDREW J. GEIGER (BAR NO. 32467)
ALLAN BERGER (BAR NO. 2977)
Allan Berger and Associates
4173 Canal Street
New Orleans, Louisiana 70119
Phone:  (504)486-9481
Facsimile:  (504)483-8130
Email:  aberger@allan-berger.com
*Attorneys for Plaintiff*