UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)　　　　　　　　　　　MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:
ALL CASES

### DEFENDANTS' MOTION TO EXCLUDE
### EXPERT TESTIMONY OF DR. LAURA PLUNKETT

　　　　Defendants sanofi-aventis U.S., LLC and Sanofi US Services, Inc. ("Sanofi") respectfully request that this Court exclude several opinions that the Plaintiffs' regulatory expert, Dr. Laura Plunkett, offers in her Supplemental Report (Apr. 29, 2022) and Second Supplemental Report (Dec. 29, 2022). In these reports, Dr. Plunkett offers little more than a recitation of the PSC's closing argument, cobbled together from snippets of fact testimony and company documents. To that end, the Court should exclude four of Dr. Plunkett's opinions for the following reasons:

　　　　**Opinions 1–3:** Dr. Plunkett purports to opine on when Sanofi had a duty to update the Adverse Reactions section of the Taxotere label to warn of permanent hair loss. But she fails to use a reliable methodology or answer relevant questions that assist the trier of fact.

　　　　*First*, Dr. Plunkett does not base her opinions on the Court-approved FDA guidance that Dr. David Kessler applied to assess whether there was "some basis to believe there is a causal relationship" between Taxotere and permanent hair loss. Instead, Dr. Plunkett employs an unreliable methodology that imputes "knowledge" to Sanofi through a selective review of fact testimony and company documents.

　　　　*Second*, Dr. Plunkett's opinions should be excluded because they are not relevant under Rule 702 for at least three reasons:

- Dr. Plunkett's opinions do not fit the facts of the case because Sanofi's knowledge is irrelevant under the applicable regulatory standards;

- Sanofi's knowledge is a lay matter that the trier of fact can determine without Dr. Plunkett's testimony; and

- Dr. Plunkett's narrative recitation of company documents and fact testimony is unhelpful to the trier of fact.

**Opinion 4:** Dr. Plunkett also opines on Sanofi's policy of "harmonizing" a drug's labeling with labeling used in other countries. The Court should exclude this harmonization opinion because it is not tied to any applicable regulatory standard. Instead, this opinion turns on what foreign regulatory agencies required of Sanofi, which is evidence this Court has excluded in both bellwether trials.

For these reasons and those set forth in the attached Memorandum in Support, the Court should grant Sanofi's Motion.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART MOORE & DANIELS LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com


-and-

2

>Harley V. Ratliff
>Jon Strongman
>Adrienne L. Byard
>**SHOOK, HARDY& BACON L.L.P.**
>2555 Grand Boulevard
>Kansas City, Missouri 64108
>Telephone: 816-474-6550
>Facsimile: 816-421-5547
>hratliff@shb.com
>jstrongman@shb.com
>abyard@shb.com
>
>*Counsel for sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

>/s/ *Douglas J. Moore*