# EXHIBIT F

ROBERT J. DAVID
GERALD E. MEUNIER
IRVING J. WARSHAUER
MICHAEL J. ECUYER
WALTER C. MORRISON IV*
M. PALMER LAMBERT
RACHEL M. NAQUIN
CLAIRE E. BERG
BRITTANY R. WOLF

OF COUNSEL
STEVAN C. DITTMAN

*ALSO ADMITTED IN MISSISSIPPI

LAW OFFICES
**GAINSBURGH, BENJAMIN,
DAVID, MEUNIER & WARSHAUER, L.L.C.**
2800 ENERGY CENTRE
1100 POYDRAS
NEW ORLEANS 70163-2800

TELEPHONE
(504) 522-2304

TELECOPIER
(504) 528-9973

SAMUEL C. GAINSBURGH
(1926-2003)
JACK C. BENJAMIN
(1927-2018)

NEW ROADS OFFICE:
143 EAST MAIN STREET
SUITE 3
NEW ROADS, LA 70760
TELEPHONE: (225) 638-8511

JACKSON OFFICE:
240 TRACE COLONY PARK DR.
SUITE 100
RIDGELAND, MS 39157
TELEPHONE: (601) 933-2054

REPLY TO NEW ORLEANS OFFICE

February 15, 2021

**Via E-Mail: Samantha_Schott@laed.uscourts.gov**
The Honorable Jane Triche Milazzo
United States District Judge
500 Poydras Street, Room C206
New Orleans, Louisiana 70130

  RE: Substitution of Plaintiff Experts for Dr. Kessler
     Relates to *Elizabeth Kahn v. Sanofi-Aventis US, LLC*,
     Case No. 2:16-cv-17039
     ---------------------------------------------------------------------------

Dear Judge Milazzo:

  As discussed in our zoom conference with Your Honor on January 29, the PSC has expeditiously worked with Drs. Plunkett and Ross to prepare and produce substitute expert reports considering Dr. Kessler's unavailability. We have limited this submission to address the implementation of a fair and equitable plan to allow Ms. Kahn to replace Dr. Kessler with two experts, only one of whom will testify regarding labeling/regulatory opinions at trial. In doing so, we endeavored to avoid pre-arguing Daubert issues, despite Sanofi's e-mail already intertwining substantive argument with its position on how Plaintiff may proceed in light of this extraordinary situation of our regulatory expert.

  We respectfully ask Your Honor to allow us to proceed with the depositions of our two experts, and thereafter address any challenges Sanofi may bring to their qualifications or methodology. Further, we do not object to Sanofi providing a supplemental report of Dr. Arrowsmith, if necessary, however our experts identify no new evidence in support of their opinions.

  Both Dr. Plunkett and Dr. Ross have expeditiously prepared expert reports consistent with our discussion with Your Honor on the 29th. These reports provide each expert's qualifications, authorities and methodology supporting their independent review and conclusions

that the Taxotere label should have been updated at least as early as 2006 to include a §6 Adverse Reactions warning regarding PCIA as a known adverse reaction.

Dr. Plunkett's supplemental report is appropriately tailored within the limitations the Court has previously imposed upon experts in this MDL. Contrary to Sanofi's assertions, Dr. Plunkett is not expressing causation opinions and expressly states that the level of evidence to support an update to §6 (i.e., 21 CFR 201.57(c)(7)) is a lower bar than general causation. The regulation requires "some basis to believe a causal relationship exists between the drug and the occurrence of the adverse event" She does, however, cite to Dr. Madigan's analysis of signal information as well as similar factual information uncovered in discovery regarding Sanofi's knowledge of the risk of PCIA associated with its drug. These are all points that Dr. Kessler included in his report as well.

The fact that Dr. Plunkett provides a 23-page report is of no moment (and is not disproportionate to others in this case), as her supplement is roughly half the length of Dr. Ross' report and much more narrow that Dr. Kessler's initial and supplement reports. Dr. Plunkett appropriately takes a few pages to highlight her credentials that support her expertise in the field and also provides sufficient support within the four corners of the document to justify her supplemental opinions.

