UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : : : : | MDL NO. 2740 SECTION "H" (5) JUDGE MILAZZO MAG. JUDGE NORTH LR7.4 MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO STRIKE NOTICE OF DISMISSAL *EX PARTE* |
| THIS DOCUMENT RELATES TO: FAITH NEWHOUSE v. SANOFI-AVENTIS U.S. LLC, et al. | : : : | Civil Action No.: 2:17-cv-15057 |

**PLAINTIFF'S LR7.4 MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO STRIKE NOTICE OF DISMISSAL *EX PARTE***

Pursuant to CMO 12A and pursuant to Federal Rule of Civil Procedure 60 (b)(6), and pursuant to **LR7.4,** Plaintiff respectfully submits this Memorandum in support of its Opposed and *Ex Parte* Second Amended Motion to Strike its Notice of Dismissal. In support, Plaintiff states:

**STATEMENT OF FACTS**

1. Plaintiff has filed a Notice of Dismissal (Doc. 15897) before obtaining leave to file an Amended Short Form Complaint to add the correct defendants and to drop the originally named Defendants.

2. Plaintiff has filed contemporaneously herewith its Second Amended Motion to Strike its Notice of Dismissal of Defendants Sanofi-Aventis U.S. LLC, and Sanofi U.S. Services Inc. f/k/a Sanofi-Aventis U.S. Inc. (the Sanofi Defendants) and a Second Amended Motion for Leave to File First Amended Complaint.

1

3. Plaintiff submits this separate Memorandum pursuant to LR7.4 because Plaintiff's Amended Motion to Strike her Notice of Dismissal is contested, as Plaintiff sought, but did not obtain, consent for the Motion.

4. Plaintiff filed her Short Form Complaint on December 6, 2017, naming only the Sanofi Defendants as the entities that designed, manufactured and marketed the taxotere with which her oncologist provided infusions for treatment of her breast cancer.

5. Plaintiff has determined that the taxotere that doctor prescribed and administered was designed, manufactured and marketed by the Hospira Defendants, and not the Sanofi Defendants.

6. On May 26, 2023, Plaintiff mistakenly filed its Notice of Dismissal of the Sanofi Defendants without having first filed an Amended Short Form Complaint naming the Hospira Defendants.

7. Plaintiff attaches hereto a Proposed Order as **Exhibit 1**.

8. Pursuant to LR7.2, Plaintiff has noticed this Motion for Submission, which is attached as **Exhibit 2**.

## ARGUMENT

This Court should freely allow a party to correct an inadvertent filing when justice so requires. Fed. R. Civ. P. 60(a) and 60(b)(1) and (2). Justice requires an allowing Plaintiff's Motion to Strike its erroneously filed Notice of Dismissal. Plaintiff inadvertently filed her Notice of Dismissal before filing her Motion for Leave to Amend Short Form Complaint to name the correct Defendants and drop the previously named Defendants. At the time of filing her complaint, Plaintiff was not aware that Hospira, Inc. and/or Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. ("the Hospira Defendants") had been the manufacturers of her chemotherapy.

Plaintiff wishes to amend her complaint to include Hospira, Inc. and Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. as the only Defendants. Plaintiff's proposed amendment would reflect this change consistent with how numerous cases have remedied product identification issues after successful use of the CMO 12/12A process.

Notwithstanding the Hospira Defendants' lack of standing to oppose a Motion to Strike Notice of Dismissal when they are not currently named defendants in the instant case, no prejudice would result from allowing Plaintiff to Strike her erroneously filed Notice of Dismissal. This case is part of a multi-district litigation, in which Hospira, Inc. and Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. are already Defendants. First, the information contained within Plaintiff's Short Form Complaint is encompassed in the information available to Defendants on MDL Centrality, thus an Amended Complaint would not lead to any surprise. Next, instead of filing answers to each suit filed against them in this MDL, the Defendants were only required to file a Master Answer. PTO 15. Practically, Defendants have access to all documents Plaintiff was required to (and did) produce in this litigation via MDL Centrality, so there are no concerns with spoliation. Defendants also are and have always been able to utilize Centrality to run reports on the identified Defendants. And, Defendants are not precluded from bringing Rule 12/56 challenges at the appropriate time on remand.

Moreover, and contrary to assertions of delay, Judge Engelhardt initially entered CMO 12 in response to Defendants' objections to so-called "scattershot" complaints that sought to add all Defendants in every case where product identification was an issue. Thus, Defendants were well aware that amendments would happen later on in this MDL, for efficiency and docket control purposes. Indeed, CMO 12 also includes bilateral protections to both Plaintiffs and Defendants – that is, even where there is presumptive proof, Defendants maintain their ability to later challenge

such evidence, and even if a Defendant is dismissed, the Order contemplates Rule 60 motions if presumptive evidence is erroneous. The Hospira Defendants cannot credibly claim surprise by Plaintiff's claim, and striking the erroneously filed Notice of Dismissal to allow Plaintiff to amend the Short Form Complaint serves only as an administrative exercise. This is particularly true when the 505(b)(2) cases are effectively stayed during the pending interlocutory appeal of this Court's ruling denying summary judgment on preemption grounds and there is not active litigation (other than PFS/PID/DFS) of these individual matters, which were not selected for the bellwether process.

    For the reasons stated herein, Plaintiff requests that this Court grant Plaintiff's Second Amended Motion to Strike Notice of Dismissal. Ordering otherwise would inconsistently punish Plaintiff Faith Newhouse, who has complied with the Court's other discovery Orders, when other similarly situated plaintiffs have been granted leave to amend their complaints for the same reasons.

    WHEREFORE, Plaintiff Faith Newhouse respectfully requests that this Honorable Court enter an order striking Plaintiff's Notice of Dismissal (Doc. 15897) to allow Plaintiff to file an Amended Short Form Complaint adding as Defendants Hospira, Inc. and/or Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.

Dated this 14th day of July, 2023.     Respectfully submitted,

*/s/ Jeffery J. Lowe*
Jeffery J. Lowe, # 35114MO
Andrew J. Cross, #57337 MO
**CAREY DANIS & LOWE**
8235 Forsyth Blvd, Suite 1100
Saint Louis, MO 63105
Telephone: (314) 725-7700
Fax: (314) 721-0905
across@careydanis.com
*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2023, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Jeffrey J. Lowe