UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates to:**<br>**Case Management Order No. 35**<br>**and MDL Nos.:**<br>　2:19-cv-4339,<br>　2:19-cv-09602,<br>　2:19-cv-09607,<br>　2:19-cv-09586, and<br>　2:19-cv-09599. | MDL No. 16-2740<br><br>Section: "H" (5)<br><br>JUDGE JANE TRICHE MILAZZO |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S JULY 5, 2023 ORDER (DOC. 16056)**

Under Rule 54(b) of the Federal Rules of Civil Procedure, Plaintiffs Brenda McLaney (MDL No. 2:19-cv-4339), Madeline DelPlato (MDL No. 2:19-cv-09602), Dianna Jarrett (MDL No. 2:19-cv-09607), Joanne Sells (MDL No. 2:19-cv-09611), Justine Stewart (MDL No. 2:19-cv-09586), and Merri Scott (MDL No. 2:19-cv-09586) (collectively "Plaintiffs") – each represented by attorney Carmen D. Caruso, respectfully ask the Court to reconsider its ruling in the Order dated July 5, 2023 (Doc. 16056). Specifically, Plaintiffs respectfully request that the Court reconsider its denial of Plaintiffs' Emergency Motion for Relief (Doc. 15029).

**I.    Standard of Review.**

As explained by the Fifth Circuit in *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017):

> Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive

1

law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing FED. R. CIV. P. 54(b)), abrogated on other grounds, *Little*, 37 F.3d at 1075 n.14; see also *McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011) ("Yet, because the district court is faced on with an interlocutory order, it is free to reconsider its ruling 'for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" (quoting *Brown v. Wichita Cty.*, No. 7:05-cv-108-0, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011))).

Here, Plaintiffs respectfully request the Court, in its discretion, reconsider its denial of Plaintiffs' Emergency Motion for Relief (Doc. 15029) because the Court erred in its finding that Plaintiffs are guilty of contumacious conduct. In the alternative, there are lesser sanctions available to the Court.[1]

## II. The Court erred in finding Plaintiffs' failure to comply with CMO 35 constitutes contumacious conduct.

In its July 5, 2023 order, the Court held that Plaintiffs' "failure to comply with CMO 35 constitutes contumacious conduct." (Doc. 16056, pp. 5-6.). In so doing, the Court found:

> The Fifth Circuit has described contumacious conduct as "the stubborn resistance to authority which justifies a dismissal with prejudice." [Citing, *Millan v. USAA Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (quoting *McNeal v. Papasan*, 843 F. 2d 787, 792 (5th Cir. 1988).]. In other words, it is a party's "willful disobedience of a court order."

---

[1] Should the Court be inclined to view this as a motion to reconsider brought under Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiffs respectfully contend that their motion is meritorious as the Court committed a manifest error of law in holding that Plaintiffs' conduct was contumacious. *Austin*, 864 F.3d at 336 ("Rule 59(e), however, "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence," and it is "an extraordinary remedy that should be used sparingly," (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (alteration in original) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989))).

>   [Citing, *In re Deepwater Horizon*, 805 F. App'x 262, 265 (5th Cir. 2020).].
>   The record reveals such conduct here. In issuing CMO 35 this Court
>   unequivocally directed Plaintiffs to effect service of process on or before
>   August 31, 2022, and cautioned that the failure to do so would subject
>   Plaintiffs' claims "to dismissal with prejudice in accordance with Federal
>   Rule of Civil Procedure 4(m)." Plaintiff's willful disregard of this court-
>   ordered deadline warrants dismissal of their claims against Accord.

*Id.*

Plaintiffs respectfully request the Court reconsider its holding that Plaintiffs' failure to comply with CMO 34 constitutes contumacious conduct. Plaintiffs are not guilty of "stubborn resistance to authority," the language from *Millan*, 546 F. 3d at 327 relied on by the Court, or of "willful disobedience of a court order," the language from *In re Deepwater Horizon*, 805 F. App'x at 265 also relied on by the Court. Instead, as explained in the Declaration of Carmen D. Caruso filed in support of Plaintiffs' Emergency Motion for Relief (Doc. 15029-3):

- The undersigned counsel was engaged in an arbitration hearing when CMO 35 was entered and did not believe the Plaintiffs here were subject to CMO 35's requirements. (Doc. 15029-3, ¶9); and

- Upon learning that CMO 35 applied to these Plaintiffs on October 19, 2022, the undersigned took immediate action to remedy the issue. Ultimately, these Plaintiffs filed their emergency motion on October 20, 2022 (Doc. 14962).[2] (Doc. 15029-3, ¶¶ 8-10.)

