UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| THIS DOCUMENT RELATES TO:<br><br>*Ellen Pusey v. Sanofi-Aventis S.A., et al.*, Case No. 2:16-cv-15471 | SECTION "H" (5)<br><br>HON. JANE TRICHS MILAZZO |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO SET ASIDE THE COURT'S
DISMISSAL ORDER ENTERED JULY 22, 2022 (DOC. 9)**

Plaintiff, Ellen Pusey, through the undersigned, respectfully seeks this Honorable Court's consideration of this motion to set aside Docket No. 9, Dismissal Order, entered July 22, 2022, which dismissed Plaintiff's case with prejudice.

**FACTUAL AND PROCEDURAL
BACKGROUND**

As it relates to the events that transpired prior to the Dismissal Order, Plaintiff notes the following facts in chronological order:

1) On October 12, 2016, Plaintiff, Ellen Pusey, filed her Original Complaint against Sanofi-Aventis U.S., Inc., Sanofi S.A., Aventis Pharms S.A., and Sanofi-Aventis U.S. LLC, separately, and doing business as Winthrop U.S.;[1]

---

[1] Attached as Exhibit 1. Plaintiff's name was misspelled in her Original Complaint as "*Pussey*", instead of "*Pusey*", the correct spelling. The Docket currently reflects the correct spelling.

2) Plaintiff's original complaint (Doc. 1) contained the following correct jurisdictional allegations:

   a) Plaintiff "was at all relevant times a citizen and adult resident of the State of Louisiana and domiciled in Tangipahoa Parish" (Par. 31);

   b) "Plaintiff was administered TAXOTERE® in St. Tammany Parish" (Par. 86);

3) On May 31, 2017, a Short Form Complaint on behalf of the Plaintiff was filed by Betsy J. Barnes, Esq., an attorney at Morris Bart, LLC. (Doc. 5).[2]  In response to "Question 4: Current State of Residence", Plaintiff erroneously entered "*MS*" (Mississippi) instead of "*LA*" (Louisiana).  The Short Form Complaint, however, correctly designates Louisiana as the State of Injury and the United States District Court for the Eastern District of Louisiana as the proper choice of venue for remand and trial.

4) Plaintiff was registered with MDL Centrality and filed her Plaintiff Fact Sheet ("PFS") on May 23, 2017.  Plaintiff indicated on her PFS that she resides in Ponchatoula, Louisiana and ingested Docetaxel in Covington, Louisiana.

5) In response to deficiency notices and as Plaintiff gathered and submitted additional information, Plaintiff amended her PFS seven times, with the last amended PFS filed on February 3, 2020.  All PFS filings indicate that Plaintiff resides in Ponchatoula, Louisiana and ingested Docetaxel in Covington, Louisiana.

6) Defendants responded to Plaintiff's Seventh Amended PFS by letter from Randy S. Thomas, Shook, Hardy & Bacon, dated November 5, 2021, regarding the deficiency of Plaintiff's evidence of product identification.

---

[2] Attached as Exhibit 2.

7) At some point prior to July, 2022, Defendants provided the Court with a list of MDL Plaintiffs whose claims should be barred by the three-year stature of limitations under Mississippi law. Plaintiff Ellen Pusey was erroneously included on this list as a Mississippi plaintiff.

8) The Court, on July 18, 2022, entered a Dismissal Order on the MDL Docket, dismissing with prejudice the claims of the MDL Plaintiffs identified by Defendants and attached as Exhibit A to the Dismissal Order (MDL Doc 14432);

9) The Dismissal Order was entered in the instant case (Plaintiff's individual case) on July 22, 2022, as Docket No. 5, and her case closed.[3]

Plaintiff's Counsel moves pursuant to Fed. R Civ. Procedure 60(b)(1) and/or (6).

## LAW AND ARGUMENT

A district court may, in its discretion, "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, or excusable neglect; . . .or (6) any other reason that justifies relief[.]" Fed. R. Civ. P. 60(b). The purpose of Rule 60(b) is "to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Safari Programs, Inc. v. CollectA Int'l Ltd.,* 686 F. App'x 737, 743 (11th Cir. 2017) (*quoting Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan. 1981)).

