UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : | MDL NO. 2740 SECTION "H" (5) HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| THIS DOCUMENT RELATES TO: *Brenda McLaney v. Sanofi S.A., et al.* Case No. 2:19-cv-4339 | | |

## DEFENDANT ACCORD HEALTHCARE INC.'S BRIEF IN OPPOSITION TO PLAINTIFF BRENDA MCLANEY'S MOTION TO RECONSIDER THE COURT'S JULY 5, 2023 ORDER (DOC. 16056)

Defendant Accord Healthcare, Inc. ("Accord") requests that the Court deny Plaintiff Brenda McLaney's Motion to Reconsider (Rec. Doc. 16172). *First*, the Motion merely repeats the arguments this Court already considered and rejected and thus does not warrant the extraordinary remedy of reconsideration.[1] *Second*, Plaintiff still falls far short of showing any justification for her repeated disregard of the Federal Rules of Civil Procedure and this Court's Case Management Order No. 35, which extended the deadline for proper service. As the Court recognized, the noncompliant behavior, which has persisted since Plaintiff filed her Complaint in 2019, constitutes a "record of clear delay and contumacious conduct." (Rec. Doc. 16056 at 5). *Finally*, no alternative sanction to dismissal suffices. The Court already afforded Plaintiff lesser sanctions by its entry of

---

[1] The Court's July 5, 2023 Order (Rec. Doc. 16056) granted Defendant Accord Healthcare, Inc.'s Motion to Dismiss for Failure to Comply with Case Management Order No. 35 and FRCP 4 with respect to Plaintiff Brenda McLaney (Rec. Doc. 14969), and denied as moot the Emergency Motion of Certain Plaintiffs for Relief from CMO #35 and Leave to Accomplish Service of Process (Rec. Doc. 15029). Therefore, this motion addresses only the Motion to Reconsider as to Plaintiff McLaney. There is no order that can be reconsidered regarding the other plaintiffs purportedly addressed by the Emergency Motion; if there were, however, those plaintiffs' "delay and contumacious conduct" would be subject to the same arguments raised in this Opposition.

6073962

CMO 35 itself, which granted Plaintiff a generous extension to serve Accord, and its explicit warning that failure to meet the new deadline would result in dismissal with prejudice, but Plaintiff *continued* to disregard her obligations in this case.

I. **PLAINTIFF OFFERS NO GROUNDS FOR RULE 54(B) RECONSIDERATION.**

Reconsideration is not warranted here because Plaintiff's Motion merely regurgitates arguments that the Court already ruled on. Reconsideration, whether under Fed. R. Civ. P. 54(b) or otherwise, is an "extraordinary remedy that should be used sparingly." *Nerium Skincare, Inc. v. Nerium Int'l*, 3:16-CV-1217, 2017 WL 7052281, at *2 (N.D. Tex. 2017) (internal citation omitted). Rule 54(b) motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier. *See e.g., id.*; *see also Crawford v. Louisiana*, No. CV-14-1190, 2015 WL 2037915, at *3 (E.D. La Apr. 30, 2015) (citations omitted).

First, Plaintiff argues that the Court erred in finding that her noncompliance with CMO 35 was contumacious conduct. (Rec. Doc. 16172-1 at 4). Second, she contends that Accord is not prejudiced since she uploaded certain discovery-related documents to MDL Centrality. (*Id.* at 4; *c.f.* Pretrial Order No. 1 ¶ 3 (MDL Centrality submissions do not "[make] any entity a party to any action in which he, she or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure")). Finally, Plaintiff urges that lesser sanctions are appropriate. (*Id.*) Plaintiff already made these very arguments, however, in her Emergency Motion for Relief from CMO 35, filed two months after the Court's grace period for effecting service expired. (*See* Rec. Doc. 15029-1 at 2). The Court squarely rejected them, finding that repeated failure to serve defendants and comply with court mandates is indeed "a clear record of delay and contumacious conduct." (Rec. Doc. 16056 at 5). Thus, the Court should not entertain Plaintiff's request for reconsideration in the first place. *See, e.g.*, *Nerium Skincare, Inc.*, 2017 WL 7052281 at *2.

## II.       PLAINTIFF'S OBSTINATE CONDUCT WARRANTS DISMISSAL.

Even if the Court considers Plaintiff's Motion, it alleges nothing that could alter the Court's sound determination that her habitual noncompliance with the operative rules and orders requires dismissal here. The Fifth Circuit describes contumacious conduct as "the stubborn resistance to authority which justifies a dismissal with prejudice." (Rec. Doc. 16056 at 6) (quoting *Millan v. USAA Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008)). This Court, upon considering the same information set forth in Plaintiff's Motion, found that Plaintiff has engaged in just that. (*See id.* at 5 (finding that "there is a clear record of delay and contumacious conduct in this case")).

