**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| THIS DOCUMENT RELATES TO: | SECTION "H" (5) |
| | HON. JANE TRICHE MILAZZO |
| *Ellen Pusey v. Sanofi US LLC, et al.* Civil Action No.: 2:16-cv-15471 | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION**
**TO SET ASIDE THE COURT'S DISMISSAL ORDER ENTERED JULY 22, 2022**

Defendants sanofi-aventis U.S. LLC, and Sanofi US Services Inc. ("Sanofi defendants") hereby oppose Plaintiff's Motion to Set Aside the Court's Dismissal Order Entered July 22, 2022.[1] The Motion should be denied because: 1) Plaintiff's failure to oppose dismissal based on her claim to live in Mississippi is not excusable neglect; 2) Defendants would be prejudiced if the case were reopened; and 3) as Plaintiff acknowledges, reopening the case would be futile due to Plaintiff's lack of product identification information. In addition, Defendants respectfully suggest that Plaintiff's subpoenas for product identification information bearing the caption of her still-dismissed case should be quashed.[2]

**LAW AND ARGUMENT**

1. **Plaintiff's Failure to Oppose Dismissal Based on her Claim to Live in Mississippi is not Excusable Neglect.**

The only legal basis Plaintiff asserts in support of her Motion to Set Aside the Court's Dismissal Order is that she "satisfies excusable neglect" under Rule 60(b)(1).[3] The circumstances alleged by Plaintiff do not constitute excusable neglect in the Fifth Circuit.

---

[1] Rec. Doc. 16178 (Pl.'s Mot. to Set Aside Dismissal Ord.).

[2] *See* Exhibits 1 and 2 hereto.

[3] *See* Rec. Doc. 16178-1, at 3-5.

The Fifth Circuit "has pointedly announced that a party has a duty of diligence to inquire about the status of a case, and that Rule 60(b) relief will be afforded only in 'unique circumstances.'" *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (citing *Wilson v. Atwood Grp.*, 725 F.2d 255, 257–58 (5th Cir. 1984). Such circumstances are not presented by "the 'inadvertent mistake' of counsel." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993) (quoting *Williams v. Brown & Root, Inc.*, 828 F.2d 325, 329 (5th Cir. 1987). "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (quoting *Edward H. Bohlin Co.*, 6 F.3d at 357); *see also In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 837 F. App'x 267, 278 (5th Cir. 2020).

Here, the conduct of Plaintiff and her counsel do not constitute excusable neglect under Rule 60(b). By Plaintiff's own account, when preparing her Short Form Complaint for filing, "[i]n response to 'Question 4: Current State of Residence', Plaintiff erroneously entered '*MS*' (Mississippi) instead of '*LA*' (Louisiana)."[4] Plaintiff offers no explanation for why she did this nor why, if the statement was incorrect, she never sought to amend it in the more than five years between the filing and dismissal of the complaint (nor for 11 months and 30 days after the complaint was dismissed). This is true even though Plaintiff's case was identified as subject to dismissal under Mississippi law in communications from Defendants as early as August 25, 2021, and again in Court filings on January 28, 2022,[5] May 18, 2022,[6] and July 18, 2022.[7] The Court

---

[4] *See* Rec. Doc. 16178-1, at 2.

[5] *See* Rec. Doc. 13746 (Defs.' Mot. for Rule to Show Cause Regarding Dismissal of Mississippi Pls.).

[6] *See* Rec. Doc. 14221 (Order to Show Cause Regarding Dismissal of Mississippi Pls.).

[7] *See* Rec. Doc. 1442 (Dismissal Order).

and parties were entitled to rely on this representation in adjudicating her claims.  More than six years have passed since Plaintiff filed her allegedly faulty complaint, and nearly two years have passed since she was put on notice that, as filed, it would be dismissed.  These delays dwarf those that the Fifth Circuit has found exceed the bounds of excusable neglect.  *See, e.g.*, *In re Taxotere*, 837 F. App'x at 278 (finding no excusable neglect where Plaintiff had received three deficiency notices over four months prior to dismissal, and failed to address the issue for another five months after dismissal); *Trevino*, 944 F.3d at 571–72 (finding no excusable neglect where Plaintiff failed to respond to a motion to dismiss for "nearly a month," and sought relief under Rule 60(b)(1) twenty-seven days later); *cf. In re Deepwater Horizon*, 988 F.3d 192, 200 (5th Cir. 2021) (finding no excusable neglect in part due to the "long length of delay" where claimant failed to address apparent oversight for at least five months).  Ms. Pusey's alleged longstanding mistake warrants no relief under Rule 60(b).

