UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| **This document relates to:** All cases in the attached Exhibits. | ) ) | |

### ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Case Management Order No. 35 filed by Defendants sanofi-aventis U.S. LLC and Sanofi US Services Inc. (Doc. 14751). For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment cancer. Among these companies are Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively, "Sanofi" or "Defendants"). Plaintiffs allege that the drug caused permanent alopecia. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

In response to Defendant Accord Healthcare, Inc.'s motion practice in January 2022 based on failure to effect service of process,[2] this Court reminded all Plaintiffs in this MDL at the July 22, 2022, General Status Conference that effecting service "is an obligation of the plaintiff and the plaintiff only."[3] The Court extended the deadline for all Plaintiffs to properly serve their complaints

---

[1] Docetaxel is the generic version of Taxotere, although the Court uses the term "generic" loosely.
[2] *See* Docs. 13704, 13781, 13782, 13802.
[3] Doc. 14445 at 7:22–23.

on all Defendants to August 31, 2022. Thereafter, this Court entered Case Management Order No. 35 ("CMO 35"). CMO 35 provides that "it is Plaintiffs' responsibility to ensure that service is effected on or before August 31, 2022, after which Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[4] CMO 35 further directs Plaintiffs still needing to effect service to consult the appropriate streamlined service of process orders.

On September 27, 2022, Sanofi filed the instant Motion to Dismiss identifying 85 Plaintiffs who failed to properly serve their complaints by the court-ordered deadline.[5]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."[6] When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[7] Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) permits the Court to dismiss a case *without* prejudice if the plaintiff fails to serve the defendant within 90 days of filing the complaint.[8]

"If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service."[9] The "good cause" standard has been described as requiring "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel

---

[4] Doc. 14456.
[5] Doc. 14751.
[6] Matherne v. La. through Dep't of Child. & Fam. Servs., No. 18-3396, 2020 WL 491225, at *1 (E.D. La. Jan. 30, 2020) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 1998)).
[7] Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981).
[8] *See* FED. R. CIV. PROC. 4(m).
[9] Millan v. USAA Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008) (citing Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)).

or ignorance of the rules usually does not suffice."[10] "In addition, courts normally require 'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified . . . .'"[11]

"Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service."[12] "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"[13] Nevertheless, if the Court declines to extend the time for service and instead dismisses the suit *without* prejudice for failure to comply with Rule 4(m), the Fifth Circuit requires that the dismissal be treated as a dismissal *with* prejudice if the claims would be time-barred by the statute of limitations upon refiling.[14]

A dismissal with prejudice is only warranted if there is a "clear record of delay or contumacious conduct by the plaintiff," and "lesser sanctions would not serve the best interest of justice."[15] Where the Fifth Circuit "has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"[16] Still, these "aggravating factors are not required for a dismissal with prejudice."[17]

## LAW AND ANALYSIS

Sanofi argues that that Plaintiffs' claims against them should be dismissed because Plaintiffs failed to effectuate service within the required 90-day period, failed to comply with CMO 35, and cannot demonstrate good cause for their delay to support the Court invoking its discretionary power to extend the time for

---

[10] Winters v. Teledyne Movable Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985).
[11] Gartin v. Par Pharm. Companies, Inc., 289 F. App'x 688, 692 (5th Cir. 2008) (citing Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995)).
[12] *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21).
[13] *Id.* (quoting FED. R. CIV. PROC. 4(m) advisory committee's note (1993)).
[14] *See Millan*, 546 F.3d at 325–26.
[15] Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006).
[16] *Millan*, 546 F.3d at 326 (quoting *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986)).
[17] *In re* Deepwater Horizon (Barrera), 907 F.3d 232, 235 n.1 (5th Cir. 2018).

Plaintiffs to effect service. Fifty-five Plaintiffs oppose.[18] Twenty-five Plaintiffs have not filed responses in opposition.[19] One Plaintiff agrees to dismissal.[20] Lastly, 13 cases were previously dismissed and therefore Sanofi's Motion is moot as to those Plaintiffs. The Court will address each group in turn.

