## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: TAXOTERE (DOCETAXEL)** | ) | **MDL No. 16-2740** |
| **PRODUCTS LIABILITY** | ) | |
| **LITIGATION** | ) | **SECTION: "H" (5)** |
| | ) | |
| **This document relates to:** | ) | |
| All cases in attached Exhibits. | ) | |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Case Management Order No. 35 filed by Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (Doc. 14770). For the following reasons, the Motion to Dismiss (Doc. 14770) is **GRANTED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment cancer. Among these companies are Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc. (collectively, "Hospira"), and Pfizer, Inc. ("Pfizer"). Plaintiffs allege that the drug caused permanent alopecia. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

In response to Defendant Accord Healthcare, Inc.'s motion practice in January 2022 based on failure to effect service of process,[2] this Court reminded all Plaintiffs in this MDL at the July 22, 2022, General Status Conference that

---

[1] Docetaxel is the generic version of Taxotere, although the Court uses the term "generic" loosely.
[2] *See* Docs. 13704, 13781, 13782, 13802.

effecting service "is an obligation of the plaintiff and the plaintiff only."[3] The Court extended the deadline for all Plaintiffs to properly serve their complaints on all Defendants to August 31, 2022. Thereafter, this Court entered Case Management Order No. 35 ("CMO 35"). CMO 35 provides that "it is Plaintiffs' responsibility to ensure that service is effected on or before August 31, 2022, after which Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[4] CMO 35 further directs Plaintiffs still needing to effect service to consult the appropriate streamlined service of process orders.[5]

On October 3, 2022, Hospira and Pfizer filed the instant Motion to Dismiss identifying 153 Plaintiffs who failed to properly serve their complaints by the court-ordered deadline.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."[6] When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[7] Federal Rule of Civil Procedure 4 governs service of process

---

[3] Doc. 14445 at 7:22–23.

[4] Doc. 14456.

[5] Defendants agreed to waive formal service of process under Federal Rule of Civil Procedure 4 and to accept informal service of process via electronic mail ("email"). The Court issued several Pretrial Orders setting forth the procedures for informal service of process on each Defendant. *See* Doc. 160 (Pretrial Order No. 9, Streamlined Service on Sanofi); Doc. 304 (Pretrial Order No. 30, Streamlined Service on Sandoz); Doc. 509 (Pretrial Order No. 40A, Streamlined Service on Hospira and Pfizer).

[6] Matherne v. La. through Dep't of Child. & Fam. Servs., No. 18-3396, 2020 WL 491225, at *1 (E.D. La. Jan. 30, 2020) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 1998)).

[7] Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981).

generally, and Rule 4(m) permits the Court to dismiss a case *without* prejudice if the plaintiff fails to serve the defendant within 90 days of filing the complaint.[8]

 "If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service."[9] The "good cause" standard has been described as requiring "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[10] "In addition, courts normally require 'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified . . . .'"[11]

"Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service."[12] "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"[13] Nevertheless, if the Court declines to extend the time for service and instead dismisses the suit *without* prejudice for failure to comply with Rule 4(m), the Fifth Circuit requires that the dismissal be treated as a dismissal *with* prejudice if the claims would be time-barred by the statute of limitations upon refiling.[14]

A dismissal with prejudice is only warranted if there is a "clear record of delay or contumacious conduct by the plaintiff," and "lesser sanctions would

---

[8] *See* FED. R. CIV. PROC. 4(m).
[9] Millan v. USAA Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008) (citing Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)).
[10] Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985).
[11] Gartin v. Par Pharm. Companies, Inc., 289 F. App'x 688, 692 (5th Cir. 2008) (citing Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995)).
[12] *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21).
[13] *Id.* (quoting FED. R. CIV. PROC. 4(m) advisory committee's note (1993)).
[14] *See Millan*, 546 F.3d at 325–26.

not serve the best interest of justice."[15] Where the Fifth Circuit "has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"[16] Still, these "aggravating factors are not required for a dismissal with prejudice."[17]

## LAW AND ANALYSIS

Hospira and Pfizer argue that that Plaintiffs' claims against them should be dismissed because Plaintiffs failed to effectuate service within the required 90-day period, failed to comply with CMO 35, and cannot demonstrate good cause for their delay to support the Court invoking its discretionary power to extend the time for Plaintiffs to effect service. Hospira and Pfizer agreed to withdraw their Motion as to 33 Plaintiffs. Another 19 Plaintiffs dismissed their claims against Hospira and/or Pfizer after the Defendants filed the Motion to Dismiss. Seven Plaintiffs consent to dismissal against Hospira and Pfizer.[18] Twenty-two Plaintiffs have failed to respond.[19] Sixty-nine Plaintiffs oppose Hospira's and Pfizer's Motion.[20]

### 1. Plaintiffs for Whom Hospira's and Pfizer's Motion is Moot

Hospira and Pfizer agreed to withdraw their Motion as to 33 Plaintiffs. Another 19 Plaintiffs dismissed their claims against Hospira and/or Pfizer after the Defendants filed their Motion to Dismiss. Thus, the instant Motion is moot as to the Plaintiffs identified in Exhibit D.

---

[15] Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006).
[16] *Millan*, 546 F.3d at 326 (quoting *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986)).
[17] *In re* Deepwater Horizon (Barrera), 907 F.3d 232, 235 n.1 (5th Cir. 2018).
[18] *See* Exhibit A.
[19] *See* Exhibit B.
[20] *See* Exhibit C.

### 2. Plaintiffs Who Consent to Dismissal

Seven Plaintiffs consent to dismissal of their claims with prejudice against Hospira and Pfizer. Thus, those actions identified in Exhibit A are dismissed with prejudice against Hospira and Pfizer.

