## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | MDL No. 16-2740 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | SECTION: "H" (5) |
| | ) | |
| **This document relates to:** | ) | |
| All cases in attached Exhibits. | ) | |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Case Management Order No. 35 filed by Defendant Sandoz, Inc. (Doc. 14763). For the following reasons, the Motion to Dismiss (Doc. 14763) is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment cancer. Among these companies is Defendant Sandoz, Inc. ("Sandoz"). Plaintiffs allege that the drug caused permanent alopecia. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

In response to Defendant Accord Healthcare, Inc.'s motion practice in January 2022 based on failure to effect service of process,[2] this Court reminded all Plaintiffs in this MDL at the July 22, 2022, General Status Conference that effecting service "is an obligation of the plaintiff and the plaintiff only."[3] The

---

[1] Docetaxel is the generic version of Taxotere, although the Court uses the term "generic" loosely.
[2] *See* Docs. 13704, 13781, 13782, 13802.
[3] Doc. 14445 at 7:22–23.

Court extended the deadline for all Plaintiffs to properly serve their complaints on all Defendants to August 31, 2022. Thereafter, this Court entered Case Management Order No. 35 ("CMO 35"). CMO 35 provides that "it is Plaintiffs' responsibility to ensure that service is effected on or before August 31, 2022, after which Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[4] CMO 35 further directs Plaintiffs still needing to effect service to consult the appropriate streamlined service of process orders.[5]

On September 29, 2022, Sandoz filed the instant Motion to Dismiss identifying 104 Plaintiffs who failed to properly serve their complaints by the court-ordered deadline.[6]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."[7] When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[8] Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) permits the Court to dismiss a case *without* prejudice

---

[4] Doc. 14456.

[5] Defendants agreed to waive formal service of process under Federal Rule of Civil Procedure 4 and to accept informal service of process via electronic mail ("email"). The Court issued several Pretrial Orders setting forth the procedures for informal service of process on each Defendant. *See* Doc. 160 (Pretrial Order No. 9, Streamlined Service on Sanofi); Doc. 304 (Pretrial Order No. 30, Streamlined Service on Sandoz); Doc. 509 (Pretrial Order No. 40A, Streamlined Service on Hospira and Pfizer).

[6] *See* Doc. 14763.

[7] Matherne v. La. through Dep't of Child. & Fam. Servs., No. 18-3396, 2020 WL 491225, at *1 (E.D. La. Jan. 30, 2020) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 1998)).

[8] Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981).

if the plaintiff fails to serve the defendant within 90 days of filing the complaint.[9]

"If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service."[10] The "good cause" standard has been described as requiring "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[11] "In addition, courts normally require 'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified . . . .'"[12]

"Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service."[13] "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"[14] Nevertheless, if the Court declines to extend the time for service and instead dismisses the suit *without* prejudice for failure to comply with Rule 4(m), the Fifth Circuit requires that the dismissal be treated as a dismissal *with* prejudice if the claims would be time-barred by the statute of limitations upon refiling.[15]

A dismissal with prejudice is only warranted if there is a "clear record of delay or contumacious conduct by the plaintiff," and "lesser sanctions would

---

[9] *See* FED. R. CIV. PROC. 4(m).
[10] Millan v. USAA Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008) (citing Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)).
[11] Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985).
[12] Gartin v. Par Pharm. Companies, Inc., 289 F. App'x 688, 692 (5th Cir. 2008) (citing Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995)).
[13] *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21).
[14] *Id.* (quoting FED. R. CIV. PROC. 4(m) advisory committee's note (1993)).
[15] *See Millan*, 546 F.3d at 325–26.

not serve the best interest of justice."[16] Where the Fifth Circuit "has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"[17] Still, these "aggravating factors are not required for a dismissal with prejudice."[18]

## LAW AND ANALYSIS

Sandoz contends that that Plaintiffs' claims against it should be dismissed because Plaintiffs failed to comply with Federal Rule of Civil Procedure 4 and CMO 35. Sandoz further argues that Plaintiffs cannot demonstrate good cause for their delay to support the Court invoking its discretionary power to extend the time for Plaintiffs to effect service. One Plaintiff is not contesting dismissal. Eleven Plaintiffs have not submitted responses in opposition to Sandoz's Motion. Fifty-one Plaintiffs have filed Oppositions.

