UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | : | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2740 |
| | : | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | : : | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |
| *Judith Ellshoff v. Sanofi U.S. Services, Inc., et al.* Case No. 2:18-cv-07034 | : : : : | |

## MEMORANDUM IN SUPPORT OF DEFENDANT ACCORD HEALTHCARE INC.'S MOTION TO DISMISS PURSUANT TO RULE 25

Plaintiff's claims are subject to dismissal pursuant to Rule 25(a) for failure to substitute within the applicable time frame. Despite the filing of a Suggestion of Death on May 24, 2023, no motion to substitute has been filed, no motion for extension of time has been brought, and no showing of excusable neglect has been made.

## PROCEDURAL BACKGROUND

On July 26, 2018, Judith Ellshoff filed her Short Form Complaint, naming Accord Healthcare, Inc. ("Accord") as a Defendant. *See* 2:18-cv-07034, Rec. Doc. 1. Pursuant to PTO 22A, Ms. Ellshoff was included on the April 28, 2023 Notice of Non-Compliance list for failure to file a suggestion of death. On May 24, 2023, counsel of record for Ms. Ellshoff filed a Suggestion of Death, advising that Ms. Ellshoff had passed away on February 6, 2021.[1] *See* Rec. Doc. 15884. Since this time, no motion for substitution has been made by any party or by Ms.

---

[1] Once Ms. Ellshoff filed a Suggestion of Death, she had 90 days to file a Motion to Substitute, thus her case was removed from subsequent notices related to the July 11, 2023 Order to Show Cause hearing.

1

Ellshoff's successor or representative as required by Fed. R. Civ. P. 25(a).  Likewise, no motion for extension of time has been filed pursuant to Fed. R. Civ. P. 6(b) to demonstrate that the failure to comply with Rule 25(a) is the result of excusable neglect.

## **LEGAL STANDARD**

Rule 25(a)(1) states as follows:

> (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. *If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent **must** be dismissed.*

Fed. R. Civ. P. 25(a)(1) (emphasis added).[2]

The weight of legal authority makes clear that dismissal is appropriate where 90 days have passed since notification of death and no motion to substitute has been made. *See, e.g.*, *Barcroft v. Gibbs*, No. 4:16-CV-00562, 2017 WL 6987668, at *1 (E.D. Tex. Dec. 8, 2017) ("As more than ninety days have passed since Defendant notified the Court of Plaintiff's death, the Court finds that Defendants' Rule 25(a) motion should be granted and Plaintiff's claims be dismissed."); *Cortez v. Lamorak Ins. Co.*, No. CV 20-2389, 2022 WL 1595837, at *2 (E.D. La. May 19, 2022) ("More than ninety days have passed since service of [the] suggestion of death, and no motion for substitution has been made. Accordingly, pursuant to Rule 25(a)(1), the Court must dismiss [the] claims."); *Hornbeck Offshore Operators, LLC v. Knox*, No. CV 19-00270, 2022 WL 307427, at *2 (E.D. La. Feb. 2, 2022) (dismissing claim and noting "Rule 25's language is clear: if a timely

---

[2] Although the text of Rule 25 is mandatory, the accompanying Advisory Committee Notes indicate that the 90-day period *may* be extended pursuant to Fed. R. Civ. P. 6(b). *See Yazdchi v. Am. Honda Fin. Corp.*, No. CIV.A.3:05-CV-07374L, 2006 WL 2456495, at *3 n. 2 (N.D. Tex. Aug. 23, 2006); *see also* Fed. R. Civ. P. 6(b) (providing that a court "may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). Here, though, no such extension has been filed, no such relief has been requested, and no showing of excusable neglect has been made.  Thus, dismissal here is warranted.

motion for substitution is not made by any party, any 'action by or against the decedent must be dismissed.'").

While Rule 25 is silent as to whether dismissal is with or without prejudice, Fifth Circuit courts have concluded that it is ultimately a matter of the Court's discretion. *See, e.g.*, *Rowland v. GGNSC Ripley, LLC*, No. 3:13-CV-00011, 2016 WL 4136486, at \*6 (N.D. Miss. Aug. 3, 2016) (collecting cases). However, Fifth Circuit courts have dismissed claims pursuant to Rule 25 with prejudice where 90 days have passed since notification of death, and no motion to substitute or for additional time has been made. *See, e.g.*, *Cortez*, 2022 WL 1595837, at \*2; *Yazdchi*, 2006 WL 2456495, at \*4; *Jacobs v. Stribling*, No. 102CV714, 2007 WL 2156419, at \*2 (S.D. Miss. July 24, 2007); *Hall v. Sears Roebuck & Co.*, No. CV 07-1233, 2008 WL 11387041, at \*2 (W.D. La. Aug. 11, 2008).

## ARGUMENT

Since the Suggestion of Death was filed on May 24, 2023, a motion to substitute (or a motion for additional time based on a showing of excusable neglect) must have been brought no later than August 22, 2023. The 90-day period has come and gone, and no motion to substitute has been filed, no motion for extension of time has been brought, and no showing of excusable neglect has been made. Therefore, the Court should dismiss Ms. Ellshoff's claims. *See* Fed. R. Civ. P. 25(a)(1) ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent ***must be*** dismissed.") (emphasis added); *Hornbeck*, 2022 WL 307427, at \*2 ("Rule 25's language is clear[.]").

Further, Ms. Ellshoff's claims should be dismissed with prejudice, particularly given the history of delays here. The failure to substitute in a timely manner is readily apparent, but when coupled with the lengthy delay in filing the initial Suggestion of Death (filed over *two years* after

3

Ms. Ellshoff's death), a pattern of repeated delays emerges.  Ms. Ellshoff's counsel had ample time to file a Suggestion of Death, but failed to do so until over 27 months later.  Once this was filed, there was an additional 90-day period to move to substitute, but no such substitution has been made. The Rules further explicitly provide a mechanism of relief should additional time be needed, upon a showing of excusable neglect. However, no such relief has been sought here, and Accord is unaware of any grounds for an extension or further delay.  *See, e.g.*, *Cortez*, 2022 WL 1595837, at *2; *Yazdchi*, 2006 WL 2456495.

## CONCLUSION

It is neither the Court nor Accord's duty to timely prosecute Ms. Ellshoff's case. There has been ample time to move to substitute, or at a minimum move for additional time upon a showing of excusable neglect, and neither has occurred here.  For the foregoing reasons, the Court should dismiss Ms. Ellshoff's case pursuant to Federal Rule of Civil Procedure 25, with prejudice.

DATED: September 1, 2023

Respectfully submitted,

/s/ *Brenda A. Sweet*
Julie A. Callsen (0062287)
Brenda A. Sweet (0085909)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone:	216.592.5000
Facsimile:	216.592.5009
julie.callsen@tuckerellis.com
brenda.sweet@tuckerellis.com

*Attorneys for Defendant*
*Accord Healthcare, Inc.*

4

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on September 1, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

DATED:  September 1, 2023            */s/ Brenda A. Sweet*
                                                   *One of the Attorneys for Defendant Accord Healthcare, Inc.*