UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL No. 2740 |
| | Master Docket Case No. 2:16-md-02740 |
| | Honorable Jane Triche Milazzo |
| **THIS DOCUMENT RELATES TO:** Kathleen L. Gilson<br><br>v.<br><br>Hospira Inc.; | Case No. 2:17-cv-14003 |

**PLAINTIFF GILSON'S F.R.C.P. 59(e) & 60(b) MOTION FOR RECONSIDERATION OF THE COURT'S DISMISSAL ORDER (Doc. 16337 & Gilson 12)**

Pursuant to Rule 59(e), F.R.C.P., and Rule 60(b), F.R.C.P., Plaintiff moves the Court to set aside, alter or amend its Order of Dismissal dated August 24, 2023 (Doc.16337 & Gilson Doc. 12) as to Plaintiff Kathleen L. Gilson ("Plaintiff" or "Gilson").  The Court did not have the full facts and independent reasons addressed below, or the exhibits (of which the first two are newly discovered as detailed below) attached hereto, showing (1) that contumacious conduct (a fact finding in the Court's Order) was not factually present, and (2) that counsel's failure to comply with CMO 35, or submit the documents (**Exhibits 1 & 2**) showing why with Plaintiff's Response (Doc. 14818), is due to excusable mistake.

I.   **Legal Standard for Reconsideration.**

Courts in the Eastern District of Louisiana have granted motions for reconsideration under the Rule 59(e) standard when one or more of the following four factors:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
(2) the movant presents newly discovered or previously unavailable evidence;

1

>  (3) the motion is necessary in order to prevent manifest injustice; or
>  (4) the motion is justified by an intervening change in controlling law.

*Harang v. Schwartz*, CIVIL ACTION No. 13-58 (E.D. La. June 20, 2014) citing *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010). As addressed below, three of the factors are found here.

**II.      Newly Discovered Independent Facts & Reasons Not Considered by the Court.**

  1. On July 22, 2022, after the status conference, counsel emailed his assistant, Kathy Hampton, and instructed: "Please double check to make sure our service for each Taxotere client [ten in total] conforms to the service orders and let us know Tuesday at our call." **Exhibit 1**. At the Tuesday call, it was relayed that the files were checked and service of all defendants in the ten cases was completed. **Exhibit 4** at ¶ 2.

  2. On July 26, 2022, after the Court issued CMO 35 detailing that all Plaintiffs "that still needed to effect service" had until August 31, 2022, to do so, counsel forwarded the Court's Order and again emailed his assistant about service: "Sorry if I already asked you this and you told me, but have we properly served all of the Ds in the Taxotere litigation?" That same day, Ms. Hampton emailed "Yes….long ago! 😊" **Exhibit 2**.

  3. Ms. Hampton has worked with counsel for more than a decade on MDL cases. She has a history of doing excellent work. **Exhibit 4** at ¶ 4.

  4. One of Ms. Hampton's responsibilities is serving pleadings in accordance with court rules. This is standard operating procedure in counsel's office. Service has been accomplished in all previous cases which total well into the hundreds. **Exhibit 4** at ¶ 5.

5. After receipt of the Court's August 25, 2023, Order, counsel sat down with Ms. Hampton. After fully reviewing the file and unfiled emails, Ms. Hampton relayed that she forgot about the July 2022, emails, that she did not place them in the file, and as a result told counsel that the service failure was solely due to a former employee (**Exhibit 3**) before Doc. 14818 was filed. That is why that was the only reason provided.

6. Ms. Hampton now believes that when she went into the Gilson file in July 2022, before responding to counsel's emails regarding service (**Exhibits 1 & 2**), she mistook proof of service of defendants Sanofi, S.A., Sanofi US Services Inc. f/k/a Sanofi Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, & Aventis Pharma, S.A. (**Exhibit 4**), for service on Hospira. As a result, she mistakenly relayed that service was completed. **Exhibit 6** at ¶ 7.

III. **Analysis.**

    A. **Plaintiff's Motion Meets the Grounds for Rule 59(e) Reconsideration Under the *Harang* Test. Granting the Motion will Prevent a Manifest Error of Fact and Injustice.**

Based upon the facts, it is respectfully submitted that contrary to the Court's fact findings that counsel's conduct was contumacious, (1) counsel did not ignore or willfully disregard CMO 35 regarding service (Doc. 16337 at p.8), (2) counsel was not ignorant of CMO 35 and twice checked with his assistant in writing re. service, and (3) counsel reasonably relied on his assistant's mistaken oral and written confirmations that service had been accomplished, as well as her earlier failure to find and reference **Exhibits 1 & 2** (hence their being newly discovered) when asked to investigate the failure to serve Hospira prior to filing Doc. 14818. **Exhibit 4** at ¶ 6.

