Exhibit 6

Affidavit of David J. Diamond

1.      This affidavit is made by counsel for Ms. Gilson, David J. Diamond, and is based upon personal knowledge, review of Ms. Gilson's file, and discussions with my assistant, Kathy Hampton.

2.      On July 22, 2022, after the status conference, I emailed my assistant and instructed: "Please double check to make sure our service for each Taxotere client [ten in total] conforms to the service orders and let us know Tuesday at our call." **Exhibit 1** attached to Motion for Reconsideration (MR). At the following Tuesday call, it was relayed that the files were checked and service of all defendants in the ten cases was completed.

3.      On July 26, 2022, after the Court issued CMO 35 detailing that all Plaintiffs "that still needed to effect service" had until August 31, 2022, to do so, I forwarded the Court's Order to my assistant stating: "Sorry if I already asked you this and you told me, but have we properly served all of the Ds in the Taxotere litigation?" That same day, Ms. Hampton emailed "Yes….long ago! 😊" **Exhibit 2** attached to MR.

4.      Ms. Hampton has worked with me for more than a decade on MDL cases. She has a history of doing excellent work.

5.      One of Ms. Hampton's assigned responsibilities is complying with office policy to serve defendants in accordance with court rules and orders. This is standard operating procedure in my office. Service has been accomplished in all previous cases which number in the hundreds.

6.      After receipt of the Court's Order filed on August 25, 2023, I discussed this matter with Ms. Hampton. After reviewing the filed and unfiled emails, Ms. Hampton

relayed that she forgot about the July 2022 emails (**Exhibits 1 & 2** attached to MR), that she did not place them in the file, and as a result informed me that the service failure was solely due to a former employee. **Exhibit 3** attached to MR. As a result, that was the only reason provided in Doc. 14818. To my knowledge, this error has never happened before in my office.

7.      After reviewing the emails and the file again, Ms. Hampton believes that when she went into the Gilson file in July 2022, she mistook proof of service of the following defendants: Sanofi, S.A., Sanofi US Services Inc. f/k/a Sanofi Aventis U.S. Inc., Sanofi-Aventis U.S. LLC, & Aventis Pharma, S.A., (**Exhibit 4** attached to MR) for service on Hospira, and as a result twice mistakenly relayed that service was completed.

8.      My office has fully complied with Court Orders regarding the exchange/uploading of records, photographs, fact sheets, and other information. We also have served other defendants (**Exhibit 4** attached to MR), emailed defendants, including Hospira's counsel Mark Cheffo, Mara Cusker Gonzalez, and Lavinia Denniston, defendants' leadership counsel, John Olinde, and defense liaison counsel, Douglas Moore, that the complaint needed to be amended to add Hospira (**Exhibit 5** attached to MR), filed the amended complaint after no objection (Gilson Doc. 10), and filed the Hospira summons (Gilson Doc. 11).

9.      As soon as counsel recognized that there was a service error, Hospira was served by email. Docs.14818-2 & 14818-3.

I declare under penalty of perjury that the forgoing is true and correct.

_David J. Diamond_     9/14/23
David J. Diamond          Date