UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) ) ) THIS DOCUMENT RELATES TO: ) ) *BEULAH MCCALL v. SANOFI S.A., ET AL.* ) Civil Action No.: 2:17-cv-09536-JTM-MBN ) ) ) ) ) | MDL DOCKET NO. 3023<br><br>SECTION "N" (5)<br><br>JUDGE MILAZZO<br>MAG. JUDGE NORTH<br><br>SAGENT PHARMACEUTICALS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |

Sagent Pharmaceuticals, incorrectly identified as Sagent Pharmaceuticals, Inc. ("Sagent"), by and through counsel, submits this Response in Opposition to Plaintiff's Motion For Leave To File An Amended Complaint (Dkt. 16372) ("Plaintiff's Motion"). Pursuant to CMO 37A, and this Court's directive at the show cause hearing held on July 11, 2023, Sagent specially appears to object to Plaintiff's proposed amended short form complaint only to the extent it seeks to add Sagent as a Defendant. Sagent otherwise does not oppose the proposed amended short form complaint.

I.  **INTRODUCTION**

During a July 11, 2023 show cause hearing, the Court afforded Plaintiffs who have not yet but intend to file motions to amend the opportunity to do so by July 18, 2023. On August 9, 2023—more than three weeks after this deadline—Plaintiff Beulah McCall indicated that she planned to move to amend her Short Form Complaint to name Sagent, despite having uploaded her product ID submission into MDL Centrality over five years ago on April 16, 2018. Over a month later, on

September 11, 2023, Plaintiff filed the instant Motion. This is yet another example of an untimely request to amend a complaint based on product ID submissions that Plaintiffs have had in their possession for several years.

## II.     ARGUMENT

Product identification is a basic and essential element of every products liability action. *See, e.g., Fields v. Wyeth, Inc.*, 613 F.Supp.2d 1056, 1060 (W.D. Ark. 2009). Over five years ago, "[r]ecognizing the importance of product identification," this Court ordered each Plaintiff to obtain proof regarding the identity of the manufacturer of the docetaxel she received, to notify Defendants of such evidence and, importantly, to dismiss all non-implicated Defendants within 30 days and "submit an Amended PFS . . . to reflect the correct defendant(s) and remove the defendants that are dismissed in connection with this Order." See CMO-12A ¶¶ 7, 9-10. Plaintiff McCall—who uploaded her product ID submission in April 2018—therefore missed not only the deadline set by the Court's July 18, 2023 order by nearly two months, but also missed the deadline set by CMO-12A by more than 5 years.

Neither CMO-12A nor any equitable reasoning would support allowing Plaintiff McCall to amend her complaint now to add Sagent. Permitting the amended complaint to name a new defendant now would effectively allow Plaintiffs to wait years to name new defendants like Sagent, who have never been served and have had no systemic notice of product ID. Moreover, any claims Plaintiff may have against Sagent are time-barred based on the applicable statute of limitations period. Because Plaintiff's proposed Amended Complaint does not state a claim upon which relief can be granted, leave to amend should additionally be denied as "futile" pursuant to Fed. R. Civ. P. 15.

### A. Plaintiff's Failure to Comply with CMO-12 is Inexcusable and Prejudicial.

CMO-12 (subsequently modified in part by CMO-12A) mandated that Plaintiff provide proof of product ID to Defendants. Five years has passed since the Court elucidated this threshold requirement. Indeed, Plaintiff bears the burden of establishing product ID, which is information that Plaintiff should have obtained before filing her claims in the first place. *See, e.g.*, *In re Aredia and Zometa Prod. Liab. Litig.*, No. 3:06-MD-1760, 2008 WL 5377886, at *2 (M.D. Tenn. Dec. 2, 2008). Plaintiff has no excuse for failing to notify Sagent of obtained product ID and therefore of the claims against it. If Plaintiff's claims were pending individually, outside the context of an MDL, they would be promptly dismissed. The prejudice Sagent faces in this setting is no less. The Court should deny Plaintiff's untimely effort to assert claims against Sagent given her inexcusable failure to comply with its discovery orders in this case for years. *See Shine v. Owens-Illinois, Inc.*, 979 F.2d 93 (7th Cir. 1992) (affirming dismissal where plaintiff offered product identification witnesses after district court's disclosure deadline, finding disclosure "at such a late date inexcusable and highly prejudicial" to defendant).

### B. Plaintiff's Amendment Would Be Time-Barred by the Statute of Limitations.

Even if Plaintiff's Short Form Complaint were to be amended to plead claims against Sagent, any such claims would be time-barred. Plaintiff McCall seeks to amend her Complaint to name Sagent to conform with the product ID she has had in her possession for over five years— far longer than the applicable limitations period of three years for personal injury lawsuits in North Carolina where Plaintiff McCall resides and claims to have suffered her injuries. *See* N.C.G.S. § 1-52; Plaintiff's Proposed Amended Short Form Complaint at §§ 4, 5, 11). The Court need only compare the time between the product ID upload (April 16, 2018) and request to amend (September 2023) against the applicable statute of limitations (three years) to appreciate that the

amendment sought would be time-barred. There are no factual issues to be explored to determine futility since the timing of Plaintiff's actual knowledge of the proper Defendant cannot be disputed.

### C. The Motion to Amend Should be Denied as Futile.

An amendment is futile pursuant to Fed. R. Civ. P. 15 "where claims against new defendants are barred by the statute of limitations." *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (5th Cir. 2019) (holding that district court did not abuse its discretion in denying leave to amend because those claims were futile as barred by the statute of limitations); *see also James v. CoreCivic, Inc.*, No. 3:22-cv-520, 2023 WL 3681699, at *1 (N.D. Tex. Apr. 12, 2023) ("The Court finds that amendment would be futile because the statute of limitations on Plaintiff's personal injury claim . . . has run."); *In re Propulsid Prod. Liab. Litig.*, No. CIV.A. 01-2510, 2002 WL 1446719, at *1 (E.D. La. July 2, 2002) (denying leave to amend as claims raised against proposed defendants were prescribed under California law).

Justice does not require leave to amend to add Sagent here. Plaintiff was aware of the correct Defendants to name in her Short Form Complaint for years yet failed to amend her complaint in a timely manner, despite implementation of CMO 12A and being put on notice through the show cause process of efforts to ascertain sufficient product ID information. Plaintiff's Motion to add Sagent as a defendant is untimely as a matter of law and thus futile as a matter of law, and the Court should deny her request.

### III. CONCLUSION

For the foregoing reasons, Sagent respectfully request that the Court deny Plaintiff's Motion for Leave To File An Amended Complaint only to the extent that it seeks to add Sagent as a Defendant.

Dated: September 19, 2023                    Respectfully submitted,

/s/ *Michael J. Suffern*

ULMER & BERNE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 698-5064
Fax: (513) 698-5065
msuffern@ulmer.com

**Counsel for Sagent Pharmaceuticals**

5

## **CERTIFICATE OF SERVICE**

I certify that on September 19, 2023, I electronically filed the foregoing with the Clerk of the Court by using the ECF system, which will send a notice of electronic filing to all counsel of record.

DATED: September 19, 2023

/s/ *Michael J. Suffern*