UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)　　　　　　　　　　　　　MDL No. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION: "H" (5)

THIS DOCUMENT RELATES TO:
*Hope Blake, 18-cv-11902*
*Rebecca Cain, 17-cv-11902*
*Lisa Keller, 17-cv-11903*
*Caridad Losada, 18-04624*
*Lisa Medici, 16-15569*
*Shirley Turner, 18-cv-04629*
*Cynthia Vickers, 19-cv-12459*
*Monica Meyers, 16-15323*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35**

　　　Pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b), Plaintiffs Hope Blake, Rebecca Cain, Lisa Keller, Caridad Losada, Lisa Medici, Shirley Turner, Cynthia Vickers, and Monica Meyers (collectively "Plaintiffs") submit this memorandum in support of her Motion requesting the Court reconsider its Order of Dismissal dated August 22, 2023 and allowing Plaintiffs' lawsuits against Defendants to be reinstated. [Doc. 16327].

### I.　　Introduction

　　　The Sanofi Defendants ("Defendants") filed Motions to Dismiss based on failure to timely serve complaints under Pretrial Order 9 and Case Management Order 35.  Plaintiffs timely responded to Defendants' filings.  On August 22, 2023, the Court entered an Order granting Defendants' Motion to Dismiss.  That Order included Plaintiffs who now seek reconsideration and

reinstatement of their cases. Plaintiffs posit that there was no contumacious conduct warranting dismissal in a situation where statutes of limitations may have run and also posit that there is no prejudice to Defendants. Plaintiffs and Defendants have been actively litigating these cases for many years. As shown in Plaintiffs' **Exhibit 1**, Plaintiffs have disclosed significant amounts of discovery to Defendants, putting them in the same position as plaintiffs whose complaints had been served in accordance with PTO 9 and CMO 35. Additionally, the failure to timely serve the nine cases subject to this Motion was due to excusable neglect, mistake, and/or inadvertence due to counsel's reliance on a paralegal who assured counsel that all complaints had been timely served.

## II.     Legal Standard for Reconsideration.

Courts in the Eastern District of Louisiana have granted motions for reconsideration under the Rule 59(e) standard when one or more of the following four factors:

(1)     the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
(2)     the movant presents newly discovered or previously unavailable evidence;
(3)     the motion is necessary in order to prevent manifest injustice; or
(4)     the motion is justified by an intervening change in controlling law.

*Harang v. Schwartz*, CIVIL ACTION No. 13-58 (E.D. La. June 20, 2014) citing *Castrillo v. Am. Home Mortg. Servicing, Inc.,* No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010).

As addressed below, three of the factors are found here. Additionally, under the Fed. R. Civ. P. 60(b), the Court may relieve a party from a final judgment or order based on mistake, inadvertence, surprise, or excusable neglect.

## III.     Newly Discovered Independent Facts & Reasons Not Considered by the Court.

Plaintiff believes the below facts are new independent facts or may not have been

considered by the Court in deciding whether Defendants have suffered any prejudice or whether Plaintiffs' conduct in failing to timely serve a complaint was contumacious.

1. On July 26, 2022, the undersigned, sent an email to his staff in response to the general status conference in front of Judge Milazzo on July 22, 2022, where she ordered all complaints be served. The undersigned had his staff keep a master service excel spreadsheet that tracked the dates of service for each Defendant. The undersigned also that same day sent an email asking for a in person meeting to be scheduled. After the audit service project was concluded by the undersigned staff, he had a in person meeting with his staff prior to the August 31, 2022, deadline to make certain all cases had been properly served. **(Exhibit 2).**

2. Plaintiffs' Co-Liaison Counsel provided all Defendants, including Sanofi, a report of claims and case inventory every two-three months. See e.g. Docs. 12741, 13894, 14160, 14440. Both parties submitted Joint Reports acknowledging the filed cases. *Id*. Defendants cannot claim they were unaware of Plaintiffs' claims given or that they were prejudiced by any delay in service.

3. In some cases, Defendants had been served with the Complaint via the PTO 37A conferral process.

   - Plaintiff Rebecca Cain initially only filed her case against Actavis and Actavis Pharma, LLC. Upon confirming Product identification pursuant to CMO 12A, on March 30, 2021, Plaintiff circulated a proposed amended complaint, which is now the operative complaint, to counsel for Sanofi. Sanofi responded to Plaintiff's email containing the Amended Complaint and took no position on Amendment. See **Exhibit 3**.

3

- Plaintiff Lisa Keller initially only filed her case against Hospira. Upon confirming Product identification pursuant to CMO 12A, on March 23, 2020, Plaintiff circulated a proposed amended complaint, which is now the operative complaint to counsel for Sanofi. Sanofi responded to Plaintiff's email containing the Amended Complaint and took no position on Amendment. **Exhibit 4**.

