UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 Section "H" (5) |
| THIS DOCUMENT RELATES TO: *Christine Dvorak*, Case 2:19-cv-13100 *Donna Harrison*, Case 2:19-cv-10847 *Rena Nolin*, Case 2:19-cv-13106 | HON. JANE TRICHE MILAZZO MAG. JUDGE MICHAEL NORTH |

### PLAINTIFFS' MOTION FOR RECONSIDERATION

Above captioned Plaintiffs, by and through their counsel of record, Grant & Eisenhofer, P.A., submit the following Motion for Reconsideration of the Court's August 22, 2023 Order (Doc. 16337), dismissing Plaintiffs' cases without prejudice, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Plaintiffs move the Court to set aside, alter, or amend its Order granting Defendants Sanofi Aventis U.S. LLC and Sanofi US Services Inc. ("Defendants") Motion to Dismiss.

**I.     Legal Standard for Reconsideration**

Rule 59(e) provides the timeline for a "[a] motion to alter or amend a judgment." The district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration." *Rivera v. Garza*, No. 21-20605, 2022 WL 2752224, at *1 (5th Cir. July 14, 2022) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 478‑79 (5th Cir. 2004)). It must balance "two important judicial imperatives ... 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Id.* Eastern District of Louisiana courts have generally considered four factors in deciding motions for consideration; whether:

1

> 1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based,
> 2) the movant presents newly discovered or previously unavailable evidence,
> 3) the motion is necessary in order to prevent manifest injustice, or
> 4) the motion is justified by an intervening change in controlling law.

*Harang v. Schwartz*, No. 13-58, 2014 WL 2807530, *3 (E.D. La. June 20, 2014).

Rule 60(b) states that "the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." *Id*. (citing *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013)). Relief under the expansive sixth prong of the rule "requires a showing of 'manifest injustice' and will not be used to relieve a party from the 'free, calculated, and deliberate choices he has made.'" *Id*.

As discussed below, Defendants were not prejudiced by delayed service. To the contrary, they have actively engaged in litigation since filing their Motion to Dismiss. Manifest injustice will result if Plaintiffs' cases are dismissed as a result of an inadvertent mistake, or excusable neglect, that did not prejudice the Defendants.

## II.   Background and Analysis

Plaintiff Donna Harrison filed her complaint on May 31, 2019. Plaintiffs Christine Dvorak and Rena Nolin filed their complaints on October 11, 2019. Inadvertently, they did not properly serve their complaints at the time.  They mistakenly believed that service was timely completed, but due to clerical error it was not. However, Plaintiffs continued to comply with all entered case

2

management and pretrial orders including Case Management Order No. 12-A, Pretrial Order No. 71-A, and Pretrial Order No. 22. Plaintiffs also served all discovery responses via MDL Centrality pursuant to Pretrial Order No. 24. Plaintiff Donna Harrison filed a Notice of Partial Dismissal against other Defendants.

Defendants agreed to waive formal service of process and accept email service. Per Pretrial Order No. 9, this action did nothing more than trigger an automatic response from Defendants indicating receipt, and Sanofi had no further duty to answer or acknowledge the email. Defendants were not required to file an answer and thus were not required to disclose any challenge to service.

Case Management Order No. 35 ("CMO 35") allowed service until August 31, 2022, thus allowing service for about two years after the Plaintiffs' complaints were filed. While this was ample time in which to complete service, Plaintiffs did not complete service prior to the August 31, 2022 deadline in CMO No. 35 because they continued to operate under the mistaken belief that service was already completed. CMO No. 35 did not specify any particular case with defective service, and thus Plaintiffs did not suspect anything was amiss with service in their cases. They did not willfully or contumaciously ignore the deadline for service, as evidence by their continued prosecution of the case as if it had been properly served.

Counsel for Plaintiffs only became aware of the service error on October 3, 2022 following Defendants' Motion to Dismiss. Upon learning of the clerical error on October 3, 2022, Plaintiffs immediately served Defendants pursuant to Pretrial Order No. 9. Attached hereto as Exhibit A is a true and correct copy of the emailed receipt for service of process related to Plaintiff Christine Dvorak. Attached hereto as Exhibit B is a true and correct copy of the emailed receipt for service of process related to Plaintiff Donna Harrison. Attached hereto as exhibit C is a true and correct copy of the emailed receipt for service of process related to Plaintiff Rena Nolin. Again, Plaintiff's

intent to comply with all case management and pretrial orders is evidenced by their immediate action to remedy the lack of service. Thus, though Plaintiffs were, regretfully, late in completing service, they were only 33 days short of the extension that CMO No. 35 allowed them.[1] Plaintiffs filed their response to Defendants Motion to Dismiss shortly after, asking the Court extend the deadline to comply with CMO No. 35 by 33 days because, in part, it had good cause to do so based on Plaintiffs' excusable neglect. (Doc. 14851). The good cause underlying this request rests on the excusable neglect of Plaintiffs in failing to realize that their case had not been served, particularly given Defendants continued and active engagement and the applicable statute of limitations.

After service was completed, Defendants continued to actively litigate these cases. This is information and evidence that the Court was not previously able to consider prior to its dismissal. Plaintiffs filed individual fact sheets, which are lengthy documents containing extensive personal and medical information. Defendants issued a deficiency notice to Christine Dvorak's Plaintiff Fact Sheet ("PFS") on 12/12/2022, to which Plaintiff timely responded with an Amended PFS on 1/11/2023. Defendants thereafter served a Defendant Fact Sheet on 3/7/2023. For Donna Harrison, Defendants issued a deficiency notice to her PFS on 12/13/2022, to which Plaintiff timely responded with an Amended PFS on 1/13/2023. Defendants thereafter served a Defendant Fact Sheet on 3/10/2023. Likewise, for Rena Nolin, Defendants issued a deficiency notice to her PFS on 12/12/2022, to which Plaintiff timely responded with an Amended PFS on 1/12/2023. At no point in this process did Defendants indicate any further issue with service. This evidences that Defendants were clearly aware of Plaintiffs cases and able to fully pursue their defense of each case, and the lack of an email perfecting service had no impact to their process of litigating this case. Defendants suffered no prejudice because of delayed service.

