# EXHIBIT A

## AFFIDAVIT OF JOHN H. ALLEN, III

My name is John H. Allen, III. I am competent to make this affidavit. The facts stated in this declaration are within my personal knowledge and are true and correct.

1. "I am an attorney licensed in the State of Texas since 1993. My office currently represents the following clients in the Taxotere litigation (hereinafter referred to as "Affected Clients"):

   Bailey, Mary

   Beifeld, Sydney

   Berry, Velma

   Davis, Beverly

   Davis, Pamela

   Riolo, Joyce

   Smith, Patti

   White, Patricia.

2. The Affected Clients were represented by the Mulligan Law Firm when the Affected Cases were filed, up until the Spring of 2019, when Patrick Mulligan, the principal of The Mulligan Law Firm, passed away. Shortly following his death, the law firm was dissolved, and many of the firm's clients, including the Affected Clients were referred to my office, Allen & Nolte, PLLC.

3. Upon the motion to dismiss the Affected Clients' cases, and again after the dismissal, I inquired as the status and mechanism of service utilized by Mulligan Law Firm on Taxotere cases. I learned that it was standard practice at the Mulligan Law Firm to ensure that service on the defendants in the Taxotere litigation, including the Affected Clients, was made timely, via email transmission pursuant to the CMO's and PTO's entered in In Re: Taxotere, MDL No. 2740. I

learned that confirmation of the service would have been stored in the email server for the Mulligan Law Firm.

4. On inquiry, I further learned from the lawyers handling Mr. Mulligan's estate that after Mr. Mulligan passed away and the Mulligan Law Firm dissolved, the estate paid for the maintenance of the Mulligan Law Firm's database. This database was accessible for two years, after which time, the database was transferred to a "vault" due to the expense of managing the database of over $10,000, per month. The estate lawyers informed that, since no request had been made to access the database in nearly two years since Mr. Mulligan's death, it was determined to be in the best interest of the corpus of the estate to stop maintaining and paying for an active database. Thus, it is my understanding that the estate lawyers can only access the vault, that it would potentially cost in excess of ten thousand dollars to rebuild the database in order to locate and find an email from Charles Orr to defendants on service or process, assuming such email would not have been purged in the transfer to the vault.

5. Further affiant sayeth not."

_____   9/19/23
John H. Allen, III                 Date

SWORN TO and subscribed before me by John H. Allen, III on this 19th day of September, 2023.



Brandi M. Wiginton
Notary Public, State of Texas

BRANDI M. WIGINTON
My Notary ID # 125522013
Expires January 18, 2025