UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)      MDL NO. 2740
PRODUCTS LIABILITY LITIGATION

SECTION "H" (5)

**THIS DOCUMENT RELATES TO:**
*Tessie Adams; 2:17-cv-16210*

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF
### RECONSIDERATION OF THE COURT'S DISMISSAL ORDER

COMES NOW, Plaintiff Tessie Adams ("Plaintiff"), by and through her counsel of record, Allen & Nolte, PLLC, and hereby files her Memorandum in Support of Reconsideration of the Court's Dismissal Order dated August 24, 2023 (Doc. 16337) for failure to comply with CMO 35 and shows as follows:

### I. BACKGROUND FACTS

1. Plaintiff was originally represented by The Mulligan Law Firm ("MLF").  Affidavit of John H. Allen, III, attached hereto as Exhibit A.  MLF filed her lawsuit in December 2017 and had summons issued to Defendants in January 2018.  Thereafter, Plaintiff, by and through MLF, served her Plaintiff Fact Sheet, medical records, and authorizations through MDL Centrality.  In spring 2019, Patrick Mulligan, the principal of The Mulligan Law Firm, passed away.  *Id.*  Following his death, the law firm was dissolved, and the firm's clients were referred to new attorneys.  *Id.*  The Plaintiff herein retained Allen & Nolte, PLLC following the death of Patrick Mulligan.  *Id.*

2. On April 5, 2018, Defendants served Plaintiff with a Notice of Deficiency in Plaintiff Fact Sheet admitting they had been properly served as of the date Plaintiff's Fact Sheet was submitted via MDL Centrality, which was February 21, 2018, well within the 90 day service window.  *See* Affidavit of Jennifer Nolte, attached as Exhibit B.

3.     On October 3, 2022, the Hospira Defendants filed a Motion to Dismiss for Failure to Comply with Case Management Order No. 35 (Doc. 14770).

4.     On October 11, 2022, Plaintiff filed her Response to Defendants' Motion to Dismiss and Plaintiff's Motion for Leave to Extend Time for Service (Doc. 14874).

5.     On October 14, 2022, Plaintiff's case was served, likely for the second time, on the Hospira Defendants.

6.     Ten months later, on August 25, 2023, the Court entered its Order and Reasons dismissing Plaintiff's claims without prejudice for failure to comply with Case Management Order 35 (Doc. 16337).  The Order and Reasons dismisses all of the cases identified in Defendants' Motion, including the case at issue, finding that there is a clear record of delay and contumacious conduct.  However, as shown below, Plaintiff and her counsel believe that the facts and circumstances of this case require the Court to reconsider the Order dismissing Plaintiff's case and allow her case to proceed.

7.     It is respectfully submitted that, contrary to the Court's fact findings that counsel engaged in delay and contumacious conduct, counsel did not ignore warnings from this Court and an extended deadline for effectuating service such that the conduct would be considered contumacious.  To the contrary, counsel's conduct demonstrates efforts and an intent to comply with CMO 35.  There was no stubbornness or willful disobedience, rather there was good faith reliance upon the statements of Plaintiff's prior counsel and the Defendants' actions.

## II.     ARGUMENT & AUTHORITIES

### A. Legal Standard for Reconsideration under Rule 59(e).

8.     There are four factors courts in the Eastern District of Louisiana consider when deciding motions under Rule 59(e):

      a. Whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
      b. whether the movant presents new evidence;
      c. whether the motion is necessary in order to prevent manifest injustice; and
      d. whether the motion is justified by an intervening change in the controlling law.

*Castrillo v. American Home Mortg. Servicing, Inc.* No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010).

