**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 |
| | SECTION: H |
| THIS DOCUMENT RELATES TO: | HON. JANE TRICHE MILAZZO |
| **Lori Hansen** **Case No. 2:18-cv-00355** | |

**PLAINTIFF LORI HANSEN'S F.R.C.P. 59(e) & 60(b)**
**MOTION FOR RECONSIDERATION OF THE**
**COURT'S DISMISSAL ORDER (Doc. 16327)**

Pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure, Plaintiff

Lori Hansen (MDL No. 2:18-cv-00355) (hereinafter "Plaintiff") represented by attorney Daniel

P. Markoff, respectfully asks the Court to reconsider its ruling in the Order filed August 25, 2023

(Doc. No. 16337). Plaintiff further respectfully requests that the Court reconsider its effective

denial of Plaintiff's Motion for Leave to Extend the Time for Plaintiff to Comply with CMO 35

(Doc. No. 14903).  Plaintiff urges reconsideration to prevent manifest injustice.

**INTRODUCTION**

Plaintiff requests that the Court reconsider her ruling in light of what Plaintiff submits

would be manifest injustice under the specific circumstances of her case as well as the more general

circumstances of the MDL. At the outset, Plaintiff states that the Court's ruling dismissing her

case is likely the end for her case, given that refiling would be subject to a statute of limitations

challenge. Plaintiff asks the Court to reconsider her ruling considering its harsh repercussions

and to excuse counsel's mistake in an exercise of the Court's discretion and equity.

**BACKGROUND**

In June of 2017, this Court entered Pretrial Order No. 40A – Streamlined Service on Hospira Inc. (hereinafter "Hospira") (Doc. No. 509) to govern service in this matter. PTO 40A opens by stating that Hospira "agrees to waive formal service of process." PTO 40A provides for email service on Hospira which triggers an automatic email response and requires no other action or duties on behalf of Hospira (Hospira is not required to file an answer to the complaint or any other filing). As such, a Plaintiff is not placed on notice of any challenge to proper service in a given case. At no time prior to the current motion did Hospira share with Plaintiff Hansen that proper service was lacking.

Whether or not there has been technical PTO 40A service, cases (including Plaintiff's) then proceeded with discovery in that plaintiffs file Plaintiff Fact Sheets and are then subject to deficiency challenges and, possibly, show cause hearings. As to Plaintiff Hansen, she filed her case on January 11, 2018, naming Hospira, Inc. as the only defendant. Then on April 19, 2018, she filed her PFS, selecting only Hospira, Inc. as the manufacturer, and submitted to Defendant Hospira via MDL Centrality.   The PFS included extensive personal information and medical records uploaded from April 19, 2018 to June 6, 2019.  Defendant Hospira received notice of the PFS, reviewed the PFS, records and photographs as they were submitted on MDL Centrality. Again, at no time during the discovery review did Hospira raise the issue of service of process; Plaintiff Hansen's case proceeded in the same fashion as all others, and Hospira was free to advantage of this Court's pretrial orders to challenge Plaintiff's discovery submissions.

In July 2022, the Court entered CMO 35 (Doc. No. 14456) directing plaintiffs to ensure service of process had been effected. At no time did Hospira notify Plaintiff Hansen of its position that there was no proper service.  CMO 35 did not list cases in which Defendant alleged a lack of proper service.  As such, Plaintiff Hansen was not given specific notice of a challenge

to service at any point prior to September 27, 2022, when Hospira filed their motion to dismiss.

When CMO 35 was issued, counsel made a due diligent effort to look back through records to determine whether each case was properly served, however given our hundreds of cases filed in this litigation, we overlooked this case and inadvertently and mistakenly believed this case had been served on Hospira.  Counsel admits his firm's mistake.  However, counsel submits that the mistaken conduct did not have a contumacious nature or motive.

Plaintiff submits that there is an unfairness in, on the one hand, Hospira discovering the facts of Plaintiff's case, while all along believing service was lacking, but choosing not to inform Plaintiff as such.  Hospira knows and has known (since, at least, 2018) not only of the existence of Plaintiff's claims but also the factual and medical background and support for those claims.

