UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  TAXOTERE (DOCETAXEL)            MDL No. 2740
PRODUCTS LIABILITY LITIGATION

                                                        SECTION: "H" (5)

THIS DOCUMENT RELATES TO:
*Plaintiffs Listed on Exhibit A*

# PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35

Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), Plaintiffs listed on Exhibit A, by and through their counsel of record, Bachus & Schanker, LLC, submit the following Motion for Reconsideration of the Court's August 25, 2023, Order dismissing Plaintiffs' cases (Doc. 16337) without prejudice. Plaintiffs respectfully request the Court reconsider its ruling and reinstate the cases listed in Exhibit A against Defendants Hospira, Inc. and Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc.'s ("Defendants").

## I.    Introduction

The Defendants filed Motions to Dismiss based on failure to timely serve complaints under Pretrial Order 9 and Case Management Order 35. Plaintiffs timely responded to Defendants' filings. See Doc. 14891. On August 25, 2023, the Court entered an Order granting Defendants' Motion to Dismiss. That Order included Plaintiffs listed on Exhibit A who now seek reconsideration and reinstatement of their cases. Plaintiffs posit that there was no contumacious conduct warranting dismissal in a situation where statutes of limitations may have run and also posit that there is no prejudice to Defendants. Plaintiffs and Defendants have been actively

1

litigating these cases for many years. As shown in Plaintiffs' **Exhibit A**, Plaintiffs have disclosed significant amounts of discovery to Defendants, putting them in the same position as plaintiffs whose complaints had been served in accordance with PTO 9 and CMO 35. Additionally, the failure to timely serve the forty-four cases subject to this Motion was due to excusable neglect, mistake, and/or inadvertence due to counsel's reliance on a paralegal who assured counsel that all complaints had been timely served.

## II.  Legal Standard for Reconsideration.

Courts in the Eastern District of Louisiana have granted motions for reconsideration under the Rule 59(e) standard when one or more of the following four factors:

(1)   the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
(2)   the movant presents newly discovered or previously unavailable evidence;
(3)   the motion is necessary in order to prevent manifest injustice; or
(4)   the motion is justified by an intervening change in controlling law.

*Harang v. Schwartz*, CIVIL ACTION No. 13-58 (E.D. La. June 20, 2014) citing *Castrillo v. Am. Home Mortg. Servicing, Inc.,* No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010).

The district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration." *Rivera v. Garza*, No. 21-20605, 2022 WL 2752224, at *1 (5th Cir. July 14, 2022) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 47879 (5th Cir. 2004)). It must balance "two important judicial imperatives ... ) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts."

Rule 60(b) states that "the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

2

misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." *Id.* (citing *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013)). Relief under the expansive sixth prong of the rule "requires a showing of 'manifest injustice' and will not be used to relieve a party from the 'free, calculated, and deliberate choices he has made.'" *Id.*

As addressed below, Defendants have not identified any prejudice as a result of delayed service (because there was none). All parties were actively litigating the matters listed on Exhibit A, and following the Defendants' Motion, Defendants continued to litigate these matters. While Defendants suffer no prejudice from delayed service, a manifest injustice will result if Plaintiffs' cases are dismissed as a result of the inadvertent mistake or excusable neglect that resulted in delayed service.

**III.   Newly Discovered Independent Facts & Reasons Not Considered by the Court.**

Plaintiff believes the below facts are new independent facts or may not have been considered by the Court in deciding whether Defendants have suffered any prejudice or whether Plaintiffs' conduct in failing to timely serve a complaint was contumacious.

1.  Defendants agreed to waive formal service of process and accept email service. Per Pretrial Order No. 9, this action did nothing more than trigger an automatic response from Defendants indicating receipt, and Defendants had no further duty to answer or acknowledge the email. Defendants were not required to file an answer and thus were not required to disclose any challenge to service.

2.  On July 26, 2022, the undersigned, sent an email to his staff in response to the general status conference in front of Judge Milazzo on July 22, 2022, where she ordered all

        complaints be served. The undersigned had his staff keep a master service excel spreadsheet that tracked the dates of service for each Defendant. The undersigned also that same day sent an email asking for a in person meeting to be scheduled. After the audit service project was concluded by the undersigned staff, he had a in person meeting with his staff prior to the August 31, 2022, deadline to make certain all cases had been properly served. **(Exhibit B).**

3. Case Management Order No. 35 ("CMO 35") allowed service until August 31, 2022, thus allowing service for about two years after the Plaintiffs' complaints were filed. While this was ample time in which to complete service, Plaintiffs did not complete service prior to the August 31, 2022 deadline in CMO No. 35 because they continued to operate under the mistaken belief that service was already completed. CMO No. 35 did not specify any particular case with defective service, and thus Plaintiffs did not suspect anything was amiss with service in their cases. They did not willfully or contumaciously ignore the deadline for service, as evidence by their continued prosecution of the case as if it had been properly served.

