**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In Re:  TAXOTERE (DOCETAXEL)** | **MDL NO. 2740** |
| **PRODUCTS LIABILITY LITIGATION** | |
| | **SECTION "H" (5)** |

**THIS DOCUMENT RELATES TO:**
*Beverly Davis; 2:17-cv-15831*
*Patricia White; 2:17-cv-16170*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF**
**RECONSIDERATION OF THE COURT'S DISMISSAL ORDER**

COMES NOW, Plaintiffs listed above ("Plaintiffs"), by and through their counsel of record, Allen & Nolte, PLLC, and hereby file their Memorandum in Support of Reconsideration of the Court's Dismissal Order dated August 22, 2023 (Doc. 16327) for failure to comply with CMO 35 and shows as follows:

**I.   BACKGROUND FACTS**

1.     The Plaintiffs herein were originally represented by The Mulligan Law Firm ("MLF").  Affidavit of John H. Allen, III, attached hereto as Exhibit A.  MLF filed their lawsuits in December 2017 and had summons issued to Defendants in early 2018.  Thereafter, the Plaintiffs, by and through MLF, served Plaintiff Fact Sheets, medical records, and authorizations through MDL Centrality.  In spring 2019, Patrick Mulligan, the principal of The Mulligan Law Firm, passed away.  *Id.*  Following his death, the law firm was dissolved, and the firm's clients were referred to new attorneys. *Id.*  The Plaintiffs filing this Motion retained Allen & Nolte, PLLC following the death of Patrick Mulligan.  *Id.*

2.     On October 25, 2018, Defendants served Plaintiffs with a Notice of Deficiency in Plaintiff Fact Sheet admitting they had been properly served as of the date the Plaintiff Fact Sheets

were submitted via MDL Centrality, which was in February 2018, well within the 90 day service window.  *See* Affidavit of Jennifer Nolte, attached as Exhibit B.

3.      On September 27, 2022, the Sanofi Defendants filed a Motion to Dismiss for Failure to Comply with Case Management Order No. 35 (Doc. 14751).

4.      On October 12, 2022, Plaintiffs herein filed their Response to Sanofi Defendants' Motion to Dismiss and Plaintiffs' Motion for Leave to Extend Time for Service (Doc. 14926)

5.      Ten months later, on August 22, 2023, the Court entered its Order and Reasons dismissing Plaintiffs' claims without prejudice for failure to comply with Case Management Order 35 (Doc. 16327).  The Order and Reasons dismisses the majority of the cases, including the two cases at issue in this Motion, finding that there is a clear record of delay and contumacious conduct. However, as shown below, Plaintiffs and their counsel believe that the facts and circumstances of these cases require the Court to reconsider the Order dismissing Plaintiffs' cases and allow their cases to proceed.

6.      It is respectfully submitted that, contrary to the Court's fact findings that counsel engaged in delay and contumacious conduct, counsel did not ignore warnings from this Court and an extended deadline for effectuating service such that the conduct would be considered contumacious.  To the contrary, counsel's conduct demonstrates efforts and an intent to comply with CMO 35.  There was no stubbornness or willful disobedience, rather there was good faith reliance upon the statements of Plaintiffs' prior counsel and the Defendants' actions.

## II.      ARGUMENT & AUTHORITIES

### A.  Legal Standard for Reconsideration under Rule 59(e).

7.      There are four factors courts in the Eastern District of Louisiana consider when deciding motions under Rule 59(e):

a.  Whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

b.  whether the movant presents new evidence;

c.  whether the motion is necessary in order to prevent manifest injustice; and

d.  whether the motion is justified by an intervening change in the controlling law.

*Castrillo v. American Home Mortg. Servicing, Inc.* No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010).

