**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) § | MDL NO. 2740 |
| PRODUCTS LIABILITY LITIGATION § | |
| § | SECTION "H" (5) |
| § | JUDGE JSNE TRICHE MILAZZO |
| § | MAG. JUDGE MICHAEL B. NORTH |
| § | |
| § | |
| This Document Relates to: § | |
| Lara Della Rocca; Case No. 2:19-cv-00908 § | |
| Patricia Gardner; Case No. 2:18-cv-14157 § | |
| Millie Howard; Case No. 2:19-cv-00349 § | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35**

Pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b), Plaintiffs, Lara Della Rocca, Patricia Gardner, and Millie Howard (collectively "Plaintiffs") submit this memorandum in support of their Motion requesting the Court reconsider its Order of Dismissal against Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc, and Pfizer, Inc. (collectively "Defendants") dated August 24, 2023 and allowing Plaintiffs' lawsuits against Defendants to be reinstated.

INTRODUCTION

The Hospira Defendants filed their Motion to Dismiss based on failure to timely serve complaints under Pretrial Order 9 and Case Management Order 35. Plaintiffs timely responded to Defendants' filing. On August 24, 2023, the Court entered an Order granting Defendants' Motion to Dismiss. That Order included Plaintiffs who now seek reconsideration and reinstatement of their cases. Plaintiffs posit that there was no contumacious conduct warranting dismissal in a situation where statutes of limitations may have run and also posit that there is no prejudice to Defendants. In these matters, Plaintiffs prosecuted their cases by complying with the relevant

1

discovery orders by providing Defendants with multiple authorizations, a plaintiff fact sheet, medical records, and photographs, putting them in the same position as Plaintiffs whose complaints have been served in accordance with PTO 9 and CMO 35. Additionally, the failure to timely the three (3) cases subject to this Motion was due to excusable neglect, mistake, and/or inadvertence due to counsel's reliance on a paralegal who assured counsel that all complaints had been timely served.

Plaintiffs request that the Court reconsider their ruling in light of what Plaintiffs submit would be manifest injustice under the specific circumstances of their cases as well as the more general circumstances of the MDL. At the outset, Plaintiffs state that the Court's ruling dismissing their cases is likely a death kneel for their cases, given that refiling would be subject to a statute of limitations challenge. Plaintiffs ask the Court to reconsider its ruling in light of harsh repercussions and to execute counsel's mistake in an exercise of the Court's discretion and equity.

## LEGAL STANDARD FOR RECONSIDERATION

Rule 59(e) provides the timeline for a "[a] motion to alter or amend a judgment." The district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration." *Rivera v. Garza*, No. 21-20605, 2022 WL 2752224, at *1 (5th Cir. July 14, 2022) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 47879 (5th Cir. 2004)). It must balance "two important judicial imperatives ... 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Id*. Eastern District of Louisiana courts have generally considered four factors in deciding motions for consideration; whether:

1. the motion is necessary to correct a manifest error of law or fact upon which the judgment is based,
2. the movant presents newly discovered or previously unavailable evidence,
3. the motion is necessary in order to prevent manifest injustice, or
4. the motion is justified by an intervening change in controlling law.

*Harang v. Schwartz*, No. 13-58, 2014 WL 2807530, *3 (E.D. La. June 20, 2014).

Rule 60(b) states that "the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." *Id*. (citing *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013)). Relief under the expansive sixth prong of the rule "requires a showing of 'manifest injustice' and will not be used to relieve a party from the 'free, calculated, and deliberate choices he has made.'" *Id*.

As discussed below, Defendants were not prejudiced by delayed service. To the contrary, they have actively engaged in litigation since filing their Motion to Dismiss. Manifest injustice will result if Plaintiffs' cases are dismissed as a result of an inadvertent mistake, or excusable neglect, that did not prejudice the Defendants.

## BACKGROUND AND ANALYSIS

Plaintiff Lara Della Rocca filed her complaint on February 5, 2019. Plaintiff Patricia Gardner filed her complaint on December 21, 2018. Plaintiff Millie Howard filed her complaint on December 17, 2019. Inadvertently, they did not properly serve their complaints at the time. They mistakenly believed that service was timely completed, but due to clerical error it was not. However, Plaintiffs continued to comply with all entered case management and pretrial orders including Case Management Order No. 12-A, Pretrial Order No. 71-A, and Pretrial Order No. 22. Plaintiffs also served all discovery responses via MDL Centrality pursuant to Pretrial Order No.

