**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION                    MDL NO.  2740

                                                 SECTION "H" (5)

THIS DOCUMENT RELATES TO:
*Coretta Tengesdahl: Case No.: 2:17-cv-6354*

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTIION FOR
RECONSIDERATION OF THE COURT'S DISMISSAL ORDER**

MAY IT PLEASE THE COURT:

Pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b), Plaintiff Coretta
Tengesdahl ("Plaintiff" or "Ms. Tengesdahl") submits this Memorandum in Support of Motion
for Reconsideration of the Court's Dismissal Order dated August 24, 2023 (R. Doc.16337) for
failure to comply with CMO 35 and shows as follows:

**I.      BACKGROUND FACTS**

1.  On January 23, 2020, Plaintiff Coretta Tengesdahl filed a Third Amended Plaintiff Fact
    Sheet via MDL Centrality listing Defendants Hospira and Worldwide, LLC f/k/a/ Hospira,
    Inc., as the identified Defendants who administered Taxotere to Plaintiff Coretta
    Tengesdahl. **(Exhibit A)**

2.  On March 19, 2020, Defendants Hospira and Worldwide, LLC f/k/a/ Hospira, Inc.
    received notice of the electronic filing of the Amended Complaint by Plaintiff Coretta
    Tengesdahl. **(Exhibit B)**

3.  The next business day, on March 22, 2020, to further combat the spread of COVID-19 in
    Louisiana, Governor Edwards issued a Stay-at-Home Order directing all Louisiana

1

residents to shelter at home and limit movements outside of their beyond essential needs. **(Exhibit C)**

4. On December 18, 2020, on behalf of Plaintiff Coretta Tengesdahl, undersigned counsel requested a meet and confer pursuant to Fed. R. Civ. P. 15, Pretrial Order 105 and 37A to discuss whether the amendment to the Plaintiff's Short Form Complaint was opposed or unopposed. **(Exhibit D)**

5. That same day, on December 18, 2020, Defendants Hospira and Worldwide, LLC f/k/a/ Hospira, Inc. replied with objections to the proposed language in Plaintiff Coretta Tengesdahl's Short Form Complaint**. (Exhibit D)**

6. On December 1, 2021, Defendants Hospira and Worldwide, LLC f/k/a Hospira, Inc. filed a non-compliance list, that included among the reasons for inclusion that the cases had not been served. [R. Doc. 13471] Plaintiff Coretta Tengesdahl was not placed on this list for failure to serve or any subsequent non-compliance list for failure to serve. *See Id.*

7. On October 3, 2022, Hospira filed a Motion to Dismiss for Failure to Comply with Case Management Order No. 35. (R. Doc. 14770)

8. On October 7, 2022, Summons was issued to Defendants Hospira and Worldwide, LLC f/k/a/ Hospira, Inc. and Defendants were served on October 10, 2022.

9. At all times during MDL No. 2740, Plaintiffs' Co-Liaison Counsel provided all Defendants, including Hospira and Worldwide, LLC f/k/a/ Hospira, Inc., a report of claims and case inventory every two-three months. See e.g., (R. Docs. 12741, 13894, 14160, 14440). Both parties submitted Joint Reports acknowledging the filed cases. *Id.*

## II.    LEGAL STANDARD FOR RECONSIDERATION

Courts in the Eastern District of Louisiana have granted motions for reconsideration

under the Rule 59(e) standard when one or more of the following four factors are present:

    (1)      the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

    (2)      the movant presents newly discovered or previously unavailable evidence;

    (3)      the motion is necessary in order to prevent manifest injustice; or

    (4)      the motion is justified by an intervening change in controlling law.

*Harang v. Schwartz*, CIVIL ACTION No. 13-58 (E.D. La. June 20, 2014) citing *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010).

       As addressed below, three of the factors are found here. Additionally, under the Fed. R. Civ. P. 60(b), the Court may relieve a party from a final judgement or order based on mistake, inadvertence, surprise, or excusable neglect.

## III.      NEWLY DISCOVERED INDEPENDENT FACTS & REASONS NOT CONSIDERED BY THE COURT

       Plaintiff Coretta Tengesdahl believes the below facts are new independent facts or may not have been considered by the Court in deciding whether Defendants have suffered any prejudice or whether Plaintiff's conduct in failing to timely serve a complaint was contumacious.

