UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DECETAXEL)　　　　　　　　　　　MDL No. 2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION: "H" (5)

THIS DOCUMENT RELATES TO:
*Plaintiffs Listed on Exhibit A*

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35

Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b, plaintiffs listed on Exhibit A, by and through her counsel of record, Schmidt National Law Group, submits the following Motion for Reconsideration of the Court's Order on 8/22/23(Doc.16327) dismissing the Plaintiff's case without prejudice. Plaintiff respectfully requests the Court reconsider its ruling and reinstate the case against Defendant Sanofi-Aventis U.S. LLC and Sanofi US Services Inc. (Doc. 14751)

### I.　　Introduction

Defendant filed motion to Dismiss based on failure to timely serve complaints under Pretrial order 35. On 8/22/23 the Court entered an Order granting Defendant's motion to Dismiss. That order included Plaintiff who now seeks reconsideration and reinstatement of their case. Plaintiff posits that there was no contumacious conduct warranting dismissal in a situation where statutes of limitations may have run and also posits no prejudice to the Defendant. Plaintiff and Defendant have been actively litigating this case for many years. As shown in Plaintiff's **Exhibit A,** Plaintiff has disclosed significant amounts of discovery to Defendant, putting them in the same position as plaintiff whose complaints had been served in accordance with PTO 30 and CMO 35. Additionally, the failure to timely serve subject to this Motion was due to excusable neglect, mistake, and/or inadvertence due to counsel's reliance on a paralegal who assured counsel that all complaints had been timely served.

1

## II.     Legal Standard for Reconsideration.

Courts in the Eastern District of Louisiana have granted motions for consideration under Rule 59(e) standard when one or more of the following four factors:

(1) The motion is necessary to correct a manifest error of law or fact upon which the judgement is based;
(2) The movant presents newly discovered or previously discovered unavailable evidence;
(3) The motion is necessary in order to prevent manifest injustice;
(4) The motion is justified by an intervening change in controlling law.

*Harang v. Schwartz,* CIVIL ACTION NO. 13-58(E.D. La. June 20, 2014) citing *Castrillo v. Am. Home Mortgage, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La Apr. 5, 2010)

The district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration." *Rivera v. Garza,* No. 21-20605, 2022 WL 2752224, at *1 (5th Cir., July 14, 2022) (citing *Templet v. HydroChem, Inc.,* 367 F.3d 473, 478-9 (5th 5th Cir. 2004). It must balance "two important judicial imperatives…) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts."

Rule 60(b) states that "the court may relieve a party….from a final judgement…for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence  that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by a n opposing party; (4) the judgment is void; (5) the judgement (6) the judgement has been satisfied, released or discharged; it is based on an earlier judgement that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." *Id.* (citing *Yesh Music v. Lakewood Church,* 727 F.3d 356,363 (5th Cir. 2013). Relief under the expansive sixth prong of the rule "requires a showing of "manifest injustice" and will not be used to relieve a party from the free, calculated and deliberate choices he has made." *Id.*

As addressed below, Defendant has not identified any prejudice as a result of the delayed service (because there was none). All parties were actively litigating these matters listed on exhibited A,

2

and following the Defendant's motion, Defendant continued to litigate these matters. While Defendant suffers no prejudice from delayed service, a manifest injustice will result if Plaintiffs' cases are dismissed as a result of the inadvertence mistake or excusable neglect that resulted in delayed service.

### III.     Newly Discovered Independent Facts & Reasons Not Considered by the Court

Plaintiff believes the below facts are new independent facts or may not have been considered by the Court in deciding whether Defendant has suffered any prejudice or whether Plaintiff's conduct in failing to timely serve a complaint was contumacious.

