UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABIILTY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*The cases identified in Exhibit A* | MDL NO. 2740<br><br>SECTION "H" (5)<br><br>HON. JANE TRICHE MILAZZO<br>MAG. JUDGE MICHAEL NORTH |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS PURSUANT TO RULE 25**

The claims of the Plaintiffs listed in Exhibit A are subject to dismissal pursuant to Rule 25(a) for failure to substitute within the applicable timeframe. Further, under this Court's Wave 2 Non-Transfer Order, cases that do not comply with the applicable Rule 25 timeframe "will be dismissed." *See* Amended Non-Transfer Order Re: Doc. 16350 (Wave 2 Cases) (Rec. Doc. 16519) at 1. Despite the filing of Suggestions of Death more than 90 days ago, no motions to substitute have been filed, no motions for extension of time have been brought under Rule 6(b), and no showings of excusable neglect have been made in any of the cases identified in Exhibit A. Accordingly, the cases are ripe for dismissal.

**PROCEDURAL BACKGROUND**

Counsel for all plaintiffs identified in Exhibit A filed Suggestions of Death upon the record more than 90 days prior to the date of this motion. Some of the Suggestions of Death were filed as long ago as 2019, and many were filed in connection with Show Cause and/or Wave 2 proceedings in summer 2023. Despite the passage of the 90-day period for substitution under Rule 25(a), none of the plaintiffs identified have filed a motion to substitute. Further, none of the plaintiffs have made any motion for extension of time pursuant to Fed. R. Civ. P. 6(b), nor demonstrated any excusable neglect for failure to substitute or timely seek an extension.

1

## LEGAL STANDARD

Federal Rule of Civil Procedure 25(a)(1) states as follows:

> (1)   Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. <u>If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.</u>

Fed. R. Civ. P. 25(a)(1) (emphasis added). In its Order addressing cases Wave 2 cases withheld from transfer, this Court further stated that, in cases in which Suggestions of Death are filed and no substitution is made, those cases are to be dismissed. *See* Amended Non-Transfer Order Re: Doc. 16350 (Wave 2 Cases) (Rec. Doc. 16519) at 1 ("If a representative plaintiff does not appear within the timeframe allowed by Federal Rule of Civil Procedure 25, these cases will be dismissed.").

Should a representative have difficulty timely filing a motion to substitute, the Federal Rules allow the representative or counsel to petition the court for an extension, <u>for good cause</u>, before the filing deadline has passed. *See* Fed. R. Civ. P. 6(b)(1)(A). After the time to file has expired, a representative or counsel may move for additional time, but only "if the party failed to act because of <u>excusable neglect</u>." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). No representative or counsel for the cases listed in Exhibit A has filed any such motion under Rule 6(b).

## ARGUMENT

Legal authority makes clear that dismissal is appropriate where notice of death has been filed on the record, 90 days have passed, and no motion to substitute has been made. *See, e.g., Cortez v. Lamorak Ins. Co.*, No. 20-cv-2389, 2022 WL 1595837, at *2 (E.D. La. May 19, 2022) ("More than ninety days have passed since service of [the] suggestion of death, and no motion for substitution has been made. Accordingly, pursuant to Rule 25(a)(1), the Court must dismiss [the]

2

claims."); *Hornbeck Offshore Operators, LLC v. Knox*, No. 19-cv-00270, 2022 WL 307427, at *2 (E.D. La. Feb. 2, 2022) (dismissing case and noting "Rule 25's language is clear: if a timely motion for substitution is not made by any party, any 'action by or against the decedent must be dismissed.'"); *Barcroft v. Gibbs*, No. 16-cv-00562, 2017 WL 6987668, at *1 (E.D. Tex. Dec. 8, 2017) ("As more than ninety days have passed since Defendant notified the Court of Plaintiff's death, the Court finds that Defendants' Rule 25(a) motion should be granted and Plaintiff's claims be dismissed.") (adopted as correct in *Barcroft v. Gibbs*, No. 16-cv-00562, 2018 WL 453866, at *1 (E.D. Tex. Jan. 17, 2018)).

The most recent Suggestion of Death among the plaintiffs identified in Exhibit A was filed on August 9, 2023. Any motion to substitute or motion for extension of time for good cause must therefore have been filed by November 7, 2023. As the 90-day period has expired without the filing of either motion, the claims of the plaintiff's identified in Exhibit A "must be dismissed." *See* Fed R. Civ. P. 25(a)(1) ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."); *Hornbeck*, 2022 WL 307427, at *2 ("Rule 25's language is clear[.]"). Moreover, this Court and the parties have extensively discussed the importance of and process for deceased Plaintiff substitutions, including the process for timely requesting extensions of time. *See* Amended Non-Transfer Order Re: Doc. 16350 (Wave 2 Cases) (Rec. Doc. 16519) at 1; *see generally Hr'g Tr.* 112–139 (July 11, 2023) (Rec. Doc. 16199) (discussing Rule 25, Rule 6, and application in MDL 2740 at length). Nevertheless, no counsel for any case listed on Exhibit A has made any motion under Rule 6(b)—either before the 90-day deadline or since it has passed. Accordingly, dismissal is appropriate.

3

## CONCLUSION

The representatives of the plaintiffs identified in Exhibit A have had ample time to comply with the statutory obligations imposed by Rule 25. Nonetheless, they have failed to apply for substitution, failed to ask the Court for additional time, and failed to make any demonstrations of excusable neglect. For the foregoing reasons, the cases identified in Exhibit A should be dismissed pursuant to Federal Rule of Civil Procedure 25.

Respectfully submitted,

| | |
|---|---|
| */s/ Douglas J. Moore* | Harley V. Ratliff |
| Douglas J. Moore (Bar No. 27706) | Adrienne L. Byard |
| **IRWIN FRITCHIE URQUHART** | Jordan Baehr |
| **MOORE & DANIELS LLC** | **SHOOK, HARDY & BACON L.L.P.** |
| 400 Poydras Street, Suite 2700 | 2555 Grand Boulevard |
| New Orleans, LA 70130 | Kansas City, Missouri 64108 |
| Telephone: 504-310-2100 | Telephone: 816-474-6550 |
| Facsimile: 504-310-2120 | Facsimile: 816-421-5547 |
| dmoore@irwinllc.com | hratliff@shb.com |
| | abyard@shb.com |
| | jbaehr@shb.com |

*Counsel for Sanofi US Services Inc. and Sanofi-Aventis U.S. LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*
Douglas J. Moore