UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | : : : : : | MDL NO. 2740<br><br>SECTION "N" (5)<br>JUDGE ENGELHARDT<br>MAG. JUDGE NORTH |
| STACY MILLER-JOHNSON, Individually and as Executor of the Estate of SHIRLEY JOHNSON-HILL, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>SANOFI U.S. SERVICES INC. f/k/a SANOFI-AVENTIS U.S. INC. and SANOFI-AVENTIS U.S. LLC<br><br>Defendants | : : : : : : : : : : : : : : : | **PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Civil Action No.: **2:18-cv-3687** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT**

1.  COMES NOW, Plaintiff Stacy Miller-Johnson, Individually and as Executor of the Estate of Shirley Johnson-Hill, by and through the undersigned counsel, pursuant to Federal Rules of Civil Procedure 15(A)(2), respectfully moves the Court for leave to amend her Short Form Complaint filed in this action. Plaintiff's original Complaint was filed in the Eastern District of Louisiana on April 6, 2018 (*Johnson v. Sanofi et al.* Case No. 2:18-cv-3687), and Plaintiff served Defendants pursuant to PTO 9.

2.  Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading 21 days after service or with the Court's leave, which "shall be freely given when justice so requires." The Federal Rule of Civil Procedure 16(b) governs amendments of pleadings after a scheduling order's deadline to amend has expired. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348

(5th Cir. 2008). Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). Four factors are relevant in showing good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Courts consider all factors as a collective balancing test to determine whether to grant a plaintiff's motion for leave to file an amendment. The Federal Rules of Civil Procedure give district courts broad discretion in enforcing the deadlines in their scheduling orders, and we will not lightly disturb the court's enforcement of those deadlines. *See* Fed. R. Civ. P. 16(b); *Batiste v. Lewis*, 976 F.3d 493, 499 (5th Cir. 2020).

3.   Here, the federal rules permit the amendment in this case because good cause exists under the four factors enumerated by the Fifth Circuit. Good cause exists to amend the complaint because Plaintiff, after years of diligently searching, recently discovered that the product identification number associated with the Taxotere drug given to Shirley Johnson-Hill (Ms. Johnson-Hill) belongs to Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. (collectively, "Hospira"). Plaintiff's diligent efforts over the years includes reaching to out to Ms. Johnson-Hill's medical providers approximately fifteen times through various methods of communication to locate the product identification number pursuant to Case Management Order 12A. Most recently, this year, the infusion center stated that the product identification number was destroyed. It was not until August of this year that Plaintiff was provided with medical records with a product identification number. Those records indicated that the drug belonged to Hospira. This explanation illustrates good cause under the first factor because the failure to amend the complaint sooner was

5

not due to Plaintiff's lack of diligence. Furthermore, Plaintiff does not bring this motion for any improper purpose, including intentional delay.

4. This court has held that new information learned during discovery may create good cause to amend when the party seeking relief promptly requests leave upon learning the new information. *Wilco Marsh Buggies & Draglines, Inc. v. Weeks Marine, Inc.*, 618 F. Supp. 3d 335 (E.D. La. 2022); *see also Katz v. Intel Pharma*, No. CV H-18-1347, 2019 U.S. Dist. LEXIS 239521, 2019 WL 13037048, at 5 (S.D. Tex. Apr. 19, 2019) (granting a motion for leave to amend when the plaintiff moved to add a new party after learning information in discovery related to the new party's liability). In this case, parties learned of Hospira's involvement on August 8, 2023, when Plaintiff finally received from Cleveland Clinic, medical records with a product identification number. Plaintiff promptly reached out to Defendant, wrote a letter to the Court, and joined in Plaintiff's leadership's brief on the same issue. Consequently, Plaintiff promptly acted upon learning of the product identification number during discovery, which created good cause to amend the complaint. *Wilco Marsh*, 618 F. Supp. 3d at 335.

