## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 2740 SECTION "H" (5) |
| | HON. JUDGE JANE TRICHE MILAZZO |
| | MAG. JUDGE MICHAEL NORTH |
| THIS DOCUMENT RELATES TO: | |
| Bonnie Whitehurse | Civil Action No.:  2:19-cv-14622 |

## MEMORANDUM IN OPPOSITION OF
## SANOFI'S MOTION TO DISMISS PURSUANT TO RULE 25

Plaintiff Bonnie Whitehurse submits Sanofi's Motion To Dismiss, Document 1656, should be denied for the reasons set forth below.

## PROCEDURAL BACKGROUND

Plaintiff's Counsel filed a notice of death on August 3, 2023.  Sanofi has not provided any evidence it has served Plaintiff's estate with the notice of death.  This Court stated in the Wave Non-Transfer Order, that cases that do not comply with the applicable Rule 25 timeframe "will be dismissed."  *See* Amended Non-Transfer Order Re: Doc. 16350 (Wave 2 Cases) (Rec. Doc. 16519). Plaintiff filed a Motion to Substitute on November 21, 2023 (Doc. 16579).

## LEGAL STANDARD

"[T]he suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of motion to substitute." *Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015) (quoting *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)).  The Suggestion of Death must be served on the decedent's personal representatives or estate in accordance with Rule 4 before the ninety-day period imposed by Rule 25 begins to run. *Sampson*, 780 F.3d at 681; *see also* Fed. R. Civ. P. 25(a)(3).  "Personal

service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired." *Id.* (quoting *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985)).

Service on the attorney for the plaintiff-decedent's estate will not suffice as service on the estate. *Sampson*, 780 F.3d 679, at 681 (citing *Grandbouche v. Lovell,* 913 F.2d 835, 837 (10th Cir.1990)) (holding that even though the attorney for the decedent's estate was noticed, the successor or representatives of the deceased-party's estate were required to be noticed as well).

## ARGUMENT

### Sanofi Has Not Properly Served A Suggestion of Death On The Representatives Or Success Of The Bonnie Whitehurse Estate

Sanofi states "dismissal is appropriate where a notice of death has been filed on the record." Document 16564-1 at 2. However, the Fifth Circuit has held the suggestion of death must be served on the decedent's estate for the 90-day clock to begin under Rule 25 for purposes of dismissal:

> We hold, consistent with the other appellate courts that have spoken on this issue, that a Rule 25 notice of death must be personally served on a deceased-plaintiff's estate, in accordance with Rule 4, before the ninety-day clock can begin to run on the deceased-plaintiff's action.

*Sampson*, 780 F.3d 679, at 683.

District Courts in Louisiana and the Fifth Circuit have followed *Sampson* and required the estate be personally notified of the notice of death for the 90-day clock to run under Rule 25.  See *Webb v. Town of St. Joseph*, No. 3:12-CV-02644, 2016 WL 2726648 (W.D. La. May 9, 2016) ([s]ervice on a nonparty "alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired..") citing *Sampson*, 780 F.3d at 681 (quoting *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985); *Terry v. Bay St. LouisWaveland Sch. Dist.*, No. 1:21-CV-155-TBM-RPM, 2022 WL 1110334 (S.D. Miss. Apr. 13, 2022) (same) *Lewis v. Flowers*, No. 1:15CV116-HSO-JCG, 2016 WL 3162065 (S.D. Miss. June 3,

2016) (same). Personal representatives of a deceased-plaintiff's estate are non-parties that must be personally served under Rule 25. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) ("[T]he suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute.")

In *Ross v. Fat Cat Boatworks LLC*, No. 2:19-CV-107, 2019 WL 13191906 (S.D. Tex. Oct. 30, 2019), the defendant, like Sanofi, tried to dismiss the plaintiff's claims without serving the successor or personal representative with the Suggestion of Death. There, the Court refused to dismiss the case per Rule 25 because neither the successor or personal representative had been served with the Suggestion of Death:

> Defendant has submitted no proof of personally serving the Suggestion of Death on nonparties pursuant to Rule 25. Further, because Ross is deceased, and it is unclear whether Attorney Brooks is now representing Ross's successor or personal representative, Attorney Brooks may not seek dismissal on behalf of Ross.

*Id.*, 2019 WL 13191906, at *2.

Like in *Ross,* there is no evidence presented by Sanofi it has served the notice of death on the Whitehurse estate as required by Rule 25. There is no evidence that the nonparty, the Whitehurse estate or any of its personal representatives or successors, has been alerted "to the consequences of death for a pending suit signaling the need for action to preserve the claim if so desired."  Had the Whitehurse estate been served with the notice of death, dismissal would be warranted under Rule 25. Given there is no evidence that Sanofi has presented that either the successor or personal representative have been served of the Whitehurse estate, the 90-day clock cannot begin to run until they have done so per *Sampson*, *Webb*, *Ross*, Rule 25, and other cases within the Fifth Circuit.

## CONCLUSION

Plaintiff Bonnie Whitehurse requests Sanofi's Motion to Dismiss under Rule 25 should be denied.

Dated:  November 28, 2023

Respectfully Submitted,

**NIEMEYER, GREBEL & KRUSE, LLC**

*/s/ Mark R. Niemeyer*_____
Mark R. Niemeyer      #42437
211 N. Broadway, Suite 2950
St. Louis, MO 63102
314-241-1919 phone
314-665-3017 fax
niemeyer@ngklawfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/ Mark R. Niemeyer*_____