UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)
PRODUCTS LIABILITY LITIGATION

MDL NO. 2740

SECTION "H" (5)

HON. JUDGE MILAZZO
HON. MAG. JUDGE NORTH

THIS DOCUMENT RELATES TO:

*Eugenia Williams v. Sanofi-Aventis U.S. LLC d/b/a Winthrop US, et al.*

Civil Action No. **2-18-cv-10813**

---

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO SANOFI DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 25 AND/OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO EXTEND DEADLINE TO FILE MOTION TO SUBSTITUTE PROPER PARTY**

---

Plaintiff Eugenia Williams files this Response and Memorandum in Opposition to Sanofi Defendants' Motion to Dismiss Pursuant to Rule 25 and/or, in the Alternative, Motion for Leave to Extend Deadline to File Motion to Substitute Proper Party and, in support thereof, Plaintiff respectfully shows the Court the following:

### Sanofi Defendants' Motion Should be Denied as Moot and Plaintiff's Motion to Substitute Proper Party Should be Granted

1. Plaintiff Eugenia Williams has filed a Motion to Substitute Surviving Heir Harold E. Williams, Sr. (Doc. 16597) as the proper Plaintiff in this case. Mr. Williams is the surviving son/heir of Eugenia Williams and, as shown by the Certificate of Appointment of Personal Representative attached as Exhibit A to the Motion and by this reference incorporated herein, has proper capacity to proceed forward with this lawsuit on her behalf.

2. Accordingly, Sanofi Defendants' Motion to Dismiss Pursuant to Rule 25 (Doc. 16564) is moot and should be denied as to Plaintiff Eugenia Williams (and Harold E. Williams, Sr. should be substituted in as proper Plaintiff for Eugenia Williams in this case).

### SANOFI DEFENDANTS' MOTION SHOULD OTHERWISE BE DENIED

3. Counsel for Plaintiff Eugenia Williams filed a Suggestion of Death on August 1, 2023 (Doc. 16237). Sanofi has not provided any evidence it has served Plaintiff's estate with the notice of death.

***90-day Clock Has Not Started as Sanofi Defendants Have NOT Properly Served a Suggestion of Death on the Representatives of Successors of the Estate of Eugenia Williams***

4. In their Motion, Sanofi Defendants state "dismissal is appropriate where a notice of death has been filed on the record." Doc. 16564-1 at 2. However, the Fifth Circuit has held the suggestion of death must be served on the decedent's estate for the 90-day clock to begin under Rule 25 for purposes of dismissal:

> We hold, consistent with the other appellate courts that have spoken on this issue, that a Rule 25 notice of death must be personally served on a deceased-plaintiff's estate, in accordance with Rule 4, before the ninety-day clock can begin to run on the deceased-plaintiff's action.

*Sampson v. ASC Indus.,* 780 F.3d 679, 683 (5th Cir. 2015). Service on the attorney for the plaintiff-decedent's estate will not suffice as service on the estate. *Sampson*, 780 F.3d at 681 (citing *Grandbouche v. Lovell,* 913 F.2d 835, 837 (10th Cir.1990)) (holding that even though the attorney for the decedent's estate was noticed, the successor or representatives of the deceased-party's estate were required to be noticed as well). District Courts in Louisiana and the Fifth Circuit have followed *Sampson* and required the estate be personally notified of the notice of death for the 90-day clock to run under Rule 25. *See Webb v. Town of St. Joseph*, No. 3:12-CV-02644, 2016 WL 2726648 (W.D. La. May 9, 2016) ([s]ervice on a nonparty "alerts the nonparty to the consequences

of death for a pending suit, signaling the need for action to preserve the claim if so desired.") (citing *Sampson*, 780 F.3d at 681 (quoting *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985); *See also Terry v. Bay St. Louis Waveland Sch. Dist.*, No. 1:21-CV-155-TBM-RPM, 2022 WL 1110334 (S.D. Miss. Apr. 13, 2022); *See also Lewis v. Flowers*, No. 1:15CV116-HSO-JCG, 2016 WL 3162065 (S.D. Miss. June 3, 2016).

5.  Personal representatives of a deceased-plaintiff's estate are non-parties that must be personally served under Rule 25. *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). In *Ross v. Fat Cat Boatworks LLC*, No. 2:19-CV-107, 2019 WL 13191906 (S.D. Tex. Oct. 30, 2019), the defendant, like Sanofi Defendants, tried to dismiss the plaintiff's claims without serving the successor or personal representative with the Suggestion of Death. There, the Court refused to dismiss the case per Rule 25 because neither the successor or personal representative had been served with the Suggestion of Death:

> Defendant has submitted no proof of personally serving the Suggestion of Death on nonparties pursuant to Rule 25. Further, because Ross is deceased, and it is unclear whether Attorney Brooks is now representing Ross's successor or personal representative, Attorney Brooks may not seek dismissal on behalf of Ross.

