## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: TAXOTERE (DOCETAXEL)                )        MDL No. 16-2740

PRODUCTS LIABILITY LITIGATION        )

                                                                )        SECTION: "H" (5)

This document relates to:                         )

All cases listed in Exhibit A                     )


## ORDER AND REASONS

Before the Court are 23 Motions for Leave to Amend, Rec. Docs. 15868, 15869, 15966, 15984, 15985, 16076, 16079, 16080, 16086, 16092, 16093, 16094, 16097, 16100, 16102, 16134, 16160, 16164, 16174, 16213, 16370, 16371, 16372.[1] For the reasons set forth herein, the Motions are **GRANTED**.


## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[2] that Plaintiffs were administered for the treatment of cancer. Plaintiffs allege that the drug caused permanent alopecia, or permanent hair loss. Plaintiffs bring claims for failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

In the instant Motions, Plaintiffs request leave to amend their Complaints to correct the named Defendants therein based on product identification evidence ("Product ID") allegedly obtained after the filing of

---

[1] *See* Ex. A.
[2] Docetaxel is the generic version of Taxotere.

1

Plaintiffs' initial Complaints. That is, Plaintiffs have identified the manufacturer of the docetaxel they received and seek to add that manufacturer as a defendant and/or dismiss any non-implicated defendants.

By way of background, on July 24, 2018, the Court, with the assistance of the parties, issued Case Management Order 12A ("CMO 12A").[3] CMO 12A governs the discovery of Product ID and subsequent dismissal of Defendants whose product was not used.[4] More specifically, CMO 12A orders Plaintiffs to (1) obtain proof regarding the identity of the manufacturer of the docetaxel they received, *i.e.*, Product ID; (2) notify Defendants of such evidence and dismiss all non-implicated Defendants within 30 days of uploading Product ID; and (3) "submit an Amended Plaintiff Fact Sheet to reflect the correct defendants and remove the defendants that are dismissed in connection with this Order."[5]

CMO 12A further provides that if any Plaintiff fails to seek voluntary dismissal of any Defendant not identified by the Product ID information within thirty (30) days of the date Plaintiff uploads such evidence to MDL Centrality, "such Plaintiff's claims against Defendants not identified by Product ID information may be subject to dismissal" pursuant to the procedures set forth in Pre-Trial Order 22A ("PTO 22A").[6] Notably, CMO 12A does not provide a deadline for Plaintiffs to amend their Complaints name the correct Defendants.

In turn, PTO 22A sets out the procedures for show cause orders and governs Defendants' requests for dismissal of the Complaint of any Plaintiff who fails to comply with the requirements of CMO 12A.[7] First, Defendants

---

[3] Rec. Doc. 3492.
[4] *Id.* at ¶¶ 7, 9–10.
[5] *Id.* at ¶¶ 7, 9–10.
[6] *Id.* at ¶¶ 7, 9–10.
[7] Rec. Doc. 3493 at ¶ 5.

may serve a Notice of Non-Compliance upon Plaintiffs' Liaison Counsel.[8] Within 30 days of being identified on a Notice of Non-Compliance, Plaintiffs shall confer with Defendants and confirm compliance via email.[9] Any Plaintiff who remains non-compliant may be placed on the call docket by Defendants subject to possible dismissal with prejudice or other appropriate relief.[10] At the hearing, each party will have the opportunity to address the Court regarding the alleged non-compliance.[11] Finally, PTO 22A provides that any "Plaintiff who fails to appear and establish good cause for the failure to comply with CMO 12A  may have her case dismissed with prejudice, or be subject to any other such relief as the Court may order at the hearing addressing the call docket."[12]

Throughout May and June of 2023, after receiving Notices of Non-Compliance for (1) lack of Product ID as to any named Defendant and (2) failure to dismiss non-implicated Defendants pursuant to CMO 12A, many Plaintiffs either filed Motions to Amend or notified Defendants of their intention to do so.[13] Because the vast majority of Plaintiffs' Complaints named only one Defendant, Plaintiffs alleged that they could not dismiss the non-implicated Defendants in compliance with CMO 12A until their Complaints were amended because doing so would dismiss Plaintiffs' cases in their entirety.[14]

On July 11, 2023, the Court held a Show Cause Hearing addressing, in part, Plaintiffs' failure to comply with CMO 12A.[15] At the Hearing, Defendants

---

[8]  *Id.* at ¶ 2.
[9]  *Id.* at ¶ 3.
[10]  *Id.* at ¶ 4.
[11]  *Id.*
[12]  *Id.*
[13]  Ex. B. at 1.
[14]  Ex. C. at 2.
[15]  Rec. Doc. 16199.

