**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABIILTY LITIGATION | MDL NO. 2740 |
| | SECTION "H" (5) |
| THIS DOCUMENT RELATES TO: | |
| | HON. JANE TRICHE MILAZZO |
| *Deborah Allen v. Sanofi US Services Inc., et al.*, Civil Action No. 2:19-cv-14597 | MAG. JUDGE MICHAEL NORTH |

**SANOFI DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25**

Plaintiff Deborah Allen filed suit against the Sanofi Defendants ("Sanofi") on December 12, 2019.  Subsequently, on or about October 25, 2020, Plaintiff died.  In its Notice of Non-Compliance dated June 27, 2023, Sanofi identified Plaintiff as deceased and requested that Plaintiff's counsel, Niemeyer Grebel & Kruse LLC, file a Suggestion of Death and substitute a proper party pursuant to Fed. R. Civ. P. 25.[1]  On July 11, 2023, the Court ordered Plaintiff's Counsel to file the requested Suggestion of Death.[2]  On August 3, 2023, counsel for Plaintiff filed the Suggestion of Death regarding Plaintiff Deborah Allen. *See* Rec. Doc. 16258.

On June 23, 2023, Plaintiff's case was selected for potential transfer as part of Wave 2. Thereafter, Plaintiff was identified as deceased as part of Wave 2 proceedings.  On August 31, 2023, this Court issued its Non-Transfer Order for Wave 2 cases, deferring transfer of Plaintiff's

---

[1]  Prior to July 11, 2023, as a matter of professional courtesy, Sanofi's practice was to notify counsel for deceased Plaintiffs of the Plaintiff's death and request that counsel file a Suggestion of Death into the record. After a series of cases in which Plaintiff's counsel refused to file Suggestions of Death, however, Sanofi began filing Suggestions with respect to deceased Plaintiffs.

[2] *See* Rec. Doc. 16199, July 11, 2023 Hg. Tr. at 34-36 ("Ms. Scharnhorst: So on Deborah Allen, we were able – we had been trying to reach her family and they are wanting to move forward.  And they requested some time to work through the probate and representative issues, if we can get time to do that."  The Court: "I'll give you 30 days to file a Suggestion of Death and then you can get succession rolling.").

case pending appearance of a representative plaintiff and noting that "[i]f a representative plaintiff does not appear within the timeframe allowed by Federal Rule of Civil Procedure 25, [the case] will be dismissed." *See* Rec. Doc. 16350 at 1.

In this matter, it is undisputed that Plaintiff is the "suggesting party" for purposes of Rule 25, as Plaintiff's counsel filed the Suggestion of Death into the record. Sanofi's Motion to Dismiss Plaintiff's claims is proper, and Plaintiff's claims should be dismissed pursuant to the plain text of Federal Rule of Civil Procedure 25.

## LAW AND ARGUMENT

Rule 25 provides, in pertinent part:

**(1)** *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

FED. R. CIV. P. 25(a)(1). Rule 6 provides for an exception, stating that the Court may grant additional time, upon motion, after the 90-day period has expired, "if the party failed to act because of excusable neglect." *See* FED. R. CIV. P. 6(b)(1)(B). Plaintiff's representatives have not filed a motion for extension under Rule 6(b), nor has a motion to substitute been made by a representative of Plaintiff.

Plaintiff's Opposition alleges that the 90-day period set forth in Rule 25 has not yet been triggered because Sanofi has not served the Suggestion of Death filed by Plaintiff's counsel upon the anticipated representatives in accordance with Rule 4. *See* Rec. Doc. 16592 (citing FED. R. CIV. P. 25(a)(3)). As Plaintiff's Opposition itself notes, however, "the **suggesting party** must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of motion to substitute." *Id.* (citing *Sampson v.*

*ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015) (internal citations omitted) (emphasis added)). Therefore, as the suggesting party, it is the duty of Plaintiff's counsel, and not Sanofi, to accomplish service on "the decedent's personal representatives or estate in accordance with Rule 4." *Sampson*, 780 F.3d at 681; *see also* FED. R. CIV. P. 25(a)(3).

Neither Plaintiff's Opposition, nor any authority cited therein, suggests that additional service upon the anticipated representatives is required pursuant to Rule 25 where the suggesting party has already served those representatives with the original Suggestion of Death.   In *Sampson*, the original Suggestion of Death was never properly served on the decedent's estate, but rather was served only on the estate's attorney. *Sampson*, 780 F.3d at 681.  The court merely held that service upon *the attorney for* the deceased's estate was not enough to effect service upon the estate itself.  *Id.* at 682.  *Sampson* should not be read to impose a duty on the ***non-suggesting party*** to accomplish an additional round of service of the Suggestion of Death on either the estate or representatives.  In *Ross v. Fat Cat Boatworks LLC,* defendants were the suggesting party but failed to serve the suggestion of death on the decedent's anticipated representatives. (*See* No. 2:19-cv-107, 2019 WL 13191906 (S.D. Tex. Oct. 30, 2019)*.* There, the Court ordered defendants to effect service of the suggestion of death upon the estate pursuant to Rule 4.  *Id.*  Nothing in either case cited in Plaintiff's Opposition endorses a requirement of additional service of the suggestion of death by the non-suggesting party.

Here, Plaintiff's counsel and/or the decedent's representatives have had ample time to comply with the obligations imposed by Rule 25.  Counsel for the decedent, rather than Sanofi, was the suggesting party and presumably complied with the service requirements set forth under the Federal Rules.  In the event that Plaintiff's counsel did not do so, the Opposition fails to properly allege any failure of service on the Plaintiff's representatives or estate.  Additionally,

neither Plaintiff's representatives nor counsel have moved for an extension of time pursuant to Rule 6(b), nor has a showing of excusable neglect been made.  The Court should grant Sanofi's Motion to Dismiss this matter.

## **CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in Sanofi's Motion, this case should be dismissed, without prejudice, at Plaintiff's cost, pursuant to Federal Rule of Civil Procedure 25.

Dated: December 5, 2023

Respectfully submitted,

*/s/ Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE  URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: 504-310-2100
Facsimile:  504-310-2120
dmoore@irwinllc.com

Harley V. Ratliff
Adrienne L. Byard
Jordan Baehr
**SHOOK, HARDY& BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile:  816-421-5547
hratliff@shb.com
abyard@shb.com
jbaehr@shb.com

*Counsel for Sanofi Defendants Sanofi US Services Inc. and Sanofi-Aventis U.S. LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

*/s/ Douglas J. Moore*
Douglas J. Moore