UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) 2740 PRODUCTS LIABILITY LITIGATION | : : : : : | MDL NO. SECTION "N" (5) JUDGE MILAZZO MAG. JUDGE NORTH |
| JoAnn Tullis | : : | |
| Plaintiff, | : : | |
| vs. | : : | Civil Action No.: 2:20-cv-308 |
| SANOFI-AVENTIS U.S. LLC, ET AL., | : : | |
| Defendants. | : | |

_____

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S FIRST SUPPLEMENTAL MOTION FOR LEAVE TO EXTEND THE 90 DAY DEADLINE UNDER RULE 25**

Plaintiff, JoAnn Tullis, pursuant to Rule 6, *Fed. R. Civ. P.*, moves for an extension of the 90-day deadline to file a Motion to Substitute Party, as required under Rule 25, *Fed. R. Civ. P.*, because:

1. Rule 6(b)(1)(B), *Fed. R. Civ. P.* states:

    (b) **Extending Time**.

    (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

    (B) on motion made after the time has expired if the party failed to act because of excusable neglect;

2. Plaintiff JoAnn Tullis died on April 22, 2021;

3. Suggestion of Death was filed on March 14, 2022;

4. Petition for probate was filed on March 28, 2022; and

5. Plaintiff's law firm received letters Testamentary on June 8, 2022.

1

6. Plaintiff's counsel's office inadvertently failed to calendar the 90-day deadline, under Rule 25, missed filing a Motion to Substitute Plaintiff before the deadline, and now seeks leave of Court, in a separate instrument filed herewith to substitute Glendon Tullis as Personal Representative for the Estate of JoAnn Tullis. Plaintiff's counsel's office's failure to timely file a Motion to Substitute Counsel was not the result of conscious indifference, but due to excusable neglect.

7. In *Pioneer Investment Services Co. v. Brunswick Assocs. LP*, 507 U.S. 380, 382, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court examined the concept of "excusable neglect" while interpreting Federal Rule of Bankruptcy Procedure 9006(b)(1), which was modeled after and is substantially identical to Federal Rule of Civil Procedure 6(b)(1). The Court rejected the notion that the Rule permitted a late filing only when circumstances beyond a party's control prevented filing before the deadline, stating that the ordinary meaning of neglect "***encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness***." (Emphasis added) *Id*. at 388, 113 S.Ct. 1489. The Court explained, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395, 113 S.Ct. 1489. These include but are not limited to "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*.

8. Defendant did not file its Motion to Dismiss until November 20, 2023. Once this oversight was brought to Plaintiff's attention, Plaintiff immediately took action. Denying Defendant's Motion to Dismiss and Extending the deadline for Plaintiff to file a Motion to Substitute Party will not affect any deadlines, result in any delay or any undue burden on any party. Nor will any extension of time have any impact on the judicial proceedings. No harm or prejudice has or will

result to Defendant.  Plaintiff, in good faith, intends to fully prosecute this matter to conclusion.  Good cause exists for granting this Motion.

9.   On December 5, 2023, the Court granted Plaintiff's Motion to Substitute Party (Doc. 16614).

10.   Per the Certificate of Conference, Defendant has agreed to withdraw its Motion to Dismiss and  believes this motion is moot.

WHEREFORE, Plaintiff prays that the Court enter an Order extending the 90 day deadline, imposed under Rule 25, to comport with the Court's Order granting Plaintiff's Motion to Substitute Party, and further, so Plaintiff will have to opportunity to amend their complaint naming Glendon Tullis as Plaintiff, on behalf of JoAnn Tullis.  Plaintiff further prays that Defendant's Motion to Dismiss be denied and for such other appropriate relief.

Dated: December 11, 2023

Respectfully Submitted,
FERRER, POIROT & WANSBROUGH

/s/John T. Kirtley, III
John T. Kirtley, III
Texas Bar No. 11534050
2603 Oak Lawn Ave., Suite 300
Dallas, Texas 75219
214-521-4412
214-526-6026 (fax)
jkirtley@lawyerworks.com
(Asst. molvera@lawyerworks.com)
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2023, I electronically filed the foregoing document with  the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all  counsel of record.

/s/John T. Kirtley, III
John T. Kirtley, III