UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | MDL NO. 16-2740 |
| THIS DOCUMENT RELATES TO: ALL CASES IN ATTACHED EXHIBIT A | SECTION "H" (5) |

### HOSPIRA'S AND PFIZER'S OMNIBUS OPPOSITION TO MOTIONS FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 35

Despite being given years to do so, nearly 100 Plaintiffs failed to properly serve Hospira or Pfizer by the deadlines set forth in Rule 4(m) of the Federal Rules of Civil Procedure and Case Management Order No. 35 ("CMO 35"). Rec. Doc. 14456. Accordingly, Hospira and Pfizer moved to dismiss the claims of those Plaintiffs. Rec. Doc. 14770. Over Plaintiffs' objections, this Court properly dismissed many of these actions. Rec. Doc. 16337. Now, 54 plaintiffs seek reconsideration of the Court's order.[1] But Plaintiffs' arguments for reconsideration are nothing more than rehashed arguments that the Court has already rejected. Plaintiffs' attempts to raise new facts or arguments also fail, as they are almost uniformly contentions that Plaintiffs could have (and therefore should have) previously presented to the Court. And to the extent that Plaintiffs offer proof that they now have served Hospira and/or Pfizer *after* the CMO 35 deadline, that is too little too late. Plaintiffs had their opportunity through both CMO 35 and the Federal Rules of Civil

---

[1] This opposition addresses the motions for consideration of: Lara Della Rocca, Patricia Gardner, and Millie Howard (Rec. Doc. 16468); Deborah Brewer (Rec. Doc. 16433); Coretta Tengesdahl (Rec. Doc. 16474); Kathleen Gilson (Rec. Docs. 16390 & 16437); Tessie Adams (Rec. Doc. 16436); Tammie Lackey (Rec. Doc. 16434); Theatrice Thompson (Rec. Doc. 16435); Lori Hansen (Rec. Doc. 16445); and the Bachus & Schanker Plaintiffs (Rec. Doc. 16447).

1

Procedure to timely effect service. They failed to do so. Thus, this Court should deny Plaintiffs' motions for reconsideration.

## FACTUAL BACKGROUND

The Federal Rules of Civil Procedure require a plaintiff to serve a summons on each defendant within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m). Plaintiffs here failed to served Hospira or Pfizer within that timeframe. Indeed, no moving Plaintiff served Hospira or Pfizer within a year of filing her complaint. On July 22, 2022, this Court directed all Plaintiffs to comply with their service obligations:

> And I want plaintiffs' counsel to understand that it is the obligation of the plaintiff to properly serve and you should not anticipate some notice coming from a defendant to say, oh, by the way, I have not been served. It's not the defendant's obligation to search through plaintiff fact sheets to determine if they are indeed a defendant. And so I am – this is an obligation of the plaintiff and the plaintiff only, and I will give you until August 31st to verify proper service.

Rec. Doc. 14956-3 at 7.

On July 26, 2022, the Court entered CMO 35, which provided that "it is Plaintiffs' responsibility to ensure that service is effected on or before August 31, 2022." Rec. Doc. 14456 at 1. CMO 35 clearly stated that any claims not served by August 31 "will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)." Rec. Doc. 14456 at 1. Nonetheless, many Plaintiffs failed to properly ensure that Hospira and Pfizer were served, even though they concede they had "ample time in which to complete service."[2]

Pursuant to CMO 35, Hospira and Pfizer moved to dismiss certain complaints that had been filed but not served on Hospira or Pfizer as required by Rule 4(m). Rec. Doc. 14770. Some

---

[2] *See, e.g.*, Rec. Doc. 16433-1 at 3 (Brewer); Rec. Doc. 16447-1 at 4 (Bachus & Schanker Plaintiffs); Rec. Doc. 16468-1 at 4 (Della Rocca/Gardner/Howard).

2

Plaintiffs opposed this motion to dismiss. They argued primarily that the failure to serve Hospira or Pfizer was a result of inadvertence (usually of legal staff), that they ultimately did or would serve the proper defendant (after the CMO 35 deadline), and that their failure to comply with CMO 35 did not result in any prejudice. This Court considered and ultimately rejected those arguments, entering an order of dismissal. *See* Rec. Doc. 16337. A subset of these Plaintiffs now asks the Court to reconsider that Order. As explained below, Plaintiffs offer no meritorious reason for the Court to revisit its Order.

