UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: TAXOTERE (DOCETAXEL)  　　　　　　　　　　MDL NO. 16-2740
PRODUCTS LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "H" (5)

THIS DOCUMENT RELATES TO:
ALL CASES IN ATTACHED EXHIBIT A

**SANOFI-AVENTIS U.S. LLC AND SANOFI US SERVICES INC.'S OMNIBUS OPPOSITION TO PLAINTIFFS' MOTIONS FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH <u>CASE MANAGEMENT ORDER NO. 35</u>**

Plaintiffs' Motions for Reconsideration[1] attempt to re-litigate the same arguments this Court previously considered and rejected in concluding Plaintiffs (1) failed to establish good cause for their lack of service and (2) demonstrated a clear record of delay and contumacious conduct. Notwithstanding the Court's reasoned Dismissal Order, Plaintiffs assert, under Rule 59(e), that the Court should reconsider its Order because newly discovered evidence warrants reconsideration; to correct a manifest error of fact in finding Plaintiffs acted contumaciously; and because dismissal of Plaintiffs' cases amounts to manifest injustice. Plaintiffs further assert, under Rule 60(b), that excusable neglect warrants relief. But no matter how styled, Plaintiffs' arguments fail.[2] Plaintiffs provide no new evidence warranting reconsideration, nor can they

---

[1] This opposition addresses the motions for reconsideration of: Niemeyer, Grebel & Kruse, LLC Plaintiff Janice Swicegood (Rec. Doc. 16403, Rec. Doc. 16461, Rec. Doc. 16462); the Allen & Nolte, PLLC Plaintiffs (Rec. Doc. 16408, Rec. Doc. 16456, Rec. Doc. 16409, Rec. Doc. 16457); the Grant & Eisenhofer, P.A. Plaintiffs (Rec. Doc. 16407, Rec. Doc. 16420, Rec. Doc. 16421); the Bachus & Schanker, LLC Plaintiffs (Rec. Doc. 16406); and the Schmidt National Law Group Plaintiffs (Rec. Doc. 16561).

[2] Plaintiffs Christina Contawe and Anise Thomas were dismissed among the twenty-five plaintiffs that did not file responses to Sanofi's Motion and did not show valid service or good cause for noncompliance regarding Rule 4 and CMO 35. Rec. Doc. 16327 ("Dismissal Order") at 4, n.19, 8, Ex. B. In their motion for reconsideration, Ms. Contawe and Ms. Thomas do not mention or address their dismissal due to their failure to file a response to Sanofi's Motion. *See* Rec. Doc. 16561. In addition to the arguments included in this opposition, Ms. Contawe's and Ms. Thomas' motions should be denied because under Rule 59(e) "[f]ailure to file a response to a motion to dismiss is not a manifest error of law or fact. Nor is it a manifest error to deny relief when failure to file was

establish any error of fact. And when balancing the equities required for manifest injustice and excusable neglect, Plaintiffs' long record of delay and contumacious conduct dictate the Court need not reconsider its Order.

## ARGUMENT

### I. THE COURT SHOULD DENY PLAINTIFFS' MOTIONS FOR RECONSIDERATION.

#### A. No "New Evidence" Warrants Reconsideration.

Plaintiffs identify *no* newly discovered evidence warranting reconsideration of the Court's Dismissal Order. As the Court is well aware, a Rule 59(e) motion should only be granted where the moving party identifies new evidence that "(1) probably changes the outcome of the case; (2) could not have been discovered earlier by proper diligence; and (3) is not merely cumulative or impeaching." *Molina v. Equistar Chemicals LP*, 261 F. App'x 729, 733 (5th Cir. 2008); *see also Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003).

Plaintiffs cannot seriously contend that the evidence they now cite could not have been discovered earlier by proper diligence. To the contrary, the evidence Plaintiffs identify was available—and in their possession—well before the Court entered its Dismissal Order. The Bachus & Schanker firm, for example,[3] identifies a *proposed amendment* from March 30, 2021,

---

within Plaintiffs' counsel's 'reasonable control.'" *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019). Ms. Contawe's and Ms. Thomas' motion should also be denied under rule 60(b) because failure to file a response to a motion to dismiss and subsequent failure to address this reason in their motion for reconsideration does not qualify for relief under Rule 60(b). *Id.* (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) ("[G]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief"). "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).

