UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| This document relates to: Faith Newhouse, 2:17-cv-15057 | ) ) | |

## ORDER AND REASONS

Before the Court is a Motion to Strike Notice of Voluntary Dismissal (Rec. Doc. 16170). For the following reasons, the Motion is **GRANTED.**

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of cancer. Among these companies are Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively, "Sanofi") and Hospira, Inc. and/or Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc. ("Hospira"). Plaintiffs allege that the drug caused permanent alopecia, or permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

On December 6, 2017, Plaintiff Faith Newhouse filed her Short Form Complaint naming only Sanofi as a defendant.[2] Plaintiff subsequently learned

---

[1] Docetaxel is the generic version of Taxotere.
[2] Rec. Doc. 16170-3 at 2.

that the Taxotere/docetaxel prescribed and administered to her was manufactured by Hospira.[3]

On May 26, 2023, pursuant to Case Management Order 12 ("CMO 12A")[4] after uploading her product identification evidence ("Product ID") identifying Hospira as a defendant to the MDL Centrality database, Plaintiff filed a Notice of Voluntary Dismissal dismissing Sanofi with prejudice, which effectively dismissed her case in its entirety.[5] Although Sanofi was the only named Defendant, Plaintiff erroneously titled the Dismissal as "Partial Notice of Dismissal." Shortly after, Plaintiff filed the instant Motion to Strike Notice of Voluntary Dismissal (Rec. Doc. 16170) and a Motion to Amend Short Form Complaint (Rec. Doc. 16171).

In her Motion to Strike, Plaintiff contends that she "inadvertently filed her Notice of Dismissal before filing her Motion for Leave to Amend Short Form Complaint to name the correct Defendants and drop the previously named Defendants."[6] Plaintiff therefore requests that this Court strike and/or set aside Plaintiff's Notice of Dismissal to allow Plaintiff to file an Amended Short Form Complaint. In turn, in her Motion to Amend, Plaintiff requests leave to amend her Complaint to name Hospira as a defendant.[7] Plaintiff sets forth the same arguments in support of both her Motion to Strike and Motion Amend;

---

[3] *Id.*
[4] Because many Plaintiffs could not initially identify the correct defendant, CMO 12A was issued to "clarify the parties' obligations and the procedures governing the discovery of Product ID Information and subsequent dismissal of defendants whose product was not used." Rec. Doc. 3492. CMO 12A mandates that Plaintiffs dismiss any non-implicated Defendants 30 days after uploading Product ID. *Id.* at ¶ 9.
[5] Rec. Doc. 15897. The Notice provides that Plaintiff "may seek relief from this dismissal of claims pursuant to Federal Rule of Civil Procedure 60(b)(6)."
[6] Rec. Doc. 16170-3 at 2.
[7] Plaintiff's Motion to Amend is opposed by Hospira. Rec. Doc. 16170-3 at 2.

those arguments were previously addressed by this Court in its December 1, 2023 Order and Reasons granting similar Motions for Leave to Amend.[8]

## **LEGAL STANDARD**

Plaintiff seeks relief under Federal Rule of Civil Procedure 60(b)(1).[9] Rule 60(b) permits the court to relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[10]

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[11] "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court."[12] Rule 60(c) further provides that "[a] motion under Rule 60(b) must be made within a reasonable time."[13]

---

[8] Rec. Doc. 16606.
[9] Plaintiff also seeks relief under Federal Rule of Civil Procedure 12(f). However, Rule 12(f) provides that a matter or defense may be stricken from a *pleading*—which is not the relief Plaintiff requests here. FED. R. CIV. P. 12(f). Further, the Fifth Circuit has held that a notice of voluntary dismissal without prejudice is a "final proceeding" subject to vacatur under Federal Rule of Civil Procedure 60(b). Yesh Music v. Lakewood Church, 727 F.3d 356, 362-63 (5th Cir. 2013). It follows that a district court may likewise vacate a notice of dismissal *with* prejudice under Rule 60(b). *See id.* at 369, n. 1 (noting that "a dismissal with prejudice is an adjudication on the merits operating as a final judgment") (Jolly, J. dissenting).
[10] Fed. R. Civ. P. 60(b).
[11] Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005).
[12] *Id.* (quoting Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)).
[13] Fed. R. Civ. Proc. 60(c).

## LAW AND ANALYSIS

The Court finds that relief is warranted under Rule 60(b)(1). In dismissing Sanofi, Plaintiff was making a good-faith effort to comply with her obligations under CMO 12A. Shortly after inadvertently filing the Notice of Dismissal, Plaintiff attempted to remedy the error by moving to amend her pleadings and filing the instant Motion. Notably, this Court has previously granted relief under 60(b)(1) in similar circumstances.[14]

Additionally, Defendants will not suffer undue prejudice if Plaintiff's Motion is granted, as Plaintiff is only seeking to set aside the Voluntary Dismissal so that she may reinstate her case and amend her Complaint to add Hospira, the correct manufacturer, as a defendant. Plaintiff will still be required to dismiss Sanofi (the non-implicated Defendant) pursuant to CMO 12A once Plaintiff amends her Complaint.[15]

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Notice of Voluntary Dismissal (Rec. Doc. 16170) is **GRANTED**. **IT IS ORDERED** that the Clerk's Office is instructed to **REOPEN** the matter titled Faith Newhouse v. Sanofi-Aventis U.S. LLC, et. al., 2:17-cv-15057.

New Orleans, Louisiana, this 10th day of January, 2024.

---

[14] Rec. Doc. 14138 (vacating mistakenly filed Notice of Dismissal).

[15] The Court finds that amendment is warranted for the reasons set forth in its previous Order and Reasons granting similar Motions for Leave to Amend (Rec. Doc. 16606) and will address Plaintiff's Motion to Amend in a separate order.

          **JANE TRICHE MILAZZO**
          **UNITED STATES DISTRICT JUDGE**