UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 16-2740 SECTION: "H" (5) |
| This document relates to: Ellen Pusey, 2:16-cv-15471 | ) ) ) | |

## ORDER AND REASONS

Before the Court is a Motion to Set Aside Court's Dismissal Order (Rec. Doc. 16178). For the following reasons, the Motion is **GRANTED.**

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of cancer. Among these companies are Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively, "Sanofi" or "Defendants"). Plaintiffs allege that the drug caused permanent alopecia, or permanent hair loss. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

On October 12, 2016, Plaintiff Ellen Pusey ("Plaintiff") filed her original Complaint against Sanofi, listing her place of residence as Tangipahoa Parish, Louisiana and alleging that she was administered Taxotere in St. Tammany Parish, Louisiana.[2] Plaintiff contends that, on May 31, 2017, in filling out her

---

[1] Docetaxel is the generic version of Taxotere.
[2] Rec. Doc. 16178-1 at 2.

Short Form Complaint, her counsel erroneously entered in Mississippi (instead of Louisiana) as Plaintiff's place of residence.[3] Plaintiff further alleges that her Plaintiff Fact Sheets ("PFS"),[4] which were filed in the MDL Centrality database and which Plaintiff amended several times, all indicate that she resides in Ponchatoula, Louisiana (located in Tangipahoa Parish) and that she ingested Taxotere in Covington, Louisiana (located in St. Tammany Parish).[5]

On January 22, 2021, this Court issued an Order and Reasons granting a Motion for Judgment on the Pleadings Based on Statute of Limitations as to Plaintiff Juanita Greer.[6] In that Order, this Court held that Plaintiff Greer's claims were barred by the three-year statute of limitations under Mississippi law and dismissed Ms. Greer's claims with prejudice.[7] On January 28, 2022, Defendants filed a Motion for Rule to Show Cause and submitted a list of Plaintiffs, including Plaintiff Ellen Pusey, whose claims Defendants alleged "may be similarly barred by the three-year statute of limitations under Mississippi law."[8] On May 18, 2022, this Court granted Defendants' Motion and ordered the 286 Plaintiffs listed in Defendants' Motion to show cause on July 13, 2022 why their cases should not be dismissed with prejudice for the same reasons articulated in the Court's Order and Reasons in *Greer*.[9] The Order further provided that "failure to appear and show cause will result in dismissal of Plaintiff's case with prejudice."[10] On July 18, 2022, after 134 of the

---

[3] Rec. Doc. 16178-1 at 2.
[4] Pursuant to Pretrial Order 18, Plaintiffs were required to upload Plaintiff Fact Sheets, which provided Plaintiff's alleged injuries; the dates upon which Plaintiff was diagnosed with cancer; the chemotherapy regimen each Plaintiff received; and Plaintiff's employment, educational, and medical history. Rec. Doc. 236-1.
[5] *Id.*
[6] Rec. Doc. 12057.
[7] *Id.*
[8] Rec. Doc. 13746.
[9] Rec. Doc. 14221.
[10] *Id.* The dismissal Order also states that Defendants stipulated not to argue waiver of appeal rights and/or failure to file an opposition based on Plaintiff not appearing and objecting at the Show Cause Hearing. Rec. Doc. 14432 at 2.

listed Plaintiffs, including Ellen Pusey, notified Defendants of their intent not to appear at the hearing and contest the dismissal of their cases, the Court entered an Order dismissing Plaintiffs' cases with prejudice for the reasons stated in the Order and Reasons in *Greer*.[11]

Relatedly, on November 5, 2021, before Plaintiff Pusey was notified that her claims were possibly subject to dismissal under Mississippi law, Defendants responded to Plaintiff's Seventh Amended Plaintiff Fact Sheet and notified Plaintiff that her product identification evidence ("Product ID") was deficient under Case Management Order 12A ("CMO 12A").[12] However, because Plaintiff was placed on the July 13, 2022 Call Docket, and her case was subsequently dismissed as time-barred under Mississippi law, any deficiencies as to her Product ID were never addressed by this Court.[13]

