UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | MDL No. 16-2740 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | SECTION: "H" (5) |
| | ) | |
| This document relates to: | ) | |
| All cases listed in Exhibit A | ) | |
| | ) | |
| | ) | |

## ORDER AND REASONS

Before the Court are ten Motions for Reconsideration filed by Plaintiffs listed in Exhibit A.[1]   For the reasons set forth herein, the Motions are **DENIED.**

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[2] that Plaintiffs were administered for the treatment cancer. Among these companies are Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc. (collectively, "Hospira"), Pfizer, Inc. ("Pfizer"), sanofi-aventis U.S. LLC and Sanofi US Services LLC (collectively, "Sanofi"), Sandoz Inc. ("Sandoz"), and Accord Healthcare, Inc. ("Accord"). Plaintiffs allege that the drug caused permanent alopecia. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

---

[1] Exhibit A.
[2] Docetaxel is the generic version of Taxotere, although the Court uses the term "generic" loosely.

Plaintiffs Lara Della Rocca, Patricia Gardner and Millie Howard (Rec. Doc. 16468); Deborah Brewer (Rec. Doc. 16433); Coretta Tengesdahl (Rec. Doc. 16474); Kathleen Gilson (Rec. Docs. 16390 & 16437); Tessie Adams (Rec. Doc. 16436); Tammie Lackey (Rec. Doc. 16434); Theatrice Thompson (Rec. Doc. 16435); Lori Hansen, (Rec. Doc. 16445); and forty-four Plaintiffs represented by Bachus & Schanker (collectively, "Bachus & Shanker Plaintiffs") (Rec. Doc. 16447) seek reconsideration of the Court's August 25, 2023, Dismissal Order (Rec. Doc. 16337) granting Hospira and Pfizer's Motion to Dismiss for Failure to Comply with Case Management Order No. 35 (Rec. Doc. 14770).[3]

In response to Defendant Accord's motion practice in January 2022 based on several plaintiffs' failures to effect service of process, this Court reminded Plaintiffs at the July 22, 2022, status conference that effecting service "is an obligation of the plaintiff and the plaintiff only," and orally extended the deadline for Plaintiffs to properly serve their Complaints on Defendants to August 31, 2022.[4] Thereafter, this Court entered Case Management Order No. 35 ("CMO 35"), which provides that "it is Plaintiffs' responsibility to ensure that service is effected on or before August 31, 2022, after which Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[5] CMO 35 further directs Plaintiffs to consult the appropriate streamlined service of process orders.[6]

On October 3, 2022, Hospira and Pfizer filed a Motion to Dismiss identifying 153 Plaintiffs who failed to properly serve their complaints by the court-ordered deadline, arguing that Plaintiffs could not demonstrate good

---

[3] The Order was signed on August 24, 2023.
[4] Doc. 14445 at 7:22–24.
[5] Rec. Doc. 14456.
[6] *Id.*

cause for their delay such that the Court's discretionary authority to extend the time for Plaintiffs to effect service was warranted.[7] On August 25, 2023, this Court granted Hospira and Pfizer's Motion, dismissing Plaintiffs' claims against Hospira and Pfizer without prejudice. Plaintiffs listed in Exhibit A filed the instant Motions requesting reconsideration of the Court's August 25, 2023, Order. Hospira and Pfizer oppose.[8]

## APPLICABLE LAW

Plaintiffs seek relief pursuant to Federal Rules of Civil Procedure 59(e) or, alternatively, 60(b). Specifically, Plaintiffs argue that (1) reconsideration is warranted to prevent a mistake of fact or law and/or manifest injustice, (2) newly discovered evidence warrants reconsideration, and (3) Plaintiffs' failure to comply with CMO 35 was due to "excusable neglect."

