# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: TAXOTERE (DOCETAXEL)** | ) | **MDL No. 16-2740** |
| **PRODUCTS LIABILITY** | ) | |
| **LITIGATION** | ) | |
| | ) | **SECTION: "H" (5)** |
| | ) | |
| **This document relates to:** | ) | |
| Sharon Cockrum, No. 16-17830 | ) | |
| | ) | |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration filed by Plaintiff Sharon Cockrum (Rec. Doc. 16554). For the reasons set forth herein, the Motion is **GRANTED.**

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of cancer. Among these companies are Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc. (collectively, "Hospira"), Pfizer, Inc. ("Pfizer"), sanofi-aventis U.S. LLC and Sanofi US Services LLC (collectively, "Sanofi"), Sandoz Inc. ("Sandoz"), and Accord Healthcare, Inc. ("Accord"). Plaintiffs allege that the drug caused permanent

---

[1] Docetaxel is the generic version of Taxotere, although the Court uses the term "generic" loosely.

alopecia. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

In January 2022, Accord filed several Motions to Dismiss based on failure to effect service of process.[2] Rather than grant Accord's Motions, this Court reminded Plaintiffs at the July 22, 2022 status conference that effecting service "is an obligation of the plaintiff and the plaintiff only."[3] At the conference, the Court also extended the deadline for Plaintiffs to properly serve their Complaints on Defendants to August 31, 2022 and noted that Plaintiffs should not "anticipate some notice coming from a defendant" because "[i]t's not the defendant's obligation to search through plaintiff fact sheets to determine if they are indeed a defendant."[4]

On July 26, 2022, the Court entered Case Management Order No. 35 ("CMO 35"), which provides that "it is Plaintiffs' responsibility to ensure that service is effected on or before August 31, 2022, after which Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[5] CMO 35 further directs Plaintiffs to consult the appropriate streamlined service of process orders.[6]

On September 29, 2022, Sandoz filed a Motion to Dismiss for Failure to Comply with CMO 35 and Federal Rule of Civil Procedure 4 identifying 104 Plaintiffs ("Plaintiffs"), including Plaintiff Sharon Cockrum, who failed to serve Sandoz by the court-ordered deadline.[7] Sandoz argued that Plaintiffs could not demonstrate good cause for their delay and that the Court should

---

[2] Rec. Doc. 16327 at 1.
[3] Rec. Doc. 14445 at 7:22–24.
[4] *Id.*
[5] Rec. Doc. 14456.
[6] *Id.*
[7] Rec. Doc. 14763.

decline to exercise its discretionary authority to extend the time for Plaintiffs to effect service.[8] In her Opposition to Sandoz's Motion, Plaintiff Cockrum argued that she believed service had been perfected and that, alternatively, Sandoz was not prejudiced by her failure to comply because Sandoz moved to dismiss her claims.[9]

On August 30, 2023, the Court granted in part Sandoz's Motion to Dismiss and dismissed certain Plaintiffs', claims against Sandoz, including Plaintiff Cockrum's, without prejudice.[10] On November 14, 2023, Plaintiff Cockrum filed the instant Motion requesting reconsideration of the Court's August 30, 2023 dismissal Order.[11] Sandoz opposes.[12]

## LEGAL STANDARD

Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) permits the court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[13]

---

[8] *Id.*
[9] Rec. Doc. 14913.
[10] Rec. Doc. 16341.
[11] Rec. Doc. 16554.
[12] Rec. Doc. 16717 (Sandoz's Omnibus Opposition).
[13] FED. R. CIV. P. 60(b).

The Fifth Circuit has outlined additional factors that should inform a district court's decision of whether to grant relief from a final judgment:

> (1) That final judgments should not lightly be disturbed;
>
> (2) that the Rule 60(b) motion is not to be used as a substitute for appeal;
>
> (3) that the rule should be liberally construed in order to achieve substantial justice;
>
> (4) whether the motion was made within a reasonable time;
>
> (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense;
>
> (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense;
>
> (7) whether there are intervening equities that would make it inequitable to grant relief; and
>
> (8) any other factors relevant to the justice of the judgment under attack.
>
> These factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments.[14]

"The decision to grant or deny relief under Rule 60(b) lies with the sound discretion of the trial court."[15] "The purpose of Rule 60(b) is to balance the

---

[14] Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. Unit B 1981) (quoting United States v. Gould, 301 F.2d 353, 355–56 (5th Cir. 1962)).

