## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) MDL No. 16-2740 |
| PRODUCTS LIABILITY | ) |
| LITIGATION | ) |
| | ) SECTION: "H" (5) |
| | ) |
| This document relates to: | ) |
| Plaintiffs listed in Exhibit A | ) |

## ORDER AND REASONS

Before the Court are six Motions for Reconsideration filed by Plaintiffs listed in Exhibit A (Rec. Docs. 16406, 16421, 16456, 16457, 16462, 16561). For the reasons set forth herein, the Motions are **DENIED**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of cancer. Among these companies are Defendants Hospira Worldwide, LLC f/k/a Hospira Worldwide, Inc., Hospira, Inc. (collectively, "Hospira"), Pfizer, Inc. ("Pfizer"), sanofi-aventis U.S. LLC and Sanofi US Services LLC (collectively, "Sanofi"), Sandoz Inc. ("Sandoz"), and Accord Healthcare, Inc. ("Accord"). Plaintiffs allege that the drug caused permanent alopecia. Plaintiffs bring claims of failure to warn, negligent misrepresentation, fraudulent misrepresentation, and more.

---

[1] Docetaxel is the generic version of Taxotere, although the Court uses the term "generic" loosely.

In January 2022, Accord filed several Motions to Dismiss based on failure to effect service of process.[2] Rather than grant Accord's Motions, this Court reminded Plaintiffs at the July 22, 2022 status conference that effecting service "is an obligation of the plaintiff and the plaintiff only."[3] At the conference, the Court also extended the deadline for Plaintiffs to properly serve their Complaints on Defendants to August 31, 2022 and noted that Plaintiffs should not "anticipate some notice coming from a defendant" because "[i]t's not the defendant's obligation to search through plaintiff fact sheets to determine if they are indeed a defendant."[4]

On July 26, 2022, the Court entered Case Management Order No. 35 ("CMO 35"), which provides that "it is Plaintiffs' responsibility to ensure that service is effected on or before August 31, 2022, after which Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[5] CMO 35 further directs Plaintiffs to consult the appropriate streamlined service of process orders.[6]

On September 27, 2022, Sanofi filed a Motion to Dismiss for Failure to Comply with CMO 35 and Federal Rule of Civil Procedure 4, identifying 85 Plaintiffs who failed to serve Sanofi by the court-ordered deadline.[7] Sanofi argued that Plaintiffs could not demonstrate good cause for their delay and that the Court should decline to exercise its discretionary authority to extend the time to effect service.[8]

---

[2] Rec. Doc. 16327 at 1.
[3] Rec. Doc. 14445 at 7:22–24.
[4] *Id.*
[5] Rec. Doc. 14456.
[6] *Id.*
[7] Rec. Doc. 14751.
[8] *Id.*

On August 22, 2023, the Court granted in part Sanofi's Motion to Dismiss and dismissed 70 Plaintiffs' claims without prejudice.[9] Eight Plaintiffs represented by Bachus & Schanker, LLC (the "Bachus & Schanker Plaintiffs") (Rec. Doc. 16406); three Plaintiffs represented by Grant & Eisenhofer, P.A. (the "Grant & Eisenhofer Plaintiffs") (Rec. Doc. 16421); eight Plaintiffs represented by Allen & Nolte, PLLC (the "Allen & Nolte Plaintiffs") (Rec. Docs. 16456, 16457); Niemeyer, Grebel & Kruse, LLC Plaintiff Janice Swicegood ("Plaintiff Swicegood") (Rec. Doc. 16462); and three Plaintiffs represented by Schmidt National Law Group (the Schmidt National Law Group Plaintiffs") (hereinafter collectively referred to as "Plaintiffs") filed Motions for Reconsideration requesting that the Court vacate its August 22, 2023 Order.[10] Sanofi Opposes.[11]

## LEGAL STANDARD

Plaintiffs seek relief pursuant to Federal Rule of Civil Procedure 59(e), or, alternatively, Rule 60(b). Specifically, Plaintiffs argue that the Court should reconsider its Order pursuant to Rule 59(e) because (1) newly discovered evidence warrants reconsideration, (2) the Court's finding that Plaintiffs acted contumaciously was based on a manifest error of fact, and (3) dismissal of Plaintiffs' cases amounts to manifest injustice. Plaintiffs further argue that their conduct constitutes "excusable neglect" within the meaning of Rule 60(b).

