UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) MDL NO. 16-2740 ) ) ) SECTION: "H" (5) ) |
| **This document relates to:** Cases listed in Exhibit A | ) ) ) |

# ORDER AND REASONS

Before the Court are twenty (20) Motions to Dismiss Pursuant to Rule 25. For the reasons set forth herein, Sanofi's Motions to Dismiss as to Plaintiffs Frances Oshiro (Rec. Doc. 16872), Marsha Cheney (Rec. Doc. 16878), Shirley Turner (Rec. Doc. 16879), Betty Webb-McConnell (Rec. Doc. 16887), Debra Koontz (Rec. Doc. 16888), Marie Ginette Gauvin (Rec. Doc. 16905), Pamela Robinson (Rec. Doc. 16906), Deborah Knoles (Rec. Doc. 16916), Linda McCain (Rec. Doc. 16949), Claudia Wendlandt (Rec. Doc. 16957), Lalla Chambliss (Rec. Doc. 16966), Sylvia Cunningham (Rec. Doc. 16969), Eugenia Savarese (Rec. Doc. 16911), Angela Jacobs (Rec. Doc. 16915), Linda A. White (Rec. Doc. 16919), Gertestine McFerson (Rec. Doc. 16920), Susan Harper (Rec. Doc. 16939), Pauline Cherry (Rec. Doc. 16943), and Jennifer Clinkscales (Rec. Doc. 16961) are **GRANTED**. Plaintiffs' claims are dismissed **WITHOUT PREJUDICE**.

Sanofi's Motion to Dismiss as to deceased Plaintiff Linda Palser (Rec. Doc. 16889) is **DENIED AS MOOT**.

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] that Plaintiffs were administered for the treatment of cancer. Among these companies are Defendants sanofi-aventis U.S. LLC and Sanofi US Services Inc. (collectively, "Sanofi"). Plaintiffs allege that the drug caused permanent alopecia. Plaintiffs bring claims including failure to warn.

In March-May of 2024, Sanofi filed the instant Motions to Dismiss as to twenty deceased Plaintiffs ("hereinafter Plaintiffs") who passed away during the pendency of this litigation. In November-December of 2023, Sanofi filed and served, via certified mail, Suggestions of Death (as contemplated by Federal Rule of Civil Procedure 25) notifying the Court and the relevant nonparties as to each Plaintiff's death. At the time Sanofi filed the Suggestions of Death, Plaintiffs had been deceased for years, yet counsel for deceased Plaintiffs had not filed or served a suggestion of death, and no party had made an appearance or moved to substitute in as plaintiff.

In its Motions, Sanofi alleges that dismissal of the twenty deceased Plaintiffs' cases at issue is proper under Federal Rule of Civil Procedure 25 because in each case, despite Sanofi's filing and serving a Suggestion of Death more than 90 days prior to its filing of its Motion, no motions to substitute have been filed, no motions for extension of time have been brought under Rule 6(b), and no showings of excusable neglect have been made such that an extension of time to substitute as plaintiff is warranted.

---

[1] Docetaxel is the generic version of Taxotere, although the Court uses the term "generic" loosely.

Counsel for the following seven deceased Plaintiffs filed (nearly identical) Oppositions[2] to Sanofi's Motions: Eugenia Savarese,[3] Angela Jacobs,[4] Linda A. White,[5] Gertestine McFerson,[6] Susan Harper,[7] Jennifer Clinkscales,[8] and Linda Palser.[9] Counsel for deceased Plaintiff Pauline Cherry filed a Notice requesting additional time to file a motion for substitution pursuant to Rule 25.[10] No other oppositions were filed.

## LEGAL STANDARD

### 1. Federal Rule of Civil Procedure 25

Federal Rule of Civil Procedure 25 provides that if a party dies and the claim is not extinguished, a suggestion of death "must be served on parties in accordance with Rule 5 *and on non-parties in accordance with Rule 4*."[11] While Rule 25 "does not identify the 'non-party' upon whom the statement noting the death must be served, most courts have construed Rule 25(a) as imposing a general obligation on the noticing party to serve notice upon a deceased party's

---

[2] This Court previously considered similar oppositions filed on behalf of deceased plaintiffs, notwithstanding the fact that technically counsel for the deceased plaintiffs lacked a client on whose behalf to file pleadings. Rec. Doc. 16813 at 5 n.22. Moreover, this Court explained that "in the MDL context, counsel for the decedents should bear the burden of filing suggestions of death and locating representatives for the deceased, given the sheer number of cases and the need to streamline proceedings." *Id.* As such, this Court will consider the Oppositions filed by counsel for the deceased.

