UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2740 |
| This document relates to: Deborah Wilson, No. 17-cv-17498 | ) ) ) | SECTION: "H" (5) |

### ORDER AND REASONS

Before the Court is Plaintiff Deborah Wilson's Motion to Reinstate Case (Rec. Doc. 18317). For the following reasons, the Motion is **GRANTED.** Plaintiff's case shall be reopened so that Plaintiff may comply with CMO 40/40A. Plaintiff shall have until **Wednesday, September 10, 2025**, to submit documents in compliance with CMO 40/40A. Failure to do so shall result in dismissal of Plaintiff Wilson's case. Plaintiff Wilson shall receive no further extensions.

### BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel, that Plaintiffs were administered for the treatment of cancer. Among these companies are Defendants sanofi-aventis U.S. LLC and Sanofi U.S. Services Inc. (collectively, "Sanofi"). Plaintiffs allege that the drug caused permanent alopecia—in other words, permanent hair loss—also referred to as "permanent chemotherapy-induced alopecia" ("PCIA"). Plaintiffs allege, inter alia, that Defendant manufacturers violated state law by failing to warn them that docetaxel could cause PCIA.

1

Plaintiff Deborah Wilson named Sanofi as a Defendant. On February 16, 2024, this Court granted in part Sanofi's Motion for Entry of an Order Requiring Proof of Diagnosis and entered Case Management Order No. 40 ("CMO 40").[1] CMO 40 requires Plaintiffs otherwise eligible[2] for remand to provide proof of their injury via "an expert medical declaration" stating that, "based on the expert's physical examination of Plaintiff, and a review of the pertinent medical records, the expert is prepared to testify that, to a reasonable degree of medical probability, Plaintiff has suffered permanent chemotherapy-induced alopecia ("PCIA") as alleged in her Complaint(s)."[3] It also requires, among other things, that Plaintiffs provide a "certificate of willingness to proceed," and "updated authorizations and an updated Plaintiff Fact Sheet."[4] CMO 40 set forth deadlines for Plaintiffs' compliance and stated that any plaintiff who fails to comply shall have her case dismissed with prejudice "absent a compelling reason."[5]

On May 21, 2024, the Court issued Case Management Order No. 40A ("CMO 40A") amending CMO 40 and extending the deadlines for compliance.[6] At the request of the Magistrate Judge who was engaged in settlement discussions with certain parties, the Court again extended the deadlines on

---

[1] Rec. Doc. 16778.
[2] Because cases against the 505(b)(2) Defendants were effectively stayed pending the Fifth Circuit's ruling on preemption, only the following cases were eligible: those that (1) had not been remanded, (2) had not settled in the recent agreements with Sanofi and (3) satisfied "the eligibility criteria for transfer as set forth in Case Management Order No. 33 ¶ 3(a) (Sanofi-only Product Identification) and the exclusion criteria set forth in ¶ 4(a) (CMO 12A, Single-Manufacturer Product Identification)." Rec. Doc. 16778 at 1.
[3] *Id.* at 6.
[4] Rec. Doc. 16778 at 10.
[5] *Id.* at 12.
[6] Rec. Doc. 16968-1.

July 29, 2024.[7] On September 4, 2024, the Court issued an Order identifying Plaintiff Wilson among the "Group 1 Plaintiffs" subject to the requirements set forth in CMOs 40 and 40A.[8] On October 9, 2024, the Court set a Show Cause Hearing for October 25, 2024 to address deficiencies with compliance as to Group 1 Plaintiffs.[9] At the October 25, 2024 Hearing, counsel Sanofi informed the Court that while Plaintiff Wilson had uploaded a certificate of willingness to proceed, she had not provided proof of diagnosis via expert medical declaration; counsel for Plaintiff Wilson requested additional time to comply, and her case was rolled over to the next Show Cause Hearing set for December 12, 2024.[10]

At the December 12, 2024 Hearing, counsel for Plaintiff Wilson requested an extension so that Plaintiff Wilson could meet with her dermatologist.[11] In the Order following the hearing, this Court stated that Plaintiff Wilson's case would be rolled over until the next hearing, thus granting Plaintiff additional time to comply.[12] In its Order following the December 12, 2024 Show Cause Hearing, this Court noted that counsel for Plaintiff Wilson informed the Court that Plaintiff Wilson's medical

---

[7] Rec. Doc. 17194.
[8] Rec. Doc. 17267. On September 27, 2024, the Court issued Case Management Order No. 40B ("CMO 40B"), which set forth the dates that additional groups of Plaintiffs would be identified. Rec. Doc. 17287. The Court subsequently issued Orders identifying Groups 2, 3, and 4 Plaintiffs subject to the requirements outlined in CMOs 40 and 40A. (Rec. Docs. 17307, 17587, 18197).
[9] Rec. Doc. 17330.
[10] Rec. Doc. 17459 at 2.
[11] At the hearing, counsel for Plaintiff Wilson informed the Court that he had ordered medical records from Plaintiff Wilson's physicians and had not received them; as such, Plaintiff Wilson had also not updated her Plaintiff Fact Sheet.
[12] Rec. Doc. 17699.

