UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: TAXOTERE (DOCETAXEL) | ) | MDL No. 16-2740 |
| PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | SECTION: "H" (5) |
| | ) | |
| **This document relates to:** | ) | |
| Cases identified in Exhibit "A" | ) | |
| to Sanofi's Motion to Enforce | ) | |
| (Doc. 18790-2) | ) | |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Enforce Settlement and for Fees and Costs (Doc. 18790). For the reasons set forth herein, the Motion is **GRANTED IN PART** and **DENIED IN PART.**

## BACKGROUND

Plaintiffs in this multidistrict litigation ("MDL") are suing several pharmaceutical companies that manufactured and/or distributed a chemotherapy drug, Taxotere or docetaxel,[1] which was administered to Plaintiffs for the treatment of cancer. Among these companies are Defendants sanofi-aventis U.S. LLC and Sanofi US Services Inc. (collectively, "Sanofi"). Plaintiffs allege that the drug caused permanent chemotherapy-induced alopecia ("PCIA"). Plaintiffs assert several claims, including failure to warn and negligence.

Over the past year, the parties, the Magistrate Judge, and the Special Master have worked to resolve thousands of cases in this MDL. On December

---

[1] Docetaxel is the generic version of Taxotere, although the Court uses the term "generic" loosely.

19, 2025, Sanofi filed the instant Motion to Enforce, requesting dismissal of the claims against it in the cases identified in Exhibit "A" attached to its Motion.[2] On April 28, 2026, Sanofi supplemented its Motion to Enforce with a Declaration from counsel in support thereof.[3] That same day, Sanofi advised the Court that certain Plaintiffs had filed notices dismissing their claims after the filing of Sanofi's Motion to Enforce. Plaintiffs have not filed an opposition to Sanofi's Motion.[4]

## LAW AND ANALYSIS

In its Motion and Declaration, Sanofi alleges that Plaintiffs have signed settlement agreements resolving their claims against Sanofi.[5] Further, "in exchange for agreement to dismiss all claims against Sanofi and other terms, Sanofi funded the settlement of those cases through counsel for each plaintiff, upon the obligation of counsel to satisfy any obligations to the Common Benefit Fund and release the funds to plaintiffs."[6] Sanofi further contends that funding of the settlements for Plaintiffs has been completed for months, yet Plaintiffs have not voluntarily dismissed their claims. Sanofi has also made written demand via email to counsel requesting that Plaintiffs dismiss their claims. Sanofi therefore requests that Plaintiffs' claims be dismissed against them with prejudice. Sanofi further requests that this Court award fees and costs associated with Plaintiffs' failure to file dismissals.

---

[2] On September 3, 2025, Sanofi filed a similar motion to enforce as to certain other plaintiffs. Doc. 18640. On September 27, 2025, counsel for Sanofi notified the Court via email that Sanofi's motion had been resolved. Accordingly, Sanofi's first motion to enforce was denied as moot. Doc. 18709.

[3] Doc. 18840.

[4] *Id.*

[5] Doc. 18790; Doc. 18840.

[6] Doc. 18840.

## I.   Request for Dismissal

In this case, Plaintiffs assert claims under the products liability laws of their respective states. Because this Court exercises diversity jurisdiction, it applies state substantive law.[7] Where a transferee court presides over multiple diversity actions consolidated for multidistrict litigation, it must apply the substantive law of each transferor forum.[8] Nevertheless, generally speaking, "a settlement agreement can and should be enforced whenever the evidence shows that the parties agreed on its essential terms and manifested an intent to be bound by them."[9] Only "fraud or other compelling circumstances" demonstrated by clear and convincing evidence may prevent the enforcement of the agreed-upon terms.[10]

Here, Sanofi has provided a Declaration attesting to the following: (1) Plaintiffs identified in their Motion have signed settlement agreements resolving their claims against Sanofi; (2) in exchange for Plaintiffs' agreement to dismiss all claims against Sanofi and other terms, Sanofi funded the settlement of those cases through counsel for each plaintiff, upon the obligation of counsel to satisfy any obligations to the Common Benefit Fund and release the funds to Plaintiffs; and (3) Plaintiffs' claims are therefore eligible for final disposition and dismissal. Plaintiffs have not filed a response contesting these

---

[7] *See* Newsome v. Int'l Paper Co., 123 F.4th 754, 761 (5th Cir. 2024) (citing Smith v. Christus Saint Michaels Health Sys., 496 F. App'x 468, 470 (5th Cir. 2012)).