We fail to see how Dr. Plunkett's supplement "materially alter[s]" the liability theories in any way from those previously advanced, albeit limited in scope due to the Court's prior rulings. We likewise are confused by the baseless assertion that Dr. Plunkett is independently deriving incidence rates. Perhaps in their haste, and prior to the time they had fully read Dr. Plunkett's report, counsel missed the citations to the studies from which certain percentages are reported. This unfounded challenge has no bearing on Dr. Plunkett's conclusions and, therefore, the particularized exclusion referenced in Sanofi's email is inapposite. Moreover, the suggestion that there might be opinions that are inconsistent with the Court's prior rulings is false. Even if Dr. Plunkett were to disagree with the Court based on her own independent analysis, the Court's previous limitations remain in effect.

Plaintiff is proceeding in the most efficient manner possible by obtaining a supplemental report from Dr. Plunkett, who has been recognized as an expert in the fields of FDA labeling and regulatory in numerous state and federal court litigations, including before Judge Eldon Fallon in the Xarelto MDL. Indeed, with Sanofi having already deposed Dr. Plunkett on multiple occasions on reliance materials that have not greatly expanded, proceeding with Dr. Plunkett would be more efficient for Sanofi. For some unknown reason, Sanofi suggests the only acceptable course is to proceed with Dr. Ross, whose deposition Sanofi has not taken and whose report is entirely new.[1] This one-sided reasoning is illogical and improperly attempts to hijack Plaintiff's ability to select her own experts.

We respectfully submit that Sanofi should not be allowed to select a substitute expert of Defendant's choosing in place of Dr. Kessler. Plaintiff should be allowed to move forward with

---

[1] As Your Honor is aware, Accord and Sandoz have each deposed Dr. Ross regarding his expert reports and opinions in the Trial 3 505(b)(2) cases of Alice Hughes and Wanda Stewart. Daubert challenges to Dr. Ross have been brought by these defendants and presented via oral argument this past week.

pretrial workup of these alternative experts, just as Sanofi has done with its oncologists and dermatologists. Plaintiff should not be forced to make trial decisions at this point in the litigation, while Sanofi retains the choice of which expert best serves its interests at trial. As the Court has directed, Plaintiff does not intend to cumulate testimony nor is she attempting to "exploit" the unfortunate circumstances of Dr. Kessler's unavailability after three continuances of this trial.

With four (4) months between now and trial, and the need for substitution due to no fault of either party, it is critical for the parties to proceed expeditiously through this supplemental expert workup of both Dr. Plunkett and Dr. Ross. Dates for depositions have been provided for each, and the parties should continue to move forward.[2] The parties previously have demonstrated their abilities to accomplish a similar extent amount of expert discovery in an equivalently brief tight timeframe.

For the same reasons articulated by Sanofi, which has identified three (3) dermatologists (Shapiro, Freites-Martinez, Turegano), two (2) dermatopathologists (Turegano and Smart), and two (2) oncologists (Miletello and Glaspy), Plaintiff wishes to ensure that her matter makes it to trial and reasonably believes having alternative experts available for trial accomplishes that end. Plaintiff only seeks the same type of flexibility that Sanofi has urged the Court it should be afforded. Moreover, we have no crystal ball for the outcome of Daubert challenges, or for anticipating unavailability due to covid-related challenges. Therefore, it is reasonable, fair and efficient to proceed with both Drs. Plunkett and Ross as substitutes for Dr. Kessler.

We look forward to discussing this further with Your Honor on Wednesday.

With best regards, we remain,

                                                   Sincerely,

                                                   */s/M. Palmer Lambert*

                                                   M. Palmer Lambert
                                                   Plaintiffs' Co-Liaison Counsel,
                                                   on behalf of the PSC and Ms. Kahn

cc:    Jon Strongman, Esq. (Via Email Only)
        Douglas J. Moore, Esq. (Via Email Only)
        John F. Olinde, Esq. (Via Email Only)
        Dawn M. Barrios, Esq. (Via Email Only)
        David F. Miceli, Esq. (Via Email Only)

---

[2] Sanofi has confirmed March 4th for Dr. Ross' deposition.