---

[2] Plaintiffs refiled their emergency motion on November 2, 2022 (Doc. 15029) after receiving a deficiency notice related to their October 20, 2022 filing.

In other words, Plaintiffs did *not* willfully disobey CMO 35; it was an unintentional error that Plaintiffs sought to remedy immediately upon learning of the error. Undesigned counsel's negligence, while regrettable, is not a basis for a finding of contumacious conduct. *Millan*, 546 F.3d at 327 (We have recognized that "it is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the 'stubborn resistance to authority' which justifies a dismissal with prejudice.") (Quoting, *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988).) Plaintiffs here have provided evidence corroborating their unintentional reasons for failing to comply with CMO 35. *C.f. In re Deepwater Horizon*, 805 F. App'x at 265 (5th Cir. 2020) (where the Fifth Circuit discusses upholding "a dismissal with prejudice when the plaintiffs failed to comply with a PTO even after receiving an extension and did not submit evidence to corroborate their reasons for delay in response to a show cause order.")

Moreover, none of the three factors identified in by the Fifth Circuit in *Millan* are present. *Millan*, 546 F.3d at 326 ("Additionally, where this Court has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'") (Quoting, *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).). These plaintiffs did not cause the delay. (Doc. 15029-3, ¶¶ 8-10.) The Defendant has not been prejudiced, as these Plaintiffs have submitted their Plaintiff Fact Sheets, their ESI, and complied with CMO 12(A). (Doc. 15029-1, pp 3-5.). (See also Doc. 1509-3, ¶5, where the undersigned

4

describes the pleadings and discovery Plaintiff McLaney and the other Plaintiffs filed and/or submitted in their cases.)  Finally, the delay in service was not caused by intentional conduct.  (Doc. 15029-3, ¶¶ 8-10.)

In sum, Plaintiffs respectfully request that the Court reconsider its holding that Plaintiffs' failure to comply with CMO 34 constitutes contumacious conduct.

### III. In the alternative, a lesser sanction serves the best interests of justice.

In its July 5, 2023 Order, the Court, quoting *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006), notes that "[w]here there is a 'clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice', dismissal with prejudice is warranted. (Doc. 16056, p. 5.)  Here, there are lesser sanctions that would serve the best interests of justice.  Specifically, one lesser sanction is to disqualify the undersigned counsel from further participation in these cases but allow the Plaintiffs to perfect service and continue their cases.

### IV. Conclusion.

WHEREFORE, Plaintiffs respectfully request that the Court reconsider its denial of Plaintiffs' Emergency Motion for Relief (Doc. 15029) and allow Plaintiffs to serve the Defendants.

Dated: July 14, 2023                    Respectfully submitted,

                                        Brenda McLaney (MDL No.: 2:19-cv-4339)
                                        Madeline DelPlato (MDL No.: 2:19-cv-09602)
                                        Dianna Jarrett (MDL No.: 2:19-cv-09607)

                      Joanne Sells (MDL No.: 2:19-cv-09611)
                      Justine Stewart (MDL No.: 2:19-cv-09586)

                      By: */s/ Carmen D. Caruso*

Carmen D. Caruso (IL Bar # 6189462)
CARMEN D. CARUSO LAW FIRM
77 West Washington St., Ste. 1900
Chicago, IL 60602
T: (312) 626-1160

*Attorney for:*
Brenda McLaney (MDL No.: 2:19-cv-4339)
Madeline DelPlato (MDL No.: 2:19-cv-09602)
Dianna Jarrett (MDL No.: 2:19-cv-09607)
Joanne Sells (MDL No.: 2:19-cv-09611)
Justine Stewart (MDL No.: 2:19-cv-09586)

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed on July 14, 2023. Notice of this filing will be sent to these parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Carmen D. Caruso*
Carmen D. Caruso