In order to establish excusable neglect, the party must show that: (1) it had a meritorious claim defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the opposing party; and (3) a good reason existed for failing to respond to the motion.

---

[3] Attached as Exhibit 3.

*Trinity Aviation Servs., Ltd. v. Lopez*, 635 F. App'x 853, 854 (11th Cir. 2016); *E.E.O.C. v. Mike Smith Pontiac GMC, Inc*., 896 F.2d 524, 528 (11th Cir. 1990). The court's determination of what constitutes excusable neglect, warranting relief from judgment, is generally an equitable one that considers the totality of circumstances surrounding party's failure to respond. *See, e.g., Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993).

     Unquestionably, the Court is given wide discretion in its determination to grant relief. Plaintiff satisfies excusable neglect in that: (1) Plaintiff has a meritorious claim defense – namely that she is not and was not a Mississippi resident and not subject to the Mississippi statute of limitations;  (2)  Plaintiff reasonably believed her case was being considered as that of a Louisiana resident, as she identified only Louisiana as her residence and state of treatment in her Original Complaint and eight Plaintiff Fact Sheets;  (3)  This error was only recently discovered and is being promptly brought to the Court's attention for correction;  (4)  Granting a Motion to set Aside within the one-year period allowed by Fed. R. Civ. P. Rule 60(c)(1) would not unfairly prejudice the Defendants;  and, (5)  Plaintiff presently has insufficient evidence of product identification and acknowledges the reality that if reinstated, her claim will be dismissed for lack of product identification.  The parties are working to craft a stipulation whereby Plaintiff agrees to dismiss her case with prejudice if unable to produce proper product identification within an agreed upon period of time, thus eliminating the need for inclusion in the established process for identifying and dismissing claims without product identification and conserving the Court's valuable and limited resources.

     The *Safari Programs* court noted that in some circumstances, the interests of finality must give way to the equities of the particular case in order that the judgment might reflect the true merits of the cause." *Safari Programs, Inc. v. CollectA Int'l Ltd*., 686 F. App'x 737, 743 (11th Cir.

4

2017) (*quoting Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan. 1981) (internal quotation marks omitted)). This is one such circumstance. Even though the end result may lead to a dismissal with prejudice, Plaintiff Ellen Pusey deserves to have her individual case fairly evaluated based on the correct facts, thus correcting the record and preserving any available issues Plaintiff may have upon appeal.

Under the Federal Rules of Civil Procedure, one of the underlying premises of the excusable neglect doctrine is that it exists to prevent victories by default. *Newgen, LLC. v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (observing that it is "the general rule that default judgments are ordinarily disfavored). It is an oft-stated but often undervalued principle of the federal civil procedure system that cases should, in the main, be decided on the merits, not on technicalities. *Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31, 47 (2d. Cir. 2015) (*citing Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 247 (NDNY 2014) and observing that there is a strong preference for resolving disputes on the merits).

To be clear, Plaintiff's Counsel is not suggesting that there was any bad faith by either itself or the Defendants. To the contrary, Plaintiff's Counsel urges that as the instant case, unintentional mistakes were made by both Plaintiff and Defendants, including Plaintiff's over-reliance on data sets in the evaluation and prosecution of Plaintiff's claim. Moreover, Mrs. Pusey has at all times acted in good faith under the assumption that her claims were being properly adjudicated under Louisiana law.

## CONCLUSION

For the foregoing reasons, Plaintiff's Counsel respectively requests that the Court grant this Motion to Set Aside the Dismissal Order dated July 22, 2022, Docket No. 9, and reinstate Plaintiff's case.

Respectfully Submitted,

Dated: July 17, 2023

*/s/ Betsy J. Barnes*
Betsy J. Barnes, LA #31465
MORRIS BART, LLC
601 Poydras St., 24th Fl.
New Orleans, LA 70130
Phone: (504) 599-3234
Fax: (833) 277-4214
bbarnes@morrisbart.com

## CERTIFICATE OF SERVICE

I certify that on July 17, 2023, I filed the above document with the Court via the Court's CM/ECF system, which will notify all counsel of record.

*/s/ Betsy J. Barnes*