Plaintiff avers nothing that would warrant reconsideration of this ruling, nor could she given her *repeated* failure to act. The "record of delay [and] contumacious conduct" started long before Plaintiff failed to comply with CMO 35. Plaintiff filed her complaint in 2019 but made no attempt to serve Accord as required by Fed. R. Civ. P. 4. In January 2022, Accord moved to dismiss certain other cases for failure to serve. These motions were discussed at the July 2022 status conference and led to the Court affording Plaintiffs an extension to effect proper service by August 31, 2022, notwithstanding their failure to yet do so. CMO 35 directed that "failure to [serve defendants by August 31, 2022] would subject Plaintiffs' claims to 'dismissal with prejudice . . . .'" (Rec. Doc. 16056 at 6). Plaintiff *still* did not serve Accord. On October 3, 2022, other defendants filed omnibus motions to dismiss for failure to serve in cases including Plaintiff's. (Rec. Doc. 14969). Plaintiff *did not respond*.  It was not until October 22, 2022 that Plaintiff took any action, filing her Emergency Motion. (Rec. Doc. 14962). Accord joined co-defendants' opposition to that Motion. (Rec. Doc. 14972). Accord also moved to dismiss Plaintiff's claims for lack of service. (Rec. Doc. 14969). Plaintiff, yet again, *did not respond*. Plaintiff romanticizes these repeated failures to act as mere negligence (*see* Rec. Doc. 16172-1 at 4), but as this Court correctly

3

6073962

recognized, Plaintiff's pattern of delay is inexcusable. (*See* Rec. Doc. 16056 at 5 (emphasizing inadvertence of counsel "does not satisfy the standard for good cause")).

As the Court properly decided, dismissal is the only sanction that would serve the interests of justice. (Rec. Doc. 16056 at 6-7). Initially, Plaintiff failed to serve Accord before the statute of limitations expired. In such circumstances, the Fifth Circuit has found that "a lesser sanction [than dismissal] would not better serve the interests of justice." (*Id.* (quoting *Sealed Appellant v. Sealed Appellant*, 452 F.3d 415, 419-20 (5th Cir. 2006))). As this Court explained, if a statute has run "a potential defendant that has not been served is entitled to expect that it will no longer have to defend the claim." (*Id.* (quoting *Sealed Appellant*, 452 F.3d at 418)). Accord would therefore face prejudice if Plaintiff's stale claims were resurrected. (*Id.*)

Further, Plaintiff's contention that "in the alternative" the Court should employ "lesser sanctions" in the form of disqualifying her counsel from further participation in this case (Rec. Doc. 16172-1 at 5) is nonsensical[2] and disregards that the Court *already* attempted lesser sanctions – to no avail. The Court could have dismissed Plaintiff's claim under Fed. R. Civ. P. 4(m) for failure to serve Accord within 90 days of filing her Complaint in 2019. Instead, the Court showed leniency, affording her through August 31, 2022 to serve Accord. The Court explicitly warned that failure to comply with the extension would result in dismissal with prejudice. *See In re Deepwater Horizon*, 805 F. App'x 262, 265-66 (5th Cir. 2020) (lesser sanctions include explicit warnings). In analogous circumstances, the Fifth Circuit upheld dismissal "when the plaintiffs failed to comply with a PTO even after receiving an extension and did not submit evidence to corroborate their reasons for delay . . . ." *Id.* at 265-66 (discussing *In re Deepwater Horizon*, 907 F.3d 232 (5th Cir.

---

[2] Plaintiff cites no support whatsoever for such a "lesser sanction" under any circumstances, much less in the context of the procedural history of this case, which, as the Court confirmed, requires dismissal with prejudice.

4

2018)). Here too, Plaintiff flouted this Court's effort to accommodate her, offering no justifiable excuse for her noncompliance.

### III. CONCLUSION

For these reasons, the Court should deny Plaintiff's Motion for Reconsideration and uphold its Order dismissing Plaintiff's claims. Plaintiff raises nothing that could warrant the extraordinary remedy of reconsideration. Instead, as the Court already recognized, Plaintiff's years-long delay and failure to comply with the Federal Rules of Civil Procedure and this Court's Case Management Order No. 35, requires dismissal with prejudice.

Dated: July 25, 2023

Respectfully submitted,

*/s/ Julie A. Callsen*
Julie A. Callsen
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone: 216.592.5000
Facsimile:  216.592.5009
julie.callsen@tuckerellis.com

*Attorney for Defendant*
*Accord Healthcare, Inc.*

6073962

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2023, a copy of the foregoing *Defendant Accord Healthcare Inc.'s Brief in Opposition to Plaintiff Brenda McLaney's Motion to Reconsider the Court's July 5, 2023 Order (Doc. 16056)* was filed with the Court via ECF and is deemed served on all counsel of record.

/s/ *Julie A. Callsen*
Julie A. Callsen

*One of the Attorneys for Defendant
Accord Healthcare, Inc.*

6073962