Plaintiff further argues that she "acted in good faith under the assumption that her claims were being properly adjudicated under Louisiana law."[8]  But Plaintiff had "a duty of diligence to inquire about the status of her case." *In re Taxotere*, 837 F. App'x at 278 (internal quotes and cites omitted).  Given the repeated communications and filings identifying her case as subject to dismissal under Mississippi law, any belief or assumption to the contrary was unreasonable and indicates a lack of diligent inquiry.  Indeed, an assumption that one's claims "were being properly adjudicated" more than 11 months after they had been dismissed with prejudice is incompatible with any claim of diligence.  Failure to appreciate or act on information properly distributed to interested parties does not constitute excusable neglect, even where there is evidence the information was not in fact received.  *See Onwuchekwe v. Okeke*, 404 F. App'x 911, 912 (5th Cir.

---

[8] *See* Rec. Doc. 16178-1, at 5.

2010) ("sending court communications to the spam folder is inexcusable neglect"); *Trevino*, 944 F.3d at 572 (same); *In re Deepwater Horizon*, 988 F.3d at 200 (finding no excusable neglect where claimant's wife "mistakenly threw away the notices mailed to him").  Here, Plaintiff makes no argument that she or her counsel failed to receive notice regarding the dismissal of her case.  Their failure to act in response to such notice—including by presenting the arguments Plaintiff now advances via the show cause process—is inexcusable neglect.  *See In re Taxotere*, 837 F. App'x at 278 (finding no excusable neglect where Plaintiff's case was dismissed following show cause notice and hearing, notwithstanding "her counsel's mistaken belief that she was deceased").

Finally, Plaintiff points to her (or her counsel's) "over-reliance on data sets in the evaluation and prosecution of Plaintiff's claim" as evidence of excusable neglect.[9]  Though it is unclear precisely what this refers to or how it led to Plaintiff's reported years-long oversight or decision not to oppose dismissal, it is well settled that clerical error—or putting a case on the proverbial back burner—is not excusable neglect warranting relief under Rule 60.  *See Trevino*, 944 F.3d at 571 ("The fact that the case was not on Plaintiffs' counsel's 'radar for active cases' does not free Plaintiffs of this duty [of diligence]" so as to justify Rule 60(b) relief.); *In re Taxotere*, 837 F. App'x at 278 (finding no excusable neglect where counsel failed to act based on "what appear[ed] to be a cut and paste error").[10]

---

[9] *See* Rec. Doc. 16178-1, at 5.

[10] Plaintiff cites but presents no argument for relief under Rule 60(b)(6).  *See* Rec. Doc. 16178-1, at 3 ("Plaintiff's Counsel moves pursuant to Fed. R Civ. Procedure 60(b)(1) and/or (6).").  Plaintiff's apparent abandonment of any 60(b)(6) claim is appropriate, given that "[t]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made.  A party remains under a duty to take legal steps to protect his own interests." *Edward H. Bohlin Co.*, 6 F.3d at 357.  Here, the legal steps available to protect Plaintiff's interests—namely, stating an objection to dismissal before or during the show cause hearing—were readily apparent and minimally burdensome.  Relief under Rule 60(b)(6) cannot lie.

## 2. Defendants Would be Prejudiced if Plaintiff's Case Were Reopened.

Plaintiff states without support or explanation that reinstating her case approximately one year after it was dismissed with prejudice "would not unfairly prejudice the Defendants."[11]  On the contrary, upsetting a final judgment to revive long-resolved claims due to alleged neglect by the dismissed party is quintessentially prejudicial.  Every further resource spent defending against Ms. Pusey's claims—including by the present brief—is unfair prejudice to Defendants.  So strong is the presumption in favor of finality that where a party's attorney has negligently or carelessly failed to timely submit evidence leading to an adverse judgement, a District Court lacks the discretion to consider that evidence upon a motion under Rule 60(b)(1).  *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991) ("In the case of a motion for reconsideration brought under Rule 60(b)(1), for example, if the failure of the party to submit the evidentiary materials in question is attributable solely to the negligence or carelessness of that party's attorney, then it would be an abuse of discretion for the court to reopen the case and to consider the evidence.") (quoting *Lavespere v. Niagara Machine & Tool Works,* 910 F.2d 167, 173 (5th Cir.1990) (abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994))).  Such appears to be precisely the case here.  Accordingly, the judgment must remain undisturbed.