### A. Plaintiffs Who Failed to Demonstrate Good Cause

At the outset, the Court finds that Plaintiffs have failed to establish good cause for extending the time to serve Sanofi. Plaintiffs offer several reasons for their non-compliance, including (1) inadvertent clerical and technical errors, (2) inadvertent oversights due to change in counsel, and (3) mistaken beliefs that service was properly made. The Fifth Circuit has held, however, that the good cause standard requires "at least as much as would be required to show excusable neglect" and that "inadvertence, mistake or ignorance of counsel are not excusable neglect."[21] As a result, Plaintiffs' arguments do not satisfy the standard for good cause; they provide no explanation for their years-long delay in serving Sanofi and their failure to observe the extended deadline granted in CMO 35. This Court, therefore, turns to whether it should invoke its discretionary power under Rule 4(m) to extend the time for service even when good cause is lacking.[22]

As discussed, this Court has discretion to extend the time for service even when good cause is lacking.[23] The Fifth Circuit has explained that such relief may be warranted "if the applicable statute of limitations would bar the refiled action."[24] But the Fifth Circuit has also clarified that the "inability to refile suit does not bar dismissal."[25] Where there is "a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best

---

[18] Docs. 14824, 14828, 14834, 14841, 14843, 14846, 14849, 14851, 14854, 14857, 14860, 14889, 14890, 14893, 14895, 14896, 14900, 14901, 14902, 14906, 14915, 14916, 14917, 14918, 14926, 14974.
[19] *See* attached Exhibit B.
[20] *See* attached Exhibit C.
[21] McGinnis v. Shalala, 2 F.3d 548, 551 (5th Cir. 1993) (quoting *Winters*, 776 F.2d at 1306 and Traina v. United States, 911 F.2d 1155, 1157 (5th Cir.1990)).
[22] *See* Newby v. Enron Corp., 284 F. App'x 146, 149 (5th Cir. 2008).
[23] *See id.*
[24] *Id.* (citing FED. R. CIV. PROC. 4(m) advisory committee's note (1993)).
[25] *Id.* at 150 (citing Traina v. United States, 911 F.2d 1155, 1157 (5th Cir. 1990)).

interests of justice," dismissal with prejudice is warranted.[26] For the following reasons, the Court finds that there is a clear record of delay and contumacious conduct in all but four cases and that lesser sanctions would not serve the best interests of justice.

    First, despite warnings from this Court and an extended deadline for effectuating service, Plaintiffs unjustifiably failed to serve Sanofi for years. First, Plaintiff Rebecca Cain has failed to serve Sanofi for nearly one year and five months; Plaintiff Capria Bonner has failed to serve Sanofi for more than one year and seven months; Plaintiff Debra Keaton has failed to serve Sanofi for more than one year and eight months; Plaintiffs Lisa Keller, Shirley Oliver, Christine Dvorak, Rena Nolin, Theresa Risotti, Carolyn Odom, Catherine Kirk, Debra Thomas, Emma Frand, Evelyn Smith, June Johnson, Nancy Kratzer, Maria Hernandez, and Donna Rooney have failed to serve Sanofi for more than two years; Plaintiffs Cynthia Vickers, Hope Blake, Janice Johnson, Rhonda Clamon, Donna Harrison, Karen Stone, Flora Smith, Altheria Cornelius, Brenda Milson, Lanice Sarfo, Cynthia DeCamara, Penelope Pahios, Sharon McCall, Mignon Jackson, and Marion Scales have failed to serve Sanofi for more than three years; Plaintiffs Caridad Losada, Martha Turner, Janice Swicegood, Helen Lange, Mary Osterberg, Sandra Espe, Natalie Yarnall, Beverly Davis, Doreen Twarkins, Joyce Riolo, Mary Bailey, Pamela Davis, Patricia White, Patti Smith, Sydney Beifeld, Velma Berry, Goldie Jones, and Rita Sutherland have failed to serve Sanofi for more than four years; and Plaintiffs Lisa Medici and Monica Meyers have failed to serve Sanofi for more than six years.[27] It was not until Sanofi and its co-defendants filed motions to dismiss that Plaintiffs attempted to comply

---

[26] *Sealed Appellant*, 452 F.3d at 417 (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir. 1982)) (cleaned up).
[27] *See* Exhibit A (noting the date that each Plaintiff filed their complaint).

with their basic obligation to serve their complaints.[28] Each Plaintiff's failure displays "a clear record of delay."[29]

Next, the Court finds that lesser sanctions would not serve the best interests of justice. Plaintiffs have already received explicit warnings: this Court at the July 22, 2022 General Status Conference and CMO 35 warned that the failure to effectuate service by August 31, 2022 would subject Plaintiffs' claims to dismissal with prejudice. Because Plaintiffs have already been afforded a discretionary extension of time to effectuate service, "additional lesser sanctions would only 'further delay the district court's efforts to adjudicate the MDL expeditiously'" and would risk incentivizing dilatory behavior.[30]