### 3. Plaintiffs Who Did Not Respond to Hospira's and Pfizer's Motion

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service."[21] Moreover, this Court has "broad discretion and inherent authority to manage its docket," which includes "the power to dismiss a case for a party's failure to obey the court's orders."[22] The 22 Plaintiffs identified in Exhibit B have not filed responses to Hospira's and Pfizer's Motion and have not proven valid service of process or good cause for their noncompliance with CMO 35. These Plaintiffs have not even attempted to carry their burden. Therefore, the claims of the 22 Plaintiffs identified in Exhibit B are dismissed as to Hospira and Pfizer for the failure to comply with CMO 35 and Federal Rule of Civil Procedure 4.

### 4. Plaintiffs Who Oppose Dismissal

Sixty-nine Plaintiffs oppose Hospira's and Pfizer's Motion. At the outset, the Court finds that these Plaintiffs have failed to establish good cause for extending the time to serve Hospira and Pfizer. Plaintiffs offer several reasons for their non-compliance, including (1) inadvertent clerical and technical errors, (2) inadvertent oversights due to change in counsel, and (3) mistaken beliefs that service was properly made. The Fifth Circuit has held, however, that the good cause standard requires "at least as much as would be required

---

[21] Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C., 903 F.2d 1011, 1013 (5th Cir. 1990) (citing Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1305 (5th Cir.1985); Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981)).
[22] *In re* Deepwater Horizon (Perez), 713 F. App'x 360, 362 (5th Cir. 2018).

to show excusable neglect" and that "inadvertence, mistake or ignorance of counsel are not excusable neglect."[23] As a result, Plaintiffs' arguments do not satisfy the standard for good cause; they provide no explanation for their years-long delay in serving Hospira and Pfizer and their failure to observe the extension granted by CMO 35. This Court, therefore, turns to whether it should invoke its discretionary power under Rule 4(m) to extend the time for service even when good cause is lacking.[24]

As discussed, this Court has discretion to extend the time for service even when good cause is lacking.[25] The Fifth Circuit has explained that such relief may be warranted "if the applicable statute of limitations would bar the refiled action."[26] But the Fifth Circuit has also clarified that the "inability to refile suit does not bar dismissal."[27] Where there is "a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice," dismissal with prejudice is warranted.[28] For the following reasons, the Court finds that there is a clear record of delay and contumacious conduct in this case and that lesser sanctions would not serve the best interests of justice.

First, despite warnings from this Court and an extended deadline for effectuating service, Plaintiffs unjustifiably failed to serve Hospira and Pfizer for years. Plaintiff Patricia Lepore failed to serve Hospira and Pfizer for more than one year and four months; Plaintiffs Deborah Brewer, Cynthia Louise Carter, Alicia De Anda, Linda Bieller, Teresa Shores, Sharyl Schuller, Brenda Popke, Debbie Moore, Roberta Rogers, Lori Mitchell, and Regina Jeffries failed

---

[23] McGinnis v. Shalala, 2 F.3d 548, 551 (5th Cir. 1993) (quoting *Winters*, 776 F.2d at 1306 and Traina v. United States, 911 F.2d 1155, 1157 (5th Cir.1990)).
[24] *See* Newby v. Enron Corp., 284 F. App'x 146, 149 (5th Cir. 2008).
[25] *See id*.
[26] *Id*. (citing FED. R. CIV. PROC. 4(m) advisory committee's note (1993)).
[27] *Id*. at 150 (citing Traina v. United States, 911 F.2d 1155, 1157 (5th Cir. 1990)).
[28] *Sealed Appellant*, 452 F.3d at 417 (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir. 1982)) (cleaned up).

to serve Hospira and Pfizer for more than two years; Plaintiffs Melodie Wells Smith, Stephanie Wilson, Theatrice Thompson, Kimberly Eastep, Cindy Ramsey, Rhonda Clamon, Janice Johnson, Michele Knight, Lara Della Rocca, Patricia Gardner, Millie Howard, and Penelope Pahios failed to serve Hospira and Pfizer for more than three years; Plaintiffs Jacqueline Greenwood, Martine Reeder, Kathleen L. Gilson, Barbara Matter, Cindy Thomason, Tessie Adams, Shelia Byers, Yvonne Manning, Linda Melvin, Lori Hansen, and Carolyn Lawrence failed to serve Hospira and Pfizer for more than four years; and Plaintiffs Coretta Tengesdahl, Tammie Lackey, Ada Brown, Chantel Brown, Gwen Burnstein, Rose Champagne, Edith Chappell, Amy Chorak, Janice Clendenon, Virginia Coleman, Gwendolyn Crawford, Earnestine Dawson, Gloria Fuller, Rosie Goins, Thelma Granderson, Ruby Harris, Ethel Hawkins, Sherwanda Hyde, Charlotte Jefferson, Jonnie Johnson, Joyce Jones, Kristy Justice, Pamela Kidd, Sylvia Lewis, Geraldine Manigault, Linda O'Brien, Christine Palmatier, Tawonna Powell, Annie Section, Rosetta Sheffield, Annie Siler, Kimberly Spencer, Theresa Tarver, Cynthia Turner, Sarah Waller, Linda Ward, Betty Web-McConnell, Daphine Williams, Lisa Wills, Doris Williams, Iris Yessilth, and Catherine Walker failed to serve Hospira and Pfizer for more than five years.[29] It was not until Hospira, Pfizer, and other co-defendants filed motions to dismiss that Plaintiffs attempted to comply with their basic obligation to serve their complaints.[30] Each Plaintiff's failure displays "a clear record of delay."[31]

---

[29] *See* Exhibit C.