### A. Plaintiffs Not Opposing Dismissal

Plaintiff Sarah Waller, identified in Exhibit C, does not object to dismissal. Accordingly, the claims of Plaintiff Sarah Waller are dismissed with prejudice as to Sandoz.

### B. Plaintiffs Who Failed to Submit a Response to Sandoz' Motion

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service."[19]

---

[16] Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006).
[17] *Millan*, 546 F.3d at 326 (quoting *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986)).
[18] *In re* Deepwater Horizon (Barrera), 907 F.3d 232, 235 n.1 (5th Cir. 2018).
[19] Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C., 903 F.2d 1011, 1013 (5th Cir. 1990) (citing Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1305 (5th Cir.1985); Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981)).

Moreover, this Court has "broad discretion and inherent authority to manage its docket," which includes "the power to dismiss a case for a party's failure to obey the court's orders."[20] The 11 Plaintiffs identified in Exhibit B have not filed responses to Sandoz' Motion and have not proven valid service of process or good cause for their noncompliance with CMO 35.[21] These Plaintiffs have not even attempted to carry their burden. Therefore, the claims of the 11 Plaintiffs identified in Exhibit B are dismissed without prejudice as to Sandoz for the failure to comply with CMO 35 and Federal Rule of Civil Procedure 4.

## C. Whether Plaintiffs' Failure to Comply with CMO 35 Warrants Dismissal

At the outset, the Court finds that Plaintiffs have failed to establish good cause for extending the time to serve Sandoz. Plaintiffs offer several reasons for their non-compliance, including (1) inadvertent clerical and technical errors, (2) inadvertent oversights due to change in counsel, and (3) mistaken beliefs that service was properly made. The Fifth Circuit has held, however, that the good cause standard requires "at least as much as would be required to show excusable neglect" and that "inadvertence, mistake or ignorance of counsel are not excusable neglect."[22] As a result, Plaintiffs' arguments do not satisfy the standard for good cause; they provide no explanation for their years-long delay in serving Sandoz and their failure to observe the extended deadline granted in CMO 35. This Court, therefore, turns to whether it should invoke its discretionary power under Rule 4(m) to extend the time for service even when good cause is lacking.[23]

---

[20] *In re* Deepwater Horizon (Perez), 713 F. App'x 360, 362 (5th Cir. 2018).
[21] *See* Exhibit B.
[22] McGinnis v. Shalala, 2 F.3d 548, 551 (5th Cir. 1993) (quoting *Winters*, 776 F.2d at 1306 and Traina v. United States, 911 F.2d 1155, 1157 (5th Cir.1990)).
[23] *See* Newby v. Enron Corp., 284 F. App'x 146, 149 (5th Cir. 2008).

As discussed, this Court has discretion to extend the time for service even when good cause is lacking.[24] The Fifth Circuit has explained that such relief may be warranted "if the applicable statute of limitations would bar the refiled action."[25] But the Fifth Circuit has also clarified that the "inability to refile suit does not bar dismissal."[26] Where there is "a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice," dismissal with prejudice is warranted.[27] For the following reasons, the Court finds that there is a clear record of delay and contumacious conduct in this case and that lesser sanctions would not serve the best interests of justice.

First, despite warnings from this Court and an extended deadline for effectuating service, Plaintiffs unjustifiably failed to serve Sandoz for years. Plaintiff Debra Benavente failed to serve Sandoz for more than one and one-half years; Plaintiffs Donna Rooney, Elizabeth Chaisson-Ricker, Tykesha Williams-Saunders, Jacqueline Dewdney, Wanda Woods, Rasheema Davis, Tamara Hayden, Jacklyn Jones, Michelle Webb, and Janice Jones failed to serve Sandoz for more than two years; Plaintiffs Carrie Burns, Ronda Clamon, Valarie Forsyth, Janice Johnson, Michele Knight, Omatee Carrasco, Donna Smith, Felicia Linnette Warren, Penelope Pahios, and Patricia Newsome failed to serve Sandoz for more than three years; Plaintiffs Mary Johnson, Mary Watkins, Karen Racca, Kathleen McGinnis, Cindy Thomason, and Rosa Clendenin failed to serve Sandoz for more than four years; Plaintiffs Rose Champagne, Edith Chappell, Gwendolyn Crawford, Carnelia Dean, Georgia Forte, Ruby Harris, Charlotte Jefferson, Marylynn Keys, Kathleen Petties,