"Contumacious" means "stubbornly disobedient: Rebellious." Merriam-Webster

.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/contumacious. Accessed 1 Sep. 2023. Another dictionary defines the term as, "stubbornly or willfully disobedient to authority …." Word Online Dictionary, Accessed 1 Sep. 2023. Counsel's conduct outlined herein does not match the meaning of the word "contumacious." To the contrary, counsel's conduct demonstrates multiple efforts and an intent to comply with CMO 35. **Exhibits 1 & 2**. It also was standard operating procedure for his assistant to serve pursuant to Court Orders and rules. **Exhibit 6** at ¶ 5. There was no stubbornness or willful disobedience whatsoever, rather, there was good faith reliance upon the mistakenly (and out of character) mistaken representations of counsel's paralegal. It is respectfully submitted that these facts do not support the Court's factual conclusion to the contrary.

Pursuant to the Rule 59(e) test used in the Eastern District of Louisiana, the Court's recognition of the facts set forth herein, and in the exhibits hereto, will correct a manifest factual error regarding the Court's finding of "contumacious conduct" upon which the judgment is based. Moreover, setting aside or amending the Court Order as to Ms. Gilson, will reverse the manifest injustice of a final adjudication adverse to Plaintiff that leaves her case dismissed and unable to be refiled due to the statute of limitation. The evidence here meets the first and third prongs of the *Harang* test, as well as the second prong as discussed below.

///

///

### B. Newly Discovered Evidence is Presented Here. Counsel's Failure to Discover It Meets the Test for Excusable Neglect Under Rule 60.

In a remarkably similar case, *Razvi v. Dall. Fort Worth Int'l Airport*, No. 21-10016, 2022 WL 4298141 (5th Cir. Sep. 16, 2022), an attorney's assistant's mistake in performing a task delegated was held excusable - "lawyers often delegate tasks to paralegals and secretaries which 'may well ensure greater accuracy in meeting deadlines.'" *See also*, *Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004), *cited with approval in Razvi* ("[T]he delegation of repetitive legal tasks to paralegals has become a necessary fixture.").

As further discussed below, in this instant case, counsel's reliance on his assistant's investigating and reporting back (**Exhibit 3**) prior to responding to Hospira's Motion, like counsel's reasonable reliance on his assistant correctly checking the file to confirm service and twice reporting to counsel that service was accomplished (**Exhibits 1 & 2**), meets the test for excusable neglect. As such, the evidence here also meets the second *Harang* prong addressing newly discovered evidence.

The United States Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) examined the meaning of "excusable neglect" in the context of late filings. The *Pioneer* analysis has been adopted and applied by the 5th Circuit in *Razvi, supra,* as well as in *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007), *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998), *United States v. Moreno*, No. 3:17-cr-468-D (10) (N.D. Tex. Nov. 30, 2018). The analysis should guide the Court here.

As the *Pioneer* court explained:

> [B]y empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.

*Pioneer* at 113 S.Ct. 1489 at 1494-95. *See also Razvi* at 4.

> The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id., Razvi* at 5*, Stotter* at 820*, Williams* at 879*, Moreno*, supra.

*Razvi* is on point with the instant matter. The *Razvi* court applied the requisite *Pioneer* analysis for "excusable neglect" resulting from an assistant's mistake. The *Razvi* court reversed the trial court's dismissal without prejudice after the statute of limitations had run calling the result "overkill." *Id*. at 16.  The court concluded that the "attorney's omission was [not] due to a misunderstanding of the law, ignorance of local rules, gross carelessness, or a deliberate choice. Counsel did not deliberately act in reliance on an erroneous understanding of the law or rules, rather she mistakenly missed a deadline because of a calendaring error. We also cannot  say that this error was 'gross carelessness' as lawyers often delegate tasks to paralegals and secretaries which 'may well ensure greater accuracy in meeting deadlines.'" *Id*. at 10. *See also*, *Pincay*, 389 F.3d at 856.