4. And Ms. Medici's case, Defendants had participated in the CMO 12A process. **Exhibit 5.** Had they believed there was insufficient notice or servie, Defendants would have responded that there was no obligation to respond to Plaintiff's CMO 12A inquiries.

A.  **Plaintiff's Motion Meets the Grounds for Rule 59(e) Reconsideration Under the *Harang* Test. Granting the Motion will Prevent a Manifest Error of Fact and Injustice.**

Based upon the facts, Plaintiffs submit that their counsel's conduct was not contumacious. Counsel did not ignore or willfully disregard PTO 9 or CMO 35 regarding service. (**See Exhibit 2**). A paralegal who was worked with counsel for four years prior to resigning last fall, Ashley Ledesma, was given the responsibility of serving complaints and summons to all named Defendants. **Exhibit 6, ¶3-4.** Prior to the entry of CMO 35, counsel for Plaintiffs had routinely met with Ms. Ledesma, who maintained a service spreadsheet, to ensure all complaints had been served and based on those meetings was under the impression that all complaints filed by Bachus & Schanker had been served. **Exhibit 6 ¶6-7.** Upon the entry of CMO 35 and advisement from liaison counsel to ensure all complaints had been served, counsel met with Ms. Ledesma and requested she perform an audit on all of Bachus & Schanker's cases to ensure service was made. **Exhibit 6, ¶9-11.** Counsel was told that the audit had been completed and that there were no

issues with service. **Exhibit 6, ¶12.** The undersigned has approximately 1,273 cases pending against Sanofi has complied with PTO 9 and CMO 35 in all cases except for the nine cases subject to this Motion. Given the track record of service, counsel reasonably relied on his staff's representations that service had been completed in all cases, including the cases subject to the instant Motion.

"Contumacious" means "stubbornly disobedient: Rebellious." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary /contumacious. Accessed 1 Sep. 2023. Another dictionary defines the term as, "stubbornly or willfully disobedient to authority …." Word Online Dictionary, Accessed 1 Sep. 2023. Counsel's conduct outlined herein does not match the meaning of the word "contumacious." To the contrary, counsel's conduct demonstrates an effort and an intent to comply with PTO 9 and CMO 35. **Exhibit 2**. There was no stubbornness or willful disobedience whatsoever, rather, there was good faith reliance upon the mistakenly (and out of character) mistaken representations of counsel's paralegal. It is respectfully submitted that these facts do not support the Court's factual conclusion to the contrary.

Pursuant to the Rule 59(e) test used in the Eastern District of Louisiana, the Court's recognition of the facts set forth herein, and in the exhibits hereto, will correct a manifest factual error regarding the Court's finding of "contumacious conduct" upon which the judgment is based. Moreover, setting aside or amending the Court Order as to Plaintiffs will reverse the manifest injustice of a final adjudication adverse to Plaintiff that leaves her case dismissed and unable to be refiled due to the statute of limitation. The evidence here meets the first and third prongs of the *Harang* test, as well as the second prong as discussed below.

**B.     Newly Discovered Evidence is Presented Here. Counsel's Failure to Discover It Meets the Test for Excusable Neglect Under Rule 60.**

In a remarkably similar case, *Razvi v. Dall. Fort Worth Int'l Airport*, No. 21-10016, 2022 WL 4298141 (5th Cir. Sep. 16, 2022), an attorney's assistant's mistake in performing a task delegated was held excusable - "lawyers often delegate tasks to paralegals and secretaries which 'may well ensure greater accuracy in meeting deadlines.'" *See also*, *Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004), *cited with approval in Razvi* ("[T]he delegation of repetitive legal tasks to paralegals has become a necessary fixture.").

As further discussed below, in this instant case, counsel's reliance on his staff doing a full audit and having a meeting in person to go ensure the cases were properly filed meets the test for excusable neglect. As such, the evidence here also meets the second *Harang* prong addressing newly discovered evidence.

The United States Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) examined the meaning of "excusable neglect" in the context of late filings. The *Pioneer* analysis has been adopted and applied by the 5th Circuit in *Razvi, supra,* as well as in *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007), *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998), *United States v. Moreno*, No. 3:17-cr-468-D (10) (N.D. Tex. Nov. 30, 2018). The analysis should guide the Court here.

> As the *Pioneer* court explained:
>
>> [B]y empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.
>
> *Pioneer* at 113 S.Ct. 1489 at 1494-95. *See also Razvi* at 4.
>
>> The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances

> surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id., Razvi* at 5, *Stotter* at 820, *Williams* at 879, *Moreno*, supra.