---

[1] In contrast, other plaintiffs in the case were given over six years to complete service.

Further, the last five joint reports filed in the case indicate that Defendants tallied, and were thus aware of, all cases against them, including Plaintiffs' cases. Joint Report No. 22 (Doc. No. 12741); Joint Report No. 23 (Doc No. 13894); Joint Report No. 24 (Doc No. 14160); Joint Report No. 25 (Doc No. 14440); Joint Report No. 26 (Doc No. 14691).

Plaintiffs continued to engage in the expense and turbulence of litigation over the approximately one-year period following completed service because they had every intention of actively, and properly, prosecuting their cases. That was halted by this Court's August 22, 2023 Order dismissing their cases without prejudice. The Court's decision to impose the harsh sanction of dismissal was based on the prejudice to the defendant, but the underlying facts demonstrate that Defendants were not prejudiced.

Dismissal with prejudice is "the harshest of all sanctions…[and] an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 476-77 (5th Cir. 1981). Here, the Court has opined that the applicable statute of limitations converts its dismissal to one with prejudice. Such a sanction is not preferred unless there is a clear record of delay or contumacious conduct. *Id.* at 477. The cases approving such a sanction are distinguishable because the defendants in those cases faced actual prejudice. *Veazey* affirmed the district court's decision to dismiss where the defendants did not receive actual notice of the lawsuit for nearly 21 months. *Id.* In *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415 (4th Cir. 2006), the court found prejudice to the defendants because a delay in service affected "the defendant's preparations," explaining that delay between filing and service does not allow Defendants "a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is still intact and available." 452 F.3d at 418. In *Sealed Appellant*, the appellant never served any documentation on defendant and never took "any other action in

5

the case, such as filing motions or pleadings, seeking discovery, or notifying Appellee of the pending claims" over two years. *Id.* at 417. The defendant was not aware that a lawsuit had been filed until a conversation revealed that a lawsuit against it had been unsealed almost two years prior. *Id*.

In contrast to these cases, Defendants were fully able to prepare for and defend against the allegations of Plaintiffs' complaints. Defendants were provided all requested evidence while it was still relatively fresh, intact, and available. There was no action taken, or foregone, in the 33 days between the service deadline set forth in CMO No. 35 and Plaintiffs' completed service. They noted deficiencies in Plaintiffs' extensive fact sheets and provided their own. While Defendants did not receive an email with formal service, they litigated the case as if they had.

The Eastern District of Louisiana has previously denied a motion for dismissal without prejudice because the defendants were aware of, and participated in, the lawsuit against them despite a lack of timely service. *Chenevert v. Algiers Charter Sch. Ass'n, Inc.*, No. CIV.A. 12-2099, 2013 WL 4710408, at *1 (E.D. La. Aug. 29, 2013). In response to the defendants' motion for dismissal, the plaintiffs argued that the defendants were not prejudiced because they had defended the case by submitting affidavits and briefs to the EEOC. *Id.* at *2. The court found that "Defendants' prior knowledge of the action mitigated any prejudice they might have suffered from untimely service." *Id*. at *6. It explained that the "delay in service has not resulted in Defendants missing any deadlines or conferences, or forced them to complete discovery in a more limited time than other parties … [the] trial date provides them with ample time to prepare this case and file any necessary motions." *Id*; *see In re: Ethicon Inc.*, No. 2327, 2016 WL 6436566, at *2 (S.D. W. Va. Oct. 27, 2016) (finding it would be an absurd result if MDL defendants requested sensitive medical information, and encouraged plaintiffs to expend resources in litigation, only to assert a

service issue years later, particularly noting that defendants had led plaintiffs to believe service was adequate through interacting with the litigation).

This Circuit has also reasoned that defendants do not necessarily need to file an answer to waive personal jurisdiction, but taking "some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than one contesting only jurisdiction" can serve as an appearance and waiver of the requirement for personal jurisdiction. *In re: Ethicon Inc.*, 2016 WL 64365666, at *2 (citing *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 281 (5th Cir. 1987)). In fact, the Fifth Circuit has found the "Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat…[this] would elevate formality over substance and would lead plaintiffs to waste time, money, and judicial resources pursuing a cause of action." *Broadcast Music, Inc*., 811 F.2d at 281.

Plaintiffs request that this Court reconsider its prior Order based on the foregoing facts, pursuant to Rule 59(e) and 60(b). Plaintiffs have provided new evidence to the Court that demonstrates Defendants were not prejudiced and demonstrated manifest injustice. Plaintiffs explained that their excusable neglect and other bases for the missed deadline were not contumacious and justify relief from the dismissal.

WHEREFORE Plaintiffs respectfully request this Court reconsider its August 22, 2023 Order and Reasons (Doc. No. 16327).

Dated: September 19, 2023                    /s/      M. Elizabeth Graham
                                             M. Elizabeth Graham, SBN 143085
                                             **GRANT & EISENHOFER, P.A.**
                                             201 Mission Street, Suite 1200
                                             San Francisco, California 94105
                                             Telephone: (415) 229-9720
                                             Email:  egraham@gelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2023, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/    M. Elizabeth Graham