### B. Manifest Injustice

9. Dismissal based upon a technical defect in service, while Defendants possess notice and knowledge of Plaintiff's case specifics and have actively engaged in case-specific litigation, is unduly harsh and results in manifest injustice. The injustice is amplified in the MDL setting which is different from the setting of individual, stand-alone cases. MDL's operate with their own sets of rules. The efficiencies of many of these rules, including streamlined discovery and streamlined discovery challenges, operate to the benefit of all parties. The MDL setting should be considered as the Court takes action, especially action with devastating ramifications. When exploring this very issue, another MDL Court (MDL No. 2327 IN RE ETHICON, INC. Pelvic Repair System Products Liability Litigation) conducted the analysis:

> The defendants' assertion that the court does not have personal jurisdiction over them [based upon failure to timely serve] is inconsistent with their behavior thus far. While the defendants had not previously filed any motions or appeared before the court, their interaction with the Plaintiff clearly led the Plaintiff to believe that service of process was adequate. By acknowledging receipt of the PPF, demanding additional information, and threatening to pursue remedy in court if the plaintiff did not comply, the defendants acknowledged the court's jurisdiction over this case. Particularly considering the sensitive nature of the information contained in the PPF, the only reasonable conclusion is that the defendants manifested their intention to defend the suit and have waived the defense of untimely service of process. It would indeed be an absurd result, likely placing the defendants and their counsel in an ethical hole, if this court allowed the defendants to request the plaintiff provide sensitive medical information and encourage the plaintiff to expend resources pursuing litigation, only for the defendants to assert, years later, that this court lacks jurisdiction. When the defendants indicate such a clear willingness to engage in litigation, they have waived any defense for failure to timely serve.

In re: Ethicon, Inc., No. 2327, 2016 WL 6436566, at *2 (S.D.W. Va. Oct. 27, 2016).

      10.     The *Ethicon* court based its analysis, in part, on the below:

> Other courts also consider the defense of untimely service waived when the conduct of a defendant leads a plaintiff to believe that service is adequate. *See Blachy v. Butcher*, 221 F.3d 896, 910-11 (6th Cir. 2000); *Trustees of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732-733 (7th Cir. 1991); and *Rockwell Med., Inc. v. Yocum*, No. 13-10480, 2013 WL 4760971, at *4 (E.D. Michigan 2013). The Fifth Circuit adopted the rule that the defendants do not necessarily need to file an answer to waive personal jurisdiction, rather taking "some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than one contesting only jurisdiction" can serve as an appearance and waiver of the requirement for personal jurisdiction. *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 281 (5th Cir. 1987) (quoting *Cactus Pipe & Supply v. M/V MONTMARTRE*, 756 F.2d 1103, 1108 (5th Cir. 1985)). More specifically, the Second Circuit found that the defendant waived the defense of defect service of process by attending a conference with a magistrate and scheduling discovery and motion practice without mentioning the defect of service, which could have been cured within the limitations period had the defendant complained. *Datskow v. Teledyn, Inc., Cont'l Products Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990). Thus, many circuits agree that defendants can waive objections to personal jurisdiction by indicating a willingness to defend the suit or taking other action that would lead the plaintiff to believe service was adequate.

In re: Ethicon, Inc., No. 2327, 2016 WL 6436566, at *2 (S.D.W. Va. Oct. 27, 2016).

      11.     Further, in the Fifth Circuit case cited above by the *Ethicon* court (a case involving an attorney's appearance in a case, followed by assertions of lack of personal jurisdiction based upon lack of service of process), the Fifth Circuit went on to say:

> The Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit in order to escape default judgment. To countenance this train of events would elevate formality over substance and would lead Plaintiff to waste time, money, and judicial resources pursuing a cause of action. Indeed, that waste would result here if we void the district court's judgment for lack of service of process.

Broad. Music, Inc. v. M.T.S. Enterprises, Inc., 811 F.2d 278, 281 (5th Cir. 1987).

      12.     As such, Hospira's actions in receiving and reviewing extensive, case-specific and personal discovery and in, then, vigorously challenging that discovery effectively waived objection to defective service. At the least, because of those circumstances and the lack of prejudice to

Hospira, Hospira should not be permitted to, now, utilize lack of service as a sword, and the Court should reconsider its decision to terminate Plaintiff's case, and excuse counsel's mistake, if any. To do otherwise would not be just under the circumstances.

### C. Granting Plaintiff's Motion Will Prevent Manifest Error of Fact and Injustice.

13. Upon entry of CMO 35, counsel reviewed their cases to determine if service had been effectuated. Based on the information available, counsel believed that the cases had been properly served. Counsel based this determination on confirmation of the following:

   a. Each case had been filed;
   b. Summons had been issued in each case;
   c. Plaintiff Fact Sheets and associated documents had been served through MDL Centrality;
   d. Defendants' service of Notice of Deficiency in Plaintiff Fact Sheet acknowledging that Defendants had been properly served; and
   e. Verbal confirmation from previous attorney that they served all the cases pursuant to PTO 40A (Streamlined Service on Hospira-aventis U.S., LLC). Affidavit of Charles G. Orr attached hereto as Exhibit C.