Further, Plaintiff would point out that Hospira has understood that Plaintiff's case has been pending and has reported upon its existence to the Court during status conferences and as part of the Joint Reports submitted.  For example, on May 26, 2021, Joint Report No. 22 was submitted, stating:

> As of May 21, 2021, Plaintiffs have served 12,406 PFSs, and 922 are in progress. Based on the PFSs received as of May 21, 2021, they allege product ID among Defendants as follows:  5,151– Hospira before March 8, 2011; 1,606 – Hospira after March 8, 2011; 77 – Hospira (unknown treatment date); 1,749– Hospira; 607 – Hospira; 443 – Accord; 5 – Actavis; 24 – McKesson; 23 – Sagent; 9 – Sun; 5 – Pfizer; 1,046 – Unknown; 95 – Blank; 6– Other (Dr. Reddy's, Eagle, Teva); 255 – Defendant(s) + Unknown; 1,258 – multiple defendants + CMO 12 Upload[1]; 47 – multiple defendants + No CMO 12 Upload

The Joint Reports memorialize Defendants' knowledge of the number of Plaintiffs who identify each of them as a Defendant in their PFS.  Prior to, and since, that report, Defendant had received notice of, had been aware of, and had been actively litigating, Plaintiff Hansens's case.

## I.      Legal Standard for Reconsideration

Courts in the Eastern District of Louisiana have granted motions for reconsideration under the Rule 59(e) standard when one or more of the following four factors is present:

    (1)    the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

    (2)    the movant presents newly discovered or previously unavailable evidence;

    (3)    the motion is necessary in order to prevent manifest injustice; or

    (4)    the motion is justified by an intervening change in controlling law

*Harang v. Schwartz*, CIVIL ACTION No. 13-58 (E.D. La. June 20, 2014) citing *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010).

## II.    Manifest Injustice

Dismissal based upon a technical defect in service, while Defendant possesses notice and knowledge of Plaintiff's case specifics and has actively engaged in case-specific discovery is unduly harsh and results in manifest injustice. The injustice is amplified in the MDL setting which is different from the setting of individual, stand-alone cases. MDLs operate with their own sets of rules. The efficiencies of many of these rules, including streamlined discovery and streamlined discovery challenges operate to the benefit of all parties. The MDL setting should be considered as the Court takes action, especially action with devastating ramifications. When exploring this very issue, another MDL Court (MDL No. 2327 IN RE ETHICON, INC. Pelvic Repair System Products Liability Litigation) conducted the analysis:

> The defendants' assertion that the court does not have personal jurisdiction over them [based upon failure to timely serve] is inconsistent with their behavior thus far. While the defendants had not previously filed any motions or appeared before the court, their interaction with the plaintiffs clearly led the plaintiffs to believe that service of process was adequate. By acknowledging receipt of the PPF, demanding additional information, and threatening to pursue remedy in court if the plaintiff did not comply, the defendants acknowledged the court's jurisdiction over this case. Particularly considering the sensitive nature of the information contained in the PPF, the only reasonable conclusion is that the defendants manifested their intention to defend the suit and have waived the defense of untimely service of process. It would indeed be an absurd result, likely placing the defendants and their

counsel in an ethical hole, if this court allowed the defendants to request the plaintiff provide sensitive medical information and encourage the plaintiff to expend resources pursuing litigation, only for the defendants to assert, years later, that this court lacks jurisdiction. When the defendants indicate such a clear willingness to engage in litigation, they have waived any defense for failure to timely serve.

In re: Ethicon, Inc., No. 2327, 2016 WL 6436566, at *2 (S.D.W. Va. Oct. 27, 2016).