4. Plaintiffs' Co-Liaison Counsel provided all Defendants, including Defendants, a report of claims and case inventory every two-three months. See e.g. Docs. 12741, 13894, 14160, 14440. Both parties submitted Joint Reports acknowledging the filed cases. *Id*. Defendants cannot claim they were unaware of Plaintiffs' claims given or that they were prejudiced by any delay in service.

5. In each of the cases listed on Exhibit A, Plaintiffs complied with all discovery obligations, putting them in the same position as Plaintiffs who timely served complaints. The discovery each Plaintiff completed was served through Centrality. The extent of discovery

      participation of each Plaintiff is listed in **Exhibit A.**

6. After the briefing for Defendants' Motion to Dismiss was completed, Defendants continued to litigate these matters.

7. Counsel for Plaintiffs only became aware of the service error on October 3, 2022, following Defendants' Motion to Dismiss. Upon learning of the clerical error on October 3, 2022, Plaintiffs immediately served Defendants pursuant to Pretrial Order No. 9.

8. On December 21, 2020, counsel circulated a proposed amended complaint for Earnestine Dawson and Geraldine Manigault to Defendants and sent another amended complaint on January 1, 2021, pursuant to PTO 105. Defendants did not raise a service issue. **See Exhibit C, pp. 6, 9**.

9. On December 21, 2020, counsel circulated a proposed amended complaint for Ruby Harris, Johnnie Johnson, Annie Section, Annie Siler, Kimberly Spencer, Teresa Tarver, Doris Williams, and Catherine Walker to Defendants. Defendants did not raise an issue with service. **See Exhibit C, pp. 7-8, 10-13**

10. Jonnie Johnson was on the July 2023, show cause docket and with the deficiency requesting her to dismiss all Defendants except Hospira.

11. Kristy Justice was on a February 2023 show cause for her "before" photos lacking metadata.

    **IV.   ARGUMENT**

Dismissal with prejudice is "the harshest of all sanctions…[and] an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 476-77 (5th Cir. 1981). Here, the Court has opined that the applicable statute of limitations converts its dismissal to one with prejudice. Such a sanction is not preferred unless there is a clear record of delay or contumacious conduct. *Id.* at 477. The cases approving such a sanction are

distinguishable because the defendants in those cases faced actual prejudice. *Veazey* affirmed the district court's decision to dismiss where the defendants did not receive actual notice of the lawsuit for nearly 21 months. *Id.* In *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415 (4th Cir. 2006), the court found prejudice to the defendants because a delay in service affected "the defendant's preparations," explaining that delay between filing and service does not allow Defendants "a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is still intact and available." 452 F.3d at 418. In *Sealed Appellant*, the appellant never served any documentation on defendant and never took "any other action in the case, such as filing motions or pleadings, seeking discovery, or notifying Appellee of the pending claims" over two years. *Id.* at 417. The defendant was not aware that a lawsuit had been filed until a conversation revealed that a lawsuit against it had been unsealed almost two years prior. *Id.*

In contrast to these cases, Defendants were fully able to prepare for and defend against the allegations of Plaintiffs' complaints. Defendants were provided all requested evidence while it was still relatively fresh, intact, and available. There was no action taken, or foregone, in the 33 days between the service deadline set forth in CMO No. 35 and Plaintiffs' completed service. In some cases subject to the Order, Defendants continued litigating even after filing a motion to dismiss.

The Eastern District of Louisiana has previously denied a motion for dismissal without prejudice because the defendants were aware of, and participated in, the lawsuit against them despite a lack of timely service. *Chenevert v. Algiers Charter Sch. Ass'n, Inc.*, No. CIV.A. 12-2099, 2013 WL 4710408, at *1 (E.D. La. Aug. 29, 2013). In response to the defendants' motion for dismissal, the plaintiffs argued that the defendants were not prejudiced because they had defended the case by submitting affidavits and briefs to the EEOC. *Id.* at *2. The court found that "Defendants' prior knowledge of the action mitigated any prejudice they might have suffered from untimely service." *Id.* at *6. It explained that the "delay in service has not resulted in Defendants missing any deadlines or conferences, or forced them to complete discovery in a more limited time than other parties … [the]

trial date provides them with ample time to prepare this case and file any necessary motions." *Id*; *see In re: Ethicon Inc.*, No. 2327, 2016 WL 6436566, at *2 (S.D. W. Va. Oct. 27, 2016) (finding it would be an absurd result if MDL defendants requested sensitive medical information, and encouraged plaintiffs to expend resources in litigation, only to assert a service issue years later, particularly noting that defendants had led plaintiffs to believe service was adequate through interacting with the litigation).