### B. Manifest Injustice

8.      Dismissal based upon a technical defect in service, while Defendants possess notice and knowledge of Plaintiffs' case specifics and have actively engaged in case-specific litigation is unduly harsh and results in manifest injustice.  The injustice is amplified in the MDL setting which is different from the setting of individual, stand-alone cases.  MDLs operate with their own sets of rules.  The efficiencies of many of these rules, including streamlined discovery and streamlined discovery challenges operate to the benefit of all parties.  The MDL setting should be considered as the Court takes action, especially action with devastating ramifications.  When exploring this very issue, another MDL Court (MDL No. 2327 IN RE ETHICON, INC. Pelvic Repair System Products Liability Litigation) conducted the analysis:

> The defendants' assertion that the court does not have personal jurisdiction over them [based upon failure to timely serve] is inconsistent with their behavior thus far. While the defendants had not previously filed any motions or appeared before the court, their interaction with the plaintiffs clearly led the plaintiffs to believe that service of process was adequate. By acknowledging receipt of the PPF, demanding additional information, and threatening to pursue remedy in court if the plaintiff did not comply, the defendants acknowledged the court's jurisdiction over this case. Particularly considering the sensitive nature of the information contained in the PPF, the only reasonable conclusion is that the defendants manifested their intention to defend the suit and have waived the defense of untimely service of process. It would indeed be an absurd result, likely placing the defendants and their counsel in an ethical hole, if this court allowed the defendants to request the plaintiff provide sensitive medical information and encourage the plaintiff to expend resources pursuing litigation, only for the defendants to assert, years later, that this court lacks jurisdiction. When the defendants indicate such a clear willingness to engage in litigation, they have waived any defense for failure to timely serve.

In re: Ethicon, Inc., No. 2327, 2016 WL 6436566, at *2 (S.D.W. Va. Oct. 27, 2016).

9.     The *Ethicon* court based its analysis, in part, on the below:

> Other courts also consider the defense of untimely service waived when the conduct of a defendant leads a plaintiff to believe that service is adequate. *See Blachy v. Butcher*, 221 F.3d 896, 910-11 (6th Cir. 2000); *Trustees of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732-733 (7th Cir. 1991); and *Rockwell Med., Inc. v. Yocum*, No. 13-10480, 2013 WL 4760971, at *4 (E.D. Michigan 2013). The Fifth Circuit adopted the rule that the defendants do not necessarily need to file an answer to waive personal jurisdiction, rather taking "some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than one contesting only jurisdiction" can serve as an appearance and waiver of the requirement for personal jurisdiction. *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 281 (5th Cir. 1987) (quoting *Cactus Pipe & Supply v. M/V MONTMARTRE*, 756 F.2d 1103, 1108 (5th Cir. 1985)). More specifically, the Second Circuit found that the defendant waived the defense of defect service of process by attending a conference with a magistrate and scheduling discovery and motion practice without mentioning the defect of service, which could have been cured within the limitations period had the defendant complained. *Datskow v. Teledyn, Inc., Cont'l Products Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990). Thus, many circuits agree that defendants can waive objections to personal jurisdiction by indicating a willingness to defend the suit or taking other action that would lead the plaintiff to believe service was adequate.

In re: Ethicon, Inc., No. 2327, 2016 WL 6436566, at *2 (S.D.W. Va. Oct. 27, 2016).

10.     Further, in the Fifth Circuit case cited above by the *Ethicon* court (a case involving an attorney's appearance in a case, followed by assertions of lack of personal jurisdiction based upon lack of service of process), the Fifth Circuit went on to say:

> The Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit in order to escape default judgment. To countenance this train of events would elevate formality over substance and would lead plaintiffs to waste time, money, and judicial resources pursuing a cause of action. Indeed, that waste would result here if we void the district court's judgment for lack of service of process.

Broad. Music, Inc. v. M.T.S. Enterprises, Inc., 811 F.2d 278, 281 (5th Cir. 1987).

11.     As such, Sanofi's actions in receiving and reviewing extensive, case-specific and personal discovery and in, then, vigorously challenging that discovery effectively waived objection to defective service.  At the least, because of those circumstances and the lack of prejudice to

Sanofi, Sanofi should not be permitted to, now, utilize lack of service as a sword, and the Court should reconsider its decision to terminate Plaintiffs' cases. To do otherwise would not be just under the circumstances.

**C. Granting Plaintiffs' Motion Will Prevent Manifest Error of Fact and Injustice.**

12.     Upon entry of CMO 35, counsel reviewed their cases to determine if service had been effectuated. Based on the information available, counsel believed that the cases had been properly served. Counsel based this determination on confirmation of the following:

      a. Each case had been filed;
      b. Summons had been issued in each case;
      c. Plaintiff Fact Sheets and associated documents had been served through MDL Centrality;
      d. Defendants' service of Notice of Deficiency in Plaintiff Fact Sheet acknowledging that Defendants had been properly served; and
      e. Verbal confirmation from previous attorney that they served all the cases pursuant to PTO 9 (Streamlined Service on Sanoif-aventis U.S. LLC). Affidavit of Charles G. Orr, attached as Exhibit C.