3

24. Plaintiff Patricia Gardner filed a Notice of Partial Dismissal against other Defendants on January 24, 2019. Plaintiff Millie Howard filed a Notice of Partial Dismissal against all other Defendants on April 23, 2021.

Defendants agreed to waive formal service of process and accept email service. Per Pretrial Order No. 9, this action did nothing more than trigger an automatic response from Defendants indicating receipt, and Defendants had no further duty to answer or acknowledge the email. Defendants were not required to file an answer and thus were not required to disclose any challenge to service.

Case Management Order No. 35 ("CMO 35") allowed service until August 31, 2022, thus allowing service for about two years after the Plaintiffs' complaints were filed. While this was ample time in which to complete service, Plaintiffs did not complete service prior to the August 31, 2022 deadline in CMO No. 35 because they continued to operate under the mistaken belief that service was already completed. CMO No. 35 did not specify any particular case with defective service, and thus Plaintiffs did not suspect anything was amiss with service in their cases. They did not willfully or contumaciously ignore the deadline for service, as evidence by their continued prosecution of the case as if it had been properly served.

Counsel for Plaintiffs only became aware of the service error on October 3, 2022 following Defendants' Motion to Dismiss. Upon learning of the clerical error on October 3, 2022, Plaintiffs immediately served Defendants pursuant to Pretrial Order No. 9. Attached hereto as **Exhibit A** is a true and correct copy of the emailed receipt for service of process related to Plaintiff Lara Della Rocca. Attached hereto as **Exhibit B** is a true and correct copy of the emailed receipt for service of process related to Plaintiff Patricia Gardner. Attached hereto as **Exhibit C** is a true and correct copy of the emailed receipt for service of process related to Plaintiff Millie Howard. Again,

4

Plaintiffs' intent to comply with all case management and pretrial orders is evidenced by their immediate action to remedy the lack of service. Thus, though Plaintiffs were, regretfully, late in completing service, they were only days short of the extension that CMO No. 35 allowed them.[1] Plaintiffs filed their response to Defendants Motion to Dismiss shortly after, asking the Court extend the deadline to comply with CMO No. 35 because, in part, it had good cause to do so based on Plaintiffs' excusable neglect. The good cause underlying this request rests on the excusable neglect of Plaintiffs in failing to realize that their case had not been served, particularly given Defendants continued and active engagement and the applicable statute of limitations.

After service was completed, Defendants continued to actively litigate these cases. This is information and evidence that the Court was not previously able to consider prior to its dismissal. Plaintiffs filed individual fact sheets, which are lengthy documents containing extensive personal and medical information. Defendants issued a deficiency notice to Patricia Gardner's Plaintiff Fact Sheet ("PFS") on 01/19/2021, to which Plaintiff timely responded with an Amended PFS on 02/18/2021. Defendant issued an amended deficiency notice on 03/16/2021, to which Plaintiff responded with a second Amended PFS on 04/21/2021. For Millie Howard, Defendants issued a deficiency notice to her PFS on 07/29/2019, to which Plaintiff timely responded with an Amended PFS on 08/28/2019. Defendant issued an amended deficiency notice on 09/26/2019, to which Plaintiff responded with a second Amended PFS on 04/23/2021. Defendants thereafter served a Defendant Fact Sheet on 07/31/2021. At no point in this process did Defendants indicate any further issue with service. This evidences that Defendants were clearly aware of Plaintiffs cases and able to fully pursue their defense of each case, and the lack of an email perfecting service had

---

[1] In contrast, other plaintiffs in the case were given over six years to complete service.

no impact to their process of litigating this case. Defendants suffered no prejudice because of delayed service.

Further, the last five joint reports filed in the case indicate that Defendants tallied, and were thus aware of, all cases against them, including Plaintiffs' cases. Joint Report No. 22 (Doc. No. 12741); Joint Report No. 23 (Doc No. 13894); Joint Report No. 24 (Doc No. 14160); Joint ReportNo. 25 (Doc No. 14440); Joint Report No. 26 (Doc No. 14691)

Plaintiffs continued to engage in the expense and turbulence of litigation over the approximately one-year period following completed service because they had every intention of actively, and properly, prosecuting their cases. That was halted by this Court's August 24, 2023 Order dismissing their cases without prejudice. The Court's decision to impose the harsh sanction of dismissal was based on the prejudice to the defendant, but the underlying facts demonstrate that Defendants were not prejudiced.