1.  On December 18, 2020, on behalf of Plaintiff Coretta Tengesdahl, undersigned counsel requested a meet and confer pursuant to Fed. R. Civ. P. 15, Pretrial Order 105 and 37A to discuss whether the amendment to Plaintiff's Short Form Complaint was opposed or unopposed. **(Exhibit D)** That same day, on December 18, 2020, Defendants Hospira and Worldwide, LLC f/k/a/ Hospira, Inc. replied with objections to the proposed language in Plaintiff Coretta Tengesdahl' s Short Form Complaint**. (Exhibit D)** Defendants interaction with Plaintiff clearly led Plaintiff to believe that service of process in her case was adequate. Furthermore, had Defendant believed there was insufficient notice or service, Defendants would have

responded that there was no obligation to respond to Plaintiff's meet and confer request.

2. On December 1, 2021, Defendants Hospira and Worldwide, LLC f/k/a Hospira, Inc. filed a non-compliance list, that included among the reasons for inclusion that the cases had not been served. (R. Doc. 13471) Plaintiff Coretta Tengesdahl was not placed on this list for failure to serve or any subsequent non-compliance list for failure to serve. *See Id*. Over the course of the litigation, filings such as these have been filed by the Defendants, highlighting specific cases that they believed were non-compliant. Counsel believed that Plaintiff Coretta Tengesdahl's case was in compliance since it was not included on the non-compliance list for failure to serve Defendants.

3. Over the course of the litigation, the undersigned received verbal and/or written communication from her paralegal that all actions required by the Court had been taken. Specifically, all filings, requests, and/or service of process steps completed. Counsel relied upon her assistant of nine years for confirmation that all requirements were met.

4. Over the course of the litigation, Plaintiffs' Co-Liaison Counsel provided all Defendants, including Hospira and Worldwide, LLC f/k/a/ Hospira, Inc., a report of claims and case inventory every two-three months. See e.g., (R. Docs. 12741, 13894, 14160, 14440). Both parties submitted Joint Reports acknowledging the filed cases. *Id.* Defendants cannot claim they were unaware of Plaintiff's claims given the above or that they were prejudiced by any delay in service.

**A. Plaintiff's Motion Meets the Grounds for Rule 59(e) Reconsideration Under the *Harang* Test. Granting the Motion will Prevent a Manifest Error of Fact and**

4

**Injustice.**

Based upon the facts, it is respectfully submitted that contrary to the Court's fact findings that counsel's conduct was contumacious, (1) counsel did not ignore or willfully disregard CMO 35 regarding service (2) counsel was not ignorant of CMO 35 and checked with her paralegal regarding service, and (3) counsel reasonably relied on her assistant's mistaken oral confirmation that service had been accomplished.

"Contumacious" means "stubbornly disobedient: Rebellious." Merriam-Webster.com Dictionary, Miriam-Webster, https://www.merriamwebster.com/dictionary/contumacious. Accessed 2 Oct. 2023. Another dictionary defines the term as, "stubbornly or willfully disobedient to authority …." Word Online Dictionary, Accessed 2 Oct. 2023. Counsel's conduct outlined herein does not match the meaning of the word "contumacious." To the contrary, counsel's conduct demonstrates her efforts and an intent to comply with CMO 35. It also was standard operating procedure for her assistant to serve pursuant to Court Orders and rules. There was no stubbornness or willful disobedience whatsoever, rather, there was good faith reliance upon the mistakenly (and out of character) mistaken representations of counsel's assistant. It is respectfully submitted that these facts do not support the Court's factual conclusion to the contrary.

Pursuant to the Rule 59(e) test used in the Eastern District of Louisiana, the Court's recognition of the facts set forth herein, and in the exhibits hereto, will correct a manifest factual error regarding the Court's finding of "contumacious conduct" upon which the judgment is based. Moreover, setting aside or amending the Court Order as to Plaintiff Coretta Tengesdahl will reverse the manifest injustice of a final adjudication adverse to Plaintiff that leaves her case dismissed and unable to be refiled due to the statute of limitation.