1. Defendant agreed to waive formal service of process and accept e-mail service. Per pretrial order No. 9, this action did nothing more than trigger an automatic response from Defendant indicating receipt, and Defendant had no further duty to answer or acknowledge the e-mail. Defendant was not required to file an answer and thus were not required to disclose any challenge to service.
2. On several occasions the undersigned reminded the paralegal handling the service of process to track and ensure all defendants named on the complaint had been served.
3. Case management order No. 35 ("CMO No. 35 allowed service until August 31, 2022, thus allowing service for about two years after Plaintiff's complaints were filed. While this was ample time to complete service, Plaintiff did not complete service prior to August 22, 2022 service deadline on CMO No. 35 because they continued to operate under the mistaken belief that service was already completed. CMO No. 35 did not specify any particular case with defective service in their cases. They did not willfully or contumaciously ignore the deadline for service, as evidenced by their continued prosecution of the case as if it had been properly served.
4. Plaintiffs' Liason counsel provided all MDL Defendants, including Defendant, a report of claims and case inventory. See e.g. Docs. 12741, 13894, 14160, 14440. Defendant cannot claim they were unaware of Plaintiffs' claims given or that they were prejudiced by any delay in service.
5. In each case listed on Exhibit A, Plaintiffs complied with all discover obligations, putting them in the same position as Plaintiffs who timely served complaints. The discovery each

3

plaintiff completed was served through Centrality. The extent of discovery of each plaintiff is listed on exhibit A.

6. After the briefing for Defendant's Motion to Dismiss was completed, Defendant continued to litigate these matters.

### IV.  ARGUMENT

Dismissal with prejudice is "the harshest of all sanctions... [and] an extreme sanction that deprives a litigant of the opportunity to pursue his claim. " *Veazy v. Young's Yaght Sale & Serv., Inc.* F.2d 475, 476-77 (5th Cir. 1981). Here, the Court has opined that the applicable statute of limitations converts its dismissal to one with prejudice. Such sanction is not preferred unless there is a clear record of delay or contumacious conduct. *Id.* At 477. The cases approving such a sanction are distinguishable because defendants in those cases faced actual prejudice. *Veazy* affirmed the district court's decision to dismiss where the defendants did not receive actual notice of the lawsuit for nearly 21 months. *Id. In sealed appellant v. Sealed Appellee*, 452 F.3d 415(4th Cir, 2006) the court found prejudice to the defendants because a delay in service affected the "defendant's preparations," explaining the delay between filing and services does not allow Defendants " a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is still intact and available". 452 F.3d at 418. In *Sealed Appellant*, the appellant never served any documentation on Defendant and never took "any other action in the case, such as filing motions or pleadings, seeking discovery, or notifying Appellee of the pending claims" over two years. *Id.* At 417. The defendant was not aware that a lawsuit had been filed until a conversation revealed that a lawsuit against it had been unsealed almost two years prior. *Id.*

In contrast to these cases, Defendant was fully able to prepare for and defend against the allegations of Plaintiffs' complaints. Defendant was provided all requested evidence while it was still relatively fresh, intact, and available.

The Eastern District of Louisiana has previously denied a motion to dismiss without prejudice because defendants were aware of, and participated in, the lawsuit against them despite a lack of timely service. *Chenevert v. Algiers Charter Sch. Ass'n, Inc.,* No CIV.A. 12-2099, 2013 WL 4710408, at *1 (E.D. La. Aug. 29, 2013). In response to the defendants' motion to dismiss, the plaintiffs argued that the defendants were not prejudiced because they had defended the case by submitting affidavits and briefs to the EEOC. *Id.* At *2. The Court found that the Defendants prior knowledge of the action mitigated any prejudice they might have suffered because of untimely service. *Id.* at *6. It explained the "delay in service has not resulted in Defendants missing any deadlines or conferences, or forced them to complete discovery in a more limited time than other parties…[the] trial date provides them with ample time to prepare this case and file any necessary motions". *Id.* see *In re: Ethicon Inc.,* No. 2327, 2016 WL 6436566, at *2( S.D. W. Va. Oct. 27, 2016 (finding it would be an absurd result if MDL defendants requested sensitive medical information, and encouraged plaintiffs to expend resources in litigation, only to assert a service issue years later, particularly noting that defendants had led plaintiffs to believe service was adequate through interacting with litigation)

This Circuit has also reasoned that defendants do not need to necessarily file an answer to waive personal jurisdiction, but taking "some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than one contesting only jurisdiction" can serve as an appearance and waiver of the requirement of personal jurisdiction. *In re: Ethicon Inc.,* 2016 WL 64365666, at *2 (Citing *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.,* 811 F.2d 278, 281 (5th Cir. 1987)). In fact, the Fifth Circuit has found the federal rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat…[this] would elevate formality over substance and would lead plaintiffs to waste time, money and judicial resources pursuing a cause of action." *Broadcast Music, Inc.,* 811 F.2d at 281.