5. Moreover, the second good cause factor weighs in favor of Plaintiff as well. The amendment of the complaint in this case is of the utmost importance. This amendment allows Plaintiff to bring in the defendant responsible for providing her medical provider with the drug that is subject matter of this litigation. Indeed, the linkage between Hospira and Plaintiff not only sheds new light on the causative factors of the injuries sustained by Plaintiff, but it also reveals a previously undisclosed party who is potentially liable for the harm inflicted. The obstacles Plaintiff encountered during the diligent and good-faith pursuit of this product identification number only emphasize this amendment's necessity. This information is indeed newfound to Plaintiff, and she promptly seeks to amend for good cause upon learning that the product belongs to Hospira,

6. Permitting the proposed amendment mitigates potential prejudice. By including Hospira as a defendant based on the recently acquired product identification number, the litigation can achieve a more comprehensive and accurate resolution. Allowing this amendment ensures that all relevant parties are held accountable for Ms. Johnson-Hill's injuries, promoting a fair and equitable outcome. Although there may be minor delays in the proceedings, these are outweighed by the benefits of a more complete case, facilitating the court's efficient administration of justice. These delays will not prejudice the current Defendant as adding Hospira will not require the current Defendant to engage in any more or less discovery and investigation than it would have without adding Hospira to the claim. *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533 (5th Cir. 2003) (finding prejudice because the non-movant "would be required to conduct additional discovery"). Hospira will have the opportunity to adequately prepare their defense, as Hospira has already done so in several other similar cases, thus contributing to a more balanced and equitable legal process. This amendment reduces potential prejudice by affording all parties the opportunity to present their cases thoroughly and fairly. Consequently, the third good cause factor also weighs in favor of allowing the amendment.

7. Lastly, the availability of a continuance to cure potential prejudice in this case is an equitable option. Allowing the amendment to add Hospira as a defendant based on the recently acquired product identification number is a critical step toward achieving a just and comprehensive resolution for Plaintiff's permanent and life-altering hair loss. This amendment would enable the added defendant, Hospira, to properly assess the claims against them, gather necessary evidence, and formulate a defense, thereby preventing any undue hardship or unfairness. Additionally, an amendment allows all parties to avoid rushed proceedings and ensures that the case is conducted in a thorough and balanced manner, ultimately upholding the principles of due process and justice.

Therefore, the fourth factor also weighs in favor of permitting the amendment of the complaint to add Hospira as the defendant.

8.     Plaintiff's motion for leave to file an amended complaint is supported by all of the good-cause factors relevant to such amendments as outlined by Federal Rule of Civil Procedure 16(b) and the Fifth Circuit's jurisprudence. The explanation for the delay in seeking leave to amend emphasizes the relentless pursuit of critical information and the importance of the amendment in shedding new light on the causative factors of the injuries. Shirley Johnson-Hill has suffered disfiguring and life-altering damages. The potential prejudice in allowing the amendment is outweighed by the benefits of a more comprehensive and accurate resolution for Plaintiff's injuries. The availability of a continuance to address any potential prejudice ensures that the interests of justice are upheld. Given the collective balance of these factors, granting leave to amend is not only reasonable but necessary to facilitate a just and equitable outcome in this claim.

For these reasons, Plaintiff requests that this Court grant leave to file the attached Amended Complaint.

Dated: November 22, 2023

Respectfully submitted,

**HODGES & FOTY, LLP**

*/s/ David W. Hodges*
David W. Hodges (*pro hac vice*)
Texas Bar No. 00796765
2 Greenway Plaza, Suite 250
Houston, Texas 77046
Tel: (713) 523-0001
Fax: (713) 523-1116
dhodges@hftrialfirm.com

**ATTORNEYS FOR PLAINTIFF**

**AMENDED CERTIFICATE OF CONFERENCE**

This is to certify that Plaintiff's Counsel conferred with Defendants on August 10, 2023, and then on November 10, 2023, via email, regarding whether Defendants are opposed to Plaintiff's amendment of the complaint as specified in Plaintiff's Motion for Leave to Amend the Complaint. On November 14, 2023, Hospira's Counsel replied. Plaintiff's counsel conferred with Hospira's counsel, who agree in the interest of judicial economy not to oppose this motion, with the understanding and agreement that – Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. and Hospira, Inc. reserve their rights to assert all defenses, including but not limited to defense based on statute of limitations, laches, jurisdiction, and service of process, at another stage in this lawsuit.

*/s/ David W. Hodges*
David W. Hodges

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

*/s/ David W. Hodges*
David W. Hodges