*Ross*, 2019 WL 13191906, at *2.

6.  As in *Ross,* there is no evidence presented by Sanofi Defendants that they served the notice of death on the Estate of Eugenia Williams as required by Rule 25 – there is no evidence that the nonparty, the Estate of Eugenia Williams or any of its personal representatives or successors, has been alerted "to the consequences of death for a pending suit signaling the need for action to preserve the claim if so desired." *See Sampson*, 780 F.3d at 681. Since Sanofi Defendants have not presented any evidence that the personal representative of the Estate of

Eugenia Williams has been served, per *Sampson*, *Webb*, *Ross*, Rule 25, and other cases within the Fifth Circuit, the 90-day clock cannot begin to run until such has occurred.

7. Accordingly, Sanofi Defendants Motion to Dismiss should be denied.

### IN THE ALTERNATIVE, MOTION FOR LEAVE TO EXTEND DEADLINE TO FILE MOTION TO SUBSTITUTE PROPER PARTY

8. In the alternative, to the extent any 90-day deadline applies and/or has started to run, Plaintiff moves for an extension of such deadline to file a Motion to Substitute Party as good cause exists and/or failure to file a Motion to Substitute Party was not the result of conscious indifference, but due to accident or mistake (i.e. excusable neglect). Fed. R. Civ. P. 6(b)(1).

9. Specifically, as Plaintiff Eugenia Williams has filed a Motion to Substitute Proper Party (Doc. 16597), Plaintiff requests an extension of only approximately thirty (30) days for its Motion to Substitute Proper Party to be timely (according to Sanofi Defendants' argument (which is disputed above by Plaintiff)).

10. As stated above, counsel for Plaintiff Eugenia Williams filed a Suggestion of Death on August 1, 2023 (Doc. 16237). Counsel for Plaintiff inadvertently failed to calendar any applicable 90-day deadline after such date to file a Motion to Substitute Proper Party.

11. In *Pioneer Investment Services Co. v. Brunswick Associates, LP*, 507 U.S. 380, 382, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the U.S. Supreme Court examined the concept of "excusable neglect" while interpreting Federal Rule of Bankruptcy Procedure 9006(b)(1), which was modeled after and is substantially identical to Federal Rule of Civil Procedure 6(b)(1). The Court rejected the notion that the Rule permitted a late filing only when circumstances beyond a party's control prevented filing before the deadline, stating that the ordinary meaning of neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. The Court explained, "the determination is at bottom an equitable one,

taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. These include but are not limited to "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

12. Sanofi Defendants did not file their Motion to Dismiss until November 20, 2023. Prior to such Motion, Sanofi Defendants did not attempt to conference with or bring any alleged deficiency to the attention of counsel for Plaintiff. Once the inadvertent oversight was brought to counsel for Plaintiff's attention, counsel for Plaintiff immediately took action and has filed a Motion to Substitute Proper Party (Doc. 16597) – Harold E. Williams, Sr. as surviving son/heir and Personal Representative of the Estate. The alleged delay is only approximately thirty (30) days. Such will not affect any deadlines in the case, will have no impact on the judicial proceedings, and will not result in any delay, undue burden, harm or prejudice on Sanofi Defendants. This is exactly the sort of accident or mistake (i.e. excusable neglect) contemplated by the Rules and good cause exists to extend the time for Plaintiff to file a Motion to Substitute Proper Party (which has already happened). To the extent Sanofi Defendants' Motion is not considered already moot or is otherwise denied, Plaintiff respectfully requests an extension of time to file a Motion to Substitute Proper Party (i.e. consider the Motion timely filed). *See* Exhibit A by this reference incorporated herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests Sanofi Defendants' Motion be denied or, in the alternative, Plaintiff's Motion for Leave be granted, and for such other and further relief to which she may be justly entitled.

Dated: November 28, 2023                                  Respectfully submitted,

**REYES BROWNE LAW**

*/s/ Ryan J Browne*
Ryan J Browne
Texas State Bar No. 00796262
Spencer P. Browne
Texas State Bar No. 24040589
8222 Douglas Avenue, Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
ryan@reyeslaw.com
spencer@reyeslaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

DATED: November 28, 2023

*/s/ Ryan J Browne*
Ryan J Browne