3

contended that (1) Plaintiffs lacked Product ID as to any named Defendant, (2) Plaintiffs failed to timely dismiss non-implicated Defendants after uploading Product ID, (3) any motions to amend filed by Plaintiffs attempting to cure their failure to comply with CMO 12A would be untimely, and (4) Plaintiffs' Complaints should therefore be dismissed pursuant to CMO12A and PTO 22A. Rather than dismiss the non-compliant Plaintiffs, the Court allowed the parties to submit Letter Briefing on the pending Motions to Amend.[16] The Court also directed certain Plaintiffs to file motions to amend if they intended to but had not yet done so.[17]

On July 14, 2023, Defendants submitted Letter Briefing "in Opposition to Untimely Motions for Leave to Amend and in Support of Dismissal" outlining their objections to Plaintiffs' requests to amend.[18] On July 24, 2023, Plaintiffs submitted responsive Letter Briefing.[19] In their Letter Briefing, Defendants name 27 Plaintiffs who allegedly failed to comply with CMO 12A and/or belatedly requested leave to amend.[20] After Letter Briefing was submitted, four additional Plaintiffs filed Motions to Amend, which were opposed by Defendants for the same reasons set out in their Letter Briefing.[21] The Court now considers Plaintiffs' 23 Motions to Amend.[22]

---

[16] *Id.* at 12:17–13:6.

[17] Ex. B at 1.

[18] Ex. B.

[19] Ex. C.

[20] 21 of the 27 named Plaintiffs have Motions currently pending before the Court.

[21] These Plaintiffs are Donna Bridgers [Rec. Doc. 16213], Donna Walker [Rec. Doc. 16370], Janice Scott [Rec. Doc. 16371], and Beulah McCall [Rec. Doc. 16372].

[22] The Court will address the Motions to Amend filed by Faith Newhouse [Rec. Doc. 16171] and Rosemary Calkins [Rec. Doc. 16033] separately.

## LEGAL STANDARD

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires."[23] As the Fifth Circuit has explained, Rule 15(a) "evinces a bias in favor of granting leave to amend."[24] However, leave to amend "is by no means automatic."[25] Instead, "decisions concerning motions to amend are 'entrusted to the sound discretion of the district court.'"[26] While leave should be freely given, "that generous standard is tempered by the necessary power of a district court to manage a case."[27] In deciding whether to grant leave, courts should consider five factors: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[28]

## LAW AND ANALYSIS

In their Letter Briefing, Defendants argue that Plaintiffs' failure to comply with CMO 12A is inexcusable and prejudicial.[29] Defendants further argue that amendment should be denied as futile because Plaintiffs' claims against the to-be-added Defendants are time-barred under each respective

---

[23] FED. R. CIV. P. 15(a)(2).

[24] Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597–98 (5th Cir. 1981).

[25] Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993).

[26] Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (quoting Quintanilla v. Tex. Television Inc., 139 F.3d 494, 499 (5th Cir. 1988)).

[27] Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

[28] Smith, 139 F.3d at 595 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

[29] The Court notes that Plaintiffs Lederle Taylor, Charity Miller, Saundra Green, Teresa Savini, Sheneatha Bradford, Donna Bridgers, Donna Walker, Janice Scott, and Beulah McCall were not on the Call Docket for the July 11, 2023 Show Cause Hearing. Therefore, their failure to comply with CMO 12A was not addressed at the Hearing, and they were not given a deadline within which to amend if they had not done so already.

state's statute of limitations or prescriptive period.[30] Finally, Defendants contend that pursuant to CMO 12A and Federal Rule of Civil Procedure 12(b)(6), the vast majority of Plaintiffs' cases "should be dismissed with prejudice" because "they lack Product ID as to the currently named Defendant(s)."[31]

At the outset, in granting similar Motions to Amend, this Court reasoned that, with respect to the to-be-named Defendants, arguments opposing amendment on the issue of prescription and/or statute of limitations were premature, fact intensive, and more properly raised via dispositive motion.[32] The Court further held that to-be-named Defendants could not make a "special appearance" by way of Pre-Trial Order 37A and challenge Plaintiffs' proposed amendments as time-barred under state statute-of-limitations laws.[33] The Court sees no reason to deviate from its prior ruling here.[34] Accordingly, the

---

[30] Ex. B. at 1.

[31] *Id.* at 2-3.

[32] Rec. Doc. 10906 at 2.