## ARGUMENT

**I.     Plaintiffs' Arguments Have Already Been Considered and Rejected.**

Plaintiffs invoke Federal Rules of Civil Procedure 59 and 60 in seeking reconsideration. Plaintiffs argue these Rules should be applied to "prevent manifest injustice," and, in some cases, due to purported "newly discovered or previously unavailable evidence." The Fifth Circuit has held that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Indeed, the "Fifth Circuit favors denial of Rule 59(e) motions to amend or alter." *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 2019 WL 11660426, at *1 (E.D. La. July 16, 2019) (quoting *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 2018 WL 1782841, at *5 (E.D. La. Apr. 12, 2018)). This is because of the "important judicial imperative" of "the need to bring litigation to an end" while considering all of the facts. *Templet*, 367 F.3d at 479. "In particular, courts will not address new arguments or evidence that the moving party *could have raised* before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (emphasis added). The Fifth Circuit has made clear that motions for reconsideration are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."

3

*Templet,* 367 F.3d at 478-80; *see also Vann v. Paxton*, 2021 WL 1774540, at *1 (E.D. Tex. Apr. 21, 2021) ("Rule 60(b) is not a proper vehicle for rehashing evidence, legal theories, or arguments.").

Plaintiffs' arguments are nearly identical to the arguments that they raised in their oppositions to Hospira and Pfizer's initial motion to dismiss. These arguments "amount to no more than a disagreement with the rulings of this Court" and cannot be the basis for a successful motion to reconsider. *Broussard v. Jazz Casino Co. LLC*, 2019 WL 1989217, at *1 (E.D. La. May 6, 2019) (Milazzo, J.). To the extent that Plaintiffs try and make new arguments, there is no reason those arguments could not have been raised in their initial oppositions. *Templet,* 367 F.3d at 478-80; *see also Armstead v. City of New Orleans*, 2017 WL 2098888, at *2 (E.D. La. May 15, 2017) (Milazzo, J.) (denying a Rule 59 motion in part because "[a]ll of the arguments made therein could have been offered in [plaintiff's] opposition to Defendants' Motions to Dismiss").

The evidence Plaintiffs seek to add in support of their motions to reconsider simply expounds on arguments that Plaintiffs already made and which this Court already rejected. Moreover, virtually all of this evidence—including affidavits explaining supposed clerical errors and accompanying exhibits[3]—could have been included with their initial oppositions.[4] The only evidence post-dating Plaintiffs' oppositions that Plaintiffs cite to are exhibits showing that Plaintiffs eventually served Hospira well after the deadline set by CMO 35 and after Defendants filed their motion to dismiss. This belated service does nothing to alter the Court's analysis that

---

[3] *See* Lara Della Rocca, Patricia Garner, and Millie Howard (Rec. Doc. 16468); Kathleen Gilson (Rec. Docs. 16390 & 16437); Tammie Lackey (Rec. Doc. 16434); Theatrice Thompson (Rec. Doc. 16435); and the Bachus & Schanker Plaintiffs (Rec. Doc. 16447).

[4] Two Plaintiffs—Brewer and Hansen—do not even claim to place new evidence before the Court, and instead seek consideration solely on arguments that they have already made or could have already made.

Plaintiffs' complaints are subject to dismissal for failure to comply with Rule 4(m) and CMO 35. Moreover, as indicated above, this argument was already raised by various Plaintiffs in their oppositions to Pfizer's and Hospira's motion to dismiss and rejected by the Court. *See, e.g.*, Rec. Doc. 14847 at 4 (Lackey opposition noting she had already sought the issuance of summons); Rec. Doc. 14818 at 4 (Gilson opposition noting she had served Hospira on the same day she filed her opposition). None of the purported "new" evidence Plaintiffs put forward offers any reason for the Court to alter its Order.

## II. Plaintiffs' Arguments Do Not Remedy Their Failure to Serve Defendants.

Having already considered and rejected Plaintiffs' positions, the Court need not engage once again with Plaintiffs' faulty arguments for why their failure to comply with CMO 35 should be excused. But Plaintiffs' arguments fail on their own terms. Plaintiffs primarily make three arguments to press for reconsideration: (1) their behavior did not rise to the level of contumacious conduct; (2) neither Pfizer nor Hospira was prejudiced by Plaintiffs' failure to effect service; (3) dismissal is not in the interests of justice, including because the fact this is a multi-district litigation excuses Plaintiffs' failure. None of these arguments pass muster.

### A. Plaintiffs' Failure to Observe CMO 35's Deadline Constitutes Contumacious Conduct.

Plaintiffs' primary argument is that their assorted clerical errors, inadvertent oversights, and mistaken beliefs that service was properly made are reasonable mistakes that do not rise to the level of "contumacious conduct." These various excuses all fail to appreciate two fundamental issues: (1) The Court ordered Plaintiffs to serve Hospira and Pfizer by August 31, 2022, which was more than one year – and often several years – after these complaints were filed. (2) The Court already rejected these arguments in its order dismissing Plaintiffs' claims.