3    As another example, the email from counsel allegedly attending a meeting with staff to ensure all cases had been properly served was available before the August 2023 Dismissal Order because the email was sent on July 26, 2022, and the staff meeting allegedly occurred between July 26, 2022 and August 31, 2022. Rec. Doc. 16406-3 at 1; Rec. Doc. 16406-1 at 3. This information is not the type of new evidence to warrant reconsideration.

to suggest that Sanofi had some anticipation of Ms. Cain's case.[4]  But this evidence was available to Plaintiff's counsel more than two years before the Court entered its Dismissal Order.  And, in any event, this evidence does not "probably change[] the outcome of the case." *Molina*, 261 F. App'x at 733.  Instead, it only demonstrates that the Bachus & Schanker firm was aware that it had not served Ms. Cain's Complaint.  Ms. Hatten (Sanofi's counsel) explicitly stated in her response to Plaintiff: "*Sanofi is not named in, and has not been served in, this case.*"[5]

The Allen & Nolte firm, in turn, provides affidavits from September 2023 to argue that Plaintiffs mistakenly believed the Mulligan Law Firm perfected service on Sanofi.[6]  But these affidavits, at most, demonstrate that the Allen & Nolte firm investigated its potential service issues years after they could have investigated these issues with reasonable diligence.  The affidavits show Allen & Nolte investigated either 1) per Mr. Allen—*only after* Sanofi filed its motion to dismiss or 2) per Mr. Orr—when Ms. Nolte contacted him at some unknown time following transfer of the case files "regarding the entry of CMO 35."[7]  And again, even if the Court were to consider this new evidence, it does not "probably change[] the outcome" here, as the affidavits concede that proof of service—*if it even exists*—rests in a "vault" that Allen & Nolte

---

[4]   Rec. Doc. 16406-4.

[5]   Rec. Doc. 16406-4 (emphasis added).

[6]   Rec. Doc. 16456-2; Rec. Doc. 16456-3; Rec. Doc. 16456-4; Rec. Doc. 16457-2; Rec. Doc. 16457-3; Rec. Doc. 16457-4.

[7]   Rec. Doc. 16456-2 at ¶ 3; Rec. Doc. 16457-2 at ¶ 3; Rec. Doc. 16456-4 at ¶ 7; Rec. Doc. 16457-4 at ¶ 7.

3

has declined to restore.[8] Simply put, such averments are too little too late under Rule 59(e)'s exacting new evidence standard.[9]

> **B. Plaintiffs Identify No Error of Fact in the Court's Correct Holding That There Was a Clear Record of Delay *and* That Plaintiffs Acted with Contumacious Conduct.**

Plaintiffs argue that the Court made an error of fact in finding Plaintiffs acted contumaciously. Tellingly, Plaintiffs leave unchallenged the Court's correct finding of a "clear record of delay," which is a proper basis for dismissal of their claims.[10] So, while Plaintiffs take aim at the Court's conclusion that Plaintiffs acted with "contumacious conduct," this argument misses the mark *because either finding is independently sufficient to support dismissal*.[11] Although the Court—again correctly—held that both bases warranted dismissal, it needed only one. And by failing to address both independent bases for dismissal, Plaintiffs have no basis to seek reconsideration here.

Of course, even if both were required (and they are not), Plaintiffs would still be out of luck. Motions to alter or amend a judgment "must *clearly* establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986))

---

[8] Rec. Doc. 16456-2 at ¶ 4; Rec. Doc. 16457-2 at ¶ 4.

[9] In confusing fashion, Plaintiffs' counsel also refer to evidence cited in their original opposition to Sanofi's Motion to Dismiss as "new evidence," but this is the same evidence that counsel argued, and the Court rejected, before. For example, Allen and Nolte Plaintiffs also allege PFS Deficiency Notices served around December 2022 are new evidence of Defendants' acknowledgment/waiver of service. Rec. Doc. 16457-1 at 6. Plaintiffs previously presented this evidence in their opposition to dismissal of the Beverly Davis and Patricia White cases. Rec. Doc. 14926 at 4 ("in at least two cases at issue, Defendants have expressly waived issues of timely service by submitting notices of deficiency on behalf of the Defendants 'properly served.' Attached as Exhibits 2 and 3"). Plaintiffs repeat this argument in their motion for reconsideration. 16456-1 at 5.

[10] Rec. Doc. 16327 ("Dismissal Order") at 5 (finding "a clear record of delay *and* contumacious conduct" with Plaintiffs' failure to timely serve Sanofi (emphasis added)).

[11] *Id.* at 4–5 ("Where there is a 'clear record of delay *or* contumacious conduct by the plaintiff *and* where lesser sanctions would not serve the best interests of justice,' dismissal with prejudice is warranted" (emphasis added) (quoting *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006))).