On July 17, 2023, Plaintiff Pusey filed the instant Motion requesting that this Court set aside its dismissal Order and reinstate her case.[14] In her Motion, Plaintiff contends that the parties erroneously believed that her claims were governed by Mississippi law due to the error in Plaintiff's Short Form Complaint.[15] Despite having her case dismissed a year ago, Plaintiff attempted to serve Product ID subpoenas on various entities two days after filing the

---

[11] Rec. Doc. 14432.
[12] Because many Plaintiffs could not initially identify the correct defendant, CMO 12A was issued to "clarify the parties' obligations and the procedures governing the discovery of Product ID Information and subsequent dismissal of defendants whose product was not used." Rec. Doc. 3492. CMO 12A outlines what information is "presumed sufficient" Product ID evidence to establish the identity of the manufacturers and mandates that Plaintiffs upload such Product ID to MDL Centrality, among other things. *Id.* at ¶¶ 6, 7. In turn, Pretrial Order 22A ("PTO 22A") sets out the procedures for show cause orders and governs Defendants' requests for dismissal of the claim of any Plaintiff who fails to comply with the requirements of CMO 12A. Pursuant to PTO 22A, Defendants must first notify Plaintiffs of the deficiencies before placing them on the call docket for attendance at the show cause hearing addressing deficiencies.
[13] Rec. Doc. 16178-1 at 2.
[14] Rec. Doc. 16178.
[15] Rec. Doc. 16178.

3

instant Motion.[16] Defendants oppose Plaintiff's Motion.[17] In their Opposition, Defendants also request that this Court quash the subpoenas issued by Plaintiff.[18]

## LEGAL STANDARD

### 1. Federal Rule of Civil Procedure 60(b)

Plaintiff seeks relief under Federal Rule of Civil Procedure 60(b)(1). Rule 60(b) permits the court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[19] "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court."[20] Rule 60(c) further provides that "[a] motion under Rule 60(b) must be made within a reasonable time."[21] The Fifth Circuit has outlined factors that should inform a district court's decision of whether to grant relief from a final judgment:

> (1) That final judgments should not lightly be disturbed;

---

[16] Rec. Docs. 16312-1, 16312-2.
[17] Rec. Doc. 16312.
[18] *Id.* at 7.
[19] Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005).
[20] *Id.* (quoting Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)).
[21] FED. R. CIV. P. 60(c).

4

(2) that the Rule 60(b) motion is not to be used as a substitute for appeal;

(3) that the rule should be liberally construed in order to achieve substantial justice;

(4) whether the motion was made within a reasonable time;

(5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense;

(6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense;

(7) whether there are intervening equities that would make it inequitable to grant relief; and

(8) any other factors relevant to the justice of the judgment under attack.

These factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments.[22]

## 2. Federal Rule of Civil Procedure 45

Finally, under Federal Rule of Civil Procedure 45, a court may quash or modify a subpoena if it (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden.

---

[22] Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. Unit B 1981) (quoting United States v. Gould, 301 F.2d 353, 355–56 (5th Cir. 1962)).

## LAW AND ANALYSIS

### 1. Plaintiff's Motion to Set Aside Court's Dismissal Order

Plaintiff's sole argument is that she satisfies the standard for "excusable neglect" under Rule 60(b)(1). Citing to an Eleventh Circuit case addressing a motion to set aside a default judgment under Rule 60(b), Plaintiff notes that, "in order to establish excusable neglect, the party must show that: (1) it had a meritorious claim or defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the opposing party; and (3) a good reason existed for failing to respond to the motion."[23] Plaintiff argues that she