A party may request that the court reconsider a prior ruling via either a motion to "alter or amend a judgment" under Federal Rule of Civil Procedure 59(e) or as a motion for "relief from a final judgment, order or proceeding" under Federal Rule of Civil Procedure 60(b). Under which Rule the motion falls turns on the time at which the motion is filed.[9] A Rule 59(e) motion must be brought within twenty-eight days after the entry of the judgment or order at issue.[10] By contrast, a Rule 60(b) motion must be brought within a reasonable time, and, in the case of mistake, newly discovered evidence, and fraud, "no more than a year after the entry of the judgment or order or the date of the proceeding."[11] Notably, "Rule 59(e) 'is not controlled by the same exacting

---

[7] Rec. Doc. 14770.
[8] Rec. Doc. 16649 (Hospira and Pfizer's Omnibus Opposition).
[9] Texas A&M Rsch. Found. v. Magna Transp., Inc., 338 F.3d 394, 400 (5th Cir. 2003). Plaintiffs filed their Motions within twenty-eight days from the time the Order was docketed in their individual cases.
[10] FED. R. CIV. P. 59(e).
[11] FED. R. CIV. P. 60(c)(1).

substantive requirements' as a motion under Rule 60(b)."[12] Nevertheless, because Plaintiffs moved for relief in the alternative, the Court will analyze their claims under both Federal Rules of Civil Procedure 59(e) and 60(b).

## A. Federal Rule of Civil Procedure 59(e)

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"[13] "The Fifth Circuit favors denial of Rule 59(e) motions to amend or alter."[14] Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[15] The Fifth Circuit has repeatedly explained that Rule 59(e) relief "is appropriate (1) to correct a manifest error of law or fact, (2) where the movant presents newly acquired evidence that was previously unavailable, or (3) where there has been an intervening change in the controlling law."[16]

Rule 59(e) relief represents "an extraordinary remedy that should be used sparingly."[17] In exercising its discretion under Rule 59(e), "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."[18]

## B. Federal Rule of Civil Procedure 60(b)

In turn, Rule 60(b) permits the court to relieve a party from a final judgment for the following reasons:

---

[12] *In re* FEMA Trailer Formaldehyde Prods. Liab. Litig., No. 07–1873, 2011 WL 5547876, at *9 (E.D. La. Nov. 15, 2011) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173–74 (5th Cir. 1990), *abrogated on other grounds by* Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994)).
[13] Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re* Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)).
[14] *In re* Taxotere (Docetaxel) Prods. Liab. Litig., No. 16-2740, 2019 WL 11660426, at *1 (E.D. La. July 16, 2019) (quoting *In re* Chinese Manufactured Drywall Prods. Liab. Litig., No. 09–2047, 2018 WL 1782841, at *5 (E.D. La. Apr. 12, 2018)).
[15] *Id.* at *1 (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).
[16] Jennings v. Towers Watson, 11 F.4th 335, 345 (5th Cir. 2021) (citing Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012)).
[17] *Id.*
[18] Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993).

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[19]

The Fifth Circuit has outlined additional factors that should inform a district court's decision of whether to grant relief from a final judgment:

> (1) That final judgments should not lightly be disturbed;
>
> (2) that the Rule 60(b) motion is not to be used as a substitute for appeal;
>
> (3) that the rule should be liberally construed in order to achieve substantial justice;
>
> (4) whether the motion was made within a reasonable time;
>
> (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense;
>
> (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense;
>
> (7) whether there are intervening equities that would make it inequitable to grant relief; and

---

[19] FED. R. CIV. P. 60(b).

(8) any other factors relevant to the justice of the judgment under attack.

These factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments.[20]

"[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court."[21] "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[22]

In determining whether neglect was excusable pursuant to 60(b)(1), the court reviews the following four factors: "(1) the danger of prejudice to the opposing party, (2) the length of delay, (3) the reason for the delay, including whether it was beyond the reasonable control of the movant, and (4) whether the delay was made in good faith."[23] "The district court need not rigorously apply each of these factors in every case but should take them into account when making its determination."[24]

Notably, "[a] party has a 'duty of diligence to inquire about the status of a case.'"[25] "Therefore, '[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief.'"[26] "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's

---

[20] Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. Unit B 1981) (quoting United States v. Gould, 301 F.2d 353, 355–56 (5th Cir. 1962)).
[21] Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996).
[22] Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005).
[23] Razvi v. Dallas Fort Worth Int'l Airport, No. 21-10016, 2022 WL 4298141, at *2 (5th Cir. Sept. 16, 2022) (citing Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)).
[24] *Id.*
[25] *In re* Taxotere (Docetaxel) Prods. Liab. Litig., 837 Fed. App'x. 267, 278 (5th Cir. 2020) (citing Trevino v. City of Fort Worth, 944 F.3d 567, 571 (5th Cir. 2019)).
[26] *Trevino*, 944 F.3d at 571 (citing *Edward H. Bohlin Co.*, 6 F.3d at 357) (brackets in original).