[15] Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996).

principle of the finality of a judgment with the interest of the court in seeing that justice is done in light of the facts."[16] In determining whether neglect is excusable pursuant to 60(b)(1), the court reviews the following four factors: "(1) the danger of prejudice to the opposing party, (2) the length of delay, (3) the reason for the delay, including whether it was beyond the reasonable control of the movant, and (4) whether the delay was made in good faith."[17] "The district court need not rigorously apply each of these factors in every case but should take them into account when making its determination."[18]

Notably, "[a] party has a 'duty of diligence to inquire about the status of a case.'"[19] "Therefore, '[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief.'"[20] "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."[21]

Finally, Rule 60(b)(6) provides that reconsideration may be granted for "any other reason that justifies relief."[22] "Relief under this section is

---

[16] Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005).

[17] Razvi v. Dallas Fort Worth Int'l Airport, No. 21-10016, 2022 WL 4298141, at *2 (5th Cir. Sept. 16, 2022) (citing Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

[18] *Id.*

[19] *In re* Taxotere (Docetaxel) Prods. Liab. Litig., 837 F. App'x 267, 278 (5th Cir. 2020) (citing Trevino v. City of Fort Worth, 944 F.3d 567, 571 (5th Cir. 2019)).

[20] *Trevino*, 944 F.3d at 571 (citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir. 1993) (brackets in original)).

[21] *Id.*

[22] FED. R. CIV. P. 60(b)(6).

appropriate only in an 'extraordinary situation' or 'if extraordinary circumstances are present.'"[23]

## LAW AND ANALYSIS

Plaintiff Cockrum argues that her failure to serve constitutes excusable neglect because it was due to a "technical error" in service and that manifest injustice will result if the Court's Order is not vacated. In support of her assertions, Plaintiff Cockrum attaches evidence that, on October 18, 2017, her counsel emailed her Complaint to Taxotere-complaints@gtlaw.com rather than Sandoz-taxotere-complaints@gtlaw.com.[24] Plaintiff Cockrum states that service via email to the incorrect email address was attempted twice. Although the first service email was "returned undelivered," counsel believed that the second service email was transmitted. According to Plaintiff Cockrum, her counsel did not notice that the second email "returned undelivered" because the individual who attempted to perfect service left Plaintiff Cockrum's counsel's firm, and the email account was closed in 2019.[25]

After the Court issued CMO 35, Plaintiff Cockrum contends that her counsel reviewed her case file the summer of 2022 to confirm compliance with CMO 35.[26] The case file contained individual service transmittal emails from October 18, 2017 in Plaintiff's file, including the email sent to taxotere-complaints@gtlaw.com.[27] Counsel did not recognize the email discrepancy and assumed that Sandoz had been served pursuant to CMO 35.[28]

---

[23] In re *Taxotere*, 837 F. App'x at 278 (quoting U.S. *ex rel.* Garibaldi v. Orleans Par. Sch. Bd., 397 F.3d 334, 337 (5th Cir. 2005)) (cleaned up).
[24] Rec. Doc. 16554-2 at 2.
[25] Rec. Doc. 16554-1 at 4.
[26] *Id.*
[27] *Id.*
[28] *Id.*

6

Sandoz moved to dismiss Plaintiff Cockrum's claims on September 29, 2022; Plaintiff Cockrum contends that it was only in preparing her October 11, 2022 Opposition to Sandoz's Motion to Dismiss that her counsel noticed the incorrect email address.