A party may request that the court reconsider a prior ruling via either a motion to "alter or amend a judgment" under Federal Rule of Civil Procedure 59(e) or as a motion for "relief from a final judgment, order or proceeding"

[9] Rec. Doc. 16327.
[10] Exhibit A.
[11] Rec. Doc. 16650 (Sanofi's Omnibus Opposition).

3

under Federal Rule of Civil Procedure 60(b). The applicable Rule depends on the timing of the motion.[12] A Rule 59(e) motion must be brought "no later than 28 days after the entry of judgment."[13] In contrast, a Rule 60(b) motion must be brought within a reasonable time, and, in the case of mistake, newly discovered evidence, and fraud, "no more than a year after the entry of the judgment or order or the date of the proceeding."[14]

Notably, "Rule 59(e) 'is not controlled by the same exacting substantive requirements' as a motion under Rule 60(b)."[15] Nevertheless, because Plaintiffs moved for relief in the alternative, the Court will analyze their claims under both Federal Rules of Civil Procedure 59(e) and 60(b).

## A.  Federal Rule of Civil Procedure 59(e)

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"[16] "The Fifth Circuit favors denial of Rule 59(e) motions to amend or alter."[17] Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[18] The Fifth Circuit has repeatedly explained that Rule 59(e) relief "is appropriate (1) to correct a manifest error of law or fact, (2) where the movant presents newly

---

[12] Tex. A & M Rsch. Found. v. Magna Transp., Inc., 338 F.3d 394, 400 (5th Cir. 2003).

[13] FED. R. CIV. P. 59(e).

[14] FED. R. CIV. P. 60(c)(1).

[15] *In re* FEMA Trailer Formaldehyde Prods. Liab. Litig., No. 07–1873, 2011 WL 5547876, at *9 (E.D. La. Nov. 15, 2011) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173–74 (5th Cir. 1990), *abrogated on other grounds by* Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994)).

[16] Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re* Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)).

[17] *In re* Chinese-Manufactured Drywall Prods. Liab. Litig., No. 09–2047, 2018 WL 1782841, at *5 (E.D. La. Apr. 12, 2018).

[18] *Id.* at *1 (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).

acquired evidence that was previously unavailable, or (3) where there has been an intervening change in the controlling law."[19]

Rule 59(e) relief represents "an extraordinary remedy that should be used sparingly."[20] In exercising its discretion under Rule 59(e), "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."[21]

### B. Federal Rule of Civil Procedure 60(b)

In turn, Rule 60(b) permits the court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[22]

The Fifth Circuit has outlined additional factors that should inform a district court's decision of whether to grant relief from a final judgment:

> (1) That final judgments should not lightly be disturbed;
>
> (2) that the Rule 60(b) motion is not to be used as a substitute for appeal;
>
> (3) that the rule should be liberally construed in order to achieve substantial justice;

---

[19] Jennings v. Towers Watson, 11 F.4th 335, 345 (5th Cir. 2021) (citing Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012)).
[20] *Id.*
[21] Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993).
[22] FED. R. CIV. P. 60(b).

(4) whether the motion was made within a reasonable time;

(5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense;

(6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense;

(7) whether there are intervening equities that would make it inequitable to grant relief; and

(8) any other factors relevant to the justice of the judgment under attack.

These factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments.[23]

"The decision to grant or deny relief under Rule 60(b) lies with the sound discretion of the trial court."[24] "The purpose of Rule 60(b) is to balance the principle of the finality of a judgment with the interest of the court in seeing that justice is done in light of the facts."[25] In determining whether neglect is excusable pursuant to 60(b)(1), the court reviews the following four factors: "(1) the danger of prejudice to the opposing party, (2) the length of delay, (3) the reason for the delay, including whether it was beyond the reasonable control

---

[23] Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. Unit B 1981) (quoting United States v. Gould, 301 F.2d 353, 355–56 (5th Cir. 1962)).
[24] Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996).
[25] Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005).

of the movant, and (4) whether the delay was made in good faith."[26] "The district court need not rigorously apply each of these factors in every case but should take them into account when making its determination."[27]

Importantly, "[a] party has a 'duty of diligence to inquire about the status of a case.'"[28] "Therefore, '[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief.'"[29] "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."[30]