[3] Rec. Doc. 16924.
[4] Rec. Doc. 16921.
[5] Rec. Doc. 16953.
[6] Rec. Doc. 16952.
[7] Rec. Doc. 16951.
[8] Rec. Doc. 16974.
[9] Rec. Doc. 16925. Counsel for deceased Plaintiff Linda Palser also argued that (1) all proper heirs were not served and (2) any failure to timely substitute should be excused due to the timing of Sanofi's filings. *Id.*
[10] Rec. Doc. 17020.
[11] Sampson v. ASC Indus., 780 F.3d 679, 681 (citing FED. R. CIV. P. 25(a)) (emphasis in original).

3

successor or representative."[12] Additionally, determining (1) if a deceased party's claim has been "extinguished" or has "survived," and (2) who is a "proper party" for substitution if the claim has survived, are both questions of state law.[13]

Thus, under Rule 25, if a suggestion of death is filed, the suggesting party must personally serve other parties and nonparty successors or representatives of the deceased with the suggestion of death.[14] As such, although a party may be served the suggestion of death by service on his or her attorney, "service on the attorney for the plaintiff-decedent's estate will not suffice as service on the estate."[15] "[P]ersonal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired."[16] Thus, "service of the notice of death on the personal representative for a deceased-plaintiff's estate is generally required, even where it is difficult to determine who the personal representative is."[17]

Finally, "following the *service* of the statement noting death, a motion for substitution of the proper party must be made within ninety days or the action must be dismissed."[18] In *Sampson v. ASC Industries*, the Fifth Circuit held that the "ninety-day clock" did not begin to run on the deceased plaintiff's

---

[12] Najor v. Plaquemines Clay Co., LLC, No. 13-5000, 2020 WL 13888746, at *2 (E.D. La. July 17, 2020) (Currault, Mag. J.).
[13] *See In re* Baycol Prods. Litig., 616 F.3d 778, 785 (8th Cir. 2010) (noting that "whether the cause of action survives" is determined by "state substantive law," which also governs "who can qualify as a proper party for substitution under Rule 25(a)(1)").
[14] *Sampson*, 780 F.3d at 681 (citing Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994)).
[15] *Id.* (citing Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990)).
[16] *Id.* (citing Fariss v. Lynchburg Foundry, 769 F.2d 958, 961 (4th Cir. 1985)).
[17] *Id.* (citing *Fariss*, 769 F.2d at 962). As the Fifth Circuit explained, "[i]n some instances, it may prove more difficult to determine whom to serve, but it is generally appropriate to require the serving party to shoulder that burden, rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action." *Id.*
[18] *Id.* (citing FED. R. CIV. P. 25(a)(1)) (emphasis in original).

action until the suggestion of death was personally served on the deceased plaintiff's estate pursuant to Rule 4.[19]

### 2. Federal Rule of Civil Procedure 4

In turn, Federal Rule of Civil Procedure 4 provides, in relevant part:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .[20]

### 3. Federal Rule of Civil Procedure 6

Pursuant to Federal Rule of Civil Procedure 6, a court may, in its discretion, extend the time to file a motion for substitution when the circumstances justify the extension.[21] Federal Rule of Civil Procedure 6 provides, in pertinent part:

> (1) When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> B) on motion made after the time has expired if the party failed to act because of excusable neglect.[22]

---

[19] *Id.* at 683.
[20] FED. R. CIV. P. 4(e) (emphasis added).
[21] *See, e.g.*, Ray v. Koester, No. W–01–CA–347, 215 F.R.D. 533, 535 (W.D. Tex. Mar. 31, 2003), *aff'd*, 85 F. App'x 983 (5th Cir. 2004).
[22] FED. R. CIV. P. 6(b).

5

## LAW AND ANALYSIS

### 1. Whether Service via Certified Mail Was Proper

Sanofi attaches to its Motions proof of service of each Suggestion of Death on the relevant heirs/nonparties via certified mail. At issue is whether such service is sufficient for purposes of Rule 25, which provides that service must be done in a manner consistent with Rule 4.