3

appointment "is scheduled for March 2025."[13] After Plaintiff failed to upload the requisite documents, on May 28, 2025, this Court entered an Order dismissing Plaintiff Wilson's case.[14] Sanofi points out that Plaintiff did not request any further extensions.[15]

On June 26, 2025, Plaintiff Wilson filed the instant Motion requesting that the Court reopen her case.[16] Sanofi opposes.[17]

## **LEGAL STANDARD**

Although Plaintiff cites no applicable law, Plaintiff apparently requests relief pursuant to Federal Rule of Civil Procedure 60. Rule 60(b) permits the court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

---

[13] *Id.* at

[14] Rec. Doc. 18196. The Order was entered into the record in the individual docket for Plaintiff Wilson's case on June 5, 2025. Order Dismissing Case, Wilson v. Sanofi, No. 17-cv-17498 (E.D. La. June 6, 2025), ECF No. 15.

[15] Rec. Doc. 18416 at 3.

[16] Rec. Doc. 18317.

[17] Rec. Doc. 18416. On July 8, 2025, the Court granted the Consent Motion to Continue Submission Date filed by Sanofi and continued the submission date for the instant Motion to July 30, 2025. Rec. Doc. 18373.

4

prospectively is no longer equitable; or (6) any other reason that justifies relief.[18]

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[19] "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court."[20]  Notably, "[a] party has a 'duty of diligence to inquire about the status of a case.'"[21]  "Therefore, '[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief.'" [22] "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."[23]

## LAW AND ANALYSIS

Plaintiff Wilson first contends that although the Order dismissing her case stated that "no new uploads have been filed to MDL Centrality,"[24] her counsel emailed "signed authorizations and letters showing that medical request[sic] had been made since October of 2024" and indicating that "counsel

---

[18] FED. R. CIV. P. 60(b).
[19] Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005).
[20] *Id.* (quoting Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)).
[21] *In re* Taxotere (Docetaxel) Prods. Liab. Litig., 837 F. App'x 267, 278 (5th Cir. 2020) (citing Trevino v. City of Fort Worth, 944 F.3d 567, 571 (5th Cir. 2019)).
[22] *Trevino*, 944 F.3d at 571 (citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir. 1993)).
[23] *Id.*
[24] MDL Centrality is the records database used by the parties in this MDL.

was having a problem with getting the records forwarded to his attention."[25] As explained above, however, counsel previously indicated those issues to the Court at the December 12, 2024 Show Cause Hearing and, as a result, this Court extended the time for Plaintiff Wilson to obtain an expert medical declaration. Further, this Court's Order dismissing Plaintiff Wilson's case stated that "no new uploads have been filed to MDL Centrality *to signify compliance with said orders or their extensions*"—and Plaintiff does not dispute that she has not yet uploaded a medical declaration to MDL Centrality in compliance with CMOs 40A/40.[26]

Rather, Plaintiff apparently requests that her case be reopened so that she can upload additional records from her medical providers. Specifically, Plaintiff contends that she was seen by dermatologist Dr. Jaren Kennedy on March 12, 2025 and that "she supplied counsel with an After Visit Summary that had a handwritten note stating 'cicatrical alopecia.'"[27] Plaintiff avers that she "was given a return appointment for July 15, 2025" and that her counsel contacted her physician's office requesting "the entire record for the date of March 12, 2025 to show Dr. Kennedy's diagnosis of alopecia for Plaintiff."[28] Plaintiff Wilson further contends that reopening her case is warranted because she "has received medicals from two providers to be uploaded to MDL Centrality," which total "at least 400+ pages in length to show she was

---

[25] Rec. Doc. 18317-1 at 1.
[26] Rec. Doc. 18196 (emphasis added).
[27] Rec. Doc. 18317-1 at 1.
[28] *Id.* at 2.

6

prescribed the drug in question as treatment" and that such records "show that it has caused her injury and personal harm."[29]

At the outset, although Plaintiff represents that she has attached as exhibits "signed authorizations and requests for medical records," as well as documentation regarding her medical visit, prescriptions, and her "return appointment," no such documents (or any other exhibits) were attached to the instant Motion or otherwise submitted to the Court.[30]

Further, Plaintiff offers no clear explanation for her failure to timely comply with CMO 40/40A. Notably, this Court extended the deadline for Plaintiff to comply on two occasions. Additionally, the records specifically described in Plaintiff's Motion do not satisfy the requirements of CMO 40/40A. Plaintiff Wilson apparently indicates that she was diagnosed with "cicatrical alopecia."[31] As Sanofi points out, "cicatricial alopecia" is a form of scarring alopecia predominately seen in women of African descent.[32] In its Order and Reasons granting Sanofi's Motion for Entry of an Order Requiring Proof of Diagnosis, this Court stated that Plaintiffs needed to submit a signed declaration from a qualified physician stating that he or she is willing to testify that Plaintiff has PCIA.[33]

That said, Plaintiff Wilson contends that her follow-up appointment was scheduled for July 15, 2025. Plaintiff Wilson therefore suggests that "newly discovered evidence" warrants reopening of her case. The Court will reopen

---

[29] *Id.*
[30] *See id.*
[31] *Id.* at 1. Plaintiff Wilson avers that "cicatricial alopecia" was handwritten on an "After Visit Summary." Rec. Doc. 18317-1 at 1.
[32] Rec. Doc. 18416 at 6.
[33] Rec. Doc. 16778.

7

Plaintiff Wilson's case to allow her to submit the requisite declaration in compliance with CMO 40, as well as additional documentation described in her Motion.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reopen is **GRANTED**. Plaintiff Wilson shall have until **Wednesday, September 10, 2025**, to submit documents in compliance with CMOs 40 and 40A. Failure to do so shall result in dismissal of Plaintiff Wilson's case. No further extensions shall be granted.

New Orleans, Louisiana this 26th day of August, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**