[8] *In re* Taxotere (Docetaxel) Prods. Liab. Litig., MDL No. 16-2740, 2022 WL 110494, at *2 (E.D. La. Jan. 12, 2022) (Milazzo, J.) (quoting *In re* Air Disaster at Ramstein Air Base, Germany on 8/29/90, 81 F.3d 570, 576 (5th Cir. 1996)); *In re*: Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig., 797 F. Supp. 2d 940, 942 (D. Ariz. 2011) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied.").

[9] Chansky v. Calmare Therapeutics, Inc., No. CV 17-583, 2018 WL 11449516, at *1 (D.N.J. Feb. 1, 2018) (citing U.S. v. Lightman, 988 F. Supp. 448, 458 (D.N.J. 1997)).

[10] *Id.* (citing Nolan v. Lee Ho, 120 N.J. 465, 472 (1990)).

facts. As such, the Court will grant Sanofi's request for dismissal as to the following Plaintiffs, whose claims against Sanofi remain pending:

1. Peggy Williams, Case No. 2:17-cv-15835

2. Rita Devine, Case No. 2:17-cv-15502

3. Marquese Ford, Case No. 2:17-cv-15583

4. Eleanor L. Littleton, Case No. 2:17-cv-15601

5. Shelly Jones, Case No. 2:20-cv-00974

6. Mary Allyn Dexter, Case No. 2:20-cv-00971

7. Gwendolyn Hartford, Case No. 2:20-cv-00973

8. Tykesha Williams-Saunders, Case No. 2:20-cv-00979

9. Patricia Bramblett, Case No. 2:20-cv-02677

10.    Jeannette Vargas, Case No. 2:17-cv-10663

11.    Joan E. Karpinski, Case No. 2:17-cv-07708

As to Plaintiffs who filed dismissals of their claims since Sanofi filed its Motion to Enforce, Sanofi's request is denied as moot.

## II.    Request for Attorney's Fees and Costs

Pursuant to the "bedrock principle known as the 'American Rule,' '[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.'"[11] As an exception to this rule, however, the Supreme Court has held that "federal courts have inherent power to assess attorney's fees," such as "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[12] "It is well-settled, however, that the threshold for the use of inherent sanctioning power is high, and once the power is invoked, it must be 'exercised with restraint and discretion.'"[13]

---

[11] Marx v. Gen. Revenue Corp. 568 U.S. 371, 382 (2013) (citation modified).

[12] Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991) (citation modified); *see also* Seals v. Herzing Inc.-New Orleans, 482 F. App'x 893, 897 (5th Cir. 2012) (unpublished).

[13] Maguire Oil Co. v. The City of Houston, 143 F.3d 205, 209 (5th Cir. 1998) (quoting Chaves v. M/V Medina Star, 47 F.3d 153, 156 (5th Cir. 1995)). In addition to this inherent authority,

Sanofi argues that because Plaintiffs' refusal to dismiss their cases pursuant to the settlement agreement is "unsupportable" and/or "without justification," an award of attorneys' fees is supported.[14] Although Plaintiffs do not offer a response to Sanofi's assertions, the Court finds that, as to Plaintiffs who dismissed their cases, as well as those who have not yet filed dismissals, an award of attorneys' fees is not warranted. The Supreme Court has pronounced that "[a] court should invoke its inherent power to award attorney's fees only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.'"[15] A "finding of bad faith must be supported by clear and convincing proof."[16] And while another section of this Court has recognized that "[i]n some cases, a finding of bad faith has not been required before a court will award attorneys' fees when enforcing a settlement agreement,"[17] such cases generally at least involve "vexatious" or "oppressive" conduct.[18] Here, Plaintiffs do not appear to have engaged in such conduct. Accordingly, the Court will deny Sanofi's request for attorney's fees and costs.