This result is doubly appropriate where, as discussed below, Defendants have lost opportunities to timely challenge Plaintiff's case for lack of product identification, or for PFS or other deficiencies.  To reinstate the case now, into a very different MDL context than the one it was dismissed from, would be unfairly prejudicial to Defendants and inequitable to similarly situated Plaintiffs.  Such relief is not warranted.

---

[11] Rec. Doc. 16178-1, at 4.

### 3. Reopening Plaintiff's Case Would be Futile Due to Her Lack of Product Identification.

Plaintiff "acknowledges the reality that if reinstated, her claim will be dismissed for lack of product identification."[12]  Plaintiff goes on to indicate that "[t]he parties are working to craft a stipulation whereby Plaintiff agrees to dismiss her case with prejudice if unable to produce proper product identification within an agreed upon period of time, thus eliminating the need for inclusion in the established process for identifying and dismissing claims without product identification and conserving the Court's valuable and limited resources."[13]  To date, Plaintiff has proposed no such stipulation to Defendants; rather, just two days after the filing of the instant Motion, Plaintiff proceeded to unilaterally serve product identification subpoenas on various entities, each bearing the caption of her long-dismissed case, under the apparent authority of this Court.

Plaintiff's admission that the case is subject to dismissal for lack of product identification forecloses any possible relief under Rule 60.  Contrary to Plaintiff's assertion, the admission refutes any argument that Plaintiff "had a meritorious claim defense that might have affected the outcome."[14]  Plaintiff readily admits that the outcome would and "will be" the same regardless of the grounds, thus making reinstatement futile.

Moreover, Defendants certainly do not stipulate or agree to any additional "period of time" for Plaintiff to obtain product identification in this matter, as any such forbearance would fly in the face of this Court's CMO 12A and the extensive processes implemented and proceedings undertaken to ensure that all Plaintiffs in MDL 2740 have identified and named the appropriate defendant(s).  Beyond neglecting her duty of diligence to inquire about the status of her case, it is

---

[12] Rec. Doc. 16178-1, at 4.

[13] *Id.*

[14] *Id.* at 3–4 (citing *Trinity Aviation Servs., Ltd. v. Lopez*, 635 F. App'x 853, 854 (11th Cir. 2016)).

clear that Plaintiff made no effort to obtain product identification under CMO 12A for at least the period from July 18, 2022 to July 17, 2023.  To reinstate Plaintiff's case with a self-ordered extension of unknown length after such inaction would be both highly prejudicial to Defendants—who have not had the opportunity to timely investigate and adjudicate Ms. Pusey's claims in accordance with the timelines set by this Court—and grossly unfair and inconsistent with respect to other Plaintiffs—hundreds of whom have had their cases dismissed for similarly insufficient or unsuccessful product identification  efforts during this same time period.

Accordingly, Defendants request that Plaintiff's Motion be denied and that her purported subpoenas for product identification information be quashed.  Such subpoenas are ineffective because her case has been dismissed since July 18, 2022, moot because reinstatement of her case is unwarranted under Rule 60, and unauthorized because any further product identification discovery would be untimely, unfair, and prejudicial under CMO 12A and this Court's related Orders.

**CONCLUSION**

For the foregoing reasons, Defendants request that Plaintiff's Motion be DENIED and all subpoenas bearing the above case caption be QUASHED.

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART**
**MOORE & DANIELS LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

-and-

7

Harley V. Ratliff
Adrienne L. Byard
Jordan Baehr
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
abyard@shb.com
jbaehr@shb.com

*Counsel for sanofi-aventis U.S. LLC and
Sanofi U.S. Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2023, I electronically filed the foregoing with the Clerk

of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*
Douglas J. Moore