Furthermore, in cases where the statute of limitations expired during the delay between filing and service, the Fifth Circuit has found that "a lesser sanction would not better serve the interests of justice."[31] The court explained that "a delay between filing and service ordinarily is to be viewed more seriously than a delay of a like period of time occurring after service of process" and that "in this type of situation, 'a lesser sanction would not better serve the interests of justice.'"[32] In essence, dismissal—as opposed to some lesser sanction—is warranted due to the prejudice to the defendant resulting from the failure to serve process within the statute of limitations period.[33] Indeed, "if the statute

---

[28] *See* Doc. 14751 (filed by Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. on September 27, 2022); Doc. 14763 (filed by Defendant Sandoz, Inc. on September 29, 2022); Doc. 14770 (filed by Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. on October 3, 2022); Docs. 14777, 14960, 14966, 14967, 14968, 14969 (filed by Defendant Accord Healthcare, Inc. on October 4, 2022, October 20, 2022, October 21, 2022, and October 24, 2022, respectively).

[29] *See Sealed Appellant*, 452 F.3d at 419 (finding "a clear record of delay" where plaintiff-appellant failed to serve defendant for more than 21 months); *see also* Veazy v. Young's Yacht Sale & Serv., 644 F.2d 475, 478 (5th Cir. Unit A May 1981) (affirming dismissal where plaintiff had a 21-month delay in serving process and limitations expired during the delay); Fournier v. Textron, Inc., 776 F.2d 532, 534 (5th Cir. 1985) (affirming dismissal where plaintiff had a 32-month delay in serving process and limitations expired during the delay); Porter v. Beaumont Enters. & Journal, 743 F.2d 269, 271 (5th Cir. 1984) (affirming dismissal where plaintiff delayed two and one-half years in serving process and limitations expired during the delay).

[30] *Id.* (quoting *In re Deepwater Horizon (Barrera)*, 907 F.3d at 236).

[31] *Sealed Appellant*, 452 F.3d at 419–20 (quoting *Veazy*, 644 F.2d at 478).

[32] *Id.* (quoting *Veazy*, 644 F.2d at 478).

[33] *See Veazey*, 644 F.2d at 478 ("We view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service"); *see also Sealed Appellant*, 452 F.3d at 418 ("In *Veazey*, we explained that failure to serve process within the statute of limitations period is extremely prejudicial because it affects all the defendant's preparations").

has run, a potential defendant that has not been served is entitled to expect that it will no longer have to defend the claim,"[34] and "[i]f service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims."[35] This Court, therefore, finds that dismissal is warranted here as well and lesser sanctions would not better serve the interests of justice.

### B. Extension of Deadline for Plaintiffs Karen Stone, Flora Smith, Anne Marie Past, and Donna Rooney

For the following reasons, the Court exercises its discretion to extend the time *nunc pro tunc* for Plaintiffs Karen Stone, Flora Smith, and Anne Marie Past to serve Sanofi.

Plaintiffs Karen Stone and Flora Smith argue that they technically, though deficiently, served Sanofi on January 18, 2019, and December 4, 2019, respectively. Although the emails correctly attached the complaints and summonses of Plaintiffs Stone and Smith, the subject lines erroneously reflected the names of other MDL Plaintiffs, thereby rendering service deficient.[36] Similarly, Plaintiff Anne Marie Past maintains that she served Sanofi on October 26, 2018, but Sanofi contends that she attached a complaint for a different MDL Plaintiff in her service email, rendering service ineffective.[37] Because Plaintiffs Stone, Smith, and Past made diligent attempts to timely serve Sanofi, the Court finds that there is no clear record of delay. Nor does the record reveal contumacious conduct; under the mistaken belief that service had been perfected, these Plaintiffs did not willfully disregard CMO 35's directive.

---

[34] *Sealed Appellant*, 452 F.3d at 418 (quoting *Veazey*, 644 F.2d at 478).
[35] *Id.* (quoting *Veazey*, 644 F.2d at 478). This Court notes that it makes no determination whether Plaintiffs' claims were initially filed before the statute of limitations expired, as that question is not presently before the Court. Instead, this Court assumes for the purposes of this Motion that Plaintiffs' claims were timely filed. Additionally, regardless of whether the claims were timely filed, it is undisputed that at the time Sanofi filed the instant Motion the statute of limitations on each Plaintiff's claims had run.
[36] *See* Docs. 14902-1, 14849-1.
[37] *See* Doc. 14974-1 at 10.