[30] *See* Doc. 14751 (filed by Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. on September 27, 2022); Doc. 14763 (filed by Defendant Sandoz, Inc. on September 29, 2022); Doc. 14770 (filed by Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. on October 3, 2022); Docs. 14777, 14960, 14966, 14967, 14968, 14969 (filed by Defendant Accord Healthcare, Inc. on October 4, 2022, October 20, 2022, October 21, 2022, and October 24, 2022, respectively).

[31] *See Sealed Appellant*, 452 F.3d at 419 (finding "a clear record of delay" where plaintiff-appellant failed to serve defendant for more than 21 months); *see also* Veazy v. Young's Yacht

Next, Plaintiffs' failure to observe the deadline set by CMO 35 constitutes contumacious conduct. The Fifth Circuit has described contumacious conduct as "the stubborn resistance to authority which justifies a dismissal with prejudice."[32] In other words, it is a party's "willful disobedience of a court order."[33] The record reveals contumacious conduct here. In issuing CMO 35, this Court unequivocally directed Plaintiffs to effect service of process on or before August 31, 2022 and cautioned that the failure to do so would subject Plaintiffs' claims "to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[34] This Court has "broad discretion and inherent authority to manage its docket," which includes "the power to dismiss a case for a party's failure to obey the court's orders."[35] Plaintiffs' willful disregard of this court-ordered deadline warrants dismissal of their claims against Hospira and Pfizer.

Finally, the Court doubts that lesser sanctions would serve the best interests of justice.[36] "Lesser sanctions include '[a]ssessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.'"[37] Plaintiffs have already received explicit warnings: this Court at the July 22,

---

Sale & Serv., 644 F.2d 475, 478 (5th Cir. Unit A May 1981) (affirming dismissal where plaintiff had a 21-month delay in serving process and limitations expired during the delay); Fournier v. Textron, Inc., 776 F.2d 532, 534 (5th Cir. 1985) (affirming dismissal where plaintiff had a 32-month delay in serving process and limitations expired during the delay); Porter v. Beaumont Enters. & Journal, 743 F.2d 269, 271 (5th Cir. 1984) (affirming dismissal where plaintiff delayed two and one-half years in serving process and limitations expired during the delay).

[32] *Millan*, 546 F.3d at 327 (quoting McNeal v. Papasan, 842 F.2d 787, 792 (5th Cir. 1988)).

[33] *In re* Deepwater Horizon, 805 F. App'x 262, 265 (5th Cir. 2020).

[34] Doc. 14456.

[35] *In re Deepwater Horizon (Perez)*, 713 F. App'x at 362.

[36] In analogous circumstances, the Fifth Circuit upheld dismissal "when the plaintiffs failed to comply with a PTO even after receiving an extension and did not submit evidence to corroborate their reasons for delay . . . ." *See In re* Deepwater Horizon, 805 F. App'x 262, 265-66 (5th Cir. 2020) (discussing *In re* Deepwater Horizon, 907 F.3d 232 (5th Cir. 2018)).

[37] *In re* Deepwater Horizon, 988 F.3d 192, 198 (5th Cir. 2021) (quoting Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir. 1982)).

2022 General Status Conference and CMO 35 warned that the failure to effectuate service by August 31, 2022 would subject Plaintiffs' claims to dismissal with prejudice. Because Plaintiffs have already been afforded a discretionary extension of time to effectuate service, "additional lesser sanctions would only 'further delay the district court's efforts to adjudicate the MDL expeditiously'" and would risk incentivizing dilatory behavior.[38]

Moreover, in cases where the statute of limitations expired during the delay between filing and service, the Fifth Circuit has found that "a lesser sanction would not better serve the interests of justice."[39] The court explained that "a delay between filing and service ordinarily is to be viewed more seriously than a delay of a like period of time occurring after service of process" and that "in this type of situation, 'a lesser sanction would not better serve the interests of justice.'"[40] In essence, dismissal—as opposed to some lesser sanction—is warranted due to the prejudice to the defendant resulting from the failure to serve process within the statute of limitations period.[41] Indeed, "if the statute has run, a potential defendant that has not been served is entitled to expect that it will no longer have to defend the claim,"[42] and "[i]f service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims."[43] This Court, therefore, finds

---

[38] *Id.* (quoting *In re Deepwater Horizon (Barrera)*, 907 F.3d at 236).

[39] *Sealed Appellant*, 452 F.3d at 419–20 (quoting *Veazy*, 644 F.2d at 478).

[40] *Id.* (quoting *Veazy*, 644 F.2d at 478).

[41] *See Veazey*, 644 F.2d at 478 ("We view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service"); *see also Sealed Appellant*, 452 F.3d at 418 ("In *Veazey*, we explained that failure to serve process within the statute of limitations period is extremely prejudicial because it affects all the defendant's preparations").

[42] *Sealed Appellant*, 452 F.3d at 418 (quoting *Veazey*, 644 F.2d at 478).

[43] *Id.* (quoting *Veazey*, 644 F.2d at 478). This Court notes that it makes no determination whether Plaintiffs' claims were initially filed before the statute of limitations expired, as that question is not presently before the Court. Instead, this Court assumes for the purposes of this Motion that Plaintiffs' claims were timely filed. Additionally, regardless of whether the

that dismissal is warranted in this case as well and lesser sanctions would not better serve the interests of justice.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss for Failure to Comply with Case Management Order No. 35 filed by Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. (Doc. 14770) is **GRANTED**.

**IT IS ORDERED** that the Motion is **GRANTED** as to Plaintiffs identified in Exhibits A, B, and C, and the claims of these Plaintiffs are hereby **DISMISSED WITHOUT PREJUDICE** as to Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. **ONLY**.