---

[24] *See id.*
[25] *Id.* (citing FED. R. CIV. PROC. 4(m) advisory committee's note (1993)).
[26] *Id.* at 150 (citing Traina v. United States, 911 F.2d 1155, 1157 (5th Cir. 1990)).
[27] *Sealed Appellant*, 452 F.3d at 417 (quoting Rogers v. Kroger, 669 F.2d 317, 320 (5th Cir. 1982)) (cleaned up).

Lerconga Roberts, Janet Simmons, Felicia Thomas, Cynthia Turner, Laura Werning, Betty Hurley, Terri Destefano, Susan Hubbard, Judith Proctor, Sonya Green, Rocklyn Barthelemy, and Sharon Cockrum failed to serve Sandoz for more than five years; and Plaintiff Susan McCollough failed to serve Sandoz for more than six years. It was not until Sandoz and its co-defendants filed motions to dismiss that Plaintiffs attempted to comply with their basic obligation to serve their complaints.[28] Each Plaintiff's failure displays "a clear record of delay."[29]

Next, Plaintiffs' failure to observe the deadline set by CMO 35 constitutes contumacious conduct. The Fifth Circuit has described contumacious conduct as "the stubborn resistance to authority which justifies a dismissal with prejudice."[30] In other words, it is a party's "willful disobedience of a court order."[31] The record reveals contumacious conduct here. In issuing CMO 35, this Court unequivocally directed Plaintiffs to effect service of process on or before August 31, 2022 and cautioned that the failure to do so would subject Plaintiffs' claims "to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[32] This Court has "broad discretion and

---

[28] *See* Doc. 14751 (filed by Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. on September 27, 2022); Doc. 14763 (filed by Defendant Sandoz, Inc. on September 29, 2022); Doc. 14770 (filed by Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc., and Pfizer, Inc. on October 3, 2022); Docs. 14777, 14960, 14966, 14967, 14968, 14969 (filed by Defendant Accord Healthcare, Inc. on October 4, 2022, October 20, 2022, October 21, 2022, and October 24, 2022, respectively).

[29] *See Sealed Appellant*, 452 F.3d at 419 (finding "a clear record of delay" where plaintiff-appellant failed to serve defendant for more than 21 months); *see also* Veazy v. Young's Yacht Sale & Serv., 644 F.2d 475, 478 (5th Cir. Unit A May 1981) (affirming dismissal where plaintiff had a 21-month delay in serving process and limitations expired during the delay); Fournier v. Textron, Inc., 776 F.2d 532, 534 (5th Cir. 1985) (affirming dismissal where plaintiff had a 32-month delay in serving process and limitations expired during the delay); Porter v. Beaumont Enters. & Journal, 743 F.2d 269, 271 (5th Cir. 1984) (affirming dismissal where plaintiff delayed two and one-half years in serving process and limitations expired during the delay).

[30] *Millan*, 546 F.3d at 327 (quoting McNeal v. Papasan, 842 F.2d 787, 792 (5th Cir. 1988)).

[31] *In re* Deepwater Horizon, 805 F. App'x 262, 265 (5th Cir. 2020).

[32] Doc. 14456.

inherent authority to manage its docket," which includes "the power to dismiss a case for a party's failure to obey the court's orders."[33] Plaintiffs' willful disregard of this court-ordered deadline warrants dismissal of their claims against Sandoz.