After considering the *Pioneer* factors, the Fifth Circuit held the assistant's mistake was excusable neglect because: "there was no danger of unfair prejudice, the length of delay caused by his filing error did not adversely affect the proceedings, and while the reason for the delay, a calendaring error, was well within the reasonable control of Razvi's

6

counsel, it did not appear to be in bad faith. Moreover, there has been no trial on the merits in this case and the dismissal by the district court precludes such consideration. Accordingly, we reverse the district court's denial of Razvi's motion for relief from judgment." *Razvi* at 2.

Just as in *Razvi*, the newly discovered facts here establish excusable neglect when applied to the *Pioneer* factors.

First, there is no danger here of unfair prejudice to Hospira. Counsel here fully complied with Court Orders regarding the exchange/uploading of records, photographs, fact sheets, and other information (**Exhibit** 6 ¶ 8), served the other defendants (**Exhibit 4**); emailed defendants, including Hospira's counsel Mark Cheffo, Mara Cusker Gonzalez, and Lavinia Denniston; defendants' leadership counsel, John Olinde; and defense liaison counsel, Douglas Moore, that the complaint needed to be amended to add Hospira (**Exhibit 5***)*; filed the amended complaint after no objection (Gilson Doc. 10) and filed the Hospira summons (Gilson Doc. 11). Moreover, "being forced to litigate on the merits cannot be considered prejudicial . . . ." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir.2001) (default judgment lifted).[1]

---

[1]  It is respectfully submitted that Plaintiff has suffered the worst prejudice as her claim has been dismissed with no option to refile. In other words, a balance of the degree of prejudice weighs far in favor of granting Plaintiff relief rather than Hospira in favor of denial. *Lemoge v. United States*, 587 F.3d 1188 (9th Cir. 2009).

Second, the length of the delay will not affect the proceedings here. Hospira was served by email 10 days after the deadline as soon as counsel recognized that there was an error. Exhibit 6 ¶ 9.

Third, the mistakes were not made in bad faith. They resulted from an assistant's errors (despite repeated follow up from counsel - **Exhibits** 2 & 3 and resulted in the reason for the lack of compliance with CMO 35 previously being omitted and just recently discovered), resulted despite having office policies in place to accomplish service (**Exhibit 6** ¶ 5), and does not amount to contumacious conduct.

Fourth, there has been no resolution on the merits of the case, and the court's dismissal precludes such consideration.

In sum, the conduct here is the type of conduct that the Fifth Circuit found excusable when applying the *Pioneer* factors and emphasizing, as required by *Pioneer,* "that the determination is "'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Razvi* at 4 quoting *Pioneer*, 507 U.S. at 395. In light of the above, it is respectfully requested that the Court reconsider Plaintiff's dismissal where the Court granted the Defendant's Motion without the specific facts underlying Gilson's counsel's failure to timely serve. It is respectfully submitted that recognition and consideration of the individual facts of *this* Plaintiff's case as addressed herein is fundamentally required by due process.

IV.   **Conclusion**.

Pursuant to Rule 60, F.R.C.P., and Fifth Circuit caselaw, the mistakes here are excusable. The case specific facts establish that Gilson's counsel's actual conduct was not

8

contumacious but excusable. If the Court rejects Plaintiff's Motion, its Order will be based upon the group of Plaintiffs dismissed by its Order, and not on the case-specific facts here. The dismissal will result in a manifest injustice as it is a final adverse adjudication depriving the Plaintiff of her day in court.

For the above newly discovered and independent reasons, it is respectfully requested that the Court reconsider the Order dismissing Ms. Gilson's case and allow her case to proceed. Doing so is within the Court's discretion to "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Hale v. Townley,* 45 F.3d 914, 921 (5th Cir. 1995).

Dated: September 14, 2022              Respectfully Submitted,

/s/ David J. Diamond
David J. Diamond, Esq.
AZ Bar No.: 010842 (Pro Hac Vice)
DIAMOND LAW, PLLC
1700 E. River Road, #65237
Tucson, AZ 85718
Telephone: (520) 909-0909
Facsimile:  (520) 527-1074
Email:  ddiamond@diamondlawusa.com
*Counsel for Plaintiff Gilson*

## CERTIFICATE OF SERVICE

I, David J. Diamond, hereby certify that on September 14, 2023, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

/s/ David J. Diamond
David J. Diamond