*Razvi* is on point with the instant matter. The *Razvi* court applied the requisite *Pioneer* analysis for "excusable neglect" resulting from an assistant's mistake. The *Razvi* court reversed the trial court's dismissal without prejudice after the statute of limitations had run calling the result "overkill." *Id.* at 16. The court concluded that the "attorney's omission was [not] due to a misunderstanding of the law, ignorance of local rules, gross carelessness, or a deliberate choice. Counsel did not deliberately act in reliance on an erroneous understanding of the law or rules, rather she mistakenly missed a deadline because of a calendaring error. We also cannot say that this error was 'gross carelessness' as lawyers often delegate tasks to paralegals and secretaries which 'may well ensure greater accuracy in meeting deadlines.'" *Id.* at 10. *See also, Pincay*, 389 F.3d at 856. After considering the *Pioneer* factors, the Fifth Circuit held the assistant's mistake was excusable neglect because: "there was no danger of unfair prejudice, the length of delay caused by his filing error did not adversely affect the proceedings, and while the reason for the delay, a calendaring error, was well within the reasonable control of Razvi's counsel, it did not appear to be in bad faith. Moreover, there has been no trial on the merits in this case and the dismissal by the district court precludes such consideration. Accordingly, we reverse the district court's denial of Razvi's motion for relief from judgment." *Razvi* at 2.

Just as in Razvi, the newly discovered facts here establish excusable neglect when applied to the Pioneer factors.

First, there is no danger here of unfair prejudice to Sanofi. Exhibit 1 lists out the facts showing Sanofi was on sufficient notice of the cases and the discovery each Plaintiff filing this

Motion provided[1], and was put on notice by Plaintiffs' Liaison Counsel of the existence of the lawsuit via reporting. Moreover, there would no prejudice resulting from delayed service given each of the cases existed on MDL Centrality and Defendants received notifications when documents were uploaded to Centrality in each case. Moreover, "being forced to litigate on the merits cannot be considered prejudicial. " *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir.2001) (default judgment lifted).[2]

Second, the length of the delay will not affect the proceedings here. Sanofi was served as soon as counsel recognized that there was an error. Each of Plaintiffs listed in have now served Sanofi and have yet to even be remanded out of the MDL. There is plenty of time to have meaningful participation by both sides in getting the cases ready for remand. Third, the mistakes were not made in bad faith. The delay in service resulted from staff errors (despite repeated follow up from counsel –(**Exhibits 2 & 6)** despite requesting and confirming an was audit done prior to the deadline in place to accomplish service. (**Exhibit 6**. Plaintiffs nor their counsel's actions do not amount to contumacious conduct.

Fourth, there has been no resolution on the merits of the case, and the court's dismissal precludes such consideration.

In sum, the conduct here is the type of conduct that the Fifth Circuit found excusable when applying the *Pioneer* factors and emphasizing, as required by *Pioneer,* "that the determination is "'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Razvi* at 4 quoting *Pioneer*, 507 U.S. at 395. In light of the above, it is respectfully requested that

---

[1] The dismissed Plaintiffs filing the instant Motion were in compliance with all discovery orders.
[2] It is respectfully submitted that Plaintiff has suffered the worst prejudice as her claim has been dismissed with no option to refile. In other words, a balance of the degree of prejudice weights far in favor of granting Plaintiff's relief rather than Sanofi in favor of denial. *Lemoge* v. *United States*, 587 F.3d 1188 (9th Cir. 2009).

the Court reconsider Plaintiffs' dismissal where the Court granted the Defendant's Motion without the specific facts underlying Plaintiffs' counsel's failure to timely serve. It is respectfully submitted that recognition and consideration of the individual facts of *this* Plaintiffs' cases as addressed herein is fundamentally required by due process.

If the Court rejects Plaintiff's Motion, its Order will be based upon the group of Plaintiffs dismissed by its Order, and not on the case-specific facts here. The dismissal will result in a manifest injustice as it is a final adverse adjudication depriving the Plaintiffs of their day in court.

For the above newly discovered and independent reasons, it is respectfully requested that the Court reconsider the Order dismissing Plaintiffs' cases and allow them to proceed. Doing so is within the Court's discretion to "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Hale v. Townley,* 45 F.3d 914, 921 (5th Cir. 1995).

### IV.     Conclusion.

Pursuant to Fed. R. Civ. P. 59(e) and/or Fed. R. Civ. P. 6(b), along with Fifth Circuit precedent, the Court should reconsider its Order dismissing Plaintiffs' cases and reinstate them. The case specific facts establish that Plaintiffs' had no involvement in service and their counsel's actual conduct was not contumacious but excusable.

Dated: September 19, 2023                              Respectfully Submitted,

*/s/ J.Christopher Elliott*
J. Christopher Elliott, Esq.
BACHUS & SCHANKER, LLC
950 17th Street, Suite 1050
Denver, Colorado 80202
Telephone: (303) 893-9800
Facsimile: (520) 893-9900

                Email: celliott@coloradolaw.net
                *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, J. Christopher Elliott, hereby certify that on September 19, 2023, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

                */s/ J. Christopher Elliott*
                J. Christopher Elliott