14. Defendants served a Notice of Deficiency in Plaintiff Fact Sheet ("Deficiency Notice") on April 5, 2018, admitting that they had been properly served as of the date the Plaintiff Fact Sheet was submitted via MDL Centrality, which was in February 2018, well within the 90 days service window. The first sentence of the Deficiency Notice states:

> "This deficiency notice is submitted on behalf of **defendants properly served** as of the date plaintiff's Plaintiff Fact Sheet (PFS) was submitted via MDL Centrality." (emphasis added).

Nolte Aff.

Based on the Deficiency Notice and the investigation completed by counsel, as noted above, counsel concluded that the Defendants had been properly served. Defendants cannot, more than four years after admitting it was properly served, argue that Plaintiff failed to effectuate service.

15. Further, PTO 40A provides for email service on Hospira which triggers an automatic email response and requires no other action or duties on behalf of Hospira (and Hospira is not required to file an answer to the complaint or any other filing). Accordingly, counsel reached out to the previous attorney to obtain the email proof. Unfortunately, due to Defendants' delay in bringing the failure of service to Plaintiff's attention, the email server at the previous law firm was no longer available, so counsel relied on the previous lawyer's confirmation that their firm properly served the cases before the files were transferred to undersigned counsel. Allen Aff., Orr Aff.

D. **Defendants' ongoing litigation of this matter confirmed to counsel that Defendants had been properly served.**

16. One of the processes put in place in this litigation was a way by which Defendants could move for dismissal of cases for failure to comply with the Court's Orders, including those regarding discovery and service. Over the course of this litigation, numerous hearings have been held addressing such motions. Prior to the hearing on Defendants' motions, Defendants provide to Plaintiffs' counsel a list of cases they argue are not compliant with the Court's Orders to provide Plaintiffs with an opportunity to bring their cases in compliance.

17. On at least one occasion, Defendants filed a non-compliance list that included among the reasons for inclusion that the cases had not been served (Doc. 13471). Plaintiff was not placed on this list for failure to serve or any subsequent non-compliance list for failure to serve. *See Id.* Plaintiff's counsel, having noted Defendants' failure to include Plaintiff's case on a non-compliance list for failure to serve Defendants, reasonably believed that Defendants had been served.

18. Further, Plaintiff and Defendants engaged in discovery and motion practice in Plaintiff's case. In response to Defendants' Deficiency Notice dated April 5, 2018, Plaintiff responded by serving proof of injury photos on May 3, 2018. Plaintiff also subsequently served

the requisite "CMO 12 Product Identification" and a Response to Deficiency Notice on August 1, 2018. Plaintiff further served requisite authorizations in September 2018, and additional medical records in December 2018.

19. On May 1, 2020, Plaintiff's case was identified on Defendants' Notice of Non-Compliance Cases Subject to Dismissal. The Notice did not list that Plaintiff's case was not served as a reason for dismissal. In order to bring her case in compliance, on May 8, 2020, Plaintiff served additional proof of injury photos, and Counsel provided Defendants with the requisite email notification that the necessary documents had been submitted through MDL-Centrality. Plaintiff was thereafter removed from the non-compliance list. As a result of her case being removed from the non-compliance list, Plaintiff reasonably believed that her case was in compliance with the Court's Orders, including proper service on Defendants.

20. Approximately nine months later, on February 5, 2021, Plaintiff's case was again identified in Defendants' Notice of Non-Compliance Cases Subject to Dismissal. That Notice also did not list that Plaintiff's case was not served as a reason for dismissal. In order to bring her case in compliance, on February 10, 2021, Plaintiff served an updated PFS Verification/Declaration and updated authorizations, and Counsel provided Defendants with the requisite email notification that the necessary documents had been submitted through MDL-Centrality. Plaintiff was thereafter removed from the non-compliance list. As a result of her case being removed from the non-compliance list, Plaintiff again reasonably believed that her case was in compliance with the Court's Orders, including proper service on Defendants.