The Ethicon court based its analysis, in part, on the below:

Other courts also consider the defense of untimely service waived when the conduct of a defendant leads a plaintiff to believe that service is adequate. *See Blachy v. Butcher*, 221 F.3d 896, 910-11 (6th Cir. 2000); *Trustees of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732-733 (7th Cir. 1991); and *Rockwell Med., Inc. v. Yocum*, No. 13-10480, 2013 WL 4760971, at *4 (E.D. Michigan 2013). The Fifth Circuit adopted the rule that the defendants do not necessarily need to file an answer to waive personal jurisdiction, rather taking "some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than one contesting only jurisdiction" can serve as an appearance and waiver of the requirement for personal jurisdiction. *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 281 (5th Cir. 1987) (quoting *Cactus Pipe & Supply v. M/V MONTMARTRE*, 756 F.2d 1103, 1108 (5th Cir. 1985)). More specifically, the Second Circuit found that the defendant waived the defense of defect service of process by attending a conference with a magistrate and scheduling discovery and motion practice without mentioning the defect of service, which could have been cured within the limitations period had the defendant complained. *Datskow v. Teledyn, Inc., Cont'l Products Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990). Thus, many circuits agree that defendants can waive objections to personal jurisdiction by indicating a willingness to defend the suit or taking other action that would lead the plaintiff to believe service was adequate.

In re: Ethicon, Inc., No. 2327, 2016 WL 6436566, at *2 (S.D.W. Va. Oct. 27, 2016).

Further, in the Fifth Circuit case cited above by the *Ethicon* court (a case involving an attorney's appearance in a case, followed by assertions of lack of personal jurisdiction based upon lack of service of process), the Fifth Circuit went on to say:

The Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit in order to escape default judgment. To countenance this train of events would elevate formality over substance and would lead plaintiffs to waste time, money, and judicial resources pursuing a cause of action. Indeed, that waste would result here if we void the district court's judgment for lack of service of process.

Broad. Music, Inc. v. M.T.S. Enterprises, Inc., 811 F.2d 278, 281 (5th Cir. 1987).

As such, Hospira's actions in receiving and reviewing extensive, case-specific and personal discovery effectively waived objection to defective service.  Hospira even issued a Notice of Deficiency on MDL Centrality on February 26, 2019 (MDL Centrality No. 317456), followed by an Amended Notice of Deficiency on MDL Centrality on March 6, 2019 (MDL Centrality No. 321531), which stated "This notice is submitted on behalf of defendants properly served as of the date plaintiff's Plaintiff Fact Sheet (PFS) was submitted via MDL Centrality".  Given that we had only named Hospira, Inc. as a Defendant and we only identified Hospira, Inc. as the manufacturer in the Plaintiff Fact Sheet, this led us to believe Hospira was clearly properly served as the only Defendant ever being identified.  At the least, because of those circumstances and the lack of prejudice to Hospira, Hospira should not be permitted to, now, utilize lack of service as a sword, and the Court should reconsider its decision to terminate Plaintiff's case, and excuse counsel's mistake.  To do otherwise would not be just under the circumstances.

### III.     Conclusion

Pursuant to Rule 59 and Rule 60, F.R.C.P., and Fifth Circuit and related law, Plaintiff requests that the Court find the mistakes involved to be excusable. The case-specific facts establish that Lori Hansen's counsel's actual conduct was not contumacious. Dismissal of Plaintiff's case will result in a manifest injustice as it is a final adverse adjudication depriving the Plaintiff of her day in court.

In the interest of justice, it is respectfully requested that the Court reconsider the Order dismissing Ms. Hansens's case and allow her case to proceed. Doing so is within the Court's discretion to "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

Dated:  September 22, 2023          Respectfully Submitted,


                                      */s/Daniel P. Markoff*
                                      Daniel P. Markoff OBA #14886
                                      Atkins & Markoff
                                      9211 Lake Hefner Parkway,
                                      Suite 104
                                      Oklahoma City, OK 73120
                                      405-607-8757 phone
                                      405-607-8749 fax
                                      dmarkoff@atkinsandmarkoff.com

                                      *Attorney for Plaintiff*

8

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2023, I electronically filed the foregoing document

with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel

of record.

*/s/Daniel P. Markoff*