This Circuit has also reasoned that defendants do not necessarily need to file an answer to waive personal jurisdiction, but taking "some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than one contesting only jurisdiction" can serve as an appearance and waiver of the requirement for personal jurisdiction. *In re: Ethicon Inc.*, 2016 WL 64365666, at *2 (citing *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 281 (5th Cir. 1987)). In fact, the Fifth Circuit has found the "Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat…[this] would elevate formality over substance and would lead plaintiffs to waste time, money, and judicial resources pursuing a cause of action." *Broadcast Music, Inc*., 811 F.2d at 281.

Based upon the facts, Plaintiffs submit that their counsel's conduct was not contumacious. Counsel did not ignore or willfully disregard PTO 9 or CMO 35 regarding service. (**See Exhibit B**). A paralegal who was worked with counsel for four years prior to resigning last fall, Ashley Ledesma, was given the responsibility of serving complaints and summons to all named Defendants. **Exhibit D, ¶3-4.** Prior to the entry of CMO 35, counsel for Plaintiffs had routinely met with Ms. Ledesma, who maintained a service spreadsheet, to ensure all complaints had been served and based on those meetings was under the impression that all complaints filed by Bachus & Schanker had been served. **Exhibit D ¶6-7.** Upon the entry of CMO 35 and advisement from

7

liaison counsel to ensure all complaints had been served, counsel met with Ms. Ledesma and requested she perform an audit on all of Bachus & Schanker's cases to ensure service was made. **Exhibit D, ¶9-11.** Counsel was told that the audit had been completed and that there were no issues with service. **Exhibit D, ¶12.** Bachus & Schanker has approximately 500 cases pending against Hospira and has complied with PTO 9 and CMO 35 in all cases except for the 44 cases subject to this Motion. Given the track record of service, counsel reasonably relied on his staff's representations that service had been completed in all cases, including the cases subject to the instant Motion.

"Contumacious" means "stubbornly disobedient: Rebellious." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary /contumacious. Accessed 1 Sep. 2023. Another dictionary defines the term as, "stubbornly or willfully disobedient to authority …." Word Online Dictionary, Accessed 1 Sep. 2023. Counsel's conduct outlined herein does not match the meaning of the word "contumacious." To the contrary, counsel's conduct demonstrates an effort and an intent to comply with PTO 9 and CMO 35. **Exhibit B**. There was no stubbornness or willful disobedience whatsoever, rather, there was good faith reliance upon the mistakenly (and out of character) mistaken representations of counsel's paralegal. It is respectfully submitted that these facts do not support the Court's factual conclusion to the contrary.

Pursuant to the Rule 59(e) and 60(b) tests used in the Eastern District of Louisiana, the Court's recognition of the facts set forth herein, and in the exhibits hereto, will correct a manifest factual error regarding the Court's finding of "contumacious conduct" upon which the judgment is based. Moreover, setting aside or amending the Court Order as to Plaintiffs will reverse the manifest injustice of a final adjudication adverse to Plaintiff that leaves her case dismissed and

unable to be refiled due to the statute of limitation.

In a remarkably similar case, *Razvi v. Dall. Fort Worth Int'l Airport*, No. 21-10016, 2022 WL 4298141 (5th Cir. Sep. 16, 2022), an attorney's assistant's mistake in performing a task delegated was held excusable - "lawyers often delegate tasks to paralegals and secretaries which 'may well ensure greater accuracy in meeting deadlines.'" *See also*, *Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004), *cited with approval in Razvi* ("[T]he delegation of repetitive legal tasks to paralegals has become a necessary fixture.").

As further discussed below, in this instant case, counsel's reliance on his staff doing a full audit and having a meeting in person to go ensure the cases were properly filed meets the test for excusable neglect. As such, the evidence here also meets the second *Harang* prong addressing newly discovered evidence.

The United States Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) examined the meaning of "excusable neglect" in the context of late filings. The *Pioneer* analysis has been adopted and applied by the 5th Circuit in *Razvi, supra,* as well as in *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007), *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998), *United States v. Moreno*, No. 3:17-cr-468-D (10) (N.D. Tex. Nov. 30, 2018). The analysis should guide the Court here.

> As the *Pioneer* court explained:
>
>> [B]y empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.
>
> *Pioneer* at 113 S.Ct. 1489 at 1494-95. *See also Razvi* at 4.

> The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id., Razvi* at 5, *Stotter* at 820, *Williams* at 879, *Moreno*, supra.