13.     In both cases at issue, the Sanofi Defendants, the only Defendants named in Plaintiffs' Complaints, served a Notice of Deficiency in Plaintiff Fact Sheet ("Deficiency Notice") on October 25, 2018, admitting that they had been properly served as of the date the Plaintiff Fact Sheets were submitted via MDL Centrality, which was in February 2018, well within the 90 days service window. The first sentence of the Deficiency Notice states:

> "This deficiency notice is submitted on behalf of **defendants properly served** as of the date plaintiff's Plaintiff Fact Sheet (PFS) was submitted via MDL Centrality." (emphasis added).

Nolte Aff.

Based on the Deficiency Notices and the investigation completed by counsel, as noted above, counsel concluded that the Sanofi Defendants had been properly served. Sanofi cannot, four years after admitting it was properly served, argue that Plaintiffs failed to effectuate service.

14.     Further, PTO 9 provides for email service on Sanofi which triggers an automatic email response and requires no other action or duties on behalf of Sanofi (and Sanofi is not required to file an answer to the complaint or any other filing). Accordingly, counsel reached out to Plaintiffs' previous attorney to obtain the email proof. Unfortunately, due to Defendants' delay in bringing the failure of service to Plaintiffs' attention, the email server at the previous law firm was no longer available, so counsel relied on the previous lawyer's confirmation that their firm would have properly served the cases before the files were transferred to undersigned counsel. Allen Aff.

**D. Defendants' ongoing litigation of this matter further confirmed to counsel that Defendants had been properly served.**

15.     One of the processes put in place in this litigation was a way by which Defendants could move for dismissal of cases for failure to comply with the Court's Orders, including those regarding discovery and service. Over the course of this litigation, numerous hearings have been held addressing such motions. Prior to the hearing on Defendants' motions, Defendants provide to Plaintiffs' counsel a list of case they argue are not compliant with the Court's Orders to provide Plaintiffs with an opportunity to bring their case in compliance.

16.     On at least one occasion, Defendants filed a non-compliance list that included among the reasons for inclusion that the cases had not been served (Doc. 13471). The cases subject to this motion were not placed on this list for failure to serve or any subsequent non-compliance list for failure to serve. *Id.*

a.   Beverly Davis

17.     In response to Defendants' Deficiency Notice, Plaintiff Beverly Davis responded by submitting the required PFS Verification/Declaration on December 20, 2018. Plaintiff also served proof of injury photos on January 9, 2019. On January 18, 2019, Ms. Davis's case was included on Defendants' Non-Compliance Notice of Cases Subject to Dismissal. The Notice did

not list that the case was not served as a reason for dismissal.  In June 2019 and July 2019, Ms. Davis served requisite authorizations and proof of injury photos.  On July 11, 2019, Ms. Davis's case was included on Defendant's Non-Compliance Notice of Cases Subject to Dismissal.[1] Counsel emailed attorneys for Defendants on November 1, 2019, with the requisite notice that the necessary documents had been previously uploaded to MDL Centrality.  Plaintiff was thereafter removed from the non-compliance list.  As a result of her case being removed from the non-compliance list, Plaintiff reasonably believed that her case was in compliance with the Court's Orders, including proper service on Defendants.

    a.  <u>Patricia White</u>

18.    Following Defendants' Deficiency Notice, Plaintiff Patricia White's case was included on Defendants' Notice of Non-Compliance Cases Subject to Dismissal on January 4, 2019.  The Notice did not list that the case was not served as a reason for dismissal.  In response to her inclusion on the Defendants' non-compliance list, Ms. White submitted proof of injury photos and requisite authorizations in January 2019.   After Ms. White submitted that documentation, the Sanofi Defendants served Ms. White with its Defendant Fact Sheet on January 23, 2019, whereby acknowledging receipt of a substantially completed Plaintiff Fact Sheet from Plaintiff, pursuant to Amended PTO 22 (Service of Plaintiff Fact Sheets and Defendant Fact Sheets) (Doc. 325).  Based on the Defendants' service of the Defendant Fact Sheet, Plaintiff reasonably believed that her case was in compliance with the Court's Orders, including proper service on Defendants.