Dismissal with prejudice is "the harshest of all sanctions…[and] an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 476-77 (5th Cir. 1981). Here, the Court has opined that the applicable statute of limitations converts its dismissal to one with prejudice. Such a sanction is not preferred unless there is a clear record of delay or contumacious conduct. *Id*. at 477. The cases approving such a sanction are distinguishable because the defendants in those cases faced actual prejudice. Veazey affirmed the district court's decision to dismiss where the defendants did not receive actual notice of the lawsuit for nearly 21 months. *Id*. In *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415 (4th Cir. 2006), the court found prejudice to the defendants because a delay in service affected "the defendant's preparations," explaining that delay between filing and service does not allow Defendants "a full opportunity to discover and preserve relevant evidence when the matter is still

6

relatively fresh and the evidence is still intact and available." 452 F.3d at 418. In *Sealed Appellant*, the appellant never served any documentation on defendant and never took "any other action in the case, such as filing motions or pleadings, seeking discovery, or notifying Appellee of the pending claims" over two years. *Id.* at 417. The defendant was not aware that a lawsuit had been filed until a conversation revealed that a lawsuit against it had been unsealed almost two years prior. *Id.*

In contrast to these cases, Defendants were fully able to prepare for and defend against the allegations of Plaintiffs' complaints. Defendants were provided all requested evidence while it was still relatively fresh, intact, and available. There was no action taken, or foregone, in the days between the service deadline set forth in CMO No. 35 and Plaintiffs' completed service. They noted deficiencies in Plaintiffs' extensive fact sheets and provided their own. While Defendants did not receive an email with formal service, they litigated the case as if they had.

The Eastern District of Louisiana has previously denied a motion for dismissal without prejudice because the defendants were aware of, and participated in, the lawsuit against them despite a lack of timely service. *Chenevert v. Algiers Charter Sch. Ass'n, Inc.*, No. CIV.A. 12-2099, 2013 WL 4710408, at *1 (E.D. La. Aug. 29, 2013). In response to the defendants' motion for dismissal, the plaintiffs argued that the defendants were not prejudiced because they had defended the case by submitting affidavits and briefs to the EEOC. *Id.* at *2. The court found that "Defendants' prior knowledge of the action mitigated any prejudice they might have suffered from untimely service." *Id.* at *6. It explained that the "delay in service has not resulted in Defendants missing any deadlines or conferences, or forced them to complete discovery in a more limited time than other parties … [the] trial date provides them with ample time to prepare this case and file any necessary motions." *Id*; *see In re: Ethicon Inc.*, No. 2327, 2016 WL 6436566, at *2 (S.D. W.

7

Va. Oct. 27, 2016) (finding it would be an absurd result if MDL defendants requested sensitive medical information, and encouraged plaintiffs to expend resources in litigation, only to assert a service issue years later, particularly noting that defendants had led plaintiffs to believe service was adequate through interacting with the litigation).

This Circuit has also reasoned that defendants do not necessarily need to file an answer to waive personal jurisdiction, but taking "some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than one contesting only jurisdiction" can serve as an appearance and waiver of the requirement for personal jurisdiction. *In re: Ethicon Inc.*, 2016 WL 64365666, at *2 (citing *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 281 (5th Cir. 1987)). In fact, the Fifth Circuit has found the "Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat…[this] would elevate formality over substance and would lead plaintiffs to waste time, money, and judicial resources pursuing a cause of action." *Broadcast Music, Inc.*, 811 F.2d at 281.

<u>NEWLY DISCOVERED INDEPENDENT FACTS & REASONS<br>NOT CONSIDERED BY THE COURT</u>

Plaintiffs' counsel includes herein further discovered details of the circumstances related to service in this matter.

1. On July 22, 2022, after the related status conference, counsel requested his assistant, Marie Olivier, to confirm service for all Taxotere clients conforms to the service orders. In the following days, it was relayed that the files were checked and service of all defendants in the cases was completed. (See Affidavit of Marie Olivier, attached as Exhibit D hereto.)

2. Mrs. Olivier has worked with counsel on all aspects of MDL cases. *Id.* She has a history of doing excellent work.

3. One of Mrs. Olivier's responsibilities is serving pleadings in accordance with court rules. This is standard operating procedure in counsel's office. Mrs. Olivier has been responsible for the Taxotere cases since the case was initiated. *Id.*

4. When Mrs. Olivier reviewed Plaintiffs' files, she noted saved documentation and presumed them to be service-related.

5. On October 3, 2022, Defendants filed a Motion to Dismiss for Failure to Comply with Case Management Order 35, listing Plaintiffs Lara Della Rocca, Patricia Gardner and Millie Howard.