Dismissal based upon a technical defect in service, while Defendants possess notice and knowledge of Plaintiff's case specifics and have actively engaged in case-specific litigation, is unduly harsh and results in manifest injustice. The injustice is amplified in the MDL setting which is different from the setting of individual, stand-alone cases. When exploring this very issue, another MDL Court (MDL No. 2327 IN RE ETHICON, INC. Pelvic Repair System Products Liability Litigation) conducted the analysis:

> The defendants' assertion that the court does not have personal jurisdiction over them [based upon failure to timely serve] is inconsistent with their behavior thus far. While the defendants had not previously filed any motions or appeared before the court, their interaction with the Plaintiff clearly led the Plaintiff to believe that service of process was adequate. By acknowledging receipt of the PPF, demanding additional information, and threatening to pursue remedy in court if the plaintiff did not comply, the defendants acknowledged the court's jurisdiction over this case. Particularly considering the sensitive nature of the information contained in the PPF, the only reasonable conclusion is that the defendants manifested their intention to defend the suit and have waived the defense of untimely service of process. It would indeed be an absurd result, likely placing the defendants and their counsel in an ethical hole, if this court allowed the defendants to request the plaintiff provide sensitive medical information and encourage the plaintiff to expend resources pursuing litigation, only for the defendants to assert, years later, that this court lacks jurisdiction. When the defendants indicate such a clear willingness to engage in litigation, they have waived any defense for failure to timely serve.

In re: Ethicon, Inc., No. 2327, 2016 WL 6436566, at *2 (S.D.W. Va. Oct. 27, 2016).

The *Ethicon* court based its analysis, in part, on the below:

> Other courts also consider the defense of untimely service waived when the conduct of a defendant leads a plaintiff to believe that service is adequate. *See Blachy v. Butcher*, 221 F.3d 896, 910-11 (6th Cir. 2000); *Trustees of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732-733 (7th Cir. 1991); and *Rockwell Med., Inc. v. Yocum*, No. 13-10480, 2013 WL 4760971, at *4 (E.D. Michigan 2013). The Fifth Circuit adopted the rule that the defendants do not necessarily need to file an answer to waive personal jurisdiction, rather taking "some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than one contesting only jurisdiction" can serve as an appearance and waiver of the requirement for personal jurisdiction. *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 281 (5th Cir. 1987) (quoting *Cactus Pipe & Supply v. M/V MONTMARTRE*, 756 F.2d 1103, 1108 (5th Cir. 1985)). More specifically, the Second Circuit found that the defendant waived the defense of defect service of process by attending a conference with a magistrate and scheduling discovery and motion

practice without mentioning the defect of service, which could have been cured within the limitations period had the defendant complained. *Datskow v. Teledyn, Inc., Cont'l Products Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990). Thus, many circuits agree that defendants can waive objections to personal jurisdiction by indicating a willingness to defend the suit or taking other action that would lead the plaintiff to believe service was adequate.

In re: Ethicon, Inc., No. 2327, 2016 WL 6436566, at *2 (S.D.W. Va. Oct. 27, 2016).

Further, in the Fifth Circuit case cited above by the *Ethicon* court (a case involving an attorney's appearance in a case, followed by assertions of lack of personal jurisdiction base upon lack of service of process), the Fifth Circuit went on to say:

The Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit in order to escape default judgment. To countenance this train of events would elevate formality over substance and would lead Plaintiff to waste time, money, and judicial resources pursuing a cause of action. Indeed, that waste would result here if we void the district court's judgment for lack of service of process.

Broad. Music, Inc. v. M.T.S. Enterprises, Inc., 811 F.2d 278, 281 (5th Cir. 1987).

As such, Defendants Hospira and Worldwide, LLC f/k/a/ Hospira, Inc. actions in receiving and reviewing extensive, case specific discovery and in then, vigorously challenging service is allowing Defendants to halfway appear in this case. Defendants should not be permitted to, now, utilize lack of service as a sword. Therefore, the evidence and circumstances here meets the first and third prongs of the *Harang* test, as well as the second prong as discussed below.

### B. Newly Discovered Evidence is Presented Here. Counsel's Failure to Discover It Meets the Test for Excusable Neglect Under Rule 60.

In a remarkably similar case, *Razvi v. Dall. Fort Worth Int'l Airport*, No. 21-10016, 2022 WL 4298141 (5th Cir. Sep. 16, 2022), an attorney's assistant's mistake in performing a task delegated was held excusable - "lawyers often delegate tasks to paralegals and

secretaries which 'may well ensure greater accuracy in meeting deadlines.'" *See also*, *Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004), *cited with approval in Razvi* ("[T]he delegation of repetitive legal tasks to paralegals has become a necessary fixture.").

Here, counsel reliance on her assistant's reports that service was accomplished meets the  test for excusable neglect. As such, the evidence here also meets the second *Harang* prong addressing newly discovered evidence.