Based upon the facts, Plaintiff submits that their counsel was not contumacious. Counsel did not ignore or willfully disregard PTO 30 or CMO 35 regarding service. **(See Exhibit B)**

5

A paralegal who worked on the Taxotere cases resigned. He was given the responsibility of serving complaints and summons to all named Defendants. **Exhibit B.** Prior to the entry of CMO 35, counsel for Plaintiffs had routinely met with the paralegal, who maintained a spreadsheet, to ensure all complaints had been served and based on those meetings was under the impression that all complaints filed by Schmidt National Law Group had been served. **Exhibit B.** Upon entry of CMO 35 and advisement from liason counsel to ensure all complaints had been served, counsel e-mailed the paralegal and requested an update on service of the complaints. The paralegal moved to another city, but agreed to perform this task.

"Contumacious" means "stubbornly disobedient: Rebellious." Merriam-Webster.com Dictionary, Meeriam-Webster, https://merriam-webster.com/dictionary/ contumacious Accessed 4 Oct. 2023. Another dictionary defines the term as, "stubbornly or willfully disobedient to authority…." Word online dictionary, Accessed 4 Oct. 2023. Counsel's conduct outlined herein does not match the meaning of the word "contumacious". There was no stubbornness or willful disobedience whatsoever, rather there was good faith reliance upon the mistaken representations of counsel's paralegal. It is respectfully submitted that these facts do not support the Court's factual conclusion to the contrary

Pursuant to Rule 59(e) and 60(b) tests used in the Eastern District of Louisiana, the Court's recognition of the facts set forth herein, and in the exhibits hereto, will correct a manifest factual error regarding the Court's finding of "contumacious conduct" upon which judgement is based. Moreover, setting aside or amending the Court order as to Plaintiffs will reverse the manifest injustice of a final adjudication adverse to Plaintiff that leaves her case dismissed.

In a remarkably similar case, *Razvi v. Dall. Fort Worth Int'l Airport,* No. 21-10016, 2022 WL 4298141 (5th Cir. Sep. 16, 2022), an attorney's assistant's mistake in performing a task delegated was held excusable-"lawyers often delegate tasks to paralegals and secretaries which "may well ensure greater accuracy in meeting deadlines." See also *Pincay v. Andrews,*

389 F.3d 853, 856 (9th Cir. 2004), *cited with approval in Razvi* ([T]he delegation of repetitive legal tasks to paralegals has become a necessary fixture.")

As further discussed below, in the instant case, counsel's reliance on his staff doing a full audit and having meeting in person to ensure the cases were properly filed meets the test for excusable neglect. As such the evidence here also meets the second *Harang* prong addressing newly discovered evidence.

The United States Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.,* 507 U.S. 380, 388 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) examined the meaning of "excusable neglect" in the context of late filings. The *Pioneer* analysis has been adopted and applied by the 5th Circuit in *Razvi, supra* as well as *Stotter v. Univ. of Texas at San Antonio,* 508 F.3d 812, 820 (5th Cir. 2007), *Midwest Employers Co. v. Williams,* 161 F.3d 877, 879 (5th Cir. 1998), *United States v. Moreno,* No.3:17-cr-468-D(10) *(N.D. Tex. Nov. 30, 2018).* The analysis should guide the court here.