[33] Defendants Hospira Inc., Hospira Worldwide, LL f/f/a Hospira Worldwide, Inc. and Pfizer (collectively, "Hospira") and Accord Healthcare Inc. ("Accord") cited this Court's ruling in their initial agreements not to oppose Motions filed by Plaintiffs Lederle Taylor, Charity Miller, Saundra Green, Teresa Savini, and Sheneatha Bradford. Rec. Docs. 15970, 15971, 15972, 15984, 15985. Despite such initial agreements, Plaintiffs Taylor, Miller, Green, Savini, and Bradford were later listed in Defendants' Letter Briefing.

[34] Defendants contend that full briefing is not required, and there are no factual issues to be explored to determine futility, because the timing of Plaintiffs' actual knowledge of the proper defendant cannot be disputed. Ex. B. at 2. The Court disagrees. Notwithstanding any choice of law issues, under Louisiana law, for example, a plaintiff's knowledge is not necessarily dispositive. T.S. v. Congregation of Holy Cross S. Province, Inc., 22-CA-01826, p.8 (La. 6/27/23); 366 So.3d 64, 70. Determinations as to whether *contra non valentem* applies to suspend prescription generally proceed on an individual, case-by-case basis. *Id.* Louisiana law recognizes four categories of *contra non valentem* that operate to prevent the running of prescription:(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant. *Id.*

6

Court disregards any arguments as to a time-bar, recognizing Defendants' right to raise this issue in the future.

Regardless, the Court finds that justice requires leave to amend such that any CMO 12A deficiencies may be cured. First, Defendants are unlikely to suffer significant prejudice if the Court allows amendment, as Defendants were at least aware that Plaintiffs would amend their Complaints later in this MDL, and both parties agree that Product ID and Plaintiff Fact Sheets identifying the proper Defendants were ultimately uploaded to the MDL Centrality database.[35]

Second, the CMO 12A process, although successful in streamlining the process by which Plaintiffs located and uploaded Product ID, led to unforeseen issues regarding Plaintiffs' amendment obligations later in this MDL. As Plaintiffs point out, Judge Engelhardt initially entered CMO 12 and 12A in response to Defendants' objections to so-called "scattershot" Complaints that sought to name all Defendants in every case where Product ID was an issue.[36] However, in 2017, Judge Engelhardt also noted that the filing of numerous motions requesting leave to amend would cause problems in the record.[37] Thus, Plaintiffs were discouraged from initially naming all Defendants and/or filing motions for leave to amend to name all possible Defendants.

Finally, CMO 12A does not contain an explicit deadline for amending complaints. Rather, CMO 12A requires that non-implicated Defendants be dismissed 30 days after the upload of Product ID information to MDL Centrality. While Plaintiffs concede their failure to comply with CMO 12A in this respect, many Plaintiffs failed to dismiss non-implicated Defendants after the upload of Product ID because doing so would have resulted in the dismissal

---

[35] Ex B. at 1.
[36] Ex. C. at 3.
[37] *Id.* at 2.

of their case. Although the Court recognizes that Plaintiffs waited a significant amount of time to amend their Complaints, the Court nevertheless finds that justice requires leave to amend here. Defendants are free to raise any timeliness issues via dispositive motions.

## <u>CONCLUSION</u>

For the foregoing reasons, **IT IS ORDERED** that the Motions to Amend listed in Exhibit A are **GRANTED**.  The Clerk's office is instructed to file the amended complaints attached to Plaintiffs' Motions in the member cases.

New Orleans, Louisiana, this 1st day of December, 2023.

_____

**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

| | MDL 2740 RECORD DOCUMENT NUMBER | PLAINTIFF NAME | STANDARDIZED DOCKET NUMBER |
|---|---|---|---|
| 1 | 15868 | Lederle Taylor | 2:16-cv-17917 |
| 2 | 15869 | Carl/Charity Miller | 2:17-cv-02265 |
| 3 | 15966 | Saundra Green | 2:16-cv-15518 |
| 4 | 15984 | Teressa Savini | 2:17-cv-12896 |
| 5 | 15985 | Sheneatha Bradford | 2:17-cv-13092 |
| 6 | 16076 | Gloria Durham | 2:18-cv-01756 |
| 7 | 16079 | Gwendolyn Craddieth | 2:18-cv-00689 |
| 8 | 16080 | Joanne Boyland | 2:18-cv-00684 |
| 9 | 16086 | Renee Bornfreund | 2:17-cv-17980 |
| 10 | 16092 | Yvette Cordell | 2:18-cv-00687 |
| 11 | 16093 | Thelma Ford | 2:17-cv-16966 |
| 12 | 16094 | Theresa Gubala | 2:17-cv-10672 |
| 13 | 16097 | Susie Harris | 2:18-cv-01456 |
| 14 | 16100 | Robin Noll | 2:18-cv-02274 |
| 15 | 16102 | Lisa Pointer | 2:17-cv-08758 |
| 16 | 16134 | Marjorie Anderson | 2:16-cv-17139 |
| 17 | 16160 | Debra Chetta | 2:18-cv-04632 |
| 18 | 16164 | Willie Manuel | 2:17-cv-04829 |
| 19 | 16174 | Altha Edwards | 2:17-cv-14281 |
| 20 | 16213 | Donna Bridgers | 2:18-cv-05437 |
| 21 | 16370 | Donna Walker | 2:17-cv-12240 |
| 22 | 16371 | Janice Scott | 2:17-cv-07794 |
| 23 | 16372 | Beulah McCall | 2:17-cv-09536f |