The primary case that Plaintiffs rely on, *Razvi v. Dallas Fort Worth Int'l Airport*, 2022 WL 4298141 (5th Cir. Sept. 16, 2022), does not rescue their claims. In that case, Judge Pittman dismissed an action when a plaintiff failed to file a certificate of interested persons within the time set by a local rule. *Id.* at *1. At the time of dismissal, the plaintiff had only missed the local rule's deadline by nine days due to a calendaring error. *See id.* The Fifth Circuit found this rapid dismissal of the case too harsh, and held that in some circumstances, clerical errors of staff can constitute excusable neglect. *Id.* at *4-6. But those facts are far afield from those here, where Plaintiffs waited months (and often, years) to serve Pfizer or Hospira and then defied a Court order giving them additional time to do so.

Moreover, *Razvi* dealt with a failure to abide by a deadline set by a local rule, which did not list out a particular consequence should a party fail to comply. That is materially different from running afoul of a deadline set by a Federal Rule of Civil Procedure, particularly where the Rule states that a court "must dismiss the action" upon failure to comply. *See* Fed. R. Civ. P. 4(m); *see also John v. State of La.*, 757 F.2d 698 (5th Cir. 1985) (noting that the Fifth Circuit does not endorse dismissal of litigations for failure to comply with local rules). *Razvi*, therefore, does not control here.

### B. Defendants are Prejudiced, Although Prejudice is Not Required for Dismissal.

Plaintiffs also argue that their cases should be resurrected because neither Hospira nor Pfizer are prejudiced by Plaintiffs' failure to comply with Rule 4 and CMO 35. This is yet another argument that Plaintiffs previously pressed and this Court rejected. Indeed, Defendants are prejudiced, as this Court has already recognized. This is because "[i]f service can be delayed indefinitely once the complaint is filed within the statutory period, [a defendant's] expectations are defeated and the statute of limitations no longer protects defendants from stale claims." Rec.

Doc. 16337 at 9 (quoting *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006)). Any defendant is entitled to understand which claims and cases are likely to proceed and which are not, and proper service—as much as any other procedural requirement in an MDL—is necessary to appreciate who has properly sued you and wishes to proceed with the litigation. There is an inherent prejudice when a defendant's reasonable expectations are revised and Plaintiffs are allowed a second (or third) chance to effect service. Further, to the extent that Plaintiffs argue that a finding of actual prejudice is necessary to dismiss their cases, this Court has likewise considered and rejected that argument. Rec. Doc. 16337 at 4 (holding that aggravating factors are not required for a dismissal with prejudice); *see also Sealed Appellant*, 452 F.3d at 418 ("We disagree with Appellant's contention that, to affirm a dismissal with prejudice, an aggravating factor must be present.").

### C. Dismissal is in the Interests of Justice.

Finally, Plaintiffs argue that dismissal is a "manifest injustice" and therefore improper. The Court has already found otherwise, as well as that no lesser sanction would serve the best interests of justice in light of Plaintiffs' delay after the Court's explicit warnings. Rec. Doc. 16337 at 8-9. Plaintiffs also suggest that the "injustice is amplified in the MDL setting which is different from the setting of individual, stand-alone cases." *See, e.g.*, Rec. Doc. 16434-1. But, as this Court has previously stressed, "the Supreme Court has explained that individual cases within an MDL 'retain their separate identities.'" Rec. Doc. 15665 (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015)). In making this argument, Plaintiffs primarily rely on a district court case from the Fourth Circuit. *In re Ethicon, Inc.*, 2016 WL 6436566 (S.D. W.Va. Oct. 27, 2016). But this non-binding case is plainly distinguishable. In that case, there was no evidence of the "contumacious conduct", nor had the plaintiffs in *Ethicon* flouted a court order requiring service

7

by a date certain. Indeed, the very order that Plaintiffs cite in *Ethicon* is analogous to this Court's CMO 35 order, as at the end of the *Ethicon* order the court gave plaintiffs an additional 30 days to perfect service of process. *Id.* Here, by contrast, Plaintiffs were *already* given additional time to perfect service by CMO 35 and still failed to do so.

## CONCLUSION

For the foregoing reasons, Hospira and Pfizer respectfully request that the Court deny Plaintiffs' Motions for Reconsideration.

Dated: December 12, 2023

Respectfully submitted,

*/s/ Neelum J. Wadhwani*
Heidi K. Hubbard
Richmond T. Moore
Neelum J. Wadhwani
**WILLIAMS & CONNOLLY LLP**
680 Maine Ave., S.W.
Washington, D.C. 20024
Telephone: 202-434-5000
hhubbard@wc.com

*/s/ John F. Olinde*
John F. Olinde (Bar No.1515)
Peter J. Rotolo (Bar No. 21848)
**CHAFFE MCCALL LLP**
1100 Poydras Street, Suite 2300
New Orleans, LA 70163-2300
Telephone: 504-585-7000
olinde@chaffe.com

*Counsel for Defendants Hospira, Inc., Hospira Worldwide, LLC, and Pfizer Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*/s/ John F. Olinde*