(emphasis added). Plaintiffs argue that the Court erred in finding contumacious conduct because Plaintiffs made *some* effort to comply with CMO 35, but those efforts were thwarted by inadvertent/clerical errors and/or misrepresentations of their staff or prior counsel.[12] Plaintiffs, however, previously made these or similar arguments in their oppositions to Sanofi's Motion to Dismiss for Failure to Comply with CMO 35, and the Court rejected them.[13] Indeed, as the Court explained in its Order, Plaintiffs had ample warnings to serve Sanofi and thoroughly investigate these cases, but they failed to do so.[14] In some cases, Sanofi even informed Plaintiffs' counsel that service had not been made.[15] In other instances, counsel knew they did not have access to Plaintiffs' files to confirm service, but they still did not serve Sanofi until after it filed its motion.[16] The record adequately supports Plaintiffs' "contumacious conduct," and the Court need not disturb its well-reasoned Order finding as much.

---

[12] Rec. Doc. 16561-1 at 5–6 ("A paralegal who worked on the Taxotere cases resigned. . . . Upon entry of CMO 35 and advisement from liason [sic] counsel to ensure all complaints had been served, counsel e-mailed the paralegal and requested an update on service"); Rec. Doc. 16456-1 at 5 ("Verbal confirmation from previous attorney that they served all the cases pursuant to PTO 9"); 16457-1 at 5 ("Verbal confirmation from previous attorney that they served all the cases pursuant to PTO 9"); 16462-1 at 3 ("Counsel's paralegal saw emails in Plaintiff's folder and inadvertently and mistakenly believed the emails were service-related"); 16421-1 at 3 (service/clerical error—"Plaintiffs did not suspect anything was amiss"); 16406-1 at 4–5 ("counsel reasonably relied on his staff's representations that service had been completed in all cases").

[13] Plaintiffs' Responses to Sanofi's Motion to Dismiss previously argue Plaintiffs' failure to serve was inadvertent. Rec. Doc. 14851 at 3; Rec. Doc. 14824 at 2, 5; Rec. Doc. 14926 at 4–5; Rec. Doc. 14846 at 3; Rec. Doc. 14890 at 2. They also argued Sanofi had participated in the litigation and discovery process. Rec. Doc. 14851 at 4; Rec. Doc. 14824 at 2–3, Ex. 1; 14926 at 3–4, Ex. 1; Rec. Doc. 14846 at 2; Rec. Doc. 14890 at 2.

[14] Rec. Doc. 16327 ("Dismissal Order") at 6.

[15] Rec. Doc. 16406-4 at 1 (Regarding Rebecca Cain "Sanofi is not named in, and has not been served in, this case"); Rec. Doc. 16406-5 at 2 (Regarding Lisa Keller "Sanofi has never been named in this case, has not been served in this case, and does not appear for this case"); Rec. Doc. 1721 at 6 (Lisa Medici and Monica Meyers were included in Sanofi's Motion to Dismiss for Failure to Comply with PTO 9 in 2018).

[16] Rec. Doc. 16456-2 at ¶ 3 ("Upon the motion to dismiss the Affected Clients' cases, and again after the dismissal, I inquired as the status and mechanism of service utilized by Mulligan Law Firm on Taxotere cases"); Rec. Doc. 16457-2 at ¶ 3 ("Upon the motion to dismiss the Affected Clients' cases, and again after the dismissal, I inquired as the status and mechanism of service utilized by Mulligan Law Firm on Taxotere cases").

### C. Plaintiffs Fail to Establish Manifest Injustice Requires Reconsideration of Plaintiffs' Cases.

With no new evidence and no error of fact, Plaintiffs argue that the Court's decision would result in manifest injustice. Showing manifest injustice, however, is a "high hurdle" that "requires that there exists a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Muslow v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, No. CV 19-11793, 2022 WL 3445716, at *13 (E.D. La. Aug. 17, 2022) (quoting *In re Trevino*, 633 B.R. 485, 507 (Bankr. S.D. Tex. 2021)) (internal quotations omitted). "A party may only be granted reconsideration based on manifest injustice if the error is apparent to the point of being indisputable." *Id.* (quoting *Bender Square Partners v. Factory Mut. Ins. Co.*, No. 4:10-CV-4295, 2012 WL 1952265, at *4 (S.D. Tex. May 30, 2012)).