---

[23] Although it is unclear, Plaintiff's case citation appears to suggest that the Judgment dismissing her case should be treated as a default judgment or judgment of dismissal without consideration of the merits, which "are ordinarily disfavored." Rec. Doc. 16178-1 at 5. The Fifth Circuit has noted that that Rule 60(b) applies "most liberally to judgments of default" because "truncated proceedings are not favored." *Seven Elves, Inc.*, 635 F.2d at 402 (citations omitted). The Fifth Circuit has directed district courts to consider three factors in determining whether sufficient grounds exist for setting aside a default judgment: "(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of [the] defendant's conduct." Rogers v. Hartford Life & Acc. Ins. Co., 167 F.3d 933, 938 (5th Cir. 1999) (quoting Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1280 (5th Cir. 1985) (brackets in original)). Judges in the Eastern District of Louisiana have applied these factors in considering other dismissals with prejudice on a Rule 60(b) motion, such as dismissals for failure to prosecute and noncompliance with court orders, because such dismissals "share one of the characteristics of default judgments, namely an adjudication without full consideration of the substantive merits." In re Fema Trailer Formaldehyde Prods. Liab. Litig., No. 07–1873, 2011 WL 5547876, at *4 (E.D. La. Nov. 15, 2011). However, "these factors are not 'talismanic.'" *Rogers*, 167 F.3d at 939 (quoting CJC Holdings, Inc. v. Wright & Lato, Inc., 979 F.2d 60, 64 (5th Cir. 1992)). Indeed, "[a] district court may consider other factors, and the decision of whether to grant relief under Rule 60(b)(1) falls within its sound discretion." *Id.* (citing *Hibernia*, 776 F.2d at 1279). Finally, in the context of dismissals with prejudice in an MDL, this Court has explained that "multidistrict litigation is a special breed of complex litigation where the whole is bigger than the sum of its parts, and the district court needs to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line." In re Taxotere (Docetaxel) Prods. Liab. Litig., No. 16-2740, 2019 WL 127054, at *2 (E.D. La. Jan. 8, 2019) (quoting In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F. 3d 1217, 1229 (9th Cir. 2006)). Thus, although public policy generally favors a disposition on the merits and counsels against dismissal, such considerations lend little support to a party whose noncompliance stalls the case such that resolution on the merits cannot move forward. *Id.* Indeed, "sound management of the court's docket also counsels in favor of sanctions as a deterrent to others, particularly in the context of an MDL proceeding where there are thousands of plaintiffs and tag-along cases . . . continually being added.*" In re Taxotere*, 2019 WL 127054, at *3 (quoting *In re Phenylpropanolamine*, 460 F. 3d at 1234). Accordingly, even if the Judgment dismissing

6

satisfies this standard because: (1) she has a meritorious claim or defense—namely, that she is not and was not a Mississippi resident and therefore is not subject to the Mississippi statute of limitations; (2) she "reasonably believed her case was being considered as that of a Louisiana resident, as she identified only Louisiana as her residence and state of treatment in her Original Complaint and eight Plaintiff Fact Sheets"; (3) the "error was only recently discovered"; and (4) Defendants would not be unfairly prejudiced if Rule 60(b) relief were granted.[24]

In response, Defendants do not argue that Plaintiff's proposed standard is inapplicable. Rather, Defendants counter that the circumstances alleged by Plaintiff "do not constitute excusable neglect in the Fifth Circuit."[25] Defendants further argue that, because Plaintiff has conceded that she would be subject to dismissal for lack of Product ID, reopening Plaintiff's case would be futile—and thus any possible relief under Rule 60 is foreclosed.[26]

While this Court is not bound by the Eleventh Circuit precedent cited by Plaintiff, the Supreme Court, as well as the Fifth Circuit, have provided some guidance as to the meaning of "excusable neglect" under Rule 60(b)(1). In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, the Supreme Court "explained that the determination of what sorts of neglect will be considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"[27] Although *Pioneer* was a

---

Plaintiff's case is characterized as a dismissal without consideration of the merits, it is unclear whether the more liberal standard under 60(b) would apply in the context of this MDL. And, regardless of how the Judgment at issue is characterized, the analysis under Rule 60(b) is not limited to the factors set forth by Plaintiff.
[24] Rec. Doc. 16178-1 at 4.
[25] Rec. Doc. 16312.
[26] *Id.* at 6.
[27] Trevino v. City of Fort Worth, 944 F.3d 567, 571 (5th Cir. 2019) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). In the context of late filings, the "relevant factors include but are not limited to the 'danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for

civil bankruptcy case, the Fifth Circuit has applied it to other excusable-neglect inquiries across the Federal Rules of Civil Procedure, including Rule 60(b)(1).[28]