carelessness with or misapprehension of the law or the applicable rules of court."[27]

Finally, Rule 60(b)(6) provides that reconsideration may be granted for "any other reason that justifies relief."[28] "Relief under this section is appropriate only in an 'extraordinary situation' or 'if extraordinary circumstances are present.'"[29]

## LAW & ANALYSIS

### A. "Mistake of Law or Fact" or "Excusable Error"

In support of their Motions for Reconsideration, Plaintiffs argue that this Court made an error of law or fact in finding that Plaintiffs' failure to serve constituted "contumacious conduct," that such failure was instead due to inadvertent (and therefore "excusable") errors on the part of legal counsel or staff, and that Defendants were not prejudiced by Plaintiffs' failure to serve (because Defendants participated in discovery). However, this Court previously rejected these arguments in its August 25, 2023 Order and Reasons dismissing Plaintiffs' cases.

The Fifth Circuit has repeatedly stated that motions for reconsideration are not the proper vehicle for "rehashing evidence, legal theories, or arguments

---

[27] *Id.*

[28] FED. R. CIV. P. 60(b)(6).

[29] In re *Taxotere*, 837 Fed. App'x at 278 (quoting U.S. *ex rel.* Garibaldi v. Orleans Par. Sch. Bd., 397 F.3d 334, 337 (5th Cir. 2005)) (cleaned up). As Judge Engelhardt has explained, "to justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." In re *FEMA Trailer Formaldehyde*, 2011 WL 5547876, at *3 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 393). "If a party is partly to blame for the delay, relief must be sought ... under subsection (1) and the party's neglect must be excusable." *Id.* Thus, "[s]ubsection (6) applies where a party is unable to take the necessary legal action 'for reasons beyond his or her control.'" *Id.*

that could have been offered or raised before the entry of judgment."[30] Here, in its Order, this Court first addressed whether Plaintiffs had "good cause" for failing to serve Defendants within the meaning of Federal Rule of Civil Procedure 4(m). That standard requires "at least as much would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[31]

After finding that Plaintiffs did not satisfy the standard for good cause, the Court addressed whether it should invoke its discretionary power under Rule 4(m) to (again) extend the time for service.[32] The Court noted that although such an extension may be warranted "if the applicable statute of limitations would bar the action," (because such a dismissal would effectively be converted to a dismissal with prejudice), the Fifth Circuit has held that dismissal with prejudice is appropriate where (1) the plaintiff's conduct displays "a clear record of delay or contumacious conduct" and (2) lesser sanctions would have served the best interests of justice.[33]

In finding that (1) Plaintiffs failed to establish good cause for their delay, (2) there was a "clear record of delay" and "contumacious conduct," and (3) "lesser sanctions would not have served the best interest of justice," this Court

---

[30] *Templet*, 367 F.3d at 479 (citing Simon v. United States, 891 F.2d 1154 (5th Cir. 1990)) (addressing Rule 59(e) motion); *see also* Triple Tee Golf, Inc. v. Nike, Inc., 485 F.3d 253, 269 (5th Cir. 2007) (noting that a Rule 60(b) motion is not a permissible method for a party to "relitigate its case").

[31] Rec. Doc. 16337 at 3 (citing Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 2008)).

[32] *Id.* at 4.

[33] *Id.* at 6 (citing Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006)). The Fifth Circuit has described "contumacious conduct" as "the stubborn resistance to authority which justifies a dismissal with prejudice." Millan v. USAA Indem. Co., 546 F.3d 321, 327 (5th Cir. 2008) (quoting McNeal v. Papasan, 842 F.2d 787, 792 (5th Cir. 1988)). Additionally, the Fifth Circuit employs this two-prong test to a district court's dismissal with prejudice for violations of discovery orders in the "unique context of an MDL." In re *Taxotere*, 837 Fed. App'x at 274 (quoting *In re* Taxotere (Docetaxel) Prods. Liab. Litig. (Kuykendall), 966 F.3d 351, 356 (5th Cir. 2020)). This is because "the complexity of managing an MDL necessitates a standard that gives district courts greater flexibility to dismiss a plaintiff for a discovery violation." *Id.*

rejected the same arguments Plaintiffs now set forth in their Motions for Reconsideration, i.e., that Plaintiffs' failure to comply was excusable because it was due to "(1) inadvertent clerical and technical errors, (2) inadvertent oversights due to change in counsel, and (3) mistaken beliefs that service was properly made."[34] The Court further found that, although many Plaintiffs ultimately served Defendants, their failure to do so for years  displayed a "clear record of delay"; this Court noted that it "was not until Hospira, Pfizer, and other co-defendants filed motions to dismiss that Plaintiffs attempted to comply with their basic obligation to serve their complaints."[35]