In her October 11, 2022 Opposition, Plaintiff Cockrum stated that, on the same day her Opposition was filed, her counsel "requested IT services provide access to the previously closed email account . . . to obtain the service confirmation email to attach to the response along with the transmittal email located in Plaintiff's file."[29] Thus, the October 18, 2017 emails, which Plaintiff Cockrum now attaches to her Motion for Reconsideration, were absent from her Opposition.[30]

In response, Sandoz argues that Plaintiff Cockrum could have presented the details of her service deficiencies to the Court in her Opposition to Sandoz's Motion, but did not.[31] Thus, according to Sandoz, Plaintiff Cockrum cannot complain, as she does now, that the Court failed to review Plaintiff Cockrum's specific actions when she did not identify those actions for the Court in her original Opposition to Sandoz's Motion to Dismiss.[32]

The Court finds that relief from judgment is warranted here. In its August 30, 2023 dismissal Order, this Court first addressed whether Plaintiffs had "good cause" for failing to serve Defendants within the meaning of Federal Rule of Civil Procedure 4(m).[33] That standard requires "at least as much would

---

[29] Rec. Doc. 16554-2.
[30] Rec. Doc. 14913. Plaintiff Cockrum does not argue that the emails at issue are "newly discovered evidence" within the meaning of Federal Rule of Civil Procedure 60(b)(2).
[31] Rec. Doc. 16717 at 5 n.4.
[32] *Id.*
[33] Rec. Doc. 16341 at 5.

be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[34]

After finding that Plaintiffs did not satisfy the standard for good cause, the Court addressed whether it should invoke its discretionary power under Rule 4(m) to (again) extend the time for service.[35] The Court noted that although such an extension may be warranted "if the applicable statute of limitations would bar the action," (because such a dismissal would effectively be converted to a dismissal with prejudice) the Fifth Circuit has held that dismissal with prejudice is appropriate where (1) the plaintiff's conduct displays "a clear record of delay or contumacious conduct" and (2) lesser sanctions would have served the best interests of justice.[36]

This Court then dismissed Plaintiffs' claims based on its findings that (1) Plaintiffs failed to establish good cause for their delay, (2) there was a "clear record of delay" and "contumacious conduct," and (3) "lesser sanctions would not have served the best interest of justice."[37] As Plaintiff Cockrum points out, the Court declined to dismiss Plaintiffs Patricia Mallak, Tamara Saba, and Khanhttrang Tonnu, all of whom explained that they attempted service on Sandoz but "inadvertently used the incorrect email address."[38]

---

[34] *Id.* at 3 (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 2008)).

[35] *Id.* at 6.

[36] *Id.* (citing *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006)). The Fifth Circuit has described "contumacious conduct" as "the stubborn resistance to authority which justifies a dismissal with prejudice." *Millan v. USAA Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)). Additionally, the Fifth Circuit employs this two-prong test to a district court's dismissal with prejudice for violations of discovery orders in the "unique context of an MDL." In re *Taxotere*, 837 F. App'x at 274 (quoting *In re* Taxotere (Docetaxel) Prods. Liab. Litig. (Kuykendall), 966 F.3d 351, 356 (5th Cir. 2020)). This is because "the complexity of managing an MDL necessitates a standard that gives district courts greater flexibility to dismiss a plaintiff for a discovery violation." *Id.*

[37] Rec. Doc. 16341.

[38] *Id.* at 9.

At outlined above, this Court's prior ruling was based, in part, on a finding that Plaintiff Cockrum neither diligently attempted to serve Sandoz nor adequately explained the reasons therefor. Now, Plaintiff Cockrum's explanation of what occurred, coupled with emails indicating that she attempted service on Sandoz on October 18, 2017, make clear that Plaintiff Cockrum attempted to timely comply with this Court's Orders. As such, this Court's finding of a "clear record of delay or contumacious conduct" as to Plaintiff Cockrum was based on a factual error. When taken together, the circumstances support a finding that Plaintiff Cockrum's conduct constitutes excusable neglect such that relief under Rule 60(b) is warranted.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff Sharon Cockrum's Motion for Reconsideration is **GRANTED**. **IT IS ORDERED** that Plaintiff Sharon Cockrum's claims against Sandoz are **REINSTATED**, and case number 16-cv-17830 shall be **REOPENED**.

New Orleans, Louisiana this 31st day of July, 2024.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

9