Finally, Rule 60(b)(6) provides that reconsideration may be granted for "any other reason that justifies relief."[31] "Relief under this section is appropriate only in an 'extraordinary situation' or 'if extraordinary circumstances are present.'"[32]

## LAW AND ANALYSIS

### A. "Mistake of Law or Fact" or "Excusable Neglect"

Plaintiffs argue that this Court made an error of law or fact in finding that Plaintiffs' failure to serve constituted "contumacious conduct" and that such failure was instead due to inadvertent (and therefore "excusable") errors

---

[26] Razvi v. Dallas Fort Worth Int'l Airport, No. 21-10016, 2022 WL 4298141, at *2 (5th Cir. Sept. 16, 2022) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

[27] *Id.*

[28] *In re* Taxotere (Docetaxel) Prods. Liab. Litig., 837 F. App'x 267, 278 (5th Cir. 2020) (citing Trevino v. City of Fort Worth, 944 F.3d 567, 571 (5th Cir. 2019)).

[29] *Trevino*, 944 F.3d at 571 (citing *Edward H. Bohlin Co.*, 6 F.3d at 357) (brackets in original).

[30] *Id.*

[31] FED. R. CIV. P. 60(b)(6).

[32] In re *Taxotere*, 837 F. App'x at 278 (quoting U.S. *ex rel.* Garibaldi v. Orleans Par. Sch. Bd., 397 F.3d 334, 337 (5th Cir. 2005)) (cleaned up).

on the part of legal counsel or staff. Plaintiffs also contend that Defendants were not prejudiced by Plaintiffs' failure to serve because Defendants were aware of the cases pending against them, as evidenced by (1) joint reports tracking case inventory and (2) Defendants' participation in discovery, including placing some Plaintiffs on the call docket for lack of product identification evidence (as defined in Case Management Order No. 12A). However, this Court previously rejected Plaintiffs' arguments in its August 22, 2023 Order and Reasons dismissing Plaintiffs' cases.

The Fifth Circuit has repeatedly stated that motions for reconsideration are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered before the entry of judgment."[33] In its August 22, 2023 dismissal Order, this Court first addressed whether Plaintiffs had "good cause" for failing to serve Defendants within the meaning of Federal Rule of Civil Procedure 4(m).[34] That standard requires "at least as much would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[35]

After finding that Plaintiffs did not satisfy the standard for good cause, the Court addressed whether it should invoke its discretionary power under Rule 4(m) to (again) extend the time for service.[36] The Court noted that although such an extension may be warranted "if the applicable statute of limitations would bar the action," (because such a dismissal would effectively be converted to a dismissal with prejudice) the Fifth Circuit has held that dismissal with prejudice is appropriate where (1) the plaintiff's conduct

---

[33] *Templet*, 367 F.3d at 479.
[34] Rec. Doc. 16327 at 4.
[35] *Id.* at 3 (citing Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 2008)).
[36] *Id.* at 6.

displays "a clear record of delay or contumacious conduct" and (2) lesser sanctions would not have served the best interests of justice.[37]

In finding that (1) Plaintiffs failed to establish good cause for their delay, (2) there was a "clear record of delay" and "contumacious conduct," and (3) "lesser sanctions would not have served the best interest of justice," this Court rejected the same arguments that Plaintiffs now present in their Motions for Reconsideration, i.e., that Plaintiffs' failure to comply was excusable because it was due to "(1) inadvertent clerical and technical errors, (2) inadvertent oversights due to change in counsel, and (3) mistaken beliefs that service was properly made."[38]

Further, this Court rejected Plaintiffs' arguments that they ultimately served Sanofi and found that "each Plaintiffs' failure [to serve Sanofi] displays a 'clear record of delay.'"[39] This Court also found unpersuasive Plaintiffs' arguments that they were not previously notified of any service deficiencies, particularly in light of this Court's explicit warning at the July 22, 2022 status conference that effecting service is "an obligation of the plaintiff and the plaintiff only."[40]

Finally, this Court rejected Plaintiffs' argument that actual prejudice was required for a dismissal with prejudice; this Court nevertheless noted that