Sanofi contends that service via certified mail is proper under Louisiana's long-arm statute, which provides that a non-resident defendant is properly served when a plaintiff sends, via registered or certified mail, a certified copy of the summons and complaint.[23] "To satisfy the Louisiana long-arm statute, plaintiffs need only send a certified copy of the summons and complaint to a non-resident defendant by registered or certified mail; there is no requirement for a signed return receipt or actual physical service."[24]

Counsel for deceased Plaintiffs who filed Oppositions to Sanofi's Motion contend that such service is not proper, pointing out that as the Fifth Circuit in *Sampson v. ASC Industries* explained, *personal service* is required even where the representative of the estate has actual notice of both the death of the plaintiff and the filing of a motion for substitution.[25] In *Sampson*, however, the Fifth Circuit did not address method for service; rather, the issue before the court was *who* was required to be served. As Sanofi points out, "personal service" presumably means methods of service outlined in Rule 4 and does not necessarily equate to personal delivery. Regardless, because the issue of the

---

[23] James v. Progressive Specialty Ins. Co., No. 19-2288, 2019 WL 6728343, at *1 (E.D. La. Dec. 11, 2019) (Ashe, J.) (citing LA. REV. STAT. § 13:3204(A)).
[24] Cass v. Mountain Laurel Assurance Co., No. 22-2590, 2022 WL 5434544, at *3 (E.D. La. Oct. 7, 2022) (Vitter, J.) (citing *James*, 2019 WL 6728343, at *1).
[25] *Sampson*, 780 F.3d at 682 (citing Ransom v. Brennan, 437 F.2d 513, 515 (5th Cir. 1971)).

6

proper method of service was not before the court, any language as to same constitutes nonbinding dicta.

No court in this circuit appears to have addressed the issue of whether the method of service outlined in Louisiana's long-arm statute applies, for purposes of Rule 25, where a *plaintiff* is deceased. To start, the plain language of the statute suggests that it is limited to service on defendants. Louisiana Revised Statutes § 13:3201 provides that "a court may exercise personal jurisdiction over a nonresident . . . as to a cause of action arising from" certain enumerated activities performed by the nonresident.[26] In turn, § 3204 provides that "[i]n a suit under R.S. 13:3201," a "certified copy of the citation . . . shall be sent to . . . the defendant by registered or certified mail."[27]

On the other hand, Rule 4 provides for service of summons on a defendant. As such, by incorporating Rule 4, Rule 25 indicates that service that is proper on a defendant should be proper under Rule 25. Further, where a party is actually served (and by way of subsequently appearing to substitute as plaintiff consents to this Court's jurisdiction), such a strict reading of the long-arm statute and Federal Rule 4 seems unnecessary, particularly in light of the practical considerations stemming from the number of deceased plaintiffs and difficulties with locating the proper parties to substitute in as plaintiff. Notably, Sanofi filed and served the relevant Suggestions of Death because throughout this litigation, counsel for numerous deceased plaintiffs waited months, and often years, to do so.

---

[26] The statute further provides that "[i]n addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States." LA. REV. STAT. § 13:3204(B)

[27] LA. REV. STAT. § 13:3204(A).

7

In support of their argument that Sanofi has not shown that service was proper, counsel for deceased Plaintiffs rely on the district court decision *Ross v. Fat Cat Boatworks LLC*. In *Ross*, the District Court for the Southern District of Texas declined to dismiss the case before it pursuant to Rule 25 because neither the successor nor personal representative had been served with a suggestion of death.[28] The *Ross* court, however, did not address the issue of the proper method of service. Rather, the court ordered that counsel for the defendant file into the record proof that service had been effected pursuant to Rule 4.[29] By contrast, here, Sanofi has attached proof of service of the relevant parties to their Motions.