---

the Court may impose sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure for papers filed with the Court. Pursuant to 28 U.S.C. § 1927, a district court may also "shift reasonable attorney's fees to any attorney who so multiplies the proceedings in any case unreasonably and vexatiously. The court can shift fees only to counsel, not to parties." Proctor & Gamble Co. v. Amway Corp., 280 F.3d 519, 526 (5th Cir. 2002) (citation modified).

[14] Doc. 18790-1 (citing *Seals*, 482 F. App'x at 897).

[15] Boland Marine & Mfg. Co. v. Rihner, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting *Chambers*, 501 U.S. at 46).

[16] Hammervold v. Blank, 3 F.4th 803, 811 (5th Cir. 2021) (quoting *In re* Moore, 739 F.3d 724, 730 (5th Cir. 2014)).

[17] Saeed v. Kamboj, No. 17-13427, 2019 WL 3526710, at *8 (E.D. La. June 21, 2019) (collecting cases).

[18] *See Seals*, 482 F. App'x at 897 (finding that district court did not abuse its discretion in awarding the defendant attorney's fees and costs, on motion to enforce, where the plaintiff filed an "unsupportable" and borderline "frivolous" motion to suppress); Kreher v. Orleans Parish Sch. Bd., No. 95-1076, 1996 WL 715506, at *2 (E.D. La. Dec. 10, 1996) (awarding attorney's fees and costs where the plaintiff unilaterally added language to an existing settlement agreement and arrived late to a status conference on the issue, the Court warned that it was prepared to impose sanctions, the plaintiff's counsel acknowledged that the change had been made yet failed to cooperate with the defendant's counsel, and the plaintiff failed to oppose the defendant's motion to enforce); *but see* David v. Deep Towing, No. 91-2842, 1992 WL 236922, at *2 (E.D. La. Aug. 31, 1992) (enforcing a settlement agreement and awarding interest from the sixtieth day after the signing of the dismissal order and awarding

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Sanofi's Motion to Enforce is **GRANTED IN PART** and **DENIED IN PART.** Sanofi's request to dismiss the claims of Plaintiffs identified in Exhibit "A" to its Motion to Enforce that remain pending as of the time of this Order is **GRANTED**. The following Plaintiffs' claims against Sanofi are therefore **DISMISSED WITH PREJUDICE**:

1. Peggy Williams, Case No. 2:17-cv-15835
2. Rita Devine, Case No. 2:17-cv-15502
3. Marquese Ford, Case No. 2:17-cv-15583
4. Eleanor L. Littleton, Case No. 2:17-cv-15601
5. Shelly Jones, Case No. 2:20-cv-00974
6. Mary Allyn Dexter, Case No. 2:20-cv-00971
7. Gwendolyn Hartford, Case No. 2:20-cv-00973
8. Tykesha Williams-Saunders, Case No. 2:20-cv-00979
9. Patricia Bramblett, Case No. 2:20-cv-02677
10. Jeannette Vargas, Case No. 2:17-cv-10663
11. Joan E. Karpinski, Case No. 2:17-cv-07708

As to Plaintiffs identified in Exhibit "A" to Sanofi's Motion to Enforce who have dismissed their claims as of the date of the issuance of this Order, Sanofi's request is **DENIED AS MOOT.** Sanofi's request for attorney's fees and costs is **DENIED**.

---

attorneys' fees for the time involved to bring the motion to enforce, noting that without an award of attorneys' fees, the plaintiff "will not be made whole").

New Orleans, Louisiana, this 13th day of May, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**