Accordingly, the Court exercises its discretion to extend the time for Plaintiffs Stone, Smith, and Past to properly serve Sanofi.

### C. Plaintiffs Who Failed to File Oppositions

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service."[38] This Court has "broad discretion and inherent authority to manage its docket," which includes "the power to dismiss a case for a party's failure to obey the court's orders."[39] The 25 Plaintiffs identified in Exhibit B have not filed responses to Sanofi's Motion and have not proven valid service of process or shown good cause for their noncompliance with Federal Rule of Civil Procedure 4 and CMO 35.[40] These Plaintiffs have not even attempted to carry their burden. Therefore, the claims of the 25 Plaintiffs identified in Exhibit B are dismissed as to Sanofi for the failure to comply with Federal Rule of Civil Procedure 4 and CMO 35.

### D. Plaintiffs Who Agree to Dismissal

Two actions were filed on behalf of Plaintiff Mary McClendon. The parties agree to the dismissal of Plaintiff McClendon's later filed case, which is duplicative of her earlier filed case.[41]

### E. Plaintiffs for Whom this Motion is Moot

After Sanofi filed its Motion to Dismiss, Plaintiff Goldie Jones filed an Amended Short Form Complaint dismissing Sanofi and naming Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. and Hospira Inc. as defendants;[42] Plaintiffs Doreen Twarkins and Penelope Pahios filed stipulations of dismissal with prejudice as to all defendants;[43] Plaintiffs Rhonda Clamon, Linda Cosner, Merry Roop, and Cindy Thomason's cases were dismissed with prejudice after

---

[38] Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C., 903 F.2d 1011, 1013 (5th Cir. 1990) (citing Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1305 (5th Cir.1985); Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981)).
[39] *In re* Deepwater Horizon (Perez), 713 F. App'x 360, 362 (5th Cir. 2018).
[40] *See* Exhibit B.
[41] *See* Exhibit C.
[42] Doc. 15283.
[43] Docs. 16140, 15977.

notifying Plaintiffs' Co-Liaison Counsel that they did not intend to appear at the February 7, 2023, Show Cause Hearing;[44] Plaintiffs Donna Rooney, Christine Davis, and Kalay Colley voluntarily dismissed their claims against Sanofi;[45] Plaintiffs Helen Lange and Mary Osterberg's cases were dismissed without prejudice after the Court was advised that all parties reached a compromise;[46] and Plaintiff Annette Martin's case was dismissed at the July 11, 2023 Show Cause Hearing after her counsel filed a Declaration of No Contact.[47] Accordingly, Sanofi's Motion as to these Plaintiffs is denied as moot.

## CONCLUSION

For the foregoing reasons, Defendant Sanofi's Motion to Dismiss for Failure to Comply with Case Management Order 35 (Doc. 14751) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS ORDERED** that the Motion is **GRANTED** as to Plaintiffs identified in Exhibits A, B, and C, and the claims of these Plaintiffs are hereby **DISMISSED WITHOUT PREJUDICE** as to Defendants sanofi-aventis U.S. LLC and Sanofi US Services Inc. **ONLY**.

**IT IS FURTHER ORDERED** that the Motion is **DENIED** as to Plaintiffs Karen Stone, Flora Smith, and Anne Marie Past.

**IT IS FINALLY ORDERED** that the Motion is **DENIED** as **MOOT** as to Plaintiffs Goldie Jones, Doreen Twarkins, Penelope Pahios, Rhonda Clamon, Linda Cosner, Merry Roop, Cindy Thomason, Donna Rooney, Christine Davis, Kalay Colley, Helen Lange, Mary Osterberg, and Annette Martin.

---

[44] Doc. 15511.
[45] Docs. 15486, 14744, 14820.
[46] Doc. 15961.
[47] Doc. 16199 at 5.

New Orleans, Louisiana, this 22nd day of August, 2023.