New Orleans, Louisiana, this 24th day of August, 2023.

**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

claims were timely filed, it is undisputed that at the time Hospira and Pfizer filed the instant Motion the statute of limitations on each Plaintiff's claims had run.

**Exhibit A**

| # | Case Name | Plaintiff | MDL No. | Primary Plaintiffs' Counsel | Filed |
|---|---|---|---|---|---|
| 1 | Tipton v. Sanofi, et al. | Sandra Tipton | 2:16-cv-17232 | Bachus & Schanker, LLC | 12/12/2016 |
| 2 | Davis v. Sanofi, et al. | Terry Davis | 2:16-cv-17198 | Bachus & Schanker, LLC | 12/12/2016 |
| 3 | Greedan v. Hospira, Inc. et al     *Note: this is a duplicate claim. Plaintiff consents to dismissal of this case without prejudice to the other claim (19-cv-13259)* | Joanne Greedan | 2:19-cv-14088 | Bachus & Schanker, LLC | 12/5/2019 |
| 4 | Hoskin-Hudson v. Sanofi S.A. et al | Mary Hoskin-Hudson | 2:16-cv-17026 | Bachus & Schanker, LLC | 12/9/2016 |
| 5 | McClendon v. Sanofi S.A. et al.     *Note: this is a duplicate claim. Plaintiff consents to dismissal of this case without prejudice to the other claim (17-cv-07115)* | Mary McClendon | 2:17-cv-08617 | Bachus & Schanker, LLC | 9/1/2017 |
| 6 | Kenniger v. Sanofi, et al | Cynthia Kenniger | 2:17-cv-3112 | Femelius Simon PLLC | 4/10/2017 |
| 7 | Ward v. Hospira, Inc. et al | Helen Ward | 2:19-cv-11428 | Napoli Shkolnik, PLLC (New York) | 7/1/2019 |

**Exhibit B**

| # | Case Name | Plaintiff | MDL No. | Primary Plaintiffs' Counsel | Filed |
|---|---|---|---|---|---|
| 1 | Harbert v. Sanofi S.A. et al | Christy Harbert | 2:16-cv-15839 | Andrews Thornton Higgins Razmara | 10/25/2016 |
| 2 | Mclaney v. Accord Healthcare, Inc et al | Brenda McIaney | 2:19-cv-4339 | Carmen D. Caruso Law Firm | 4/4/2019 |
| 3 | DelPlato v. Hospira, Inc., Inc. | Madeline DelPlato | 2:19-cv-09602 | Carmen D. Caruso Law Firm | 4/22/2019 |
| 4 | Jarrett v. Sandoz, Inc. et al | Diana Jarrett | 2:19-cv-09607 | Carmen D. Caruso Law Firm | 4/22/2019 |
| 5 | Sells v. Hospira, Inc. et al | Joanne Sells | 2:19-cv-09611 | Carmen D. Caruso Law Firm | 4/22/2019 |
| 6 | Stewart v. Sandoz, Inc. et al | Justine Stewart | 2:19-cv-09586 | Carmen D. Caruso Law Firm | 4/22/2019 |
| 7 | Avery v. Sanofi-Aventis, et al. | Christine Avery | 2:20-cv-00967 | Finson Law Firm | 3/20/2020 |
| 8 | Watkins v. Sanofi US Services, Inc. et al | Mary Watkins | 2:18-cv-06462 | Friend Law Group, LLC | 7/3/2018 |
| 9 | Free v. Sanofi S.A. et al | Kimberly J. Free | 2:16-cv-15326 | Kennedy Hodges, LLP | 4/27/2016 |
| 10 | Pope v. Sanofi US Services Inc. et al | Ulle Pope | 2:18-cv-00794 | McDonald Worley | 2/21/2018 |
| 11 | Newman v. Sandoz et al. | Patricia Newman | 2:18-cv-00795 | McDonald Worley | 1/25/2018 |
| 12 | Encalarde v. Sanofi-Aventis, U.S., Inc. et al | Mary Encalarde | 2:16-cv-15863 | Morris Bart, LLC (New Orleans) | 10/26/2016 |
| 13 | LaFountain v. Sanofi-Aventis U.S. et al | Lisa LaFountain | 2:16-cv-16250 | Morris Bart, LLC (New Orleans) | 10/26/2016 |
| 14 | Nettles v. Hospira, Inc. et al | Neotia Nettles | 2:19-cv-10826 | Murray Law Firm | 5/30/2019 |
| 15 | Newsome v. Sanofi U.S. Services Inc | Patricia Ann Newsome | 2:19-cv-11478 | O'Mara Law Group | 7/2/2019 |
| 16 | Boggs v. Sanofi US Services Inc. et al | Ozie Boggs | 2:18-cv-11167 | Ray Hodge & Associates, LLC | 11/19/2018 |

| 17 | Ford v. Sanofi U.S. Services, Inc. et al | Deborah Ford | 2:17-cv-12763 | Reich & Binstock | 11/20/2017 Amended: 3/11/2019 |
|----|------------------------------------------|--------------|---------------|------------------|-------------------------------|
| 18 | Solias v. Sanofi US Services Inc. et al | Joellen Solias | 2:18-cv-00724 | Reich & Binstock | 1/24/2018 |
| 19 | Kidwell v. Sanofi US Services Inc et al | Twila Kidwell | 2:17-cv-15550 | Reich and Binstock, LLP | 12/7/2017 |
| 20 | Shields v. Sanofi US Services Inc. et al | Gwendolyn Shields | 2:17-cv-15141 | Reich and Binstock, LLP | 12/6/2017 |
| 21 | Nieves v. Sanofi US Services Inc. et al | Maria I. Nieves | 2:17-cv-15044 | Schmidt National Law Group | 12/6/2017 |
| 22 | Wood v. Sanofi S.A. et al | Delight Wood | 2:16-cv-15321 | Whitfield Bryson & Mason LLP | 5/24/2016 |