Finally, the Court doubts that lesser sanctions would serve the best interests of justice. "Lesser sanctions include '[a]ssessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.'"[34] Plaintiffs have already received explicit warnings: this Court at the July 22, 2022 General Status Conference and CMO 35 warned that the failure to effectuate service by August 31, 2022 would subject Plaintiffs' claims to dismissal with prejudice. Because Plaintiffs have already been afforded a discretionary extension of time to effectuate service, "additional lesser sanctions would only 'further delay the district court's efforts to adjudicate the MDL expeditiously'" and would risk incentivizing dilatory behavior.[35]

Moreover, in cases where the statute of limitations expired during the delay between filing and service, the Fifth Circuit has found that "a lesser sanction would not better serve the interests of justice."[36] The court explained that "a delay between filing and service ordinarily is to be viewed more seriously than a delay of a like period of time occurring after service of process" and that "in this type of situation, 'a lesser sanction would not better serve the interests of justice.'"[37] In essence, dismissal—as opposed to some lesser sanction—is warranted due to the prejudice to the defendant resulting from

---

[33] *In re Deepwater Horizon (Perez)*, 713 F. App'x at 362.
[34] *In re* Deepwater Horizon, 988 F.3d 192, 198 (5th Cir. 2021) (quoting Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir. 1982)).
[35] *Id.* (quoting *In re Deepwater Horizon (Barrera)*, 907 F.3d at 236).
[36] *Sealed Appellant*, 452 F.3d at 419–20 (quoting *Veazy*, 644 F.2d at 478).
[37] *Id.* (quoting *Veazy*, 644 F.2d at 478).

the failure to serve process within the statute of limitations period.[38] Indeed, "if the statute has run, a potential defendant that has not been served is entitled to expect that it will no longer have to defend the claim,"[39] and "[i]f service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims."[40] This Court, therefore, finds that dismissal is warranted in this case as well and lesser sanctions would not better serve the interests of justice.

## D. Extension of Deadline for Plaintiffs Patricia Mallak, Tamara Saba, and Khanhttrang Tonnu

For the following reasons, the Court exercises its discretion to extend the time *nunc pro tunc* for Plaintiffs Patricia Mallak, Tamara Saba, and Khanhttrang Tonnu to serve Sandoz.

In their Opposition, Plaintiffs Tamara Saba and Patricia Mallak explain that they attempted to serve Sandoz on August 22, 2018, and August 23, 2018, respectively, but inadvertently used an incorrect email address. Specifically, counsel for Plaintiffs Saba and Mallak emailed "taxotere-complaints@gtlaw.com" instead of "sandoz-taxotere-complaints@gtlaw.com."[41] Similarly, Plaintiff Khanhttrang Tonnu explains in her Opposition that after this Court entered CMO 35, her counsel reviewed its entire case inventory to

---

[38] *See Veazey*, 644 F.2d at 478 ("We view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service"); *see also Sealed Appellant*, 452 F.3d at 418 ("In *Veazey*, we explained that failure to serve process within the statute of limitations period is extremely prejudicial because it affects all the defendant's preparations").

[39] *Sealed Appellant*, 452 F.3d at 418 (quoting *Veazey*, 644 F.2d at 478).

[40] *Id.* (quoting *Veazey*, 644 F.2d at 478). This Court notes that it makes no determination whether Plaintiffs' claims were initially filed before the statute of limitations expired, as that question is not presently before the Court. Instead, this Court assumes for the purposes of this Motion that Plaintiffs' claims were timely filed. Additionally, regardless of whether the claims were timely filed, it is undisputed that at the time Sandoz filed the instant Motion the statute of limitations on each Plaintiff's claims had run.

[41] *See* Doc. 14893.

ascertain whether there were any issues with service. In doing so, counsel discovered that service as to Plaintiff Tonnu was deficient. Counsel subsequently attempted to remedy the deficiency by perfecting service, but inadvertently served Sanofi and Hospira instead of serving Sandoz and Hospira.[42] Because Plaintiffs Saba, Mallak, and Tonnu made diligent attempts to timely serve Sandoz, the Court finds that there is no clear record of delay. Nor does the record reveal contumacious conduct; under the mistaken belief that service had been perfected, these Plaintiffs did not willfully disregard CMO 35's directive. Accordingly, the Court exercises its discretion to extend the time for Plaintiffs Saba, Mallak, and Tonnu to properly serve Sandoz.