21. Additionally, Defendants had further notice of Plaintiff's claim because her case was included on Defendants' April 5, 2022 Notice of Non-Compliance with CMO 12A, whereby the 505(b) Defendants identified Plaintiff's case as having "Hospira PID" and requesting the

dismissal of all other named defendants. In response to this Notice, Plaintiff filed a Notice of Partial Dismissal of all defendants except the Hospira Defendants on April 28, 2022.

**E. Any finding that Plaintiff's lawsuit was served late is excusable.**

22. The United States Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) examined the meaning of "excusable neglect" in the context of late filings. The *Pioneer* analysis has been adopted and applied by the 5th Circuit in *Razvi*, supra, as well as in *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007), *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998), *United States v. Moreno*, No. 3:17-cr-468-D (10) (N.D. Tex. Nov. 30, 2018). The analysis should guide the Court here.

> As the *Pioneer* court explained:
>
> [B]y empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.

*Pioneer* at 113 S.Ct. 1489 at 1494-95. See also *Razvi* at 4.

> The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.*, *Razvi* at 5, *Stotter* at 820, *Williams* at 879, *Moreno*, supra.

23. First, there is no danger here of unfair prejudice to Hospira. Counsel has fully complied with Court Orders regarding the exchange/uploading of records, photographs, fact sheets, and other information. As such, Hospira has had notice of Plaintiff's case, and has taken full advantage of that notice in, among other ways, challenging her claims via deficiency procedures. It, then, stretches the bounds of fairness to now dismiss Plaintiff's case based upon

provisions whose sole purpose is to provide notice. Notice has been provided, received, and acted upon.

24. Second, the length of the delay will not affect the proceedings here. Hospira was served by email as soon as counsel recognized that there was potentially an error. Hospira can point to no prejudice related to the delay in technical service.

25. Third, the mistake, if any, was not made in bad faith. Any mistake would have resulted from prior counsel's and/or prior counsel's assistant's errors, despite having office policies in place to accomplish service, and does not amount to contumacious conduct.

26. Fourth, there has been no resolution on the merits of the case, and the court's dismissal precludes such consideration.

27. In sum, the conduct here is the type of conduct that the Fifth Circuit found excusable when applying the *Pioneer* factors and emphasizing, as required by *Pioneer*, "that the determination is "'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Razvi* at 4 quoting *Pioneer*, 507 U.S. at 395. In light of the above, it is respectfully requested that the Court reconsider Plaintiff's dismissal where the Court granted the Defendants' Motion without all of the case-specific facts. It is respectfully submitted that recognition and consideration of the individual facts of Plaintiff's case, as addressed herein, is fundamentally required by due process and to avoid manifest injustice.

28. If the Court rejects Plaintiff's Motion, its Order will be based upon the group of Plaintiffs dismissed by its Order, and not the case-specific facts here.

29. For the above reasons, it is respectfully requested that the Court reconsider the Order dismissing Plaintiff's case and allow her case to proceed. Doing so is within the Court's

discretion to "strike the proper balance between the need for finality and the need to render just decision on the basis of all the facts." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

### F. Conclusion.

30. Pursuant to Rule 59 and Rule 60, F.R.C.P., and Fifth Circuit and related law, the Court should reconsider its Order dismissing Plaintiff's case and reinstate it. The case-specific facts establish that Plaintiff's counsel's actual conduct was not contumacious. Dismissal of Plaintiff's case will result in a manifest injustice as it is a final adverse adjudication depriving the Plaintiff of her day in court.

### III. PRAYER

31. WHEREFORE, Plaintiff prays that the Court reconsider its order of dismissal and reinstate Plaintiff's claims. Plaintiff prays for such other appropriate relief.

Dated: September 21, 2023

**ALLEN & NOLTE, PLLC**

By: /s/ Jennifer Nolte
John H. "Trey" Allen, III, Esq. – Trial/Lead Counsel
trey@allennolte.com
Jennifer Nolte, Esq.
jnolte@allennolte.com
5445 La Sierra Drive, Suite 350
Dallas, TX 75231
Tel: (214) 521-2300
Fax: (214) 452-5637

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of September, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

                                  /s/ Jennifer Nolte
                                  Jennifer Nolte