*Razvi* is on point with the instant matter. The *Razvi* court applied the requisite *Pioneer* analysis for "excusable neglect" resulting from an assistant's mistake. The *Razvi* court reversed the trial court's dismissal without prejudice after the statute of limitations had run calling the result "overkill." *Id.* at 16. The court concluded that the "attorney's omission was [not] due to a misunderstanding of the law, ignorance of local rules, gross carelessness, or a deliberate choice. Counsel did not deliberately act in reliance on an erroneous understanding of the law or rules, rather she mistakenly missed a deadline because of a calendaring error. We also cannot say that this error was 'gross carelessness' as lawyers often delegate tasks to paralegals and secretaries which 'may well ensure greater accuracy in meeting deadlines.'" *Id.* at 10. *See also, Pincay*, 389 F.3d at 856. After considering the *Pioneer* factors, the Fifth Circuit held the assistant's mistake was excusable neglect because: "there was no danger of unfair prejudice, the length of delay caused by his filing error did not adversely affect the proceedings, and while the reason for the delay, a calendaring error, was well within the reasonable control of Razvi's counsel, it did not appear to be in bad faith. Moreover, there has been no trial on the merits in this case and the dismissal by the district court precludes such consideration. Accordingly, we reverse the district court's denial of Razvi's motion for relief from judgment." *Razvi* at 2.

Just as in *Razvi*, the newly discovered facts here establish excusable neglect when applied to the Pioneer factors.

First, there is no danger here of unfair prejudice to Defendants. Exhibit A lists out the facts

10

showing Defendants were on sufficient notice of the cases and the discovery each Plaintiff filing this Motion provided[1], and was put on notice by Plaintiffs' Liaison Counsel of the existence of the lawsuit via reporting. Moreover, there would no prejudice resulting from delayed service given each of the cases existed on MDL Centrality and Defendants received notifications when documents were uploaded to Centrality in each case. Moreover, "being forced to litigate on the merits cannot be considered prejudicial. " *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir.2001) (default judgment lifted).[2]

Second, the length of the delay will not affect the proceedings here. Defendants were served as soon as counsel recognized that there was an error. Each of Plaintiffs listed in have now served Defendants and have yet to even be remanded out of the MDL. There is plenty of time to have meaningful participation by both sides in getting the cases ready for remand.

Third, the mistakes were not made in bad faith. The delay in service resulted from staff errors (despite repeated follow up from counsel –(**Exhibits B & D)** despite requesting and confirming an was audit done prior to the deadline in place to accomplish service. (**Exhibit D)**. Plaintiffs nor their counsel's actions do not amount to contumacious conduct.

Fourth, there has been no resolution on the merits of the case, and the court's dismissal precludes such consideration.

In sum, the conduct here is the type of conduct that the Fifth Circuit found excusable when applying the *Pioneer* factors and emphasizing, as required by *Pioneer,* "that the determination is "'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"

---

[1] The dismissed Plaintiffs filing the instant Motion were in compliance with all discovery orders.
[2] It is respectfully submitted that Plaintiff has suffered the worst prejudice as her claim has been dismissed with no option to refile. In other words, a balance of the degree of prejudice weights far in favor of granting Plaintiff's relief rather than Defendants in favor of denial. *Lemoge* v. *United States*, 587 F.3d 1188 (9th Cir. 2009).

*Razvi* at 4 quoting *Pioneer*, 507 U.S. at 395. In light of the above, it is respectfully requested that the Court reconsider Plaintiffs' dismissal where the Court granted the Defendant's Motion without the specific facts underlying Plaintiffs' counsel's failure to timely serve. It is respectfully submitted that recognition and consideration of the individual facts of *this* Plaintiffs' cases as addressed herein is fundamentally required by due process.

If the Court rejects Plaintiff's Motion, its Order will be based upon the group of Plaintiffs dismissed by its Order, and not on the case-specific facts here. The dismissal will result in a manifest injustice as it is a final adverse adjudication depriving the Plaintiffs of their day in court.

For the above stated reasons, it is respectfully requested that the Court reconsider the Order dismissing Plaintiffs' cases and allow them to proceed. Doing so is within the Court's discretion to "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Hale v. Townley,* 45 F.3d 914, 921 (5th Cir. 1995).

### V.    Conclusion.

Pursuant to Fed. R. Civ. P. 59(e) and/or Fed. R. Civ. P. 6(b), along with Fifth Circuit precedent, the Court should reconsider its Order dismissing Plaintiffs' cases and reinstate them. The case specific facts establish that Plaintiffs' had no involvement in service and their counsel's actual conduct was not contumacious but excusable.

Dated: September 22, 2023                                          Respectfully Submitted,

*/s/  J.Christopher Elliott*
J. Christopher Elliott, Esq.
BACHUS & SCHANKER, LLC
950 17th Street, Suite 1050
Denver, Colorado 80202
Telephone: (303) 893-9800
Facsimile:  (520) 893-9900

Email: celliott@coloradolaw.net
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, J. Christopher Elliott, hereby certify that on September 22, 2023, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ J. Christopher Elliott*
J. Christopher Elliott