19.    Based on the case specific facts above, Plaintiffs' counsel concluded that Ms. Davis's and Ms. White's cases had been properly served.  Defendants' argument that they were

---

[1] The hearing on Defendants' dismissal motion was cancelled due to weather and not held until December 2019.

not and should be dismissed is contrary to their admission of proper service and ongoing course of conduct.  Accordingly, Plaintiffs request that the Court reconsider the Order dismissing their cases and reinstate same so they may proceed forward.

**E.  Any finding that Plaintiffs lawsuits were served late is excusable.**

20.    The United States Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) examined the meaning of "excusable neglect" in the context of late filings. The *Pioneer* analysis has been adopted and applied by the 5th Circuit in *Razvi, supra*, as well as in *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007), *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998), *United States v. Moreno*, No. 3:17-cr-468-D (10) (N.D. Tex. Nov. 30, 2018). The analysis should guide the Court here.

As the *Pioneer* court explained:

[B]y empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.

*Pioneer* at 113 S.Ct. 1489 at 1494-95. See also *Razvi* at 4.

The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id., Razvi* at 5, *Stotter* at 820, *Williams* at 879, *Moreno*, supra.

21.    First, there is no danger here of unfair prejudice to Sanofi.  Counsel has fully complied with Court Orders regarding the exchange/uploading of records, photographs, fact sheets, and other information.  As such, Sanofi has had notice of Plaintiffs' cases, and has taken full advantage of that notice in, among other ways, challenging her claims via deficiency

procedures.  It, then, stretches the bounds of fairness to now dismiss Plaintiffs' cases based upon provisions whose sole purpose is to provide notice.  Notice has been provided, received, and acted upon.

22.     Second, the length of the delay will not affect the proceedings here.  Sanofi was served by email as soon as counsel recognized that there was potentially an error.  Sanofi can point to no prejudice related to the delay in technical service.

23.     Third, there has been no resolution on the merits of the case, and the court's dismissal precludes such consideration.

24.     In sum, the conduct here is the type of conduct that the Fifth Circuit found excusable when applying the *Pioneer* factors and emphasizing, as required by *Pioneer*, "that the determination is "'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Razvi* at 4 quoting *Pioneer*, 507 U.S. at 395. In light of the above, it is respectfully requested that the Court reconsider Plaintiffs' dismissals where the Court granted the Defendants' Motion without all of the case-specific facts.  It is respectfully submitted that recognition and consideration of the individual facts of Plaintiffs' cases, as addressed herein, is fundamentally required by due process and to avoid manifest injustice.

25.     If the Court rejects Plaintiffs' Motion, its Order will be based on the group of Plaintiffs dismissed by its Order, and not on the case-specific facts here.

26.     For the above reasons, it is respectfully requested that the Court reconsider the Order dismissing Plaintiffs' cases and allow them to proceed.  Doing so is within the Court's discretion to "strike the proper balance between the need for finality and the need to render just decision on the basis of all the facts." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

**F.  Conclusion.**

27.     Pursuant to Rule 59 and Rule 60, F.R.C.P., and Fifth Circuit and related law, the Court should reconsider its Order dismissing Plaintiffs' cases and reinstate them.   The case-specific facts establish that Plaintiffs' counsel's actual conduct was not contumacious.   Dismissal of Plaintiffs' cases will result in a manifest injustice as it is a final adverse adjudication depriving the Plaintiffs of their day in court.

### III.   PRAYER

28.     WHEREFORE, Plaintiffs pray that the Court reconsider its order of dismissal and reinstate Plaintiffs' claims.    Plaintiffs pray for such other appropriate relief.

Dated: September 26, 2023            **ALLEN & NOLTE, PLLC**

By: /s/ Jennifer Nolte
John H. "Trey" Allen, III, Esq. – Trial/Lead Counsel
trey@allennolte.com
Jennifer Nolte, Esq.
jnolte@allennolte.com
5445 La Sierra Drive, Suite 350
Dallas, TX 75231
Tel: (214) 521-2300
Fax: (214) 452-5637

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

/s/ Jennifer Nolte
Jennifer Nolte