6. At that time, it was discovered that service of process mistakenly had not been effectuated on Defendants; the saved correspondence were not service-related (they were related to deficiencies. Promptly thereafter, Plaintiffs' counsel corrected the clerical error by properly serving Defendants via e-mail at hospirataxoteremdl@wolterskluwer.com and pfizertaxoteremdl@wolterskluwer.com, and filed a Response to Defendants' Motion to Dismiss and Motion for Leave to Extend the Time to Comply with CMO 35. Id.

7. Mrs. Olivier's conduct was not in any way, willful, intentional or contumacious. There was no intent to subvert this Court's orders. A, very regrettable, mistake was made for which counsel respectfully requests to be excused.

In a remarkably similar case, *Razvi v. Dall. Fort Worth Int'l Airport,* No. 21-10016, 2022 WL 4298141 (5th Cir. Sep. 16, 2022), an attorney's assistant's mistake in performing a task delegated was held excusable - "lawyers often delegate tasks to paralegals and secretaries which 'may well ensure greater accuracy in meeting deadlines.'" See also, *Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004), *cited with approval in Razvi* ("[T]he delegation of repetitive legal tasks to paralegals has become a necessary fixture.").

As further discussed below, in this instant case, counsel's reliance on his assistant's investigating and reporting back prior to responding to Defendants' Motion, like counsel's reasonable reliance on his assistant correctly checking the files to confirm service and reporting to counsel that service was accomplished, meets the test for excusable neglect. As such, the evidence here also meets the second Harang prong addressing newly discovered evidence as well as the third prong of avoidance of manifest injustice.

The United States Supreme Court in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) examined the meaning of "excusable neglect" in the context of late filings. The Pioneer analysis has been adopted and applied by the 5th Circuit in Razvi, supra, as well as in Stotter v. Univ. of Tex. at San Antonio, 508 F.3d 812, 820 (5th Cir. 2007), Midwest Employers Cas. Co. v. Williams, 161 F.3d 877, 879 (5th Cir. 1998), United States v. Moreno, No. 3:17-cr-468-D (10) (N.D. Tex. Nov. 30, 2018). The analysis should guide the Court here.

> As the Pioneer court explained:
>
> [B]y empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.
>
> Pioneer at 113 S.Ct. 1489 at 1494-95. See also Razvi at 4.
>
> The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.
>
> *Id., Razvi at 5, Stotter at 820, Williams at 879, Moreno*, supra.

Razvi is on point with the instant matter. The Razvi court applied the requisite Pioneer analysis for "excusable neglect" resulting from an assistant's mistake. The Razvi court reversed the trial court's dismissal without prejudice after the statute of limitations had run calling the result "overkill." Id. at 16. The court concluded that the "attorney's omission was [not] due to a misunderstanding of the law, ignorance of local rules, gross carelessness, or a deliberate choice. Counsel did not deliberately act in reliance on an erroneous understanding of the law or rules, rather she mistakenly missed a deadline because of a calendaring error. We also cannot say that this error was 'gross carelessness' as lawyers often delegate tasks to paralegals and secretaries which 'may well ensure greater accuracy in meeting deadlines.'" Id. at 10. See also, Pincay, 389 F.3d at 856.

After considering the Pioneer factors, the Fifth Circuit held the assistant's mistake was excusable neglect because: "there was no danger of unfair prejudice, the length of delay caused by his filing error did not adversely affect the proceedings, and while the reason for the delay, a calendaring error, was well within the reasonable control of Razvi's counsel, it did not appear to be in bad faith. Moreover, there has been no trial on the merits in this case and the dismissal by the district court precludes such consideration. Accordingly, we reverse the district court's denial of Razvi's motion for relief from judgment." Razvi at 2.

Just as in Razvi, the newly discovered facts here establish excusable neglect when applied to the Pioneer factors.

First, there is no danger here of unfair prejudice to Defendants. Counsel has fully complied with Court Orders regarding the exchange/uploading of records, photographs, fact sheets, and other information. As such, Defendants has had notice of Plaintiffs' cases, and has taken full advantage of that notice in, among other ways, challenging her claims via deficiency procedures.

11

It, then, stretches the bounds of fairness to now dismiss Plaintiffs' case based upon provisions whose sole purpose is to provide notice. Notice has been provided, received, and acted upon.

Second, the length of the delay will not affect the proceedings here. Defendants were served by email as soon as counsel recognized that there was an error. Defendants can point to no prejudice related to the delay in technical service.