The United States Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) examined the meaning of "excusable neglect" in the context of late filings. The *Pioneer* analysis has been adopted and applied by the 5th Circuit in *Razvi, supra,* as well as in *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007), *Midwest Employers Cas. Co. v. Williams*, 161  F.3d 877, 879 (5th Cir. 1998), *United States v. Moreno*, No. 3:17-cr-468-D (10) (N.D. Tex.  Nov. 30, 2018). The analysis should guide the Court here.

As the *Pioneer* court explained:

> [B]y empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.

*Pioneer* at 113 S.Ct. 1489 at 1494-95. *See also Razvi* at 4.

> The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id., Razvi at 5, Stotter at 820*, *Williams* at 879, *Moreno*, supra.

*Razvi* is on point with the instant matter. The *Razvi* court applied the requisite

*Pioneer* analysis for "excusable neglect" resulting from an assistant's mistake. The *Razvi* court reversed the trial court's dismissal without prejudice after the statute of limitations had run calling the result "overkill." *Id*. at 16. The court concluded that the "attorney's omission was [not] due to a misunderstanding of the law, ignorance of local rules, gross carelessness, or a deliberate choice. Counsel did not deliberately act in reliance on an erroneous understanding of the law or rules, rather she mistakenly missed a deadline because of a calendaring error. We also cannot say that this error was 'gross carelessness' as lawyers often delegate tasks to paralegals and secretaries which 'may well ensure greater accuracy in meeting deadlines.'" *Id*. at 10. *See also*, *Pincay*, 389 F.3d at 856.

After considering the *Pioneer* factors, the Fifth Circuit held the assistant's mistake was excusable neglect because: "there was no danger of unfair prejudice, the length of delay caused by his filing error did not adversely affect the proceedings, and while the reason for the delay, a calendaring error, was well within the reasonable control of Razvi's counsel, it did not appear to be in bad faith. Moreover, there has been no trial on the merits in this case and the dismissal by the district court precludes such consideration. Accordingly, we reverse the district court's denial of Razvi's motion for relief from judgment." *Razvi* at 2.

Just as in *Razvi*, the newly discovered facts here establish excusable neglect when applied to the *Pioneer* factors.

First, there is no danger here of unfair prejudice to Defendants Hospira and Worldwide, LLC f/k/a/ Hospira, Inc. Counsel here fully complied with Court Orders regarding the exchange/uploading of records, photographs, fact sheets, and other information.

Second, the length of the delay will not affect the proceedings here. Defendants Hospira and Worldwide, LLC f/k/a/ Hospira, Inc. was served by email seven (7) days after the

deadline as soon as counsel recognized that there was an error.

Third, the mistakes were not made in bad faith. They resulted from an assistant's error, despite having office policies in place to accomplish service and does not amount to contumacious conduct.

Fourth, there has been no resolution on the merits of the case, and the court's dismissal precludes such consideration.

In sum, the conduct here is the type of conduct that the Fifth Circuit found excusable when applying the *Pioneer* factors and emphasizing, as required by *Pioneer*, "that the determination is "'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Razvi* at 4 quoting *Pioneer*, 507 U.S. at 395. In light of the above, it is respectfully requested that the Court reconsider Plaintiff's dismissal where the Court granted the Defendants' Motion without the specific facts regarding counsel's failure to timely serve. It is respectfully submitted that recognition and consideration of the individual facts of *this* Plaintiff's case as addressed herein is fundamentally required by due process.

## IV.    CONCLUSION.

Pursuant to Fed. R. Civ. P. 59(e) and/or Fed. R. Civ. P. 60(b), along with Fifth Circuit precedent, it is respectfully requested that the Court reconsider the Order dismissing Ms. Tengesdahl's case and allow her case to proceed. Doing so is within the Court's discretion to "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Hale v. Townley,* 45 F.3d 914, 921 (5th Cir. 1995).

Dated this 5th day of October, 2023

BRUNO & BRUNO, LLP
Attorneys for Plaintiff

/s/ Markita S. Hawkins
Joseph M. Bruno, (La # 3604)
Markita S. Hawkins, (La# 35812)
855 Baronne Street
New Orleans, La 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Email: jbruno@brunobrunolaw.com
        mhawkins@brunobrunolaw.com

11

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in the member cases.

/s/ Markita S. Hawkins
Markita S. Hawkins