> As the *Pioneer* court explained:
> 
> [B]y empowering the court to accept the late filings" where the failure to act was the result of excusable neglect" Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate to accept the late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.
> 
> *Pioneer* at 113 S.Ct. 1489 at 1494-95, *See also Razvi* at 4.
> 
> The determination of whether neglect is excusable "is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission. These include...the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within a reasonable control of the movant, and whether the movant acted in good faith. *Id. Razvi* at 5, *Stotter, at 820, Williams,* at 879, *Moreno, Supra.*

*Razvi* is on point with the instant matter. The *Razvi Court* applied the requisite *Pioneer* analysis for "excusable neglect" resulting from an assistant's mistake. The *Razvi Court* reversed the trial court's dismissal without prejudice after the statute of limitations had run calling the result "overkill". *Id. at 16.* The court concluded that the "attorney's omission was

7

[not] due to a mis understanding of the law, ignorance of local rules, gross carelessness, or a deliberate choice. Counsel did not deliberately act in reliance on an erroneous understanding of the law or rules, rather he overlooked a missed deadline for service, after he uploaded a documents, including a plaintiff's fact sheet, authorizations, medical records and photographs to the portal. We also cannot say that this "error was gross carelessness" as lawyers often delegate tasks to paralegals and secretaries which "may well ensure greater accuracy inn meeting deadlines". *Id.* at 10. See also *Pincay,* 389 F.3d. at 856. After consulting the *Pioneer* factors, the Fifth Circuit held the assistant's mistake was excusable neglect because: "there was no danger of unfair prejudice, the length of delay caused by his filing error did not adversely affect the proceedings, and while the reason for the delay, a calendaring error, was well within the reasonable control of Razvi's counsel, it did not appear to be in bad faith. Moreover, there has been no trial on the merits in this case and the dismissal by the district court precludes such consideration. Accordingly, we reverse the district court's denial of Razvi's motion for relief from judgement." *Razvi* at 2.

Just as in *Razvi,* the newly discovered facts here establish excusable neglect when applied to the Pioneer factors.

First, there is no danger here of unfair prejudice to Defendant. Exhibit A list out the facts showing Defendant was on sufficient notice of the cases and the discovery each Plaintiff filing this Motion provided, and was put on notice by Plaintiffs' Liason Counsel of the existence of the lawsuit via reporting. Moreover, there would be no prejudice resulting from delayed service given each of the cases existed on MDL Centrality and Defendant received notifications when documents were uploaded to Centrality in each case. "Being forced to litigate on the merits cannot be considered prejudicial." *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir. 2001) (default judgement lifted)

Second, the length of the delay will not affect the proceedings here. Each of Plaintiffs listed have yet to be remanded out of the MDL. There is plenty of time to have meaningful participation by both sides in getting the cases ready for remand.

8

Third, the mistakes were not made in bad faith. The delay in service resulted from staff errors (despite follow up from counsel) **(Exhibit B)** Plaintiffs nor their counsel's action amounted to contumacious conduct.

Fourth, there has been no resolution on the merits of the case, and the court's dismissal precludes such consideration.

In sum, the conduct here is the type of conduct that the Fifth Circuit found excusable when applying the *Pioneer* factors and emphasizing, as required by *Pioneer*, " that the determination is an equitable one, taking into account all relevant circumstances surrounding the party's omission." *Razvi* at 4 quoting *Pioneer*, 507 U.S. at 395. In light of the above, it is respectfully requested that the Court reconsider Plaintiffs dismissal where granted the defendant's Motion without the specific facts underlying Plaintiffs' counsel failure to timely serve. It is respectfully submitted that recognition and consideration of the individual facts of these plaintiffs' cases as addressed herein is fundamentally required by due process.

For the above stated reasons, it is respectfully requested that the Court reconsider the order dismissing Plaintiffs' cases and allow them to proceed. Doing so is within the Court's discretion to "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995)*

## V. Conclusion.

Pursuant to Fed. R. Civ. P. 59(e) and/or Fed. Civ. P. 6(b) along with fifth circuit precedent, the court should reconsider its Order dismissing Plaintiffs' cases and reinstate them.

Dated: 11/2/23										Respectfully Submitted

By:/s/Martin Schmidt
Schmidt National Law Group
3033 Fifth Avenue, Suite 335
San Diego, CA 92103
Telephone: (800) 631-5656
Facsimile: (619) 393-1777