# EXHIBIT B



950 Main Avenue, Suite 1100 | Cleveland, OH 44113 | TEL 216.592.5000 | FAX 216.592.5009

July 14, 2023

DIRECT DIAL 216.696.2286 | julie.callsen@tuckerellis.com

**VIA ELECTRONIC MAIL**

Honorable Jane Triche Milazzo
United States District Court
Eastern District of Louisiana
U.S. Courthouse
500 Poydras Street, Room C206
New Orleans, LA 70130

*Re: **Taxotere (Docetaxel) Products Liability Litigation**, MDL No. 2740 – Letter Brief in Opposition to Untimely Motions for Leave to File Amended Complaint and in Support of Dismissal*

Dear Judge Milazzo:

      As set forth at the June 22, 2023, lead and liaison conference, the CMO-12A process has resulted in Defendants receiving a number of untimely requests to amend complaints from Plaintiffs based on product ID submissions that they have had in their possession for several years. Defendants have identified those cases, listed in Appendix A. For ease of reference, Appendix A contains general information about each case (Plaintiff Name, Firm, Case #), as well as pertinent details as to when each Plaintiff uploaded her product ID submission into MDL Centrality, when the request to amend was made, and the applicable statute of limitations (with authority). During the July 11, 2023 show cause hearing, the Court afforded Plaintiffs who have not yet but intend to file similar motions to amend the opportunity to do so by July 18, 2023. Therefore, this letter brief also addresses any motions ordered to be filed within that timeframe, and they are likewise included in Appendix A.[1]

      Product identification is a basic and essential element of every products liability action. *See, e.g., Fields v. Wyeth, Inc.*, 613 F.Supp.2d 1056, 1060 (W.D. Ark. 2009). Over five years ago, "[r]ecognizing the importance of product identification," this Court ordered each Plaintiff to obtain proof regarding the identity of the manufacturer of the docetaxel she received, to notify Defendants of such evidence and, importantly, to dismiss all non-implicated Defendants within 30 days and "submit an Amended PFS . . . to reflect the correct defendant(s) and remove the defendants that are dismissed in connection with this Order." *See* CMO-12A ¶¶ 7, 9-10. Rather than 30 days, each Plaintiff listed in Appendix A has had the relied-upon product ID in her possession for at least 30 *months*,[2] but failed to

---

[1] To the extent Defendants identify additional similarly situated cases, the decision whether to oppose amendment or otherwise raise with the Court will be governed by this Court's decision on this brief.

[2] Notably, 11 of the 27 Plaintiffs had uploaded the product ID documents they now rely on *before entry of CMO-12A in July 2018*, and all Plaintiffs uploaded the documents in 2020 or earlier. Such untimeliness belies any argument that Plaintiffs were impeded by Judge Engelhardt's disfavor for "shotgun" pleadings. Most of the Plaintiffs in Appendix A have had their now-urged product ID for more than half the life of the MDL. That Plaintiffs might have indefinitely delayed complying with CMO-12A, if only they had been permitted to name all possible Defendants rather than promptly investigating product ID, hardly excuses the failure to conform their pleadings to the evidence now cited for years after it was obtained.



take the steps necessary pursuant to CMO-12A to timely name the proper defendant(s). Rather, Plaintiffs waited until Spring of 2023 to seek amendments.

Under such circumstances, CMO-12A expressly provides that claims against non-implicated Defendants are subject to dismissal after 30 days. CMO-12A ¶ 10. Neither CMO-12A nor any equitable reasoning would support departing from this outcome so that Plaintiffs can name *new* defendants, who have never been served and have no systemic notice of product ID submitted in cases in which they are not named.[3] To the contrary, Plaintiffs' flat disregard of this Court's Orders is itself reason to deny the untimely proposed amendments. In addition, these claims are time-barred based on the applicable statute of limitations period. Because Plaintiffs' proposed Amended Complaints do not state a claim upon which relief can be granted, leave to amend should additionally be denied as "futile" pursuant to Fed. R. Civ. P. 15. To the extent Plaintiffs lack product ID as to any currently named defendant, those cases should be dismissed outright pursuant to CMO-12A ¶ 10 and Fed. R. Civ. P. 12(b)(6).