Plaintiffs assert that manifest injustice exists here by suggesting that Sanofi somehow effectively waived service simply by virtue of participating in MDL discovery. But Sanofi did not waive service, nor did Plaintiffs perfect service. The MDL setting does not change these facts. And in this MDL, Plaintiffs had numerous warnings to perfect service and a streamlined process for doing so. Sanofi filed an initial Motion to Dismiss for Lack of Service in March 2018, putting MDL plaintiffs on notice that Sanofi would seek dismissal if plaintiffs failed to follow the streamlined service procedures.[17] The Court warned Plaintiffs to properly serve Defendants at its General Status Conference on July 22, 2022.[18] And the Court reaffirmed its position in CMO 35, ordering MDL plaintiffs to perfect service on July 26, 2022.[19] Despite these repeated

---

[17] *See* Rec. Doc. 1721 ("Sanofi's Motion to Dismiss for Failure to Comply with PTO 9").

[18] Ex. B, Hr'g Tr. at 7, *In re: Taxotere (Docetaxel) Prods. Liability Litig.*, No. 16-MD-2740 (E.D. La. July 22, 2022).

[19] Rec. Doc. 14456 ("CMO 35").

warnings, Plaintiffs here still failed to serve Sanofi.[20] There is no injustice—let alone manifest injustice—warranting reconsideration of the Court's Order.

### D. Rule 60(b) Does Not Save Plaintiffs.

Relying on the Rule 60(b)(1) factors identified in *Razvi v. Dallas Fort Worth International Airport*, Plaintiffs assert that their reliance on the mistaken representation of staff or others or failure to discover "new evidence" constitutes "excusable neglect."[21] But those factors don't weigh in Plaintiffs' favor here. As the Fifth Circuit explained, the court should review "(1) the danger of prejudice to the opposing party, (2) the length of delay, (3) the reason for the delay, including whether it was beyond the reasonable control of the movant, and (4) whether the delay was made in good faith." *Razvi v. Dallas Fort Worth Int'l Airport*, No. 21-10016, 2022 WL 4298141, at *2 (5th Cir. Sept. 16, 2022).

In *Razvi*, the plaintiff failed to file a certificate of interested persons by the court-appointed deadline. *Id.* at *1. The court dismissed the plaintiff's case a mere nine days later. *Id.* The Fifth Circuit reversed the district court's denial of the plaintiff's Rule 60(b)(1) motion, finding that the plaintiff's neglect was excusable because it occurred early in the judicial proceeding; "involve[d] a single calendaring error, not repeated failures to comply with the rules" by counsel's staff; and counsel acted in good faith, among other factors. *Id.* at *2–5. Also, the Fifth Circuit in *Razvi*

---

[20] Plaintiffs Lisa Medici and Monica Meyers, for example, failed to adhere to this Court's multiple orders and their own counsel's commitment to timely serve Sanofi. Both Plaintiffs were among the 267 Bachus & Schanker, LLC cases in Sanofi's 2018 Motion. Rec. Doc. 1721-1 at 2; Rec. Doc. 1721-1 at 6; Rec. Doc. 1721 at 6 ("Sanofi's Motion to Dismiss for Failure to Comply with PTO 9"). Sanofi withdrew its motion when counsel affirmed they would timely affect service for Plaintiffs. Rec. Doc. 1777 ("Consent to Withdraw"). Now—*years later*—Ms. Medici and Ms. Myers have filed reconsideration motions regarding their dismissal for failure to serve. They failed to comply with PTO 9, failed to comply with CMO 35, failed to heed this Court's warning from the July 2022 hearing, and failed to adhere to the agreement of their own counsel to timely serve.

[21] *See, e.g.*, Rec. Doc. 16406-1 at 5 ("Newly Discovered Evidence is Presented Here. Counsel's Failure to Discover It Meets the Test for Excusable Neglect Under Rule 60."); at 7 ("Just as in Razvi, the newly discovered facts here establish excusable neglect when applied to the Pioneer factors.").

determined that "[t]here [was] no evidence that the district court considered lesser sanctions or provided an opportunity to cure." *Id.* at *7. Needless to say, Plaintiffs' cases are dissimilar from *Razvi* and do not support a finding of excusable neglect for at least five reasons.

*First*, as noted in the Court's Dismissal Order, there was a clear record of delay here.[22] In all cases, Plaintiffs waited more than a year to serve Sanofi—and in most cases, multiple years.[23]

*Second*, Plaintiffs' failure to serve Sanofi was not the result of one mistake, but many.[24] In all cases, Plaintiffs failed to initially serve Sanofi within 90 days of filing their Complaints.[25] Then, upon entry of CMO 35, counsel and/or their staff failed to appropriately review their files to confirm service on Sanofi again.[26]

*Third*, this Court found counsel demonstrated "contumacious behavior" for their repeated failures to comply with the federal rules and CMO 35.[27]

*Fourth*, this Court considered lesser sanctions, and this Court provided Plaintiffs with the opportunity to cure with CMO 35.[28]

---

[22] Rec. Doc. 16327 ("Dismissal Order") at 5 ("the Court finds that there is a clear record of delay").