*Pioneer* sets forth a "lenient and comprehensive standard";[29] however, the Rule 60(b)(1) "inquiry is not wholly open-ended."[30] As Defendants point out, "[a] party has a 'duty of diligence to inquire about the status of a case.'"[31] "Therefore, '[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief.'"[32] "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."[33]

The Court finds that, when taken together, the present circumstances warrant relief under Rule 60(b)(1). To be sure, Defendants cite to cases in which the Fifth Circuit has held that a mistake by counsel does not constitute "excusable neglect."[34] However, the Fifth Circuit in *Coleman Hammons Construction Company v. Occupational Health and Safety Review Commission* also explained that "Rule 60(b)(1) contains leeway for parties who make good

---

the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" Coleman Hammons Const. Co. v. Occupational Safety & Health Rev. Comm'n, 942 F.3d 279, 282–83 (5th Cir. 2019) (quoting *Pioneer*, 507 U.S. at 395) (brackets in original).

[28] *Coleman Hammons Const. Co.*, 942 F.3d at 283 (citing Halicki v. La. Casino Cruises, Inc., 151 F.3d 465, 469 (5th Cir. 1998)); *see also* Midwest Emps. Cas. Co. v. Williams, 161 F.3d 877, 881 n.5 (5th Cir. 1998) (stating that "excusable neglect has the same meaning across procedural contexts"); In re Deepwater Horizon, 641 Fed. Appx. 405, 410, n.5 (5th Cir. 2016) (citing cases in which the Fifth Circuit adapted the *Pioneer* factors to Rules 60(b), 4(a)(5), and 4(b)).

[29] *Id.* at 283.

[30] *Trevino*, 944 F.3d at 571 (citing Pryor v. U.S. Postal Serv., 769 F.2d 281, 287 (5th Cir. 1985)).

[31] In re Taxotere (Docetaxel) Prod. Liab. Litig., 837 Fed. Appx. 267, 278 (5th Cir. 2020) (citing *Trevino*, 944 F.3d at 571).

[32] *Trevino*, 944 F.3d at 571 (citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir. 1993)).

[33] *Id.*

[34] Rec. Doc. 16312 at 2 (citing *Edward H. Bolin Co.*, F.3d at 356–57).

faith mistakes" and that "'neglect' by definition encompasses 'omissions caused by carelessness.'"[35] The *Coleman* court ultimately found that, under the totality of the circumstances, a party's "single instance of unforeseeable human error" constituted excusable neglect.[36]

The mistake of Plaintiff's counsel in indicating Plaintiff's residence as Mississippi in the Short Form Complaint, and subsequent reliance thereon is a mistake that is distinguishable from "gross carelessness" or "ignorance of the rules or law" that Defendants argue warrants denial of relief. Indeed, the cases relied upon by Defendants primarily concern failures to follow rules or court orders.[37]

By contrast, Plaintiff's counsel's single clerical error as to Plaintiff's residence led to the parties' erroneous assumption that Mississippi law applied, which then resulted in the dismissal of Plaintiff's claims. Although Defendants contend that Plaintiff was notified of this error in the Motion for Rule to Show Cause and Order to Show Cause, Plaintiff was merely notified that her claims were possibly subject to dismissal under Mississippi law—which the most recent Short Form Complaint would have presumably confirmed. Under these facts, Plaintiff's single instance of error does not warrant dismissal of her case.

---

[35] *Coleman*, 942 F3.d at 283 (quoting Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'Ship, 26 F.4th 306 (5th Cir. 2022)).

[36] *Coleman*, 942 F.3d at 283; *see also* Theriot v. Building Trades United Pension Trust Fund, 18-10250, 2022 WL 2191668, at*3 (E.D. La. June 17, 2022).