Further, this Court found Plaintiffs' arguments that they were not previously notified of any service deficiencies unpersuasive, particularly in light of this Court's explicit warning at the status conference that effecting service is "an obligation of the plaintiff and the plaintiff only."[36] Finally, this Court rejected Plaintiffs' argument that actual prejudice was required for a dismissal with prejudice; this Court nevertheless noted that "if the statute has run, a potential defendant that has not been served is entitled to expect that it will no longer have to defend the claim," and "[i]f service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims."[37]

Thus, here, Plaintiffs simply expound upon arguments previously raised in their Oppositions to Hospira and Pfizer's Motions and which this Court rejected in its August 25, 2023, Order. These arguments amount to no more than a disagreement with the rulings of the Court and are insufficient to

---

[34] Rec. Doc. 16337.
[35] *Id.* at 7.
[36] *Id.* at 2.
[37] *Id.* at 9 (citing *Sealed Appellant*, 452 F.3d at 417).

warrant reconsideration of Plaintiffs' dismissal.[38] Plaintiffs point to no manifest error of law or fact warranting a different result.[39]

Although Plaintiffs rely heavily on the unpublished decision *Razvi v. Dallas Fort Worth International Airport* in arguing that their failure to serve was excusable, the Court finds *Razvi* distinguishable from the present facts.[40] In *Razvi*, the Fifth Circuit addressed the district court's denial of a Rule 60(b)(1) motion for reconsideration, which the plaintiff filed after the district court dismissed his case for failing to file a timely certificate of interested persons as required by the Northern District of Texas local rules and Federal Rule of Civil Procedure 7.1.[41] In his motion, the plaintiff argued that reconsideration was warranted on the grounds of "excusable neglect" because his failure to comply with the filing deadline was due to his counsel's assistant's inadvertent calendaring error.[42]

In reversing the district court's denial of reconsideration, the Fifth Circuit noted that, under the facts before it, the plaintiff's single instance of error constituted excusable neglect under Rule 60(b)(1); the Fifth Circuit emphasized that (1) there is no rule mandating dismissal or otherwise outlining the consequences when a party fails to file a certificate of interested persons, (2) the plaintiff filed his certificate thirty days after the deadline, and (3) the plaintiff only missed one deadline.[43]

---

[38] *In re* Taxotere (Docetaxel) Prods. Liab. Litig., No. 16-2740, 2022 WL 834660, at *2 (E.D. La. Mar. 21, 2022).

[39] This Court has described manifest error as "[a]n error that is plain and undisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Id.* (quoting Cal Dive Intern. Inc. v. Schmidt, No. 14-03033, 2015 WL 2185255, at *2 (W.D. La. May 7, 2015)) (brackets in original).

[40] *Razvi*, 2022 WL 4298141, at *1 (citing *Pioneer Inv. Serv. Co.*, 507 U.S. at 395).

[41] *Id.*

[42] *Id.*

[43] *Id.* at *6.

Unlike in *Razvi*, in the present case, Plaintiffs not only missed the initial deadline to serve Defendants, but they also violated this Court's Order extending that deadline. That Order clearly states that if Plaintiffs failed to serve Defendants by August 31, 2022, "Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[44] Accordingly, the Court finds *Razvi* inapposite. This Court finds support for its ruling in other Fifth Circuit decisions affirming the district court's denial of reconsideration based on mistakes of counsel, including, for example, where counsel inadvertently failed to calendar an opposition date.[45]

## B. "Newly Discovered Evidence"

Next, Plaintiffs Kathleen Gilson, Lara Della Rocca, Millie Howard, Tammie Lackey, Theatrice Thompson, Tessie Adams, and the Bachus & Schanker Plaintiffs argue that newly discovered evidence within the meaning of Rule 59(e) and/or Rule 60(b) warrants reconsideration of their cases.[46] A Rule 59(e) or Rule 60(b) motion alleging newly discovered evidence "should only be granted where there is new evidence that (1) probably changes the outcome of the case; (2) could not have been discovered earlier by proper diligence; and (3) is not merely cumulative or impeaching."[47] Thus, where a

---

[44] Rec. Doc. 14456.