---

[37] *Id.* (citing Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006)). The Fifth Circuit has described "contumacious conduct" as "the stubborn resistance to authority which justifies a dismissal with prejudice." Millan v. USAA Indem. Co., 546 F.3d 321, 327 (5th Cir. 2008) (quoting McNeal v. Papasan, 842 F.2d 787, 792 (5th Cir. 1988)). Additionally, the Fifth Circuit employs this two-prong test to a district court's dismissal with prejudice for violations of discovery orders in the "unique context of an MDL." In re *Taxotere*, 837 F. App'x at 274 (quoting *In re* Taxotere (Docetaxel) Prods. Liab. Litig. (Kuykendall), 966 F.3d 351, 356 (5th Cir. 2020)). This is because "the complexity of managing an MDL necessitates a standard that gives district courts greater flexibility to dismiss a plaintiff for a discovery violation." *Id.*

[38] Rec. Doc. 16327 at 4.

[39] *Id.* at 6.

[40] *Id.* at 1.

"if the statute [of limitations] has run, a potential defendant that has not been served is entitled to expect that it will no longer have to defend the claim," and "[i]f service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims."[41]

Thus, Plaintiffs merely reiterate arguments previously raised in their Oppositions to Sanofi's Motion, which this Court rejected in its August 22, 2023 Order. These arguments amount to no more than a disagreement with the rulings of the Court and do not support reconsideration. Plaintiffs point to no manifest error of law or fact warranting a different result.

Although Plaintiffs rely heavily on the unpublished decision *Razvi v. Dallas Fort Worth International Airport* in arguing that their failure to serve was excusable, the Court finds *Razvi* distinguishable from the present facts.[42] In *Razvi*, the Fifth Circuit addressed the district court's denial of a Rule 60(b)(1) motion for reconsideration, which the plaintiff filed after the district court dismissed his case for failing to timely file a certificate of interested persons as required by the Northern District of Texas local rules and Federal Rule of Civil Procedure 7.1.[43] In his motion, the plaintiff argued that reconsideration was warranted on the grounds of "excusable neglect" because his failure to comply with the filing deadline was due to his counsel's assistant's inadvertent calendaring error.[44]

In reversing the district court's denial of reconsideration, the Fifth Circuit noted that, under the facts before it, the plaintiff's single instance of error constituted excusable neglect under Rule 60(b)(1); the Fifth Circuit

---

[41] *Id.* at 7 (citing *Sealed Appellant*, 452 F.3d at 419–20).
[42] *Razvi*, 2022 WL 4298141, at *1 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).
[43] *Id.*
[44] *Id.*

emphasized that (1) there is no rule mandating dismissal or otherwise outlining the consequences when a party fails to file a certificate of interested persons, (2) the plaintiff filed his certificate thirty days after the deadline, and (3) the plaintiff only missed one deadline.[45]

Here, unlike in *Razvi*, Plaintiffs not only missed the initial deadline to serve Sanofi but also violated this Court's Order extending that deadline. The Order explicitly stated that if Plaintiffs failed to serve Defendants by August 31, 2022, "Plaintiffs' claims against non-served Defendants will be subject to dismissal with prejudice in accordance with Federal Rule of Civil Procedure 4(m)."[46] Accordingly, *Razvi* is inapposite. This Court finds support for its ruling in other Fifth Circuit decisions affirming the district court's denial of reconsideration based on mistakes of counsel, such as where counsel inadvertently failed to calendar an opposition date.[47]

### B. Newly Discovered Evidence

The Bachus & Schanker Plaintiffs, Schmidt National Law Group Plaintiffs,[48] Allen & Nolte Plaintiffs, and Plaintiff Swicegood also argue that "newly discovered evidence" warrants reconsideration. As the Fifth Circuit has held, reconsideration based on newly discovered evidence should only be granted where the moving party identifies new evidence that "(1) probably

---

[45] *Id.* at *6.

[46] Rec. Doc. 14456.

[47] *See* Buckmire v. Mem'l Hermann Healthcare Sys. Inc., 456 F. App'x 431 (5th Cir. 2012) (affirming denial of reconsideration where the plaintiff's claims were dismissed on summary judgment after the plaintiff failed to file a response); *see also Edward H. Bohlin Co.*, 6 F.3d at 357 (affirming denial of reconsideration where counsel misinterpreted an order, resulting in dismissal for failure to comply with local rules).