In a subsequent order after that decision, however, the court in *Ross did* (somewhat) address the issue of proper method of service. After the parties attempted to serve the appropriate parties via personal delivery, the court ordered that service be effected via certified mail, in accordance with Texas law, noting that "[b]ecause the U.S. Marshals Service has been unable to serve [the appropriate parties] under the three 'federal' methods of service, the Court looks to the service options available under state law."[30] Thus, the court apparently construed Federal Rules of Civil Procedure 4 and 25 as first requiring one of the three "federal methods."[31]

Federal Rule of Civil Procedure 4, however, makes no such distinction. Rather, Rule 4(e) states that service may made via either the three delineated methods *or* state law.[32] And the practical considerations in this MDL—which

---

[28] Ross v. Fat Cat Boatworks LLC, No. 2:19-CV-107, 2019 WL 13191906, at *1 (S.D. Tex. Oct. 30, 2019).
[29] *Id.* at *2.
[30] Order at 1, Ross v. Fat Cat Boatworks LLC, No. 2:19-CV-107 (S.D. Tex. Dec. 9, 2019) (ECF No. 19).
[31] *Id.*
[32] *See* FED. R. CIV. P. 4(e).

8

involves thousands of deceased plaintiffs, whose heirs live in numerous jurisdictions—were not present in *Ross*.[33] Accordingly, the Court finds *Ross* distinguishable and holds that service via certified mail on the relevant heirs/nonparties was proper in this case.[34]

### 2. Whether an Extension of Time Is Warranted

### a. Deceased Plaintiffs Frances Oshiro, Marsha Cheney, Shirley Turner, Betty Webb-McConnell, Debra Koontz, Marie Ginette Gauvin, Pamela Robinson, Deborah Knoles, Linda McCain, Claudia Wendlandt, Lalla Chambliss, Sylvia Cunningham, Eugenia Savarese, Angela Jacobs, Linda A. White, Gertestine McFerson, Susan Harper, and Jennifer Clinkscales

Counsel for deceased Plaintiffs Frances Oshiro, Marsha Cheney, Shirley Turner, Betty Webb-McConnell, Debra Koontz, Marie Ginette Gauvin, Pamela Robinson, Deborah Knoles, Linda McCain, Claudia Wendlandt, Lalla Chambliss, Sylvia Cunningham, Eugenia Savarese, Angela Jacobs, Linda A. White, Gertestine McFerson, Susan Harper, and Jennifer Clinkscales did not

---

[33] *See In re* Deepwater Horizon, 713 F. App'x 360, 362 (5th Cir. 2018) ("The court has broad discretion and inherent authority to manage its docket."); *see also In re* Deepwater Horizon, 988 F.3d 192, 198 (5th Cir. 2021) (noting that the MDL court has an interest in "streamlining proceedings" and preventing "further delay" of "the district court's efforts to adjudicate the MDL expeditiously").

[34] Further, in *Bradford v. ST Mortiz Security Services*, the District Court for the Eastern District of Texas issued an order sua sponte directing the plaintiff's successors or representatives to file a motion for substitution within 90 days in accordance with Rule 25(a), noting that the plaintiff's death was published, and a suggestion of death was on file. No. 4:22-CV-00192, 2023 WL 2566101, at *2 (E.D. Tex. Feb. 24, 2023), *report & recommendation adopted*, No. 4:22-CV-192, 2023 WL 2563989 (E.D. Tex. Mar. 17, 2023). The court also ordered that the plaintiff's associated addresses be served with the order via certified mail. *Id.* After no party appeared in the case or filed a motion for substitution, the court dismissed the case pursuant to Federal Rule of Civil Procedure 41(b) "for lack of prosecution." *Id.* at *3. The court reasoned that although service pursuant to Rule 25 was not effected, dismissal pursuant to Rule 41(b) was proper "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court." *Id.* (quoting Lewis v. Flowers, No. 1:15CV116-HSO-JCG, 2016 WL 7265046, at *3 (S.D. Miss. Dec. 15, 2016)).

9

request additional time to comply with Federal Rule of Civil Procedure 25. And as explained above, the Court find that additional time is not warranted considering the length of time that Plaintiffs have been deceased and delays with locating and serving the appropriate parties. As such, the claims of these Plaintiffs are **DISMISSED WITHOUT PREJUDICE**.

### b. Deceased Plaintiff Pauline Cherry

Counsel for deceased Plaintiff Pauline Cherry filed a Notice in response to Sanofi's Motion to Dismiss requesting additional time to file a motion for substitution. Specifically, counsel states that "they have been in contact with Ms. Cherry's daughter, Sherree Knox," who has not retained counsel but has represented that "the family is contemplating their options."[35] Notably, Plaintiff Cherry passed away on December 31, 2018; Sanofi served a Suggestion of Death on Plaintiff Cherry's heirs on December 12, 2023; and Sanofi's Motion was filed on May 29, 2024. No party has made an appearance in deceased Plaintiff Cherry's case since that time, and counsel has presented no valid reason as to why the parties need additional time (where Plaintiff Cherry has been deceased for years and the appropriate parties were served nearly ten months ago) to file a motion for substitution. Accordingly, counsel's request for an extension of time is **DENIED**.