_____
**HON. JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

**Exhibit A**

| # | MDL Docket No. | Last Name | First Name | Plaintiff Counsel | Date Complaint Filed |
|---|---|---|---|---|---|
| 1 | 2:17-cv-15706 | Bailey | Mary | Allen & Nolte, PLLC | 12/8/2017 |
| 2 | 2:17-cv-15723 | Beifeld | Sydney | Allen & Nolte, PLLC | 12/8/2017 |
| 3 | 2:17-cv-15728 | Berry | Velma | Allen & Nolte, PLLC | 12/8/2017 |
| 4 | 2:17-cv-15799 | Chapman | Evelyn | Allen & Nolte, PLLC | 12/8/2017 |
| 5 | 2:17-cv-15831 | Davis | Beverly | Allen & Nolte, PLLC | 12/8/2017 |
| 6 | 2:17-cv-15837 | Davis | Pamela | Allen & Nolte, PLLC | 12/8/2017 |
| 7 | 2:17-cv-16435 | Riolo | Joyce | Allen & Nolte, PLLC | 12/9/2017 |
| 8 | 2:17-cv-16030 | Smith | Patti | Allen & Nolte, PLLC | 12/8/2017 |
| 9 | 2:17-cv-16170 | White | Patricia | Allen & Nolte, PLLC | 12/8/2017 |
| 10 | 2:17-cv-16910 | Cornelius | Altheria | Andrews & Thornton | 12/11/2017 |
| 11 | 2:17-cv-15657 | Espe | Sandra | Andrews & Thornton | 12/7/2017 |
| 12 | 2:18-cv-11902 | Blake | Hope | Bachus and Schanker LLC | 11/29/2018 |
| 13 | 2:17-cv-08649 | Cain | Rebecca | Bachus and Schanker LLC | 9/4/2017 |
| 14 | 2:19-cv-12235 | Johnson | Janice | Bachus and Schanker LLC | 8/20/2019 |
| 15 | 2:17-cv-11903 | Keller | Lisa | Bachus and Schanker LLC | 11/6/2017 |
| 16 | 2:18-cv-04624 | Losada | Caridad | Bachus and Schanker LLC | 5/4/2018 |
| 17 | 2:16-cv-15569 | Medici | Lisa | Bachus and Schanker LLC | 7/29/2016 |
| 18 | 2:19-cv-13233 | Oliver | Shirley | Bachus and Schanker LLC | 10/23/2019 |
| 19 | 2:18-cv-04629 | Turner | Martha | Bachus and Schanker LLC | 5/4/2018 |
| 20 | 2:19-cv-12459 | Vickers | Cynthia | Bachus and Schanker LLC | 9/5/2019 |

| 21 | 2:16-cv-15323 | Meyers | Monica | Bachus and Schanker LLC; Richardson, Patrick, Westbrook & Brickman LLC | 7/12/2016 |
|---|---|---|---|---|---|
| 22 | 2:20-cv-00635 | Frand | Emma | Fears Nachawati, PLLC | 2/21/2020 |
| 23 | 2:20-cv-00549 | Johnson | June | Fears Nachawati, PLLC | 2/14/2020 |
| 24 | 2:20-cv-02882 | Kirk | Catherine | Fears Nachawati, PLLC | 10/22/2020 |
| 25 | 2:20-cv-00595 | Kratzer | Nancy | Fears Nachawati, PLLC | 2/18/2020 |
| 26 | 2:20-cv-00680 | Odom | Carolyn | Fears Nachawati, PLLC | 2/27/2020 |
| 27 | 2:20-cv-00744 | Smith | Evelyn | Fears Nachawati, PLLC | 3/3/2020 |
| 28 | 2:20-cv-01467 | Thomas | Debra | Fears Nachawati, PLLC | 5/18/2020 |
| 29 | 2:21-cv-00062 | Keaton | Debra | Gardi, Haught, Fischer, & Bhosale Ltd. | 1/12/2021 |
| 30 | 2:19-cv-13100 | Dvorak | Christine | Grant & Eisenhofer PA | 10/11/2019 |
| 31 | 2:19-cv-10847 | Harrison | Donna | Grant & Eisenhofer PA | 5/31/2019 |
| 32 | 2:19-cv-13106 | Nolin | Rena | Grant & Eisenhofer PA | 10/11/2019 |
| 33 | 2:19-cv-11381 | Bonner | Capria | Law Offices of Seaton & Bates, PLLC | 6/27/2019 |
| 34 | 2:19-cv-11390 | Milson | Brenda | Law Offices of Seaton & Bates, PLLC | 6/27/2019 |
| 35 | 2:19-cv-11470 | Sarfo | Lanice | Law Offices of Seaton & Bates, PLLC | 7/2/2019 |
| 36 | 2:19-cv-11460 | Scales | Marion | Law Offices of Seaton & Bates, PLLC | 7/2/2019 |
| 37 | 2:19-cv-14376 | Hernandez | Maria | Morgan and Morgan | 12/10/2019 |