**Exhibit C**

| # | Case Name | Plaintiff | MDL No. | Primary Plaintiffs' Counsel | Filed |
|---|-----------|-----------|---------|----------------------------|-------|
| 1 | Hansen v. Hospira, Inc., Inc. | Lori Hansen | 2:18-cv-00355 | Atkins & Markoff | 1/11/2018 |
| 2 | Brown v. Sanofi, et al. | Ada Brown | 2:16-cv-17142 | Bachus & Schanker, LLC | 12/12/2016 |
| 3 | Brown v. Sanofi, et al. | Chantel Brown | 2:16-cv-17160 | Bachus & Schanker, LLC | 12/12/2016 |
| 4 | Burnstein v. Sanofi, et al. | Gwen Burnstein | 2:16-cv-17172 | Bachus & Schanker, LLC | 12/12/2016 |
| 5 | Champagne v. Sanofi, et al. | Rose Champagne | 2:16-cv-17174 | Bachus & Schanker, LLC | 12/12/2016 |
| 6 | Chappell v. Sanofi, et al. | Edith Chappell | 2:16-cv-17163 | Bachus & Schanker, LLC | 12/12/2016 |
| 7 | Chorak v. Sanofi, et al. | Amy Chorak | 2:16-cv-17165 | Bachus & Schanker, LLC | 12/12/2016 |
| 8 | Clendenon v. Sanofi, et al. | Janice Clendenon | 2:16-cv-17157 | Bachus & Schanker, LLC | 12/12/2016 |
| 9 | Coleman v. Sanofi, et al. | Virginia Coleman | 2:16-cv-17124 | Bachus & Schanker, LLC | 12/12/2016 |
| 10 | Dawson v. Sanofi, et al. | Earnestine Dawson | 2:16-cv-17119 | Bachus & Schanker, LLC | 12/12/2016 |
| 11 | Fuller v. Sanofi, et al. | Gloria Fuller | 2:16-cv-17231 | Bachus & Schanker, LLC | 12/12/2016 |
| 12 | Goins v. Sanofi, et al. | Rosie Goins | 2:17-cv-00739 | Bachus & Schanker, LLC | 1/27/2017 |
| 13 | Granderson v. Sanofi, et al. | Thelma Granderson | 2:16-cv-17152 | Bachus & Schanker, LLC | 12/12/2016 |
| 14 | Harris v. Sanofi, et al. | Ruby Harris | 2:16-cv-17145 | Bachus & Schanker, LLC | 12/12/2016 |
| 15 | Hawkins v. Sanofi, et al. | Ethel Hawkins | 2:16-cv-17188 | Bachus & Schanker, LLC | 12/12/2016 |
| 16 | Hyde v. Sanofi, et al. | Sherwanda Hyde | 2:16-cv-17158 | Bachus & Schanker, LLC | 12/12/2016 |
| 17 | Johnson v. Sanofi, et al. | Jonnie Johnson | 2:16-cv-17166 | Bachus & Schanker, LLC | 12/12/2016 |
| 18 | Jones v. Sanofi, et al. | Joyce Jones | 2:16-cv-17209 | Bachus & Schanker, LLC | 12/12/2016 |
| 19 | Justice v. Sanofi, et al. | Kristy Justice | 2:16-cv-17186 | Bachus & Schanker, LLC | 12/12/2016 |
| 20 | Kidd v. Sanofi, et al. | Pamela Kidd | 2:16-cv-17181 | Bachus & Schanker, LLC | 12/12/2016 |
| 21 | Lewis v. Sanofi, et al. | Sylvia Lewis | 2:16-cv-17185 | Bachus & Schanker, LLC | 12/12/2016 |
| 22 | Manigault v. Sanofi, et al. | Geraldine Manigault | 2:16-cv-17214 | Bachus & Schanker, LLC | 12/12/2016 |