## <u>CONCLUSION</u>

For the foregoing reasons, Sandoz Inc.'s Motion to Dismiss for Failure to Comply with Case Management Order No. 35 (Doc. 14763) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS ORDERED** that the Motion is **GRANTED** as to Plaintiffs identified in Exhibits A and B, and the claims of these Plaintiffs are hereby **DISMISSED WITHOUT PREJUDICE** as to Defendants sanofi-aventis U.S. LLC and Sanofi US Services Inc. **ONLY**.

**IT IS FURTHER ORDERED** that the Motion is **GRANTED** as to Plaintiff Sarah Waller, identified in Exhibit C, and her claims are hereby **DISMISSED WITH PREJUDICE** as to Defendants sanofi-aventis U.S. LLC and Sanofi US Services Inc. **ONLY**.

**IT IS FINALLY ORDERED** that the Motion is **DENIED** as to Plaintiffs Patricia Mallak, Tamara Saba, and Khanhttrang Tonnu.

---

[42] *See* Doc. 14908.

New Orleans, Louisiana, this 30th day of August, 2023.

_____

**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

**Exhibit A**

| # | MDL DOCKET No. | LAST NAME | FIRST NAME | Plaintiff Counsel | Date Complaint FILED |
|---|---|---|---|---|---|
| 1 | 2:19-cv-11973 | Burns | Carrie | Bachus & Schanker, LLC | 08/01/2019 |
| 2 | 2:16-cv-17174 | Champagne | Rose | Bachus & Schanker, LLC | 12/12/2016 |
| 3 | 2:16-cv-17163 | Chappell | Edith | Bachus & Schanker, LLC | 12/12/2016 |
| 4 | 2:16-cv-17201 | Dean | Carnelia | Bachus & Schanker, LLC | 12/12/2016 |
| 5 | 2:19-cv-13485 | Dewdney | Jacqueline | Bachus & Schanker, LLC | 11/07/2019 |
| 6 | 2:19-cv-02401 | Forsyth | Valarie | Bachus & Schanker, LLC | 03/15/2019 |
| 7 | 2:16-cv-17187 | Forte | Georgia | Bachus & Schanker, LLC | 12/12/2016 |
| 8 | 2:16-cv-17145 | Harris | Ruby | Bachus & Schanker, LLC | 12/12/2016 |
| 9 | 2:18-cv-01893 | Johnson | Mary | Bachus & Schanker, LLC | 02/22/2018 |
| 10 | 2:16-cv-17504 | Keys | Marylynn | Bachus & Schanker, LLC | 12/15/2016 |
| 11 | 2:19-cv-12394 | Knight | Michele L. | Bachus & Schanker, LLC | 08/30/2019 |
| 12 | 2:16-cv-17183 | Petties | Kathleen | Bachus & Schanker, LLC | 12/12/2016 |
| 13 | 2:16-cv-17184 | Roberts | Lerconga | Bachus & Schanker, LLC | 12/12/2016 |
| 14 | 2:16-cv-17496 | Simmons | Janet | Bachus & Schanker, LLC | 12/15/2016 |

| 15 | 2:16-cv-17213 | Thomas | Felicia | Bachus & Schanker, LLC | 12/12/2016 |
| 16 | 2:16-cv-17199 | Turner | Cynthia B. | Bachus & Schanker, LLC | 12/12/2016 |
| 17 | 2:16-cv-17169 | Werning | Lara | Bachus & Schanker, LLC | 12/12/2016 |
| 18 | 2:19-cv-14087 | Woods | Wanda | Bachus & Schanker, LLC | 12/05/2019 |
| 19 | 2:18-cv-08588 | Carrasco | Omatee | Cutter Law, P. C. | 09/13/2018 |
| 20 | 2:20-cv-01473 | Davis | Rasheema | Fears Nachawati, PLLC | 05/18/2020 |
| 21 | 2:20-cv-00709 | Hayden | Tamara | Fears Nachawati, PLLC | 02/29/2020 |
| 22 | 2:20-cv-00708 | Jones | Jacklyn D. | Fears Nachawati, PLLC | 02/29/2020 |
| 23 | 2:18-cv-12973 | Smith | Donna | Fears Nachawati, PLLC | 12/10/2018 |
| 24 | 2:20-cv-00522 | Webb | Michelle | Fears Nachawati, PLLC | 2/13/2020 |
| 25 | 2:18-cv-06462 | Watkins | Mary | Friend Law Group, LLC | 07/03/2018 |
| 26 | 2:21-cv-00064 | Benavente | Debra | Gardi & Haught Ltd. | 01/12/2021 |
| 27 | 2:17-cv-06919 | Destefano | Terri M. | Johnson Becker | 07/19/2017 |
| 28 | 2:17-cv-00317 | Hubbard | Susan P. | Johnson Becker | 01/12/2017 |
| 29 | 2:17-cv-05666 | Proctor | Judith S. | Johnson Becker | 06/08/2017 |
| 30 | 2:17-cv-12862 | Racca | Karen | Johnson Law Group | 11/20/2017 |