Third, the mistakes were not made in bad faith. The mistake resulted from counsel and assistant's errors, despite having office policies in place to accomplish service, and does not amount to contumacious conduct.

Fourth, there has been no resolution on the merits of the case, and the court's dismissal precludes such consideration.

In sum, the conduct here is the type of conduct that the Fifth Circuit found excusable when applying the Pioneer factors and emphasizing, as required by Pioneer, "that the determination is "'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Razvi at 4 quoting Pioneer*, 507 U.S. at 395. In light of the above, it is respectfully requested that the Court reconsider Plaintiffs' dismissal where the Court granted the Defendants' Motion without all of the specific facts underlying Plaintiffs' counsel's failure to timely serve. It is respectfully submitted that recognition and consideration of the individual facts of Plaintiffs' case as addressed herein is fundamentally required by due process and to avoid manifest injustice.

### PLAINTIFFS MOTION MEETS THE GROUNDS FOR RULE 59(E) RECONSIDERATION UNDER THE *HARANG* TEST. GRANTING THE MOTION WILL PREVENT A MANIFEST ERROR OF FACT AND INJUSTICE

Based upon the facts, it is respectfully submitted that contrary to the Court's fact findings that counsel's conduct was contumacious, (1) counsel did not ignore or willfully disregard CMO 35 regarding service (Doc. 16337 at p.8), (2) counsel was not ignorant of CMO 35 and twice

checked with his assistant in writing re. service, and (3) counsel reasonably relied on his assistant's mistaken oral confirmations that service had been accomplished when asked to investigate the failure to serve Hospira prior to filing Doc. 14818.

"Contumacious" means "stubbornly disobedient: Rebellious." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/contumacious. Accessed 1 Sep. 2023. Another dictionary defines the term as, "stubbornly or willfully disobedient to authority …." Word Online Dictionary, Accessed 1 Sep. 2023. Counsel's conduct outlined herein does not match the meaning of the word "contumacious." To the contrary, counsel's conduct demonstrates multiple efforts and an intent to comply with CMO 35. It also was standard operating procedure for his assistant to serve pursuant to Court Orders and rules. There was no stubbornness or willful disobedience whatsoever, rather, there was good faith reliance upon the mistakenly (and out of character) mistaken representations of counsel's paralegal. It is respectfully submitted that these facts do not support the Court's factual conclusion to the contrary.

Pursuant to the Rule 59(e) test used in the Eastern District of Louisiana, the Court's recognition of the facts set forth herein, and in the exhibits hereto, will correct a manifest factual error regarding the Court's finding of "contumacious conduct" upon which the judgment is based. Moreover, setting aside or amending the Court Order as to Plaintiff, will reverse the manifest injustice of a final adjudication adverse to Plaintiffs that leaves their cases dismissed and unable to be refiled due to the statute of limitation. The evidence here meets the first and third prongs of the Harang test, as well as the second prong as discussed herein.

## CONCLUSION

Plaintiffs request that this Court reconsider its prior Order based on the foregoing facts, pursuant to Rule 59(e) and 60(b). Plaintiffs have provided new evidence to the Court that

demonstrates Defendants were not prejudiced and demonstrated manifest injustice. Plaintiffs explained that their excusable neglect and other bases for the missed deadline were not contumacious and justify relief from the dismissal.

WHEREFORE Plaintiffs respectfully request this Court reconsider its August 24, 2023 Order and Reasons.

Dated: September 28, 2023.                    By: */s/ Joseph D. Terry*
                                              Joseph D. Terry
                                              L. Lee Thweatt
                                              **Terry & Thweatt, P.C.**
                                              114 Byrne Street
                                              Houston, TX 77009
                                              Telephone: (713) 600-4710
                                              Facsimile: (713) 600-4706
                                              Email: jterry@terrythweatt.com
                                              Email: lthweatt@terrythweatt.com

                                              **Attorneys for Plaintiffs**

### CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

Dated: September 28, 2023.                    By: */s/ Joseph D. Terry*
                                              Joseph D. Terry
                                              L. Lee Thweatt
                                              **Terry & Thweatt, P.C.**
                                              114 Byrne Street
                                              Houston, TX 77009
                                              Telephone: (713) 600-4710
                                              Facsimile: (713) 600-4706
                                              Email: jterry@terrythweatt.com
                                              Email: lthweatt@terrythweatt.com

                                              **Attorneys for Plaintiffs**