## I.     Plaintiffs' Failure to Comply with CMO-12 is Inexcusable and Prejudicial.

CMO-12 (subsequently modified in part by CMO-12A) mandated that Plaintiffs provide proof of product ID to Defendants. Five years has passed since the Court elucidated this threshold requirement. Indeed, Plaintiffs bear the burden of establishing product ID, which is information that Plaintiffs should have obtained before filing their claims in the first place. *E.g.*, *In re Aredia and Zometa Prod. Liab. Litig.*, No. 3:06-MD-1760, 2008 WL 5377886, at *2 (M.D. Tenn. Dec. 2, 2008). Plaintiffs have no excuse for failing to notify Defendants of obtained product ID and therefore of the claims against them. If the cases at issue were pending individually, outside the context of an MDL, they would be promptly dismissed. The prejudice Defendants face in this setting is no less. The Court should dismiss Plaintiffs' claims given their inexcusable failure to comply with its discovery orders in this case for years. *See Shine v. Owens-Illinois, Inc.*, 979 F.2d 93 (7th Circ. 1992) (affirming dismissal where plaintiff offered product identification witnesses after district court's disclosure deadline, finding disclosure "at such a late date inexcusable and highly prejudicial" to defendant).

## II.    Plaintiffs' Amendments are Time-Barred by the Statute of Limitations.

Each Plaintiff listed in Appendix A sought to amend her Complaint to name additional Defendants to conform with the product ID she has had in her possession for years—in each case, for longer than the applicable limitations period. The Court need only compare the time between the product ID upload and request to amend against the applicable statute of limitations to appreciate that each amendment sought would be time-barred. There are no factual issues to be explored to determine futility since the timing of Plaintiffs' actual knowledge of the proper defendant cannot be disputed.

## III.   The Motions to Amend Should be Denied as Futile.

An amendment is futile pursuant to Fed. R. Civ. P. 15 "where claims against new defendants are barred by the statute of limitations." *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (5th Cir. 2019) (holding that district court did not abuse its discretion in denying leave to amend because those claims were futile as barred by the statute of limitations); *see also James v. CoreCivic, Inc.*, No. 3:22-cv-520,

---

[3] Moreover, even if non-named Defendants had had notice of product ID submissions in cases to which they were not parties, it is unclear what, if anything, they could or should have done under such circumstances. CMO-12A neither provides specific rights nor imposes specific duties on non-parties.

**Tucker**
**Ellis** LLP

2023 WL 3681699, at *1 (N.D. Tex. Apr. 12, 2023) ("The Court finds that amendment would be futile because the statute of limitations on Plaintiff's personal injury claim . . . has run."); *In re Propulsid Prod. Liab. Litig.*, No. CIV.A. 01-2510, 2002 WL 1446719, at *1 (E.D. La. July 2, 2002) (denying leave to amend as claims raised against proposed defendants were prescribed under California law).

Plaintiffs' assertion that Defendants will not be prejudiced or that such amendment should be allowed in the interests of justice is both irrelevant and incorrect. As above, the amendments sought by Plaintiffs are plainly futile as a matter of the applicable law. To consider prejudice at this stage would utterly dispense of the statute of limitations, a bar to raising lawsuits recognized by each and every state. This principle was tacitly recognized by the *Propulsid* court, which did not consider such arguments after finding the claims clearly time barred and thus futile. *See In re Propulsid Prod. Liab. Litig.*, 2002 WL 1446719, at *1. Further, Plaintiffs should not expect unnamed defendants, who could not reasonably anticipate involvement in a case as no action had been commenced pursuant to Fed. R. Civ. P. 3, to search through all uploads in 10,000+ cases in MDL Centrality. This would flip the burden of product ID to defendants, rather than rightfully remaining with Plaintiffs. And finally, Defendants do evaluate their inventory of cases in which they are named and properly served for numerous reasons, including seeking enforcement of any deficiencies pursuant to PTO 22A.

Justice does not require leave to amend here. Plaintiffs were aware of the correct defendants for years yet failed to amend their complaints in a timely manner, despite implementation of CMO-12A and being put on notice through the show cause process of efforts to ascertain sufficient product ID information. Plaintiffs' Motions are untimely as a matter of law and thus are futile as a matter of law, and the Court should deny such requests.

## IV. Remaining Defendants Without Product Identification Must be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).