[23] In the Christina Contawe and Anise Thomas cases, Sanofi does not show a record of even late service.

[24] The Bachus & Schanker firm, for example, asks this Court to excuse three different instances of neglect for (1) failing to serve the Complaint in the first place, (2) failing to identify their error when attempting to comply with CMO 35, and (3) failing to cite evidence available to them at the time they opposed Sanofi's Motion to Dismiss.

[25] Rec. Doc. 160 ("PTO 9").

[26] Counsel attended a meeting with staff to make certain all cases had been properly served prior to August 31, 2022. Rec. Doc. 16406-3 at 1, Rec. Doc. 16406-1 at 3. Mr. Allen inquired as to the status and mechanism of service utilized by the Mulligan Law Firm upon the motion to dismiss and again after the dismissal. Rec. Doc. 16456-2 ¶ 3, 16457-2 ¶ 3. Prior to mid-2021 a different paralegal, who is no longer with the firm, was responsible for serving pleadings in Taxotere cases. On July 22, 2022, counsel requested counsel's assistant, Ms. Schneithorst, to confirm service in Taxotere cases. Ms. Schneithorst noted saved emails and presumed them to be service-related, however the emails were not service-related and service of process had not been effectuated on Sanofi. Rec. Doc. 16462-1 at 6–7; Rec. Doc. 16462-2. Counsel e-mailed paralegal requesting an update on service of complaints. Rec. Doc. 16561-1 at 6. "Plaintiffs did not complete service prior to the August 31, 2022 deadline in CMO No. 35 because they continued to operate under the mistaken belief that service was already completed. . . . Counsel for Plaintiffs only became aware of the service error on October 3, 2022." Rec. Doc. 16421-1 at 3.

[27] Rec. Doc. 16327 ("Dismissal Order") at 5 ("the Court finds that there is a clear record of delay and contumacious conduct").

[28] Rec. Doc. 16327 ("Dismissal Order") at 4–7.

*Finally*, Plaintiffs' repeated service failures do create a danger of prejudice to Sanofi. As the Court already recognized, "[i]f service can be delayed indefinitely once the complaint is filed within the statutory period, [a defendant's] expectations are defeated and the statute of limitations no longer protects defendants from stale claims."[29] Sanofi is entitled to understand which claims and cases are likely to proceed and which are not, and Plaintiffs' failure to timely serve denied Sanofi this opportunity. Further, to the extent that Plaintiffs argue that a finding of actual prejudice is necessary to dismiss their cases, this Court has likewise considered and rejected that argument. Rec. Doc. 16327 ("Dismissal Order") at 3 (stating aggravating factors are not required for a dismissal with prejudice);[30] *see also Sealed Appellant*, 452 F.3d at 418 ("We disagree with Appellant's contention that, to affirm a dismissal with prejudice, an aggravating factor must be present.").

## **CONCLUSION**

Plaintiffs have not demonstrated a need for this Court to reconsider its Dismissal Order. Accordingly, Sanofi respectfully requests that this Court deny Plaintiff's Motions for Reconsideration.

---

[29] Rec. Doc. 16327 ("Dismissal Order") at 7 (quoting *Sealed Appellant*, 452 F.3d at 418).

[30] This Court has already considered and rejected Plaintiffs arguments regarding aggravating factors, as Plaintiffs already asserted these arguments in their oppositions to Sanofi's motion to dismiss. Rec. Doc. 14926 at 5 ("There are no aggravating factors supporting the extraordinary remedy of dismissal"); Rec. Doc. 14890 at 3 ("none of the 'aggravating factors' normally required to justify dismissal are present in this case"); Rec. Doc. 14851 at 3 ("No such aggravating factors exist in this case"); Rec. Doc. 14846 at 4 ("none of the 'aggravating factors' normally required to justify dismissal are present in this case"); Rec. Doc. 14824 at 3 ("none of the 'aggravating factors' normally required to justify dismissal are present in these matters").

Respectfully submitted,

/s/ *Douglas J. Moore*
Douglas J. Moore (Bar No. 27706)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Facsimile: 504-310-2120
dmoore@irwinllc.com

Harley Ratliff
Jon Strongman
Adrienne L. Byard
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hratliff@shb.com
jstrongman@shb.com
abyard@shb.com

*Counsel for sanofi-aventis U.S. LLC and Sanofi US Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ *Douglas J. Moore*