[37] *See, e.g.*, *Trevino*, 944 F.3d at 571 (plaintiff failed to file opposition to motion to dismiss because counsel "mistakenly failed to register with the court's Case Management/Electronic Case Files system" in violation of the local rules); *Edward H. Bohlin* Co, 6 F.3d at 357 (plaintiff failed to respond to motion to dismiss because plaintiff misinterpreted trial court's order setting deadline to respond and failed to inquire about the status of the motion); In re Taxotere (Docetaxel) Prod. Liab. Litig., 837 Fed. Appx. 267, 278 (5th Cir. 2020) (plaintiff received three deficiency notices over four months prior to dismissal yet failed to address the deficiency for another five months after dismissal); In re Deepwater Horizon, 641 Fed. Appx. 405, 410 (5th Cir. 2016) (plaintiffs failed to timely opt out of the settlement class after receiving repeated notices and failed to comply with a pre-trial order despite repeated notices of non-compliance).

Next, Defendants argue that "upsetting a final judgment to revive long-resolved claims due to alleged neglect by the dismissed party is quintessentially prejudicial," citing caselaw concerning a parties' negligent failure to submit evidentiary materials.[38] Defendants further contend that they would be prejudiced if Plaintiff's case were re-opened because Defendants have lost opportunities to timely challenge Plaintiff's case for lack of Product ID or other deficiencies.[39]

The Court disagrees that Defendants will suffer undue prejudice if the Court grants Plaintiff's Motion. This case does not concern, for example, the belated admission of new evidence, since Plaintiff's prior Complaint and Plaintiff Fact Sheets state that Plaintiff resided in Louisiana. Moreover, Defendants are free to raise any deficiencies as to Product ID—which were never addressed because Plaintiff's case was dismissed—once Plaintiff's case is reinstated.

## 2. Defendants' Request to Quash Plaintiff's Subpoenas

In their Opposition, Defendants request that this Court quash purported subpoenas issued by Plaintiff after her case was dismissed.[40] Although Defendants' request is presented in its Opposition, rather than in the form of a motion, the Court will consider Defendants' request.[41]

Federal Rule of Civil Procedure 45(a)(2) provides that "[a] subpoena must issue from the court where the action is pending." Thus, it is axiomatic

---

[38] Rec. Doc. 16312 at 5 (citing Knapp v. Dow Corning Corp., 941 F.2d 1336, 1338 (5th Cir. 1991)).
[39] Rec. Doc. 16312 at 5.
[40] *Id.* at 7.
[41] Presumably, Defendants did not file a motion because Plaintiff's case was already dismissed. This Court has considered a party's request for affirmative relief in an opposition notwithstanding the "procedural irregularity" of such requests. *See* Bowman v. R.L. Young, 21-1071, 2022 WL 3998641, at *6, n.40 (E.D. La. Sept. 1, 2022) (Vitter, J.); *see also* Dean v. City of New Orleans, 11–2209, 2012 WL 2564954, at *4 (E.D. La. July 2, 2012) (Wilkinson, J.).

that "a court is not authorized to issue a subpoena in a dismissed case."[42] Since Plaintiff unquestionably attempted to issue the subpoenas after her case was dismissed, the subpoenas were issued without this Court's authority, are null and void, and were never enforceable. Accordingly, Defendants' request to quash the purported subpoenas is moot.[43]

## CONCLUSION

Accordingly, for the foregoing reasons, the Motion to Set Aside is **GRANTED. IT IS ORDERED** that the Clerk's Office is instructed to **REOPEN** the matter titled Ellen Pusey v. Sanofi-Aventis, U.S., Inc., 2:16-cv-15471.

**IT IS FURTHER ORDERED** that Defendants' request to quash Plaintiff's subpoenas is **DENIED AS MOOT.**

New Orleans, Louisiana, this 10th day of January, 2024.

_____
**HON. JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[42] Gresset v. City of New Orleans, 17-16628, 2019 WL 459182, at *3 (E.D. La. Feb. 6, 2019).
[43] Additionally, Federal Rule of Civil Procedure 45 lists the instances in which quashing a subpoena is mandatory as well as permissive—none of which contemplate an instance in which a purported subpoena was signed by an attorney but was not enforceable upon signing.

11