[45] Buckmire v. Mem'l Hermann Healthcare Sys. Inc., 456 Fed. App'x. 431 (5th Cir. 2012) (affirming denial of reconsideration where the plaintiff's claims were dismissed on summary judgment after the plaintiff failed to file a response); *see also Edward H. Bohlin Co.*, 6 F.3d at 357 (affirming denial of reconsideration where counsel misinterpreted order, resulting in dismissal for failure to comply with local rules).

[46] Plaintiffs Brewer (Rec. Doc. 16433) and Hansen (Rec. Doc. 16445) do not argue that newly discovered evidence warrants reconsideration of their cases.

[47] Molina v. Equistar Chems. LP, 261 Fed. App'x 729, 733 (5th Cir. 2008) (citing Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003)) (addressing a Rule 59(e) motion on a motion for summary judgment); *Hesling*, 396 F.3d at 640 (citing Trans. Miss. Corp. v. United States, 494 F.2d 770, 773 (5th Cir. 1974)) (affirming district court's denial of Rule 60(b) motion). Courts apply this rule to Rule 59(e) motions notwithstanding Rule 59(e)'s lack of specific requirement that the moving party show that the evidence at issue was previously unavailable. In re *FEMA Trailer Formaldehyde*, 2011 WL 5547876, at *3.

party fails to present evidence available before the entry of judgment, that is, where the underlying facts were well within a party's knowledge prior to the court's entry of judgment, the Fifth Circuit, as well as this Court, have held that denial of a motion for reconsideration is proper.[48]

### 1. Affidavits and/or Emails Explaining Service Errors

Plaintiff Kathleen Gilson argues that, in filing an Omnibus Opposition, Hospira ignores the specific evidence in her case establishing a "clear lack of contumacious conduct" or good cause for the failure to timely serve. In support of her Motion, Plaintiff Gilson points to email correspondence between her counsel and his current assistant.[49] The email correspondence indicates that on July 22, 2022, counsel asked his assistant whether service had been effected; his assistant replied that she would follow up.[50] Later that week, his assistant erroneously confirmed that service had been effected.[51] On July 26, 2022, after the Court issued CMO 35, counsel's assistant again confirmed via email that service had been effected.[52]

Likewise, Plaintiffs Lara Della Rocca, Patricia Gardner, Millie Howard, Tammie Lackey, and Theatrice Thompson attached affidavits of paralegals in which each paralegal states that he or she believed that service had been effected.[53] The Bachus & Schanker Plaintiffs attach emails dated July 26, 2022, indicating that counsel requested that legal staff confirm that service had been effected.[54] Plaintiff Coretta Tengesdahl simply alleges (without citing

---

[48] *See id.* On the other hand, the Fifth Circuit has also held that, on a Rule 59(e) motion, the movant need not show that the underlying evidence they cite could have been obtained earlier. Ford v. Elsbury, 32 F.3d 931, 936–37 (5th Cir. 1994). Regardless, the Court finds that Plaintiffs' evidence would not change this Court's determination that dismissal is proper.
[49] Rec. Doc. 16437-1.
[50] Rec. Doc. 16437-1 at 2.
[51] *Id.*
[52] *Id.*
[53] Rec. Docs. 16468-5, 16434-1, 16435-1.
[54] Rec. Doc. 16447-5.

to any attachments) that her counsel relied on counsel's assistant in confirming that all service requirements were met.[55] Finally, Plaintiffs point to evidence indicating that they ultimately served Defendants, albeit after the Court's deadline in CMO 35.

Again, here, Plaintiffs merely expound upon arguments this Court explicitly rejected in its Order. Even so, the Court finds Plaintiffs' evidence unpersuasive, particularly in light of this Court's finding that because Plaintiffs had "already been afforded a discretionary extension of time to effectuate service, additional lesser sanctions would only further delay the district court's efforts to adjudicate the MDL expeditiously and would risk incentivizing dilatory behavior."[56] Accordingly, Plaintiffs' "new" evidence detailing Plaintiffs' failures to serve do not tip the scales in favor of reconsideration.