[48] As Sanofi points out, Schmidt National Law Group Plaintiffs Anise Thomas and Christine Contawe failed to file oppositions to Sanofi's September 27, 2022 Motion to Dismiss.

changes the outcome of the case; (2) could not have been discovered earlier by proper diligence; and (3) is not merely cumulative or impeaching."[49]

In support of their arguments, Plaintiffs point to evidence including (1) emails circulating proposed amendments to Plaintiffs' Short Form Complaints, (2) affidavits from counsel and legal staff stating that counsel erroneously believed that service had been effected due to changes in counsel or mistakes by legal staff, and (3) evidence that Sanofi participated in discovery.

Here again, Plaintiffs improperly reiterate arguments that this Court previously rejected in its August 22, 2023 dismissal Order. Moreover, as Sanofi notes, nearly all of the evidence cited by Plaintiffs does not justify reconsideration since it was either available or could have been discovered with reasonable diligence before Sanofi's September 27, 2022 Motion to Dismiss and subsequent dismissal Order.

Although Allen & Nolte Plaintiffs Mary Bailey, Sydney Beifeld, Velma Berry, Pamela Davis, Joyce Riolo, and Patti Smith present evidence that could plausibly be considered "new," such evidence does not warrant reconsideration either. These Plaintiffs argue that Sanofi admitted that it was properly served and/or waived its rights to contest service, based on language in the "Notices of Deficiency in Plaintiff Fact Sheets" ("Deficiency Notices") issued by Defendants in December 2022.[50] Plaintiffs further contend that the Deficiency Notices and Sanofi's subsequent participation in discovery "further confirmed that Defendants had been properly served" and that Plaintiffs continued to "reasonably believe[]" that their cases complied with the Court's Orders.[51]

---

[49] Molina v. Equistar Chems. LP, 261 F. App'x 729, 733 (5th Cir. 2008); Infusion Res., Inc. v. Minimed, Inc., 351 F.3d 688, 696–97 (5th Cir. 2003).

[50] Rec. Doc. 16457-1.

[51] *Id.* at 7.

First, the Court disagrees that Sanofi either acknowledged that service had been effected or waived its rights to contest service. Each Deficiency Notice stated that "[t]his deficiency notice is submitted on behalf of defendants properly served as of the date plaintiff's Plaintiff Fact Sheet (PFS) was submitted via MDL Centrality," but also noted that "[a]ll other defendants reserve their rights as to this PFS."[52]

Second, even assuming that Sanofi acknowledged service, the Notices were issued after Plaintiffs failed to serve Sanofi by the August 31, 2022 deadline. Thus, Plaintiffs cannot argue that their failure to serve was due their reasonable reliance on Sanofi's statements in the Notices and its subsequent participation in litigation.[53]

Accordingly, reconsideration is not warranted based on "newly discovered evidence."

## C. "Manifest Injustice"

Finally, weighing all relevant factors, the Court finds that relief is not warranted to prevent "manifest injustice" pursuant to Rule 59(e) and/or Rule 60(b)(6).[54] As Judge Engelhardt has explained, dismissal of those who do not

---

[52] Rec. Doc. 16457-3 at 5. Schmidt National Law Group Plaintiff Christina Contawe and Bachus & Schanker Plaintiffs Rebecca Cain, Lisa Keller, and Lisa Medici also argue that Sanofi acknowledged service in issuing Deficiency Notices, although they do not specify when they received such Notices. For the same reasons, the Court finds that reconsideration is not warranted as to Plaintiffs Contawe, Cain, Keller, and Medici.

[53] Relying on identical Deficiency Notices issued in 2018, Allen & Nolte Plaintiffs Beverly Davis and Patricia White argue that because Sanofi was the only named Defendant in their cases, (1) Sanofi waived its right to contest service and (2) Plaintiffs reasonably concluded, based on the Deficiency Notices, that service was effected. Rec. Doc. 16456-1 at 5. However, in considering Plaintiffs' Opposition to Sanofi's Motion to Dismiss, this Court previously considered and rejected this argument. Rec. Doc. 14926 at 4.