### c. Deceased Plaintiff Linda Palser

On April 11, 2024, counsel for deceased Plaintiff Linda Palser filed a Motion to Substitute Plaintiff Palser's surviving spouse, Scott Palser, which the Court granted on April 12, 2024.[36] As such, Sanofi contends that the Rule

---

[35] Rec. Doc. 17020.
[36] Rec. Doc. 16869. The Motion was filed as "Ex Parte/Consent." Rec. Doc. 16892.

25 issue is cured.[37] Accordingly, Sanofi's Motion to Dismiss Pursuant to Rule 25 as to Linda Palser (Rec. Doc. 16889) is **DENIED AS MOOT**.

## CONCLUSION

For the foregoing reasons, Sanofi's Motions to Dismiss (Rec. Docs. 16872, 16878, 16879, 16887, 16888, 16905, 16906, 16916, 16949, 16957, 16966, 16969, 16911, 16915, 16919, 16920, 16939, 16943, 16961) are **GRANTED**. The following cases are **DISMISSED WITHOUT PREJUDICE**:

1. Frances Oshiro, 2:18-cv-00552
2. Marsha Cheney, 2:19-cv-13823
3. Shirley Turner, 2:17-cv-07735
4. Betty Webb-McConnell, 2:16-cv-17155
5. Debra Koontz, 2:16-cv-15310
6. Marie Ginette Gauvin, 2:17-cv-09036
7. Pamela Robinson, 2:17-cv-10195
8. Deborah Knoles, No. 2:17-cv-13800
9. Linda McCain, 2:18-cv-05475
10. Claudia Wendlandt, 2:17-cv-15151
11. Lalla Chambliss, 2:17-cv-14220
12. Sylvia Cunningham, 2:19-cv-13220
13. Eugenia Savarese, 2:18-cv-09203
14. Angela Jacobs, 2:18-cv-01889
15. Linda A. White, 2:19-cv-10527
16. Gertestine McFerson, 2:17-cv-11822
17. Susan Harper, 2:17-cv-16714
18. Pauline Cherry, 2:17-cv-08370
19. Jennifer Clinkscales, 2:16-cv-15324

---

[37] Rec. Doc. 16931 at 2.

11

Sanofi's Motion to Dismiss as to deceased Plaintiff Linda Palser (Rec. Doc. 16889) is **DENIED AS MOOT**.

New Orleans, Louisiana this 4th day of November, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

|    | **Plaintiff Name**   | **Docket No.**   |
|----|----------------------|------------------|
| 1  | Frances Oshiro       | 2:18-cv-00552    |
| 2  | Marsha Cheney        | 2:19-cv-13823    |
| 3  | Shirley Turner       | 2:17-cv-07735    |
| 4  | Betty Webb-McConnell | 2:16-cv-17155    |
| 5  | Debra Koontz         | 2:16-cv-15310    |
| 6  | Marie Ginette Gauvin | 2:17-cv-09036    |
| 7  | Pamela Robinson      | 2:17-cv-10195    |
| 8  | Deborah Knoles       | 2:17-cv-13800    |
| 9  | Linda McCain         | 2:18-cv-05475    |
| 10 | Claudia Wendlandt    | 2:17-cv-15151    |
| 11 | Lalla Chambliss      | 2:17-cv-14220    |
| 12 | Sylvia Cunningham    | 2:19-cv-13220    |
| 13 | Linda Palser         | 2:17-cv-15240    |
| 14 | Eugenia Savarese     | 2:18-cv-09203    |
| 15 | Angela Jacobs        | 2:18-cv-01889    |
| 16 | Linda A. White       | 2:19-cv-10527    |
| 17 | Gertestine McFerson  | 2:17-cv-11822    |
| 18 | Susan Harper         | 2:17-cv-16714    |
| 19 | Pauline Cherry       | 2:17-cv-08370    |
| 20 | Jennifer Clinkscales | 2:16-cv-15324    |