| 38 | 2:18-cv-07003 | Sutherland | Rita | Napoli Shkolnik PLLC | 7/26/2018 |
|---|---|---|---|---|---|
| 39 | 2:18-cv-09079 | Swicegood | Janice | Niemeyer, Grebel & Kruse LLC | 10/1/2018 |
| 40 | 2:20-cv-02963 | Risotti | Theresa | Ray Hodge & Associates | 11/2/2020 |
| 41 | 2:17-cv-11740 | Yarnall | Natalie | Schmidt National Law Group | 11/2/2017 |
| 42 | 2:18-cv-14141 | DeCamara | Cynthia | Terry & Thweatt | 12/21/2018 |
| 43 | 2:18-cv-14016 | McCall | Sharon | Terry & Thweatt | 12/19/2018 |
| 44 | 2:18-cv-13278 | Jackson | Mignon | The Maher Law Firm | 12/10/2018 |

**Exhibit B**

| # | MDL Docket No. | Last Name | First Name | Plaintiff Counsel | Date Complaint Filed |
|---|---|---|---|---|---|
| 1 | 2:17-cv-16171 | Worley | Elaine | Allen & Nolte, PLLC | 12/8/2017 |
| 2 | 2:17-cv-15799 | Chapman | Evelyn | Allen & Nolte, PLLC | 12/8/2017 |
| 3 | 2:17-cv-16167 | Tapp-Webb | Rita | Allen & Nolte, PLLC | 12/8/2017 |
| 4 | 2:19-cv-14408 | Brown | Stephanie | Atkins & Markoff | 12/10/2019 |
| 5 | 2:19-cv-10792 | Mitchell | Bobbie | Brown and Crouppen | 5/29/2019 |
| 6 | 2:18-cv-05637 | Pollard | Joanna | Fears Nachawati, PLLC | 2/14/2018 |
| 7 | 2:21-cv-00700 | Lepore | Patricia | Fears Nachawati, PLLC | 4/5/2021 |
| 8 | 2:17-cv-16022 | Ventura | Melissa | Goldberg & Osborne | 12/8/2017 |
| 9 | 2:17-cv-14175 | Woodyard | Kristin | Goldberg & Osborne | 12/3/2017 |
| 10 | 2:16-cv-17971 | Goble | Ruby | Hughes and Coleman | 12/9/2016 |
| 11 | 2:18-cv-06608 | Green | Sandra | Kirkendall Dwyer, LLP | 7/10/2018 |
| 12 | 2:19-cv-00694 | Abbott | Elizabeth | McDonald Worley, PC | 1/30/2019 |
| 13 | 2:19-cv-00128 | Carballo | Janet | McDonald Worley, PC | 1/8/2019 |
| 14 | 2:18-cv-00792 | Strebeck | Barbara | McDonald Worley, PC | 1/25/2018 |
| 15 | 2:18-cv-00794 | Pope | Ulle | McDonald Worley, PC | 1/25/2018 |
| 16 | 2:17-cv-06457 | Pontiff | Celeste | Morris Bart, LLC | 7/3/2017 |
| 17 | 2:19-cv-09231 | Pendergrass | Pearlie | Napoli Shkolnik PLLC | 4/10/2019 |
| 18 | 2:18-cv-03864 | Lipps | Ellen | Reich and Binstock, LLP | 4/12/2018 |
| 19 | 2:17-cv-14481 | Thomas | Anise | Schmidt National Law Group | 12/4/2017 |

| 20 | 2:17-cv-11630 | Contawe | Christine | Schmidt National Law Group | 10/31/2017 |
| --- | --- | --- | --- | --- | --- |
| 21 | 2:17-cv-16497 | Leathers | Patricia | Shaw Cowart LLP | 12/10/2017 |
| 22 | 2:17-cv-15992 | Redin | Karen | The Mulligan Law Firm | 12/8/2017 |
| 23 | 2:17-cv-16747 | Simmons | Linda | The Mulligan Law Firm | 12/11/2017 |
| 24 | 2:17-cv-16165 | Spillar | Evangeline | The Mulligan Law Firm | 12/8/2017 |
| 25 | 2:17-cv-16166 | Steer | Rosalinda | The Mulligan Law Firm | 12/8/2017 |

**Exhibit C**

| # | MDL Docket No. | Last Name | First Name | Plaintiff Counsel |
|---|---|---|---|---|
| 1 | 2:17-cv-08617 | McClendon | Mary | Bachus and Schanker LLC |