| 23 | O'Brien v. Sanofi, et al. | Linda O'Brien | 2:16-cv-17508 | Bachus & Schanker, LLC | 12/15/2016 |
|----|---------------------------|---------------|---------------|------------------------|-----------|
| 24 | Palmatier v. Sanofi, et al. | Christine Palmatier | 2:16-cv-17223 | Bachus & Schanker, LLC | 12/15/2016 |
| 25 | Powell v. Sanofi, et al. | Tawonna Powell | 2:16-cv-17509 | Bachus & Schanker, LLC | 12/15/2016 |
| 26 | Section v. Sanofi, et al. | Annie Section | 2:16-cv-17147 | Bachus & Schanker, LLC | 12/12/2016 |
| 27 | Sheffield v. Sanofi, et al. | Rosetta Sheffield | 2:16-cv-17168 | Bachus & Schanker, LLC | 12/12/2016 |
| 28 | Siler v. Sanofi, et al. | Annie Siler | 2:16-cv-17094 | Bachus & Schanker, LLC | 12/12/2016 |
| 29 | Spencer v. Sanofi, et al. | Kimberly Spencer | 2:16-cv-17141 | Bachus & Schanker, LLC | 12/12/2016 |
| 30 | Tarver v. Sanofi, et al. | Theresa Tarver | 2:17-cv-00094 | Bachus & Schanker, LLC | 1/5/2017 |
| 31 | Turner v. Sanofi, et al. | Cynthia Turner | 2:16-cv-17199 | Bachus & Schanker, LLC | 12/12/2016 |
| 32 | Waller v. Sanofi, et al. | Sarah Waller | 2:16-cv-17241 | Bachus & Schanker, LLC | 12/12/2016 |
| 33 | Ward v. Sanofi, et al. | Linda Ward | 2:16-cv-17493 | Bachus & Schanker, LLC | 12/15/2016 |
| 34 | Webb-McConnell v. Sanofi, et al. | Betty Web-McConnell | 2:16-cv-17155 | Bachus & Schanker, LLC | 12/12/2016 |
| 35 | Williams v. Sanofi, et al. | Daphine Williams | 2:16-cv-17220 | Bachus & Schanker, LLC | 12/12/2016 |
| 36 | Willis v. Sanofi, et al. | Lisa Willis | 2:16-cv-17492 | Bachus & Schanker, LLC | 12/15/2016 |
| 37 | Moore v Hospira, Inc. | Debbie Moore | 2:19-cv-13488 | Bachus & Schanker, LLC (Denver) | 11/7/2019 |
| 38 | Rogers v. Hospira, Inc. et al | Roberta Rogers | 2:20-cv-01890 | Bachus & Schanker, LLC (Denver) | 7/2/2020 |
| 39 | Byers v. Sanofi-Aventis U.S. LLC et al | Sheila Byers | 2:17-cv-16959 | Bachus & Schanker, LLC (Denver) | 12/11/2017 |
| 40 | Knight v. Sanofi US Services Inc. et al | Michele Knight | 2:19-cv-12394 | Bachus & Schanker, LLC (Denver) | 8/30/2019 |
| 41 | Manning v. Sanofi-Aventis U.S. LLC, et al | Yvonne Manning | 2:18-cv-01925 | Bachus & Schanker, LLC (Denver) | 2/22/2018 |
| 42 | Melvin v. Hospira, Inc., Inc. et al | Linda Melvin | 2:17-cv-9529 | Bachus & Schanker, LLC (Denver) | 9/23/2017 |
| 43 | Williams v. Sanofi S.A. et al | Doris Williams | 2:16-cv-17044 | Bachus & Schanker, LLC (Denver) | 12/9/2016 |
| 44 | Yessilth v. Hospira, Inc. et al | Iris Yessilth | 2:17-cv-8166 | Bachus & Schanker, LLC (Denver) | 8/23/2017 |

| 45 | Walker (C) v. Sanofi, et al. | Catherine Walker | 2:16-cv-17114 | Beasley Allen Crow Methvin Portis & Miles, P.C. | 12/12/2016 |
|----|------|------|------|------|------|
| 46 | Tengesdahl v. Sanofi S.A. et al | Coretta Tengesdahl | 2:17-cv-6354 | Bruno & Bruno | 6/30/2017 |
| 47 | Ramsey v. Hospira, Inc. et al | Cindy Ramsey | 2:19-cv-00473 | Canepa Riedy Abele | 1/23/2019 |
| 48 | Bieller v. Hospira, Inc. et al | Linda Bieller | 2:20-cv-00767 | Fears Nachawati PLLC | 3/4/2020 |
| 49 | Carter v. Sanofi US Services Inc. et al | Cynthia Louise Carter | 2:20-cv-00671 | Fears Nachawati PLLC | 2/26/2020 |
| 50 | De Anda v. Sanofi US Services Inc. et al | Alicia De Anda | 2:20-cv-00694 | Fears Nachawati PLLC | 2/28/2020 |
| 51 | Mitchell v. Hospira, Inc., et al | Lori Mitchell | 2:20-cv-00728 | Fears Nachawati PLLC | 3/2/2020 |
| 52 | Popke v. Hospira, Inc.et al | Brenda Popke | 2:20-cv-00752 | Fears Nachawati PLLC | 3/4/2020 |
| 53 | Schuller v. Hospira, Inc. et al | Sharyl Schuller | 2:20-cv-00731 | Fears Nachawati PLLC | 3/3/2020 |
| 54 | Shores v. Hospira, Inc. et al | Teresa Shores | 20-cv-00643 | Fears Nachawati PLLC | 2/21/2020 |
| 55 | Eastep et al v. Hospira, Inc. et al | Kimberly Eastep | 2:19-cv-00031 | Fears Nachawati PLLC | 1/3/2019 |
| 56 | Smith v. Sandoz, Inc. et al | Melodie Wells Smith | 2:18-cv-14198 | Ferrer Poirot Wansbrough (GA) | 12/26/2018 |
| 57 | Wilson v. Sanofi US Services Inc. et al | Stephanie Wilson | 2:19-cv-12382 | Franco Law PLLC | 8/29/2019 |
| 58 | Gilson v. Sanofi S.A. et al | Kathleen L Gilson | 2:17-cv-14003 | Goldberg & Osborne LLP (Tucson) | 12/1/2017 |
| 59 | Brewer v. Hospira, Inc. et al | Deborah Brewer | 2:19-cv-13102 | Grant & Eisenhofer P.A (Delaware) | 10/11/2019 |
| 60 | Matter v. Hospira, Inc. et al | Barbara Matter | 2:17-cv-17397 | Kirkendall Dwyer LLP (Dallas) | 12/15/2017 |
| 61 | Greenwood v. Sanofi-Aventis U.S. LLC et al | Jacqueline Greenwood | 2:17-cv-13430 | McSweeney/Langevin Law Firm | 11/27/2017 |
| 62 | Thompson v. Hospira, Inc. et al | Theatrice Thompson | 2:18-cv-09371 | Niemeyer, Grebel & Kruse LLC | 10/9/2018 |
| 63 | Lackey v. Sanofi S.A. et al | Tammie Lackey | 2:17-cv-9705 | Niemeyer, Grebel & Kruse LLC | 9/27/2017 |
| 64 | Reeder, Martine v. Sanofi US LLC, et al. | Martine Reeder | 2:19-cv-13981 | Robins Kaplan LLP | 12/11/2017 |
| 65 | Della Rocca v. Hospira, Inc. et al | Lara Della Rocca | 2:19-cv-00908 | Terry & Thweatt, P.C. | 2/5/2019 |