| 31 | 2:17-cv-16078 | McGinnis | Kathleen | Kirtland & Packard, LLP | 12/08/2017 |
| 32 | 2:16-cv-15677 | Green | Sonya | Morris Bart, LLC | 10/18/2016 |
| 33 | 2:19-cv-14619 | Jones | Janice | Niemeyer, Grebel & Kruse LLC | 12/12/2019 |
| 34 | 2:18-cv-11205 | Warren | Felicia Linnette | Ray Hodge & Associates, LLC | 11/19/2018 |
| 35 | 2:16-cv-17948 | Barthelemy | Rocklyn | The Maher Law Firm | 12/08/2016 |
| 36 | 2:17-cv-12486 | Clendenin | Rosa L. | The Olinde Firm, LLC | 11/15/2017 |
| 37 | 2:16-cv-17830 | Cockrum | Sharon L. | Zoll & Kranz, LLC | 12/28/2016 |
| 38 | 2:16-cv-15511 | McCullough | Susan | Pendley Baudin & Coffin, LLP | 08/30/2016 |
| 39 | 2:20-cv-02675 | Chaisson-Ricker | Elizabeth | Finson Law Firm | 05/27/2020 |
| 40 | 2:20-cv-00979 | Williams-Saunders | Tykesha | Finson Law Firm | 03/22/2020 |
| 41 | 2:19-cv-11478 | Newsome | Patricia A. | O'Mara Law Group | 07/02/2019 |

**Exhibit B**

| # | MDL DOCKET No. | LAST NAME | FIRST NAME | Plaintiff Counsel | Date Complaint FILED |
|---|---|---|---|---|---|
| 1 | 2:16-cv-15664 | Fradella | Jacqueline | Allan Berger & Associates, PLC | 10/18/2016 |
| 2 | 2:19-cv-09607 | Jarrett | Diana | Carmen D. Caruso Law Firm | 04/22/2019 |
| 3 | 2:19-cv-09599 | Scott | Merri | Carmen D. Caruso Law Firm | 04/22/2019 |
| 4 | 2:19-cv-09586 | Stewart | Justine | Carmen D. Caruso Law Firm | 04/22/2019 |
| 5 | 2:22-cv-02859 | Haney | Sarah | Fears Nachawati, PLLC | 08/24/2022 |
| 6 | 2:18-cv-00795 | Newman | Patricia | McDonald Worley | 01/25/2018 |
| 7 | 2:17-cv-15809 | White | Stacy J. | Pulaski Law Firm, PLLC | 12/08/2017 |
| 8 | 2:17-cv-12814 | Turner | Jennifer | Reich & Binstock | 11/20/2017 |
| 9 | 2:17-cv-15033 | Wright | Monica | Reich & Binstock | 12/06/2017 |
| 10 | 2:18-cv-12135 | Medina | Maria A. | Reyes Browne Reilley | 12/02/2018 |
| 11 | 2:16-cv-15313 | Detrixhe | Karen A. | The Law Office of David Burkhead | 10/14/2016 |

**Exhibit C**

| MDL DOCKET No. | LAST NAME | FIRST NAME | Plaintiff Counsel | Date Complaint FILED |
|---|---|---|---|---|
| 2:16-cv-17241 | Waller | Sarah | Bachus & Schanker, LLC | 12/12/2016 |