Should this Court deny the proposed amendments, the vast majority of Plaintiffs' cases identified in Appendix A should be dismissed with prejudice in their entirety pursuant to CMO-12A and Fed. R. Civ. P. 12(b)(6) as they lack product ID as to the currently named Defendant(s). Indeed, these current Defendants were omitted from the proposed Amended Complaint, which would result in dismissal if granted. Accordingly, with the exception of *Marjorie Anderson* and *Robin Noll*, which require only partial dismissals as detailed in the footnote below, the remaining cases should be dismissed with prejudice for failure to produce sufficient product ID information.[4]

---

[4] As set forth in Appendix A, Plaintiffs Anderson and Noll obtained some evidence of product ID as to multiple defendants (including Sagent) but did not seek to name Sagent until only recently, after the statute of limitations had expired as to Sagent. Consistent with the above arguments, Defendants oppose leave to amend the complaints to add Sagent and seek dismissal as to all other Defendants against whom there is no product ID, but do not seek dismissal of the cases in their entirety given the existence of proper defendants. Thus, Defendants submit that the appropriate remedy in *Anderson* is denial of the motion for leave to amend and partial dismissal of all Defendants except Accord (Actavis, Hospira, McKesson, Sandoz, Sanofi, and Sun). The appropriate remedy in *Noll* is denial of the motion for leave to amend and partial dismissal of all Defendants except Accord and Sanofi (Hospira, McKesson, Sandoz, and Sun).

## Tucker Ellis | LLP

Sincerely,

Show Cause Counsel
Julie A. Callsen and Brenda A. Sweet
*Counsel for Accord*

Rich Moore and Neelum Wadhwani
*Counsel for Hospira and Pfizer*

Nicholas Insogna and Evan Holden
*Counsel for Sandoz*

Michael Suffern and Jennifer Heis
*Counsel for Actavis LLC, Actavis Pharma, and
Sagent Pharmaceuticals*

Jordan Baehr and Kelly Brilleaux
*Counsel for Sanofi*

**EXHIBIT C**



| | | |
|---|---|---|
| Patrick W. Pendley | Jessica A. Reynolds | **Of Counsel:** |
| Stanley P. Baudin | M. Palmer Lambert | Tracy L. Turner* |
| Christopher L. Coffin *† | Pamela P. Baudin | *Admitted only in Ohio |
| *Also admitted in Georgia | Anna K. Higgins | |
| †Registered nurse | | |

July 24, 2023

Via Email (natalie_earles@laed.uscourts.gov)
The Honorable Jane Triche Milazzo
United States District Judge
500 Poydras Street
Room C206
New Orleans, LA  70130

   RE: *In Re: Taxotere (Docetaxel) Products Liability Litigation*, MDL No. 2740
      Plaintiffs' Letter Brief in Response to Defendants' Position on "Untimely"
      Requests for Leave to Amend
   -------------------------------------------------------------------------------------------------

Dear Judge Milazzo:

 Plaintiffs respectfully submit this letter brief in response to the Defendants' July 14, 2023 submission regarding "untimely motions for leave to file amended complaints." The PSC provides the below general response, along with appended case-specific responses from the counsel for plaintiffs reflected in Appendix A to Defendants' submission, for the Court's consideration.

## I. *Plaintiffs' General Response to Defendants' Letter Brief*

 At this leave-to-amend stage in non-bellwether cases not yet selected/eligible for remand, Plaintiffs respectfully suggest that pre-adjudication of statute of limitations issues at the urging of a not-yet-added party is premature and improper.  Even if now were the appropriate time to take up a Rule 12 or 56 motion by the to-be-added defendant(s), the evaluation of timeliness and relation back will undoubtedly be case-specific and possibly will involve evaluation of state-specific limitations/equity laws that may include savings, tolling, interruption, suspension or other provisions.[1]  Accordingly, and for the reasons more fully outlined below, Plaintiffs respectfully request that Defendants' objections be overruled and that leave to amend be granted pursuant to Federal Rule of Civil Procedure 15, deferring any challenges to the timeliness of Plaintiffs' pleading allegations to the transferor courts on remand. Alternatively, full briefing on each of the motions should be allowed for formation of a record.