### 2. Defendants' Participation in Discovery

Next, Plaintiffs submit evidence in support of their argument that Defendants were not prejudiced by Plaintiffs' failure to serve. Plaintiffs point to (1) deficiency notices as to Plaintiff Fact Sheets issued by Defendants, (2) email exchanges between counsel for Plaintiffs and Defendants regarding objections to amendments to complaints, and (3) other evidence that Defendants participated in discovery (and thus were aware of the cases against them).[57] Plaintiffs also argue that, because Defendants warned them as to

---

[55] Rec. Doc. 16474-1 at 4.

[56] Rec. Doc. 16337 at 9 (citing *In re* Deepwater Horizon, 988 F.3d 192, 198 (5th Cir. 2021)).

[57] Plaintiffs also argue that, in issuing deficiency notices, Defendants admitted that they had been properly served and/or waived their right to challenge service. Rec. Doc. 16436-1 at 1. The Court disagrees. While the notices stated that "this deficiency notice is submitted on behalf of defendants properly served as of the date plaintiff's Plaintiff Fact Sheet (PFS) was submitted via MDL Centrality," the notices also stated that "all other defendants reserve their rights as to this PFS." Rec. Doc. 16436-3 at 4.

other deficiencies (but not as to deficiencies in service), Plaintiffs' mistaken belief that service had been effected was reasonable.

Again, as explained above, Plaintiffs simply expound upon arguments that this Court previously rejected. To the extent that Plaintiffs' arguments are new, Plaintiffs offer no compelling reasons as to why any evidence could not have been offered sooner. As such, the Court finds that Plaintiffs' arguments fail on this point as well.[58]

### C. "Manifest Injustice"

Finally, weighing all factors, the Court finds that relief is not warranted to prevent "manifest injustice" pursuant to Rule 59(e) and/or Rule 60(b)(6).[59] As Judge Engelhardt has explained, dismissal of those who do not comply with the Court's Orders is often necessary for effective case management.[60] The dismissal procedure

> requires predictability regarding the Court's orders. Lightly vacating orders, in the absence of unusual or compelling circumstances . . . would undermine the process and lead to further delay. If cases of extreme neglect such as the movants' cannot be dismissed (and remain dismissed), then the Court's orders would lose all credibility. The message sent would be that compliance with the Court's deadlines is optional.[61]

Moreover, in declining to reconsider an order dismissing a plaintiff who failed to comply with a court order, Judge Engelhardt further explained that the plaintiffs' failure to comply "would not be tolerated in a stand-alone case";

---

[58] *See, e.g.*, In re *Taxotere*, 2022 WL 834660, at *2. Regardless, the Court would still find a clear record of delay and/or contumacious conduct such that dismissal is proper. Indeed, this Court explicitly warned that, because service was the obligation of Plaintiffs only, Plaintiffs should "not anticipate some notice coming from a defendant" indicating that Plaintiffs had failed to serve Defendants and noted that "[i]t's not the defendant's obligation to search through plaintiff fact sheets to determine if they are indeed a defendant." Rec. Doc. 14445 at 7:15-24.

[59] *See* In re *Taxotere*, 837 Fed. App'x. at 278 (holding that counsel's cut and paste error did not warrant the "extraordinary remedy" of reconsideration).

[60] In re *FEMA Trailer Formaldehyde*, 2011 WL 5547876, at *9.

[61] *Id.*

he noted that "[t]o tolerate it in an MDL would be disastrous."[62] Likewise, the Court will not tolerate Plaintiffs' non-compliance here. Plaintiffs were warned, after years of failing to serve Defendants, that it was Plaintiffs' duty to do so. This Court then afforded Plaintiffs an extension within which to serve Defendants via CMO 35—yet they again failed to do so. As such, the Court finds that the "extraordinary remedy" of reconsideration is not warranted here and denies Plaintiffs' Motions.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motions for Reconsideration are **DENIED**.

New Orleans, Louisiana, this 11th day of April, 2024.

        **JANE TRICHE MILAZZO**
        **UNITED STATES DISTRICT JUDGE**

---

[62] *Id.* at *10.