[54] *See* In re *Taxotere*, 837 F. App'x at 278 (holding that counsel's cut and paste error did not warrant the "extraordinary remedy" of reconsideration).

comply with the Court's orders is often necessary for effective case management.[55] The dismissal procedure

> requires predictability regarding the Court's orders. Lightly vacating orders, in the absence of unusual or compelling circumstances . . . would undermine the process and lead to further delay. If cases of extreme neglect such as the movants' cannot be dismissed (and remain dismissed), then the Court's orders would lose all credibility. The message sent would be that compliance with the Court's deadlines is optional.[56]

Moreover, in declining to reconsider an order dismissing a plaintiff who failed to comply with a court order, Judge Engelhardt further explained that the plaintiff's failure to comply "would not be tolerated in a stand-alone case," and noted that "[t]o tolerate it in in an MDL would be disastrous."[57] Likewise, the Court will not tolerate Plaintiffs' noncompliance here. Plaintiffs were warned, after years of failing to serve Defendants, that it was Plaintiffs' duty to do so. This Court then afforded Plaintiffs an extension within which to serve Defendants via CMO 35—yet they again failed to do so. As such, the Court finds that the "extraordinary remedy" of reconsideration is not warranted here.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motions for Reconsideration (Rec. Docs. 16406, 16421, 16456, 16457, 16462, 16561). are **DENIED**.

New Orleans, Louisiana this 1st day of August, 2024.

---

[55] In re *FEMA Trailer Formaldehyde*, 2011 WL 5547876, at *9.
[56] *Id.*
[57] *Id.* at *10.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

# Exhibit A

| # | Name | Case Number | Attorney/Law Firm | Record Document Number of Motion for Reconsideration |
|---|------|-------------|-------------------|------------------------------------------------------|
| 1 | Christina Contawe | 2:17-cv-11630 | Schmidt National Law Group | 16561 |
| 2 | Natalie Yarnall | 2:17-cv-11740 | Schmidt National Law Group | 16561 |
| 3 | Anise Thomas | 2:17-cv-14481 | Schmidt National Law Group | 16561 |
| 4 | Janice Swicegood | 2:18-cv-09079 | Niemeyer, Grebel & Kruse, LLC | 16462 |
| 5 | Mary Bailey | 2:17-cv-15706 | Allen & Nolte, PLLC | 16457 |
| 6 | Sydney Beifeld; | 2:17-cv-15723 | Allen & Nolte, PLLC | 16457 |
| 7 | Velma Berry | 2:17-cv-15728 | Allen & Nolte, PLLC | 16457 |
| 8 | Pamela Davis | 2:17-cv-15837 | Allen & Nolte, PLLC | 16457 |
| 9 | Joyce Riolo | 2:17-cv-16435 | Allen & Nolte, PLLC | 16457 |
| 10 | Patti Smith | 2:17-cv-16030 | Allen & Nolte, PLLC | 16457 |
| 11 | Beverly Davis | 2:17-cv-15831 | Allen & Nolte, PLLC | 16456 |
| 12 | Patricia White | 2:17-cv-16170 | Allen & Nolte, PLLC | 16456 |
| 13 | Christine Dvorak | 2:19-cv-13100 | Grant & Eisenhofer, P.A. | 16421 |
| 14 | Donna Harrison | 2:19-cv-10847 | Grant & Eisenhofer, P.A. | 16421 |
| 15 | Rena Nolin | 2:19-cv-13106 | Grant & Eisenhofer, P.A. | 16421 |
| 16 | Hope Blake | 2:18-cv-11902 | Bachus & Schanker, LLC | 16406 |

| 17 | Rebecca Cain | 2:17-cv-11902 | Bachus & Schanker, LLC | 16406 |
|----|--------------|---------------|------------------------|-------|
| 18 | Lisa Keller | 2:17-cv-11903 | Bachus & Schanker, LLC | 16406 |
| 19 | Caridad Losada | 2:18-cv-04624 | Bachus & Schanker, LLC | 16406 |
| 20 | Lisa Medici | 2:16-cv-15569 | Bachus & Schanker, LLC | 16406 |
| 21 | Shirley Turner | 2:18-cv-04629 | Bachus & Schanker, LLC | 16406 |
| 22 | Cynthia Vickers | 2:19-cv-12459 | Bachus & Schanker, LLC | 16406 |
| 23 | Monica Meyers | 2:16-cv-15323 | Bachus & Schanker, LLC | 16406 |