| 66 | Gardner v. Sanofi US Services Inc. et al | Patricia Gardner | 2:18-cv-14157 | Terry & Thweatt, P.C. | 12/21/2018 |
| 67 | Howard v. Sanofi US Services Inc. et al | Millie Howard | 2:19-cv-00349 | Terry & Thweatt, P.C. | 1/17/2019 |
| 68 | Lawrence v. Hospira, Inc. et al | Carolyn Lawrence | 2:16-cv-17958 | The Maher Law Firm | 3/13/2018 |
| 69 | Adams v. Sanofi US Services Inc.  et al | Tessie Adams | 2:17-cv-16210 | The Mulligan Law Firm | 12/9/2017 |

**Exhibit D**

| # | Case Name | Plaintiff | MDL No. | Primary Plaintiffs' Counsel | Filed |
|---|---|---|---|---|---|
| 1 | Rogers v. Sanofi S.A. et al | Melanie Rogers | 2:16-cv-14486 | Allan Berger & Associates, PLC | 9/6/2016 |
| 2 | Crawford v. Sanofi, et al. | Gwendolyn Crawford | 2:16-cv-17151 | Bachus & Schanker, LLC | 12/12/2016 |
| 3 | Jefferson v. Sanofi, et al. | Charlotte Jefferson | 2:17-cv-00756 | Bachus & Schanker, LLC | 1/27/2017 |
| 4 | Russell v. v. Sanofi, et al. | Madis Russell | 2:17-cv-00017 | Bachus & Schanker, LLC | 1/5/2017 |
| 5 | Young v. Sanofi, et al. | Lorraine Young | 2:16-cv-17235 | Bachus & Schanker, LLC | 12/12/2016 |
| 6 | Schulze v. Hospira, Inc. et al | Yolanda Schulze | 2:19-cv-13436 | Bachus & Schanker, LLC (Denver) | 11/5/2019 |
| 7 | Clamon v. Sanofi US Services Inc. et al | Rhonda Clamon | 2:19-cv-03422 | Bachus & Schanker, LLC (Denver) | 3/26/2019 |
| 8 | Johnson v. Hospira, Inc., Inc. et al | Elizabeth Ann Johnson | 2:17-cv-16672 | Bachus & Schanker, LLC (Denver) | 12/11/2017 |
| 9 | Johnson v. Sanofi US Services Inc. et al | Janice Johnson | 2:19-cv-12235 | Bachus & Schanker, LLC (Denver) | 8/20/2019 |
| 10 | Ahoe v. Sanofi US Services Inc et al | Karen Ahoe | 2:19-cv-13928 | Baron & Budd, P.C. (Dallas) | 11/27/2019 |
| 11 | Toles v. Accord Healthcare, Inc. et al | Valerie Toles | 2:17-cv-9758 | Brown & Crouppen, P. | 9/28/2017 |
| 12 | Adams v. Sanofi US Services Inc. et al | Julia Adams | 2:18-cv-11201 | Cutter Law, P. C. | 11/19/2018 |
| 13 | Lepore v. Sanofi US Services Inc. et al. | Patricia Lepore | 2:21-cv-00700 | Fears Nachawati, PLLC | 4/5/2021 |
| 14 | Heaton v. Sandoz, Inc. et al | Sandra Gerarde Heaton | 2:18-cv-14076 | Fox & Farley, Attorneys at Law | 12/20/2018 |

| 15 | Valencia v. Sanofi S.A. et al | Sonia Valencia | 2:16-cv-15497 | Gomez Iagmin Trial Attorneys | 9/9/2016 |
|----|----|----|----|----|----|
| 16 | Riker-Wenzel v. Hospira, Inc. et al | Cindy Riker-Wenzel | 2:19-cv-13107 | Grant & Eisenhofer P.A (Delaware) | 10/11/2019 |
| 17 | Hurley v. Sanofi S.A. et al | Betty Hurley | 2:16-cv-17970 | Hughes & Coleman PLLC | 12/9/2016 |
| 18 | Cosner v. Sanofi US Services Inc. et al | Linda Cosner | 2:19-cv-00125 | McDonald Worley | 1/8/2019 |
| 19 | Bodden v. Sanofi-Aventis, U.S., Inc. et al | Janet Bodden | 2:16-cv-15609 | Morris Bart, LLC (New Orleans) | 10/15/2016 |
| 20 | Bunche v. Hospira, Inc. et al | Helen Bunche | 2:19-cv-01851 | Napoli Shkolnik, PLLC (New York) | 2/28/2019 |
| 21 | Davis v. Hospira, Inc. et al | Ruby L. Davis | 2:19-cv-01847 | Napoli Shkolnik, PLLC (New York) | 2/28/2019 |
| 22 | Johnson et al v. Hospira, Inc. et al | Lenora Johnson | 2:19-cv-01856 | Napoli Shkolnik, PLLC (New York) | 2/28/2019 |
| 23 | Abrams v. Hospira, Inc. et al | Linda D. Abrams | 2:19-cv-01616 | Napoli Shkolnik, PLLC (New York) | 2/21/2019 |
| 24 | Alawar v. Sanofi-Aventis U.S. Services Inc. et al | Ferial Alawar | 2:19-cv-09809 | Napoli Shkolnik, PLLC (New York) | 4/26/2019 |
| 25 | Clark v. Sanofi US Services Inc. et al | Antoinette Clark | 2:19-cv-06751 | Napoli Shkolnik, PLLC (New York) | 4/2/2019 |
| 26 | Collins v. Hospira, Inc. et al | Sonia Collins | 2:19-cv-09395 | Napoli Shkolnik, PLLC (New York) | 4/15/2019 |
| 27 | Crumblin v. Hospira, Inc. et al | Carol A. Crumblin | 2:19-cv-10838 | Napoli Shkolnik, PLLC (New York) | 5/31/2019 |
| 28 | Farrington v. Hospira, Inc. et al | Erma Farrington | 2:19-cv-10586 | Napoli Shkolnik, PLLC (New York) | 5/21/2019 |