 Early in this MDL, the Court urged the parties to work together to develop a procedure to assist the parties in locating the proper manufacturer in cases where such information was lacking.  The product of those negotiations, with assistance from the Court, was Case

---

[1] As a preliminary matter, Plaintiffs oppose substitution of this letter briefing process for the ordinary briefing process and strenuously object to a summary ruling without creation of a full record on this issue.

| **Plaquemine** | | **New Orleans** | |
|---|---|---|---|
| Post Office Drawer 71 | **T** (225) 687.6396 | 2225 Energy Centre | **T** (504) 355.0086 |
| 24110 Eden Street | **F** (225) 687.6398 | 1100 Poydras Street | **F** (504) 355.0089 |
| Plaquemine, LA 70765 | pbclawfirm.com | New Orleans, LA 70163 | pbclawfirm.com |

Management Order No. 12 (Doc. 1506) entered on January 12, 2018.  That Order was later amended by Case Management Order No. 12A (Doc. 3492), entered on July 24, 2018, and supplemented by the Addendum to CMO 12A (Doc. 15287), entered on December 6, 2022. As this Court is well aware, CMO 12/12A has proved to be both an effective and imperfect process. Defendants continue, to this day, to retain (and exercise) the ability to challenge the presumptive evidence as outlined in the Order (*see* ¶ 6,8) despite the Order's requirement that dismissals are filed based on the presumptive evidence.

To be clear, no version of CMO 12/12A contains a specific deadline for seeking leave to amend to correct the naming of defendants.  Rather, CMO 12/12A requires voluntary dismissal of the defendants which are not implicated by the presumptive PID evidence.  *See* CMO 12A, ¶9. Paragraph 10 of CMO 12A provides the to-be-dismissed defendants with the remedy of seeking involuntary dismissal through the PTO 22A process.  On the contrary, to-be-named defendants, if they were not originally named in the complaint, are provided no greater rights by CMO 12/12A – these to-be-named defendants both lack standing to pre-adjudicate a timeliness issue and are well aware that implantation of the CMO 12/12A process may lead to their being named in additional cases.  Accordingly, the only "failure" to comply with CMO 12/12A at issue is the lack of a dismissal of the non-implicated defendants within 30 days – obviously, if such a dismissal would result in dismissal of the entire individual case, the failure to do so prior to amendment is excusable, justified and not prejudicial.[2]

In fact, in the context of Defendants' opposition to so-called "scattershot" complaints, it was at the Defendants' suggestion that the CMO 12/12A process would supplant the need to brief motions for leave to amend:

> THE COURT:  The other motion I had, and this is going to be a problem and I am asking counsel to -- I understand there's going to be some oppositions filed to this motion, I have *at least one motion for leave to file an amended Short Form Complaint which seeks to add defendants, which in my view is very problematic at this point, very problematic, and is going to cause a lot of problems on the record in this case.  Kind of defeats the purpose of us trying to identify the proper defendant and yet now we filed a Short Form Complaint that we wish to mushroom into something larger.  So I really do have a big problem with that.* I will read the opposition that's going to be filed.  And *I am not inclined to at this point to start compounding what should be a streamlining process*.
> Chris, go ahead.
> MS. BARRIOS:  Excuse me, your Honor.  It is my understanding from liaison counsel meeting that Mr. Olinde had suggested that we just put those complaints to the side with hopes that our product ID order would solve the problem.
> THE COURT:  That's what he suggested.  I just indicated that he said he was

---

[2] Both the Federal Rules and the Manual for Complex Litigation contemplate limiting the expense and delay of litigation, where such efficiencies are practicable.  Dismissal of the original action, in its entirety, causing a new process of complaint, filing fee, service, etc. was not contemplated by CMO 12/12A; to the contrary, it was always envisioned that adjustment of Defendants may be necessary, including possibly after dismissals under Rule 60 if presumptive evidence turned out to be incorrect. *See* CMO 12A, Exhibit C.

going to file an opposition to the motion.  If you can do that in the meantime that
would be great, if you can do that in the meantime.
MR. OLINDE:  We have, I think, there's a listing of about five of these that are
pending plus one that's already been submitted.  We are going to file oppositions
by the 31st of October.
THE COURT:  Right.
MR. OLINDE:  *And what we had suggested is that if we are not able to come to*
*some resolution on a product ID PTO, then we should take up those, which we*
*believe or have a lot of merit, our oppositions.  But if we can work something out,*
*great.  But that's what our plan is.*
MS. BARRIOS:  Yes, your Honor.
THE COURT:  I think we're clear on it

Tr. of October 27, 2017 Status Conference with Steering Committees at 26-28 (emphasis added).
The Court further explained its reasoning behind implementation of a PID order (i.e., what
became CMO 12/12A) and the Court's expectation that motions for leave to amend to add all
defendants would be disfavored:

> But to be clear, plaintiffs' counsel has the initial burden and always has the burden
> to properly workup the case, which includes, perhaps if not first and foremost that
> at least one of the primary issues, is naming the proper defendant, and *we would*
> *like you to do that instead of naming all possible defendants.  It would help the*
> *MDL a great deal if you could through your efforts to name the proper defendant*
> *from the outset.  I understand there are some difficulties.  But that's the goal is to*
> *get one and only one defendant named, and once we know, we ascertain who that*
> *defendant is.*

Tr. of October 27, 2017 General Status Conference at 20-21 (emphasis added).