| 29 | Fullmore v. Sandoz, Inc. et al | Linda Fullmore | 2:19-cv-07035 | Napoli Shkolnik, PLLC (New York) | 4/2/2019 |
|----|-------------------------------|-----------------|---------------|----------------------------------|----------|
| 30 | Gill v. Accord Healthcare, Inc. et al | Phyllis M. Gill | 2:19-cv-09844 | Napoli Shkolnik, PLLC (New York) | 4/29/2019 |
| 31 | Grant v. Hospira, Inc. Worldwide, LLC et al | Shelby Grant | 2:19-cv-01956 | Napoli Shkolnik, PLLC (New York) | 3/4/2019 |
| 32 | Hadley v. Sanofi US Services Inc. et al | Dorcille Hadley | 2:19-cv-09849 | Napoli Shkolnik, PLLC (New York) | 4/29/2019 |
| 33 | Hosney v. Hospira, Inc. et al | Bendetta Hosney | 2:19-cv-09855 | Napoli Shkolnik, PLLC (New York) | 4/29/2019 |
| 34 | Hunt-Bluford v. Sanofi US Services Inc. et al | Marjorie Hunt-Bluford | 2:19-cv-09912 | Napoli Shkolnik, PLLC (New York) | 4/30/2019 |
| 35 | Meyers v. Sanofi US Services Inc. et al | Deborah Meyers | 2:19-cv-11402 | Napoli Shkolnik, PLLC (New York) | 6/28/2019 |
| 36 | Mirabella et al v. Hospira, Inc. et al | Lillian H. Mirabella | 2:19-cv-01961 | Napoli Shkolnik, PLLC (New York) | 3/4/2019 |
| 37 | Morgan v. Sandoz, Inc. et al | Gayla Morgan | 2:19-cv-04340 | Napoli Shkolnik, PLLC (New York) | 3/28/2019 |
| 38 | Patterson v. Hospira, Inc. et al | Denise Patterson | 2:19-cv-02426 | Napoli Shkolnik, PLLC (New York) | 3/18/2019 |
| 39 | Phelps v. Hospira, Inc. et al | Carla Phelps | 2:19-cv-11395 | Napoli Shkolnik, PLLC (New York) | 6/27/2019 |
| 40 | Reeves et al v. Hospira, Inc. et al | Patsy S. Reeves | 2:19-cv-02027 | Napoli Shkolnik, PLLC (New York) | 3/5/2019 |
| 41 | Rice et al v. Hospira, Inc. et al | Linda Rice | 2:19-cv-02026 | Napoli Shkolnik, PLLC (New York) | 3/5/2019 |

| 42 | Schofield v. Hospira, Inc. et al | Valencia A. Schofield | 2:19-cv-10097 | Napoli Shkolnik, PLLC (New York) | 5/6/2019 |
|----|----|----|----|----|----|
| 43 | Scott et al v. Hospira, Inc. et al | Carole M. Scott | 2:19-cv-01974 | Napoli Shkolnik, PLLC (New York) | 3/4/2019 |
| 44 | Shular et al v. Hospira, Inc. et al | Frances Shular | 2:19-cv-02025 | Napoli Shkolnik, PLLC (New York) | 3/5/2019 |
| 45 | Tate v. Hospira, Inc. et al | Sharon Tate | 2:19-cv-02427 | Napoli Shkolnik, PLLC (New York) | 3/18/2019 |
| 46 | Thomas v. Sanofi US Services Inc. et al | Antoinette Thomas | 2:19-cv-11355 | Napoli Shkolnik, PLLC (New York) | 6/25/2019 |
| 47 | Hill v. Sanofi US Services Inc. et al | Marytina Hill | 2:18-cv-10757 | Reyes Browne Reiley | 11/9/2018 |
| 48 | Thomason v. Sanofi S.A. et al | Cindy Thomason | 2:17-cv-10773 | Schmidt National Law Group | 10/17/2017 |
| 49 | Pahios v. Sanofi US Services Inc. et al | Penelope Pahios | 2:19-cv-00406 | Terry & Thweatt, P.C. | 1/18/2019 |
| 50 | Detrixhe v. Sanofi S.A. et al | Karen A. Detrixhe | 2:16-cv-15313 | The Law Office of David Burkhead | 4/15/2016 |
| 51 | Stone v. Sanofi S.A., et al | Stone Anita | 2:16-cv-16798 | Wendt Law Firm, P.C | 12/1/2016 |
| 52 | Mottola v. Sanofi S.A. et al | Kathy Mottola | 2:16-cv-15320 | Whitfield Bryson & Mason LLP (Raleigh) | 5/23/2016 |