 The initial naming of all defendants in a complaint, or the addition of all defendants,
obviously would have resulted in complication for the Court's Clerk's Office – a complication
the processes in CMO 12/12A were aimed at minimizing – but it also would have avoided any
relation-back defenses. The Court, however, would not condone motions for leave to amend to
add all defendants in all cases lacking sufficient PID; rather, those cases were required to
implement the CMO 12/12A process prior to amendment.  In fact, Defendants went so far to
complain to the Court that naming all defendants in a complaint would violate Rule 11, despite
the Plaintiffs never having possession of the NDC information necessary to identify a particular
manufacturer.  Thus, Defendants are keenly aware that the Court's implementation of PID
discovery procedures in this MDL (i.e., CMO 12/12A, prior to allowing amendments to add
defendants) requires consideration when evaluating any prejudice/relation-back argument.

 Notwithstanding the procedural intricacies of CMO 12/12A that should defeat any relation-
back defense, there are multiple Orders in this MDL that give Defendants notice of claims,
particularly the implementation of MDL Centrality (PTO 24, Doc. 286) which allows Defendants
to easily track the number cases in which the PFS identifies them as a Defendant.  At every
general status conference, the Defendants join in submission of a Joint Report of Liaison

Counsel that includes a tally of cases per defendant based on the PFS data. *See, e.g.,* Doc. 14691 at ¶7.

All but one of the cases identified in the Defendants' Appendix A seek to add a 505(b)(2) defendant. These 505(b)(2) cases are not subject to remand, not subject to any pending scheduling order, and not part of any ongoing bellwether process. The only substantive activity in these cases is the scrutiny of the PFS and PID submissions through the Court' PTO 22A show cause process. Additionally, the Defendants' requested relief ignores this Court's prior decisions in numerous cases, where Plaintiffs were granted leave to amend their complaints to add previously unnamed defendants upon discovery of PID information. Thus, a ruling finding their amended complaints to be untimely would be both inconsistent and unjust given the stayed posture of the cases and the lack of any prejudice or impediment to the workup of said cases.

Ultimately, the Defendants' submission attempts to sidestep ordinary briefing and pre-adjudicate a complex, fact-intensive timeliness issue when there is no violation of any order pertaining to the to-be-added defendant. Despite the prematurity of this issue, limitations periods are, at their core, derived from concerns of fairness in terms of both notice and maintaining relevant evidence. MDL procedures implemented in this case (including, but not limited to submission of a PFS, compliance with PTO 71A regarding electronically stored information, material compliance with CMO 12/12A to locate PID and upload said information to MDL Centrality, and the Court's indulgence to conduct many show cause proceedings) provide safeguards against both notice and preservation of evidence concerns.

The supposed prejudice of a delayed motion for leave to amend simply is nonexistent. Defendants' arguments related to timeliness and futility pre-suppose (a) that all of the above arguments and history can be overlooked and (b) that analysis of individual factual circumstances in light of relevant state law regarding limitations and tolling are unnecessary steps. Plaintiffs respectfully submit that the safeguards of the Federal Rules do not allow such a one-sided, summary adjudication of these issues.

In light of the above, there is no demonstrable prejudice to allowing Plaintiffs leave to amend their complaints before dismissal of the non-implicated parties.[3] The "to-be-added" defendants retain all rights to bring later Rule 12/56 challenges, which challenges respectfully should be deferred to the remand courts. In this MDL setting, where Plaintiffs never possessed the NDC information that would have allowed originally naming the correct manufacturer, where this Court has implemented procedures to quell any concerns of notice and preservation of relevant evidence, and where defendants actually know from Centrality data how many PFS submissions identify them as defendants, there is no justifiable reason for this Court to summarily deny leave to amend or require dismissal of the original case only to cause plaintiffs to file a new lawsuit – such results would ignore the efficiencies of the CMO 12/12A process that the Court and the parties implemented in this matter to enhance efficiency and streamline the pleadings.

Accordingly, Plaintiffs respectfully request that Defendants' objections be overruled.

---

[3] There is no objection to dismissal, pursuant to CMO 12/12A, of the non-implicated defendants once the proper defendants are substituted via the pending requests for leave to amend.

## II.      *Individual, Case-Specific Responses*

Individual, case-specific facts for the Court's consideration have been compiled by the PSC and are appended hereto.

Sincerely,

M. Palmer Lambert